**Philip S. Van Der Weele**, OSB #863650
Email: phil.vanderweele@klgates.com
**B. John Casey**, OSB #120025
Email: john.casey@klgates.com
**Adam Holbrook**, OSB #145494
Email: adam.holbrook@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97258
Phone: 503-228-3200
Attorneys for Tonkon Torp LLP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; and INTEGRITY BANK & TRUST,<br>Defendants. | Case No. 3:16-cv-00580-AC<br><br>DEFENDANT TONKON TORP LLP'S INDIVIDUAL MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT<br><br>**Oral Argument Requested** |

## TABLE OF CONTENTS


**Page**

Certification Pursuant to Local Rule 7-1 ....................................................................... 1

Motion to Dismiss ............................................................................................................ 1

Memorandum of Law ....................................................................................................... 1

I. INTRODUCTION ......................................................................................................... 1

II. SUPPLEMENTAL STATEMENT OF FACTS ............................................................. 3

A. The securities at issue and Tonkon's general alleged involvement ........................ 3

B. Tonkon's specific alleged involvement with the APCF Notes ............................... 4

C. Tonkon's specific alleged involvement with the ACOF Interests and AMLF Notes ........................................................................................................ 5

D. Tonkon's specific alleged involvement with the remaining five securities ............ 5

III. SUPPLEMENTAL STATEMENT REGARDING LEGAL STANDARD ..................... 6

IV. ARGUMENT ................................................................................................................ 8

A. Plaintiffs do not sufficiently allege that Tonkon participated or materially aided in the sale of APCF Notes .............................................................. 8

1. The allegation relating to generic "legal services" does not state a plausible claim against Tonkon under ORS 59.115(3) ............................... 9

2. The allegation pertaining to Tonkon's alleged provision of legal services to AIM does not state a plausible claim against Tonkon under ORS 59.115(3) .......................................................................... 11

B. Plaintiffs do not sufficiently allege that Tonkon participated or materially aided in the sale of ACOF Interests or AMLF Notes .......................................... 11

1. The same two conclusory allegations described in Section A above are insufficient to state a claim against Tonkon under ORS 59.115(3) as to ACOF Interests or AMLF Notes ..................................... 12

2. Plaintiffs' additional third allegation also fails to state a claim against Tonkon under ORS 59.115(3) ...................................................... 12

C. Plaintiffs do not sufficiently allege that Tonkon participated or materially aided in the sale of the five remaining securities at issue ..................................... 13

1. The same three conclusory allegations described in Sections A and B above are insufficient to state a claim against Tonkon under ORS 59.115(3) as to the remaining five securities .................................. 14

2. Plaintiffs' additional fourth allegation also fails to enable Plaintiffs to state a claim against Tonkon under ORS 59.115(3) ............................. 14




K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

a. Plaintiffs have not adequately pled Tonkon's conduct in connection with the remaining five securities with particularity .......... 14

b. Allegations that Tonkon prepared or reviewed unspecified "portions" of documents are not sufficient to satisfy the "participate or materially aid" element of secondary liability under ORS 59.115(3) .......... 16

V. CONCLUSION .......... 19



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**


*Adams v. American Western Securities, Inc.*,
265 Or. 514, 510 P.2d 838 (1973) ....................17

*Ainslie v. First Interstate Bank of Oregon, N.A.*,
148 Or. App. 162, 939 P.2d 125 (1997)....................16

*Ainslie v. Spolyar*,
144 Or. App. 134, 926 P.2d 822 (1996)....................17

*Anderson v. Carden*,
146 Or. App. 675, 934 P.2d 562 (1997)....................6

*Austin v. Baer, Marks & Upham*,
No. Civ 85-2061-RE, 1986 WL 10098 (D. Or. July 18, 1986) ....................8, 16

*Brinkmeier v. BIC Corp.*,
733 F. Supp. 2d 552 (D. Del. 2010)....................10

*Canas v. City of Sunnyvale*,
No. C 08-5771 JF (PVT), 2009 WL 2160572 (N.D. Cal. July 20, 2009)....................15

*Fakhrdai v. Mason*,
72 Or. App. 681, 696 P.2d 1164 (1985)....................8, 16, 18

*In re Galena Biopharma, Inc. Sec. Litig.*,
117 F. Supp. 3d 1145 (D. Or. 2015) ....................7

*Jost v. Locke*,
65 Or. App. 704, 673 P.2d 545 (1983)....................7

*Newman v. Comprehensive Care Corp.*,
794 F. Supp. 1513 (D. Or. 1992) ....................7, 15

*Paulsell v. Cohen*,
No. CIV-00-1175-ST, 2002 WL 31496397 (D. Or. May 22, 2002)....................6

*Prince v. Brydon*,
307 Or. 146, 764 P.2d 1370 (1988) ....................16, 18, 19

*Riley v. Brazeau*,
612 F. Supp. 674 (D. Or. 1985) ....................7, 10, 15




K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

*State v. Marsh & McLennan Cos.*,
241 Or. App. 107 (2011)....................10, 13

*Sunshine Kids Juvenile Prods., LLC v. Indiana Mills & Mfg., Inc.*,
No. C10-5697BHS, 2011 WL 862038 (W.D. Wash. Mar. 9, 2011)....................10

**Statutes**

ORS 59.115(3).................... *passim*

**Rules**

Fed. R. Civ. P. 8....................1, 6

Fed. R. Civ. P. 9.................... *passim*

Fed. R. Civ. P. 12(b)(6)....................1

Local Rule 7-1....................1



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

**Certification Pursuant to Local Rule 7-1**

Counsel for Defendant Tonkon Torp LLP has conferred in writing and in person with Plaintiffs' counsel on its Individual Motion to Dismiss the First Amended Complaint. The parties were unable to resolve the issues presented by this Motion.

**Motion to Dismiss**

Pursuant to Federal Rules of Civil Procedure 8, 9(b) and 12(b)(6), Defendant Tonkon Torp LLP ("Tonkon") respectfully moves the Court for an order dismissing Plaintiffs' First Amended Complaint (the "Complaint"). Further support for this Motion is set forth in the accompanying Memorandum of Law, which supplements the Joint Memorandum of Law filed herewith.

**Memorandum of Law**

This Memorandum addresses the specific question of whether Plaintiffs have adequately pled Tonkon's "participation or material aid" under ORS 59.115(3) in any allegedly unlawful sale of securities.

## I. INTRODUCTION

Plaintiffs are attempting to hold Tonkon – a respected Oregon law firm – jointly and severally liable for more than $600 million based on an alleged Ponzi scheme orchestrated by various Aequitas entities. Plaintiffs do not allege, and cannot allege, that Tonkon sold any securities, solicited the sale of any securities, or otherwise received a penny from any plaintiff investor. Instead, Plaintiffs seek to hold Tonkon liable for the alleged fraud of various Aequitas sellers of securities under ORS 59.115(3), which imposes secondary liability on a nonseller "who participates or materially aids in the sale" of securities by the primary violator (*i.e.*, the seller).

Just as Plaintiffs have failed to satisfy Rules 8 and 9(b) in pleading that the Aequitas sellers engaged in a primary violation (*see* Joint Mem. at 12-26), so too have Plaintiffs failed to



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

satisfy those pleading standards in alleging Tonkon's supposed "participation or material aid." Tonkon's conduct must be specifically and causally linked to the actual unlawful sale of securities, and Plaintiffs have failed to allege this link:

- For one of the eight different securities at issue (APCF Notes), Plaintiffs fail to identify a single one of them who actually purchased APCF Notes, and do not allege any involvement by Tonkon whatsoever in connection with the sale of any APCF Notes. Tonkon, of course, could not have "participated or materially aided" in the sale of a security if there was no sale or if Tonkon had no role in the sale.
- For the next two securities (ACOF Interests and AMLF Notes), Plaintiffs add only one generic allegation that Tonkon "prepared legal papers necessary for Aequitas to complete the sale of its securities." But Plaintiffs have not identified which "Aequitas" entity Tonkon purportedly aided, nor have they identified a single "legal paper" Tonkon purportedly "prepared" in connection with the sale of these two securities. The failure to link Tonkon's conduct to the sale of either of these securities is fatal to Plaintiffs' claim.
- For the remaining five securities (ACF Notes, AIPF Interests, AIOF Notes, AIOF-II Notes, and AEIF Interests), Plaintiffs offer the additional allegation – on "information and belief" – that Tonkon "prepared portions" of certain private placement memoranda and "prepared or participated in the preparation or review of" other largely-unspecified investor-facing documents. But Plaintiffs do not identify which "portions" of these documents Tonkon actually prepared or reviewed, much less whether these "portions" contained any misstatements or



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

omissions. Moreover, Oregon courts require something "more" than "preparation and execution of documents" to hold a lawyer liable under ORS 59.115(3). Specifically, Plaintiffs must allege either (i) conduct beyond drafting or review that ties the lawyer to the specific sale at issue, or (ii) facts showing both (a) that the sale "could not have been completed …without" the lawyer's drafting and review, *and* (b) that the lawyer exercised sufficient "knowledge" or "judgment," in the preparation of such documents, or made sufficiently extensive "assertions" in those documents, to warrant joint and several liability. Plaintiffs do not come close to alleging these types of facts.

## II. SUPPLEMENTAL STATEMENT OF FACTS

Tonkon incorporates by reference the Statement of Facts in the Defendants' Joint Memorandum. Tonkon sets forth below the additional "facts" alleged by Plaintiffs regarding Tonkon's role in the sale of securities by various Aequitas entities.

### A. The securities at issue and Tonkon's general alleged involvement

The Complaint refers to eight different securities, each allegedly sold by a separate Aequitas entity:

| | |
|---|---|
| **APCF Notes**: | Sold by Aequitas Private Client Fund, LLC ("APCF") |
| **ACOF Interests**: | Sold by Aequitas Capital Opportunities Fund, LP ("ACOF") |
| **AMLF Notes**: | Sold by MotoLease Financial, LLC ("AMLF") |
| **ACF Notes**: | Sold by Aequitas Commercial Finance, LLC ("ACF") |
| **AIPF Interests**: | Sold by Aequitas Income Protection Fund, LLC ("AIPF") |
| **AIOF Notes**: | Sold by Aequitas Income Opportunity Fund, LLC ("AIOF") |
| **AIOF-II Notes**: | Sold by Aequitas Income Opportunity Fund II, LLC ("AIOF-II") |
| **AEIF Interests**: | Sold by Aequitas Enhanced Income Fund, LLC ("AEIF") |



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

Compl. ¶¶ 23, 25, 27–28.[1]

Plaintiffs allege generally, without reference to a particular security or selling entity, and on information and belief alone, that "Tonkon advised Aequitas with respect to the sale of its securities and prepared legal papers necessary for Aequitas to complete the sale of its securities, including offering documents, risk disclosures, subscription agreements and promissory notes." *Id*. ¶ 18. Tonkon also allegedly "prepared these documents with knowledge that Aequitas would sell the subject securities." *Id*. Both of these allegations refer vaguely to legal services performed for "Aequitas," but Plaintiffs do not define the term "Aequitas" or indicate whether this general term would encompass any of the entities that actually sold the securities at issue.

Plaintiffs also allege that Tonkon "provided legal services to [Aequitas Investment Management, LLC ("AIM")] in connection with AIM's role as an SEC-registered investment adviser and the manager of numerous Aequitas investment vehicles," including the vehicles that allegedly sold the eight securities at issue. *Id*. ¶ 30(c). According to the Complaint, AIM oversaw the operations and investment decisions of the entities that sold the securities at issue. *Id*. ¶ 25. The Complaint does not allege, however, that AIM played any part in *selling* those entities' securities. Nor do Plaintiffs identify what "legal services" Tonkon provided to AIM, or whether or how those legal services had any connection to the sale of a security. *See id*.

**B. Tonkon's specific alleged involvement with the APCF Notes**

Plaintiffs do not provide a single specific allegation of Tonkon's participation or aid in the sale of APCF Notes. Nor do they allege how or when the APCF Notes were marketed or

[1] Plaintiffs also allege that a ninth entity, Aequitas ETC Founders Fund, LLC ("AETC"), sold securities. *Id*. ¶¶ 24, 26. Plaintiffs include no allegations, however, identifying which security AETC sold, or how or when such security was sold. Nor are any of the named Plaintiffs alleged to have purchased a security from AETC. *See id*. ¶¶ 64–70.



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

sold. In fact, Plaintiffs do not identify a single purchaser of APCF Notes – including from among the named plaintiffs. *See id.* ¶¶ 64–70.

**C. Tonkon's specific alleged involvement with the ACOF Interests and AMLF Notes**

With respect to ACOF Interests and AMLF Notes, Plaintiffs state that Tonkon "provided legal services to Aequitas in connection with the sale of its securities, including through [ACOF and AMLF] . . . and prepared legal papers necessary for Aequitas to complete the sale of its securities[.]" *Id*. ¶ 30(c). The Complaint does not identify the nature of the "legal papers" that Tonkon allegedly prepared, or when those papers were prepared. In fact, the only specific allegations relating to the ACOF Interests state that another law firm – not Tonkon – drafted the offering documents. *Id.* ¶ 57.

With respect to the AMLF Notes, Plaintiffs do not state how the AMLF Notes were marketed or sold (*e.g.*, PPM, subscription agreement). Nor do Plaintiffs identify any specific offering document for AMLF Notes that Tonkon drafted.

**D. Tonkon's specific alleged involvement with the remaining five securities**

Plaintiffs offer only slightly more specific allegations regarding the remaining five securities – ACF Notes, AIPF Interests, AIOF Notes, AIOF-II Notes, and AEIF Interests. They allege, on information and belief, that Tonkon drafted "portions" of the PPMs used for these offerings and reviewed the contents of those PPMs. *Id*. ¶¶ 32, 39, 45, 51, 61. Plaintiffs do not allege, however, which "portions" of those PPMs that Tonkon drafted, when Tonkon drafted those portions, or whether the portions Tonkon drafted contained either the alleged misstatements or the statements allegedly rendered false by the alleged omissions.

Plaintiffs also allege, on information and belief, that Tonkon "prepared or participated in the preparation or review of the form subscription agreement" used in the sale of these five



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

securities, as well as the documents employed to evidence the investors' investment. *Id*. Here again, however, Plaintiffs only vaguely allege Tonkon's role, and Plaintiffs do not identify the degree or extent of Tonkon's involvement, or the specific documents – apart from a "form" subscription agreement – that Tonkon helped prepare or review.

## III. SUPPLEMENTAL STATEMENT REGARDING LEGAL STANDARD

The sole claim against Tonkon arises under ORS 59.115(3). That statute imposes liability on nonsellers who "participate[] or materially aid[] in the sale" of securities. ORS 59.115(3). The Joint Memorandum explains a critical feature of ORS 59.115(3) – that, in order to state a claim for the secondary liability of a nonseller such as Tonkon, Plaintiffs must first state a primary claim of securities fraud against the seller(s) of securities. Joint Mem. Sec. II-D at 9-10; *see also, e.g., Anderson v. Carden*, 146 Or. App. 675, 683, 934 P.2d 562 (1997) ("[T]he liability of the nonseller participant under ORS 59.115(3) is predicated on the violation of the seller."). As described in detail in the Joint Memorandum, Plaintiffs have failed to plead, according to the requirements of Rules 8 and 9(b), the primary liability against any Aequitas entity that sold securities. For that reason alone, Plaintiffs have failed to state a claim against Tonkon.

But pleading primary liability is only a necessary, not a sufficient, condition to pleading a claim for secondary liability under ORS 59.115(3); Plaintiffs must also adequately plead the additional element that Tonkon "participated or materially aided" in the sale.

Three rules are relevant to pleading this additional element. First, Rule 9(b)'s requirement of particularity applies not only to stating a claim for primary liability against a seller, but also to stating a secondary claim against a nonseller such as Tonkon. After all, a claim for secondary liability under ORS 59.115(3) is itself a securities *fraud* claim. *Paulsell v. Cohen*,



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

No. CIV-00-1175-ST, 2002 WL 31496397, at *27 (D. Or. May 22, 2002) (referring specifically to a claim under ORS 59.115(3) as a "securities fraud claim"); *Jost v. Locke*, 65 Or. App. 704, 709 n.4, 673 P.2d 545 (1983) (explaining that "[nonseller] defendants may be held personally liable for *securities fraud* in spite of the fact that the sales were made by the corporation," citing ORS 59.115(3)) (emphasis supplied). Accordingly, to allege secondary liability under ORS 59.115(3), Plaintiffs must "describe [the secondary defendant's] role in the fraudulent scheme with the particularity required by Rule 9(b)." *Riley v. Brazeau*, 612 F. Supp. 674, 677 (D. Or. 1985) ("[P]laintiffs must particularly plead facts showing that [defendant] assisted in the alleged fraud."). Put another way, Plaintiffs must identify "the who, what, when, where, and how" of Tonkon's alleged role with the sale of Aequitas securities. *In re Galena Biopharma, Inc. Sec. Litig.*, 117 F. Supp. 3d 1145, 1163 (D. Or. 2015). The requirement that Plaintiffs plead Tonkon's role with specificity is vitally important here because this case involves a half-dozen defendants and the allegedly unlawful sale of eight distinct securities by eight different sellers. *See Newman v. Comprehensive Care Corp.*, 794 F. Supp. 1513, 1518 (D. Or. 1992) ("In a case that involves multiple defendants, a plaintiff must state the *role* of the individual defendants with particularity.") (emphasis in original).

Second, Tonkon's activity must not merely pertain to a seller of securities, such as providing legal advice to the seller; rather, it must be specifically and causally linked to the actual unlawful sale of securities. The first sentence of ORS 59.115(3) contains two "every person who" clauses, and those two clauses establish the two categories of nonsellers who may be held jointly and severally liable with a seller. The first category is persons who have a certain relationship with the seller – not the sale. This category includes persons who control or manage the seller. ORS 59.115(3), first clause in first sentence. Tonkon undisputedly does not fit into



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

this first category. The second category is "every person who participates or materially aids in the sale." *Id.*, second clause in first sentence (emphasis supplied). This "in the sale" language requires a causal connection between the nonseller's participation or aid and the sale, such that the sale "could not have been completed or consummated without" the nonseller's involvement. *Fakhrdai v. Mason*, 72 Or. App. 681, 686, 696 P.2d 1164, 1166 (1985) (quotations omitted).

Third, the mere preparation of legal documents by a lawyer or law firm is insufficient to establish participation or material aid. *See Austin v. Baer, Marks & Upham*, No. Civ 85-2061-RE, 1986 WL 10098, at *5 (D. Or. July 18, 1986) ("In interpreting the 'participates or materially aids' language, the Oregon courts have required more than the mere preparation and execution of documents.").

## IV. ARGUMENT

For ease of analysis, Tonkon groups the securities into three categories, based on allegations they have in common. The first category is the APCF Notes, as to which Plaintiffs make no specific allegations as to Tonkon but for which two generalized allegations may apply. The second category is the ACOF Interests and AMLF Notes. For this category, Plaintiffs repeat the first two general allegations and add a third. The third category encompasses the remaining five securities – ACF Notes, AIPF Interests, AIOF Notes, AIOF-II Notes, and AEIF Interests. For this third category, Plaintiffs repeat the first three allegations and add a fourth. Even taking all four allegations together, Plaintiffs have not adequately pled the element of "participate or materially aid."

### A. Plaintiffs do not sufficiently allege that Tonkon participated or materially aided in the sale of APCF Notes

The Complaint does not allege that Tonkon participated or materially aided "in the sale" of APCF Notes – not even conclusorily, and certainly not plausibly. Indeed, only two allegations



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

could even arguably be construed as suggesting Tonkon's involvement with APCF (the selling entity) or the APCF Notes. First, Plaintiffs allege generically that Tonkon "provided legal services to Aequitas in connection with the sale of securities that are at issue in this action." Compl. ¶ 18. In particular, they allege that, "[o]n information and belief, Tonkon advised Aequitas with respect to the sale of its securities and prepared legal papers necessary for Aequitas to complete the sale of it securities, including offering documents, risk disclosures, subscription agreements and promissory notes." *Id.* Second, Plaintiffs allege that "Tonkon provided legal services to AIM in connection with AIM's role as an SEC-registered investment adviser and the manager of numerous Aequitas investment vehicles" that included APCF. *Id.* ¶ 30(c). Neither allegation states a claim for relief under ORS 59.115(3) in connection with APCF Notes.[2]

**1. The allegation relating to generic "legal services" does not state a plausible claim against Tonkon under ORS 59.115(3)**

The first allegation does not satisfy the heightened particularity requirements of Rule 9(b), which Plaintiffs must satisfy to assert a violation under ORS 59.115(3). Plaintiffs here have not identified the required "who, what, when, where, and how" of Tonkon's alleged role with the APCF Notes. First, Plaintiffs' generic allegation regarding "legal services" does not identify the entity for which Tonkon performed such services. *See id.* ¶ 18. APCF Notes were "sold through APCF," (*id.* ¶ 28), yet Plaintiffs never allege that Tonkon provided legal services to APCF, much less that Tonkon performed those "legal services" in connection with the sale of APCF Notes. Instead, Plaintiffs merely state that Tonkon performed legal services for "Aequitas," a term that Plaintiffs never define and that does not correspond to any selling entity.

[2] The arguments in this Section A apply with equal force to the alleged sale of securities by AETC. *See* Compl. ¶¶ 18, 30(c). Unlike for APCF, however, Plaintiffs do not even identify what security AETC is alleged to have sold.



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

*See id.* ¶ 18. This failure to link any conduct by Tonkon to the sale of APCF Notes by APCF is fatal to Plaintiffs due to the "in the sale" requirement for participation or material aid under ORS 59.115(3).

Second, the Complaint lacks any particularized allegation about the APCF Notes. Plaintiffs do not allege how the APCF Notes were advertised or sold (*e.g.*, a private placement memorandum, subscription agreement, etc.). They do not state who purchased APCF Notes, or when they were purchased. In fact, not one of the named Plaintiffs is even alleged to have purchased a single APCF Note.[3] *See id*. ¶¶ 64–70.

Third, Plaintiffs make the "legal services" allegation "on information and belief" only, yet they never describe "the source of their information and the reasons upon which their belief is founded," as courts in this Circuit require. *Riley*, 612 F. Supp. at 677; *see also Sunshine Kids Juvenile Prods., LLC v. Indiana Mills & Mfg., Inc.*, No. C10-5697BHS, 2011 WL 862038, at *10 (W.D. Wash. Mar. 9, 2011) ("[A] plaintiff may plead based upon information and belief, but only if the pleading sets forth specific facts upon which the belief is reasonably based.") (quotations omitted); *see also Brinkmeier v. BIC Corp.*, 733 F. Supp. 2d 552, 559 (D. Del. 2010), *adhered to on denial of reconsideration*, No. Civ. 09-860-SLR, 2011 WL 2446427 (D. Del. June 16, 2011) (same).

Fourth, these same conclusory allegations fail to state a plausible claim under *Iqbal* and *Twombly*. Plaintiffs simply do not plead any facts linking Tonkon to the sale of APCF Notes.

[3] Plaintiffs lack standing to bring their claim as to the APCF Notes because none of the named Plaintiffs is alleged to have purchased those securities. *See State v. Marsh & McLennan Cos.*, 241 Or. App. 107, 114 (2011) (ORS 59.115 "creates a cause of action for purchasers of stock who are damaged by misrepresentations in face-to-face securities transactions"), *rev'd on other grounds*, 353 Or. 1 (2012). Plaintiffs' claim as to the APCF Notes should therefore be dismissed.



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

**2. The allegation pertaining to Tonkon's alleged provision of legal services to AIM does not state a plausible claim against Tonkon under ORS 59.115(3)**

Plaintiffs' second allegation relates only to legal services that Tonkon provided to AIM and not to the seller, APCF. Plaintiffs assert that Tonkon provided legal services to AIM "in connection with AIM's role as an SEC-registered investment adviser and the manager of numerous Aequitas investment vehicles." Compl. ¶ 30(c). APCF was allegedly one of these investment vehicles. *Id*. This allegation, however, does not adequately plead Tonkon's participation or material aid in the sale of APCF Notes.

Most importantly, Tonkon cannot be liable under ORS 59.115(3) unless it "participate[d] or materially aid[ed] in the sale" of APCF Notes, yet Plaintiffs nowhere allege that AIM ever sold or solicited the sale of APCF Notes (or any other security for that matter), or had any involvement in the sale of APCF Notes. Nor do Plaintiffs allege that Tonkon's legal services for AIM bore any relation to the sale of securities by APCF. They do not allege that Tonkon drafted any documents in connection with the sale of APCF Notes, or took any additional steps to assist with the sale.

In short, given the absence of any specific allegation linking Tonkon to the sale of APCF Notes, Plaintiffs have failed to plead any facts – particularized or otherwise – that could be read to plausibly state a claim against Tonkon with respect to the APCF Notes. Accordingly, Tonkon requests that the Court dismiss the ORS 59.115(3) claim against Tonkon as to APCF Notes.

**B. Plaintiffs do not sufficiently allege that Tonkon participated or materially aided in the sale of ACOF Interests or AMLF Notes**

Plaintiffs' allegations regarding Tonkon's participation or material aid in the sale of ACOF Interests and AMLF Notes are similarly inadequate. Tonkon's involvement with these



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

two securities is apparently premised on the same two conclusory allegations described above, plus a third similar allegation that adds nothing to the plausibility of their claim.

**1. The same two conclusory allegations described in Section A above are insufficient to state a claim against Tonkon under ORS 59.115(3) as to ACOF Interests or AMLF Notes**

As described *supra* Section IV.A.1–2, allegations that Tonkon provided nondescript "legal services" to an undefined entity ("Aequitas") or a third-party investment adviser (AIM) do not state a claim for participation or material aid in the sale of securities under ORS 59.115(3). *See* Compl. ¶¶ 18, 30(c). Specifically, the first allegation, in paragraph 18, does not even mention the ACOF Interests or AMLF Notes, does not define the term "Aequitas," and is made on information and belief alone. *See supra* Section IV.A.1. The second allegation merely alleges that Tonkon provided some type of legal service to AIM, but Plaintiffs nowhere allege that AIM ever sold or solicited the sale of ACOF Interests or AMLF Notes, or had any involvement with such sales. *See supra* Section IV.A.2. Nor do Plaintiffs allege that Tonkon provided these unspecified "legal services" in connection with the sale of any security. *Id*. These generalized allegations do not state a plausible claim for relief under *Iqbal* and *Twombly*, much less satisfy Rule 9(b)'s heightened pleading requirement.

**2. Plaintiffs' additional third allegation also fails to state a claim against Tonkon under ORS 59.115(3)**

Plaintiffs offer an additional, third allegation in connection with the ACOF Interests and AMLF Notes, but it is vague, implausible, and legally insufficient. Plaintiffs assert that Tonkon "provided legal services to Aequitas in connection with the sale of its securities, including through ACF; AIOF; AIOF-II; AIPF; AEIF; ACOF; and AMLF, and prepared legal papers necessary for Aequitas to complete the sale of its securities, including through [the same entities]." Compl. ¶ 30(c).



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

This allegation does not satisfy *Iqbal* and *Twombly*'s plausibility requirement, much less Rule 9(b)'s particularity requirement. Plaintiffs do not allege what "legal services" Tonkon provided or the nature of the "legal papers" Tonkon prepared. They do not identify a specific entity for which Tonkon provided such legal services, opting again to refer generically to the undefined term, "Aequitas." And Plaintiffs do not allege when these legal services or papers were provided, or the use to which these legal services and papers were put. The allegation lacks any semblance of particularity.

In fact, Plaintiffs never mention Tonkon in the specific description of ACOF Interests, instead alleging that a *different law firm* prepared the ACOF private placement memorandum and "prepared or participated in the preparation or review of the form subscription agreement" used in that offering. *Id.* ¶ 57.

With respect to AMLF Notes, Plaintiffs do not even include a specific description of those securities, much less allege that Tonkon had any role in the sale of them. *Id.* at *passim*. Indeed, unlike with most of the securities at issue, Plaintiffs never allege how the AMLF Notes were marketed or sold, or identify the documents that were used in connection with any sales. They also do not allege which AMLF offering documents (if any) Tonkon drafted or reviewed or, indeed, allege any conduct of Tonkon that could be connected to the sale of AMLF Notes.

### C. Plaintiffs do not sufficiently allege that Tonkon participated or materially aided in the sale of the five remaining securities at issue

The allegations regarding the five remaining securities – ACF Notes, AIPF Interests, AIOF Notes, AIOF-II Notes, and AEIF Interests – are all the same.[4] Plaintiffs rely on the same three allegations described *supra*, Sections IV.A.1–2 and IV.B.1–2, which are insufficient to

[4] Importantly, none of the Plaintiffs is even alleged to have purchased an AEIF Interest (Compl. ¶¶ 64–70) and thus none of the Plaintiffs has standing to assert a claim as to that security. *See Marsh*, 241 Or. App. at 114.



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

state a claim. They also offer a fourth, additional allegation with respect to these securities, stating on information and belief only that Tonkon drafted unspecified "portions" of the PPMs for the securities, and "prepared or participated in the preparation or review of the form subscription agreement" and the documents employed to evidence the investors' investments in the securities. Compl. ¶¶ 32, 39, 45, 51, 61 (asserting this same allegation for each of the five securities). This fourth allegation, though more detailed than the first three, still does not enable Plaintiffs to state a claim under ORS 59.115(3).

**1. The same three conclusory allegations described in Sections A and B above are insufficient to state a claim against Tonkon under ORS 59.115(3) as to the remaining five securities**

As Tonkon explained in Sections IV.A.1–2 and IV.B.1–2 above, the first three allegations are insufficient as a matter of law to state a claim under ORS 59.115(3). These conclusory allegations do not plausibly allege Tonkon's participation or material aid in the sale of any of the remaining five securities, much less plead the extent of Tonkon's involvement with particularity. *See supra* Sections IV.A.1–2 and IV.B.1–2.

**2. Plaintiffs' additional fourth allegation also fails to enable Plaintiffs to state a claim against Tonkon under ORS 59.115(3)**

Plaintiffs' additional fourth allegation fails to take Plaintiffs over the hurdle to stating a claim against Tonkon. For this fourth allegation, Plaintiffs allege that Tonkon had some role in drafting "portions" of, or "reviewing," the documents used in connection with the sale of securities. This additional allegation is still insufficient for two independent reasons. First, Plaintiffs have failed to plead Tonkon's involvement with these securities with particularity. Second, Oregon courts require more than the mere preparation and execution of documents to establish the "participate or materially aid" element of secondary liability.

**a. Plaintiffs have not adequately pled Tonkon's conduct in connection with the remaining five securities with particularity**

Plaintiffs do not plead Tonkon's involvement in preparing or reviewing various documents with the particularity that Rule 9(b) requires. This fundamental pleading requirement is all the more important in a case like this, where Plaintiffs have named six different defendants,



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

all of whom Plaintiffs contend participated or materially aided in the sale of eight different securities over a several-year period. *See Newman*, 794 F. Supp. at 1518 ("In a case that involves multiple defendants, a plaintiff must state the *role* of the individual defendants with particularity.") (emphasis in original).

Plaintiffs allege, for example, that Tonkon prepared "portions" of certain PPMs, but never identify which portions Tonkon drafted, or when, much less allege that those portions included the alleged misstatements or omissions. Compl. ¶¶ 32, 39, 45, 51, 61. Furthermore, Plaintiffs make this allegation on information and belief alone without "alleg[ing] the source of their information and the reasons upon which their belief is founded." *Riley*, 612 F. Supp. 674 at 677; *see also Canas v. City of Sunnyvale*, No. C 08-5771 JF (PVT), 2009 WL 2160572, at *4 (N.D. Cal. July 20, 2009) (alleging facts on information and belief "diminish[es] further" the plausibility of plaintiffs' claim).

Similarly, Plaintiffs do not offer particularized facts regarding Tonkon's involvement with any other documents used in connection with the sale of securities. Instead, Plaintiffs vaguely allege, again on information and belief, that Tonkon "prepared or participated in the preparation or review of the form subscription agreement . . . [and] documents employed to evidence the investors' investments" in the securities. Compl. ¶¶ 32, 39, 45, 51, 61 (emphasis supplied).[5] This single-sentence allegation, laced with its multiple "*or's*", is itself a moving target, and lacks particularized facts regarding "the extent and importance" of Tonkon's involvement, a critical component of any ORS 59.115(3) claim. *Ainslie v. First Interstate Bank of Oregon, N.A.*, 148 Or. App. 162, 184, 939 P.2d 125 (1997) ("[T]he cases have emphasized

[5] Paragraph 32 of the Complaint, instead of referring to "documents employed to evidence the investors' investments" like paragraphs 39, 45, 51, and 61, refers to "the form of note employed by ACF to evidence the investors' investments." There is no substantive difference between the two allegations.



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

that liability as a participant or a provider of material aid depends on the extent and importance of the defendant's involvement."); *see also Prince v. Brydon*, 307 Or. 146, 149, 764 P.2d 1370 (1988) (liability under ORS 59.115(3) "depends on the importance of one's personal contribution to the transaction").

**b. Allegations that Tonkon prepared or reviewed unspecified "portions" of documents are not sufficient to satisfy the "participate or materially aid" element of secondary liability under ORS 59.115(3)**

The fourth allegation also fails because Oregon courts have held that the mere preparation of legal documents by a lawyer or law firm is insufficient to establish participation or material aid. *See Austin*, 1986 WL 10098, at *5 ("In interpreting the 'participates or materially aids' language, the Oregon courts have required more than the mere preparation and execution of documents."); *Fakhrdai*, 72 Or. App. at 684 ("The cases in Oregon interpreting ORS 59.115(3) have consistently held that something more than the mere preparation and execution of documents is required to find liability for 'participating' or 'materially aiding' under the statute.").

Plaintiffs must allege "more" than a lawyer's mere preparation of documents to subject the third-party firm to liability under ORS 59.115(3). *Adams v. American Western Securities, Inc.*, 265 Or. 514, 527–28, 510 P.2d 838 (1973). Plaintiffs can make this showing in two ways.

<u>First</u>, they can allege that the attorney performed activities <u>beyond</u> merely preparing documents. On this first point, the Oregon Supreme Court case of *Adams v. American Western Securities, Inc.* is instructive. *See id.* at 514. In *Adams*, plaintiffs argued that an attorney who prepared several documents necessary to effectuate the sale of securities was secondarily liable under ORS 59.115(3). *Id.* at 515-16. In so arguing, Plaintiffs relied on two decisions from the District Court of Oregon that found an attorney liable based on the mere preparation of



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

documents. *Id*. at 525–26. The Oregon Supreme Court rejected their argument. Those federal court decisions, the Oregon Supreme Court concluded, were "not binding" and included statements that were probably "overly broad, if literally applied." *Id*. at 527–28. The Court went on to say that the attorney in its case "did considerably 'more' than merely to 'prepare legal documents and tend to their execution' and to perform 'other services normally performed by a lawyer for his client.'" *Id*. at 528. Those additional services included, for example, (i) helping formulate the initial plan to sell securities to raise funds, (ii) advising the seller to sell securities before those securities had been properly registered, and (iii) preparing and filing documents for the registration of securities despite knowing that the securities had already been sold. *Id*. at 518–19, 529.

Here, Plaintiffs do not allege *any* conduct by Tonkon beyond the preparation and review of legal documents. *See id.*; *Ainslie v. Spolyar*, 144 Or. App. 134, 139–40, 144–45, 926 P.2d 822 (1996) ("[W]hether or not his work on the initial offering constituted participating in or materially aiding the sales, his later activities clearly did," such activities including being "deeply involved" in the manipulation of investor funds held in an escrow account to allow the offeror access to those funds in contravention of investment terms).

Second, if Plaintiffs do not allege conduct beyond the preparation and review of documents, they must plead facts that show that (i) the sale of securities "could not have been completed or consummated without" the lawyer's drafting and review, *Fakhrdai*, 72 Or. App. at 686, and (ii) the lawyer exercised sufficient "knowledge" or "judgment," in the preparation of



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

such documents, or made sufficiently extensive "assertions" in those documents, to warrant joint and several liability, *Prince*, 307 Or. at 149.[6]

Plaintiffs do not allege these elements, and certainly not with the particularity required under Rule 9. They state, for example, that Tonkon prepared "portions," and conducted a "legal review," of the PPMs for these five securities. Compl. ¶¶ 32, 39, 45, 51, 61. But without identifying the "portions" of the PPMs Tonkon drafted, Plaintiffs not only fail to connect Tonkon to any false or misleading statement, they fail to plausibly allege that Tonkon exercised sufficient judgment or knowledge – or made sufficiently extensive assertions – to be liable under ORS 59.115(3). *See Prince*, 307 Or. at 149 (merely "[t]yping, reproducing, and delivering sales documents" is not sufficient to subject an attorney to secondary liability under ORS 59.115(3)). Even if they could allege such facts, Plaintiffs have not shown that the PPMs were a necessary prerequisite to their investments. Plaintiffs never allege that they reviewed or even received the PPMs for these securities, and thus, they have not shown that their investments would "not have been completed or consummated without" the PPMs. *Fakhrdai*, 72 Or. App. at 686.

Plaintiffs also allege that Tonkon drafted the "form subscription agreement" and the "form of note" used to evidence their investments. Compl. ¶¶ 32, 39, 45, 51, 61. These activities – drafting "form" agreements – do not implicate the type of "knowledge" and "judgment" that Oregon courts require before taking the extraordinary step of imposing secondary liability on a third-party service provider. As an initial matter, Plaintiffs do not allege a single misrepresentation or omission in these "form" documents. Nor do Plaintiffs allege any

[6] Indeed, one of the name partners of Plaintiffs' law firm acknowledged these twin requirements in a law review article written on this specific subject: "[C]ourts will find participant status to exist when the documents are essential to the sale of a security and the putative participant's judgment or assertions are reflected in what is being told to investors." Gary M. Berne, Participant Liability under the Oregon Securities Law After *Prince v. Brydon*, 68 Or. L. Rev. 885, 914 (1989).



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

facts suggesting that these "form" documents consisted of anything more than "boilerplate legal forms" – which do not subject third-party service providers to liability under ORS 59.115(3). Gary M. Berne, Participant Liability under the Oregon Securities Law After *Prince v. Brydon*, 68 Or. L. Rev. 885, 914 (1989); *see also Prince*, 307 Or. at 149 (merely "[t]yping, reproducing, and delivering sales documents" is not sufficient to subject an attorney to secondary liability under ORS 59.115(3)).

Accordingly, Plaintiffs' claim against Tonkon as to the ACF Notes, AIPF Interests, AIOF Notes, AIOF-II Notes, and AEIF Interests should be dismissed.

## V. CONCLUSION

For the foregoing reasons and the reasons stated in the Joint Memorandum, Tonkon respectfully requests that the Court dismiss the Complaint.

Dated this 10th day of June, 2016.

K&L GATES LLP

By: s/Philip Van Der Weele
**Philip Van Der Weele**, OSB #863650
phil.vanderweele@klgates.com
**B. John Casey**, OSB #120025
john.casey@klgates.com
**Adam Holbrook**, OSB #145494
adam.holbrook@klgates.com
503-228-3200

Attorneys for Tonkon Torp LLP



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of DEFENDANT TONKON TORP LLP'S INDIVIDUAL MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT to be served upon all counsel of record to this matter on this 10th day of June, 2016 via the Court's CM/ECF System.

DATED this 10th day of June, 2016.

s/Philip Van Der Weele
Philip Van Der Weele, OSB #863650
B. John Casey, OSB #120025
Adam Holbrook, OSB #145494



K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200