**David B. Markowitz, OSB No. 742046**
DavidMarkowitz@MarkowitzHerbold.com
**Chad M. Colton, OSB No. 065774**
ChadColton@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
Telephone: (503) 295-3085
Fax: (503) 323-9105

**Brad D. Brian (*admitted pro hac vice*)**
brad.brian@mto.com
**Bruce A. Abbott (*admitted pro hac vice*)**
bruce.abbott@mto.com
**Zachary M. Briers (*admitted pro hac vice*)**
zachary.briers@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Fax: (213) 687-3702

Attorneys for Defendant Sidley Austin LLP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON,

PORTLAND DIVISION

LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CUIFFITELLI REVOCABLE TRUST, *et. al.*,

Plaintiffs,

vs.

DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; and INTEGRITY BANK & TRUST,

Defendants.

CV No. 3:16-cv-00580-AC

**DEFENDANT SIDLEY AUSTIN LLP'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND SUPPORTING MEMORANDUM**

**Oral Argument Requested**

## LR 7-1 CERTIFICATION

In compliance with Local Rule 7-1, counsel for defendant Sidley Austin, LLP certify that they conferred in good faith by telephone conference on May 31, 2016, with counsel for the Plaintiffs, but that the parties were unable to resolve this dispute.

## MOTION

Defendant Sidley Austin LLP, pursuant to Federal Rules of Civil Procedure 8, 9(b) and 12(b)(6), hereby moves to dismiss Plaintiffs' First Amended Complaint for failure to state a claim upon which relief can be granted. In support of this motion, Defendant Sidley Austin LLP relies on the Memorandum of Points and Authorities that follows, and any further evidence and argument the Court may permit.

## TABLE OF CONTENTS

Page


I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 3

III. LEGAL STANDARDS ..... 6

IV. ARGUMENT ..... 7

A. The FAC Does Not and Cannot Adequately Allege Under Rules 8, 9(b) and 12(b)(6) that Sidley "Participated or Materially Aided in the Sale" of Six of the Accused Offerings as Required Under ORS 59.115(3) ..... 7

B. The FAC Fails to Allege that ACOF Sold Securities By Means of False or Misleading Statements ..... 11

C. The FAC Fails to Allege that ACOF Knowingly or Intentionally Sold Securities in Violation of Oregon Securities Law ..... 12

V. CONCLUSION ..... 13

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................ 6

*Baker v. Nevada*,
2015 WL 2233115 (D. Nev. May 12, 2015) ........................................ 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................ 6, 8

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d 1047 (9th Cir. 2011) ........................................ 7

*Childs v. Farmers Group, Inc.*,
2010 WL 4977008 (D. Or. Dec. 2, 2010) ........................................ 10

*Dexia Holdings, Inc. v. Countrywide Fin. Corp.*,
2012 WL 1798997 (C.D. Cal. Feb. 17, 2012) ........................................ 10

*In re Galena Biopharma, Inc. Sec. Litig.*,
117 F. Supp. 3d 1145, 1163 (D. Or. 2015) ........................................ 7

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) ........................................ 7

*King v. Deutsche Bank AG*,
2005 WL 611954 (D. Or. Mar. 8, 2005) ........................................ 10

*Paulsell v. Cohen*,
2002 WL 31496397 (D. Or. May 22, 2002) ........................................ 7

*In re Rigel Pharms., Inc. Sec. Litig.*,
697 F.3d 869 (9th Cir. 2012) ........................................ 11

*Riley v. Brazeau*,
612 F. Supp. 674 (D. Or. 1985) ........................................ 7, 10

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ........................................ 7

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ........................................ 2, 10, 12

# TABLE OF AUTHORITIES
# (continued)

**Page(s)**

**STATE CASES**

*Ainslie v. Spolyar*,
144 Or. App. 134 (1996)........................................................................................8

*Anderson v. Carden*,
146 Or. App. 675 (1997)........................................................................................8

*Cox v. Holcomb Family Limited Partnership*,
No. 1308-12201 (Or. Cir. Ct. Cnty. of Multnomah Dec. 14, 2015) ......................................12

*Karsun v. Kelley*,
258 Or. 155 (1971)..............................................................................................7

*Prince v. Brydon*,
307 Or. 146 (1988)..............................................................................................8

*State ex rel. Or. State Treasurer v. Marsh & McLennan Companies, Inc.*,
269 Or. App. 31 (2015)........................................................................................12

**STATE STATUTES**

ORS 59.115..............................................................................................7, 12

ORS 59.115(1)(b) ..............................................................................................3, 11, 12

ORS 59.115(3) .............................................................................................. 2, passim

ORS 59.135.............................................................................................. 3, passim

ORS 59.137..............................................................................................12

**FEDERAL RULES**

Fed. R. Civ. P. 8 and 12(b)(6)..............................................................................1, 6, 8, 9, 10

Fed. R. Civ. P. 9(b) ..............................................................................2, 7, 10, 12

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant Sidley Austin LLP ("Sidley") hereby incorporates and joins in all arguments made in the Joint Motion filed concurrently with this brief. This separate motion addresses additional reasons why Plaintiffs' claims are particularly deficient as to Sidley, which played virtually no role — *as alleged by Plaintiffs* — in the various securities offerings that form the basis for the First Amended Complaint ("FAC").

*First*, although Plaintiffs assert that Sidley should be liable for their alleged investment losses with respect to seven distinct securities offerings, the FAC alleges that Sidley drafted and reviewed offering documents for only one of those offerings — Aequitas Capital Opportunities Fund ("ACOF"). Unlike the six debt-based offerings that form the basis for Plaintiffs' various substantive allegations of wrongdoing and misrepresentation, the ACOF offering was *not* a debt-based offering: it was a private equity fund that provided no interest payments, no guaranteed rate of return and no fixed redemption schedule. (*See infra* pp. 5-6.) As such, almost 99% of the hyperbolic allegations of the FAC concerning Aequitas have nothing to do with ACOF, or Sidley. Not surprisingly, therefore, ACOF is nowhere to be found in the SEC Complaint against Aequitas and its former officers and directors. (*Id.* at p. 6.)

With respect to the six debt-based offerings, the FAC makes no allegations whatsoever with respect to Sidley's involvement. Plaintiffs allege only that Sidley, at some unspecified moment in time, provided equally unspecified "legal services" to Aequitas Investment Management ("AIM") — an investment manager that offered no securities for sale, debt-based or otherwise. (FAC ¶¶ 40, 46, 52, 62.) On its face, this single factual allegation that Sidley provided unspecified "legal services" to AIM is legally insufficient under Rules 8 and 12(b)(6) to establish that Sidley "participated" or "materially aided" in the six debt-based offerings, as is

required under ORS 59.115(3). To the extent the claim against Sidley is based on those offerings, it should be dismissed.

*Second*, with respect to all these offerings, the FAC fails to identify the "who, what, when, where, and how" of Sidley's alleged misconduct, as is required to state a fraud-based claim under Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Instead, the FAC improperly subsumes all of the distinct Aequitas offerings and all of the numerous Defendants under a single cause of action, generalizing that "Aequitas" sold securities in violation of Oregon law and "Defendants" participated in those sales. (FAC ¶¶ 190-91.) Not only is that approach hopelessly deficient as a general matter, it is particularly deficient with respect to Sidley because the only offering for which Sidley is alleged to have directly participated — ACOF — was fundamentally different (on its face) from the other six debt-based offerings. Plaintiffs' generally deficient allegations with respect to the debt-based offerings (which are discussed at length in the Joint Motion) have literally nothing to do with the single securities offering in which Sidley was allegedly involved. Accordingly, the allegations of the FAC fall far short of the heightened pleading requirements of Rule 9(b), and should be dismissed.

*Third*, even with respect to the ACOF offering, the FAC does not allege that ACOF intentionally sold securities by means of a material misstatement or omission. As discussed in the Joint Motion, the allegations of the FAC fail to identify with particularity any specific misstatements that were made in connection with the sale of securities by ACOF, why Plaintiffs believe any alleged misstatements or omissions were false when made, or that ACOF made any misstatements or omissions with scienter. That failure is particularly significant when the fundamental differences between ACOF's offering and the other offerings are considered.

Plaintiffs' claim against Sidley for participating in or materially aiding the unlawful sale of securities by ACOF under ORS 59.115(1)(b) and ORS 59.135(2) should be dismissed.

Defendants notified Plaintiffs of these deficiencies on May 16, 2016 (with respect to the original complaint) and again on May 31, 2016 (with respect to the FAC). Plaintiffs' failure to adequately correct these deficiencies with the FAC indicates that these are not mere pleading failures, and with respect to Sidley, these fatal flaws cannot be remedied.

## II. STATEMENT OF FACTS

Defendants' Joint Motion to Dismiss ("Joint Motion") provides an overview of the allegations in the FAC. Sidley incorporates the Joint Motion's Statement of Facts by this reference, and here summarizes only the specific allegations against Sidley.

The FAC alleges that seven distinct Aequitas securities were sold in violation of Oregon law. (FAC ¶¶ 21–25, 27-28.) The seven accused securities offerings are interests in Aequitas Commercial Finance, LLC ("ACF Notes"), Aequitas Income Protection Fund, LLC ("AIPF Interests"), Aequitas Income Opportunity Fund, LLC ("AIOF Notes"), Aequitas Income Opportunity Fund II, LLC ("AIOF-II Notes"), Aequitas MotoLease Financial, LLC ("AMLF Notes"), Aequitas Enhanced Income Fund, LLC ("AEIF Interests"),[1] and Aequitas Capital Opportunities Fund, LP ("ACOF Interests").[2] (*Id.*)

The FAC does not allege that Sidley had any involvement in Aequitas' sale of three of the accused securities note offerings — the ACF Notes, the AMLF Notes, and the AEIF

---

[1] Although the FAC alleges that the AEIF Interests were sold in violation of Oregon law, none of the Plaintiffs alleges that they purchased, or suffered injury from the purchase of, AEIF Interests. For the reasons stated in the Joint Motion, therefore, the claims with respect to the AEIF Interests should be dismissed.

[2] The FAC also identifies a securities offering by Aequitas Private Client Fund, LLC (the "APCF Interests"), but it does not allege the APCF Interests were sold in violation of Oregon law, or that any of the Plaintiffs purchased APCF Interests. Therefore, to the extent Plaintiffs' claims include the sale of the APCF Interests, such claims should be dismissed.

Interests. Indeed, in the paragraphs where the FAC describes Defendants' alleged involvement in the sale of the ACF Notes, AMLF Notes, and AEIF Interests, Sidley is not mentioned. (*Id.* ¶¶ 24, 31-37, 60-63.) Instead, the FAC alleges that a different law firm, Defendant Tonkon Torp LLP, drafted the offering documents for the ACF Notes, AMLF Notes, and AEIF Interests, and that law firm was also specifically identified as Aequitas' counsel in connection with the ACF Notes and AEIF Interests offerings. (*Id.* ¶¶ 30(c), 32, 61.)

The FAC likewise does not allege that Sidley drafted any of the offering materials or was otherwise involved in the sale of three other accused securities note offerings — the AIPF Interests, AIOF Notes, and AIOF-II Notes. Again, a different law firm is alleged to have provided legal services in connection with these offerings, including drafting portions of the PPMs and performing a legal review of their contents. (*Id.* ¶¶ 39, 45, 51.) The FAC also alleges that each of the PPMs for the AIPF Interests, the AIOF Notes, and the AIOF-II Notes "prominently identified" that other law firm as legal counsel in connection with the offering and sale of the interests, and alleges that law firm prepared or participated in the preparation of the form subscription agreements for each of those sales. (*Id.*)

In addition to these particular allegations regarding the AIPF Interests, AIOF Notes, and AIOF-II Notes (and their respective PPMs and form subscription agreements), the FAC *also* alleges that "[a]t least as early as 2014," Sidley provided "legal services" to AIM, which was the manager of AIPF, AIOF, and AIOF-II, and which "oversaw the operations and investment decisions" of those entities "in exchange for certain management fees and other interests." (*Id.* ¶¶ 40, 46, 52.) The FAC does not state, however, what type of "legal services" Sidley allegedly provided to AIM, nor does it allege that these unspecified "legal services" were provided in connection with the sale of the accused securities offerings.

With respect to the final accused private equity security offering — the ACOF Interests — the FAC does allege, on information and belief, that Sidley drafted and reviewed portions of the ACOF offering documents, including the private placement memorandum and the subscription agreement. (*Id.* ¶ 57.) The FAC also alleges that "certain materials and information identified Sidley . . . and highlighted [Sidley's] provision of professional services to ACOF and Aequitas." (*Id.* ¶ 59.) The FAC does not allege any other involvement by Sidley with respect to the ACOF Interests.

Significantly, unlike the other six debt-based offerings, the ACOF Interests — on the face of the ACOF PPM — were shares in a private equity investment vehicle that consisted of percentage equity shares in various portfolio companies and investments in securities of companies in the financial services arena. While the debt-based offerings provided for specified rates of return and fixed maturity dates (*See, e.g.,* ACF PPM, Nov. 30, 2013, at 1; AIOF-II PPM, Oct. 1, 2014, at 3-4),[3] the ACOF Interests offered no set rate of return and, indeed, no rate of return at all. Moreover, unlike the fixed maturity date(s) of the debt-based offerings, the ACOF PPM stated on the first page that ACOF interests were "SPECULATIVE SECURITIES"[4] and further stated that:

> NO WITHDRAWLS MAY BE MADE FROM THE INTERESTS AND THE PORTFOLIO COMPANIES HELD BY THE PARTNERSHIP ARE EXPECTED TO BE ILLIQUID. THE OFFEREE MUST RECOGNIZE THAT AN INVESTMENT IN THE PARTNERSHIP REQUIRES A COMMITMENT TO THE PARTNERSHIP FOR AN INDEFINTIE PERIOD OF TIME.

---

[3] The PPMs for these accused offerings, as well as the ACOF PPM, are attached to the Declaration of Gavin Masuda filed concurrently with the Joint Motion.

[4] The ACOF PPM contained 45 pages of warnings, describing various risk factors and potential conflicts of interest.

(ACOF PPM at ii (all caps in original).)[5]

Only a handful of the allegations in the FAC even apply to ACOF (let alone Sidley) at all.[6] That is also not surprising: the SEC Complaint against Aequitas and its officers and directors (from which Plaintiffs' allegations are largely cribbed) does not even mention ACOF. *See* Masuda Decl. Ex. 15.

As an apparent attempt to cure these deficiencies, the FAC — following the initial meet-and-confer process — makes the additional, vague allegation that Sidley provided "other legal services to Aequitas, including legal opinions and other legal services" in support of Aequitas' application for a loan from Wells Fargo Bank. (*Id.* ¶ 30(d).) The FAC does not specify to whom Sidley allegedly provided these "other legal services," and does not allege that these "other legal services" pertained to any of the accused securities offerings (be it ACOF or the debt-based offerings) that form the basis for the FAC.

## III. <u>LEGAL STANDARDS</u>

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it lacks sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Federal Rule of Civil Procedure 8, a complaint must contain "enough [factual allegations] to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must assume the truth of facts alleged in the

[5] The ACOF PPM further stated that the term of the partnership was seven years from the Final Closing Date, and that the seven-year term could be extended for two additional one-year terms by the General Partner to provide for an orderly liquidation of the private equity fund. (*Id*. at 42.)

[6] By way of illustration, the FAC alleges that Aequitas falsely told investors that it had "enjoyed consistent quarterly interest payments with no loss of principal since 2003," and "that their securities were liquid, meaning that investors could cash out of their investments if they chose to do so." FAC ¶ 2. But, these allegations plainly cannot apply to ACOF, which did not offer regular interest payments, and which specifically disclosed that its investments were *illiquid*. (ACOF PPM at ii.)

complaint, but need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008).

The heightened pleading standard of Federal Rule of Civil Procedure 9(b) also applies in this case because Plaintiffs' claims under ORS 59.115 and ORS 59.135 sound in fraud. *See Karsun v. Kelley*, 258 Or. 155, 167 (1971) ("[W]hile an action by the purchaser of stock under ORS 59.115 is not a common law action for fraud, the primary basis for such an action is fraud."); *Riley v. Brazeau*, 612 F. Supp. 674 (D. Or. 1985) (applying Rule 9(b) to action under ORS 59.115); *Paulsell v. Cohen*, 2002 WL 31496397, at *27 (D. Or. May 22, 2002) (describing an action brought under ORS 59.115(3) as a "securities fraud claim"). Under Rule 9(b), Plaintiffs' allegations "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Swartz v. KPMG LLP* , 476 F.3d 756, 764 (9th Cir. 2007). That is, the complaint must "identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *In re Galena Biopharma, Inc. Sec. Litig.*, 117 F. Supp. 3d 1145, 1163 (D. Or. 2015) (citing *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)).

## IV. ARGUMENT

As stated previously, Sidley joins and incorporates by reference each of the arguments made in the Joint Motion. The following arguments identify additional deficiencies in the FAC with respect to the specific allegations — or, more precisely, the lack thereof — against Sidley.

### A. The FAC Does Not and Cannot Adequately Allege Under Rules 8, 9(b) and 12(b)(6) that Sidley "Participated or Materially Aided in the Sale" of Six of the Accused Offerings as Required Under ORS 59.115(3).

With respect to six of the seven accused securities offerings that form the basis for the

FAC, it is now clear that Plaintiffs cannot allege that Sidley played any substantive role — let alone a role that rises to the level of creating potential liability under ORS 59.115(3).

"ORS 59.115(3) makes one who is not himself the seller of a security liable for an unlawful sale if he 'participates or materially aids in the sale.'" *Prince v. Brydon*, 307 Or. 146, 149 (1988) (quoting ORS 59.115(3)). To rise to that level of potentially actionable involvement, however, attorneys must be closely involved (at a minimum) in the offering and sales process. *See, e.g., Anderson v. Carden*, 146 Or. App. 675, 678 (1997) (holding nonseller attorneys could be liable under ORS 59.115(3) where they "participated or materially aided in the sale of the securities by preparing, among other things, the offering memorandum and supporting documentation, a tax opinion letter, projections and appraisals"); *Ainslie v. Spolyar*, 144 Or. App. 134, 144–45 (1996) (affirming judgment against attorney under ORS 59.115(3) for participating in or materially aiding the sale of securities where attorney prepared the offering memorandum and an application to register the securities, and also assisted a subscriber in financing his subscription). Plaintiffs did not and cannot allege such facts here against Sidley with respect to the ACF Notes, the AMLF Notes, the AEIF Interests, the AIPF Interests, the AIOF Notes, or the AIOF-II Notes.

First, with respect to the ACF Notes, AMLF Notes, and AEIF Interests, the FAC contains *no* allegations connecting Sidley to those offerings. Sidley is not alleged to have represented ACF, AMLF, or AEIF; nor is Sidley alleged to have performed any legal work in connection with the sale of ACF Notes, AMLF Notes, or AIEF Interests. On its face, the FAC fails under Rules 8 and 12(b)(6) to state a claim against Sidley under ORS 59.115(3) for "participat[ing] or materially aid[ing] in the sale" of these securities. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Second, the FAC fails under Rules 8 and 12(b)(6) to allege that Sidley participated or materially aided in the sale of the AIPF Interests, AIOF Notes, or AIOF-II Notes. The sole allegation against Sidley with respect to those three offerings is that Sidley provided unspecified "legal services" to AIM, which was an Aequitas entity that allegedly served as investment manager. (*See* FAC ¶¶ 40, 46, 52.) That's it. The FAC does not allege that Sidley represented or provided legal services to the sellers of the accused securities — AIPF, AIOF, and AIOF-II. The FAC does not allege what "legal services" Sidley allegedly provided to AIM. And the FAC does not allege that Sidley's unspecified "legal services" were even provided in connection with the sale of the accused securities, let alone that they rise to the level of participating in or materially aiding such sales.

Nor is this paucity of factual allegations an oversight. For each of the AIPF, AIOF, and AIOF-II offerings, another law firm is specifically alleged to have drafted the respective PPMs and the form subscription agreements. (*Id.* ¶¶ 39, 45, 51.) Stated differently, there *was* a law firm supposedly involved in these three securities offerings — it was not Sidley.

Third, Plaintiffs' throwaway allegation that Sidley provided "other legal services to Aequitas, including legal opinions and other legal services" in support of Aequitas' application for a loan from Wells Fargo Bank (*Id.* ¶ 30(d)), cannot possibly support a claim that Sidley "participated" or "materially aided" any of the specified debt-based offerings. The FAC does not specify to whom Sidley allegedly provided these "other legal services," and does not allege that these "other legal services" pertained to any of the accused securities offerings (be it ACOF or the debt-based offerings) that form the basis for the FAC. The apparent claim in the FAC that providing unrelated, legitimate legal services to a corporation somehow rises to the level of

"participating" or "materially aiding" in an accused securities offering by another entity is unprecedented and meritless.[7]

Fourth, even assuming that the FAC's minimal (or absent) allegations with respect to Sidley could satisfy Rule 8, they do not come close to satisfying the heightened pleading requirement of Rule 9(b). Under Rule 9(b), a complaint must state with particularity the "who, what, when, where and how" of a defendant's alleged misconduct. *Vess*, 317 F.3d at 1106. The FAC contains no such allegations against Sidley. *See Riley v. Brazeau*, 612 F. Supp. 674, 677 (D. Or. 1985) (dismissing complaint against an attorney under ORS 59.115(3) where the complaint "fails to describe [the attorney's] role in the fraudulent scheme with the particularity required by Rule 9(b)"); *King v. Deutsche Bank AG*, 2005 WL 611954, *25 (D. Or. Mar. 8, 2005) (granting in part motion to dismiss when the "Plaintiffs have not directed the court to any specific allegations involving the [particular] defendants that would meet [the] who, what, where, when and how requirements" of Rule 9(b)).

For all these reasons, the FAC fails to state a claim against Sidley under Rules 8, 9(b), and 12(b)(6) with respect to the ACF Notes, AMLF Notes, AIPF Interests, AIOF Notes, AIOF-II Notes, and AEIF Interests.[8]

---

[7] Tellingly, in response to the initial meet and confer regarding these issues, Plaintiffs have failed to amend their factual allegations with respect to Sidley, and instead persist in collapsing all securities offerings and all Defendants into a single cause of action under ORS 59.115(3).

[8] Based on this argument, even if the Court concludes the FAC adequately states a claim against Sidley with respect to the sale of securities by ACOF (but see below and Joint Motion), the Court should still dismiss the claim against Sidley with respect to the sales of the remaining six securities offerings: ACF, AIPF, AIOF, AIOF-II, AMLF, and AEIF. *See Childs v. Farmers Grp., Inc.*, 2010 WL 4977008, at *3 (D. Or. Dec. 2, 2010) (granting motion to dismiss portion of a cause of action); *Baker v. Nevada*, 2015 WL 2233115, at *1 (D. Nev. May 12, 2015) (accord); *Dexia Holdings, Inc. v. Countrywide Fin. Corp.*, 2012 WL 1798997, at *8 (C.D. Cal. Feb. 17, 2012) (accord). That is particularly true where, as here, Plaintiffs are attempting to use a single cause of action against multiple Defendants for multiple securities offerings over multiple years.

### B. The FAC Fails to Allege that ACOF Sold Securities By Means of False or Misleading Statements

With respect to the seventh of the accused securities offerings — the ACOF Interests — the FAC fails to allege that any securities were sold by means of material misstatements or omissions. As set forth at length in the Joint Motion, the FAC's scattershot allegations fail to identify with particularity (1) what specific misstatements were made in connection with particular sales of securities, (2) what affirmative statements were rendered misleading by particular omissions, (3) what entity, in what document, made such misstatements or omissions, and (4) why Plaintiffs believe the misstatements or omissions were false when made. *See* Joint Motion at 14-24. These deficiencies are particularly apparent with respect to the allegations against Sidley involving ACOF.

Only one of the Plaintiffs, Ciuffitelli, purchased ACOF Interests. FAC ¶ 61(b). The FAC contains no allegations connecting any false or misleading statements to Ciuffitelli's purchase of ACOF Interests. *See* ORS 59.115(1)(b) (prohibiting the sale of securities "by means of" material omissions or misrepresentations); ORS 59.135, 59.135(2) (prohibiting material omissions or misrepresentations "in connection with the purchase or sale of any security"). The FAC does not identify a single specific misstatement made in any ACOF offering document or PPM.

The FAC identifies only one omission by ACOF: the "ACOF PPM dated February 2014 also failed to properly disclose Aequitas' intent to use the proceeds of its sales of ACOF Interests to fund the repayment of other investors." FAC ¶ 140. The FAC does not, however, identify any affirmative statement that was rendered misleading due to this alleged omission, or why any such statement was misleading when it was made. *See* ORS 59.115(1)(b) and ORS 59.135(2) (prohibiting an omission "to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading"); *In re Rigel*

*Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012) (a complaint must "set[] forth what is false or misleading [] about the statement and why the statements were false or misleading at the time they were made."). In short, Plaintiffs have not come close to identifying the "who, what, when, where, and how" of its allegations against ACOF, as required under Rule 9(b). *Vess*, 317 F.3d at 1106. Plaintiffs' claim against Sidley arising from the sale of ACOF securities in violation of ORS 59.115(1)(b) and ORS 59.135(2) should be dismissed.

### C. The FAC Fails to Allege that ACOF Knowingly or Intentionally Sold Securities in Violation of Oregon Securities Law

Finally, the FAC contains no specific allegation that ACOF intentionally sold securities by means of a material misstatement or omission. As discussed in the Joint Motion, all claims under ORS 59.135 require pleading and proving scienter. *See State ex rel. Or. State Treasurer v. Marsh & McLennan Companies, Inc.*, 269 Or. App. 31, 50 (2015) ("[W]e are persuaded that the legislature understood the phrase 'violation of ORS 59.135(1), (2) or (3)' to refer to acts that are committed with scienter."); *Cox v. Holcomb Family Ltd. P'ship*, No. 1308-12201, (Or. Cir. Ct. Cnty. of Multnomah Dec. 14, 2015) ("Although *Marsh* concerned a different remedial provision [ORS 59.137], its reasoning applies with equal force to claims made pursuant to ORS 59.115.").

The few allegations specifically identifying ACOF simply fail to meet this requirement. That is also unsurprising because, as discussed above, hardly any of the alleged improprieties by "Aequitas" actually relate to ACOF, nor does the SEC Complaint make any mention of ACOF.[9] Because Plaintiffs do not allege that ACOF intentionally sold securities by means of a material

---

[9] In addition to the items previously noted, *see* n.6 supra, the FAC's allegations regarding Aequitas' failure to disclose the decline in value of its $400 million portfolio in student loans connected to Corinthian Colleges do not identify or involve ACOF. (FAC ¶¶ 146–60.) Nor do any of the FAC's allegations that Aequitas inflated the value of its receivables assets and supporting collateral, or concealed its insolvency from investors, identify any misconduct by ACOF. (*Id.* ¶¶ 161–75.)

misstatement or omission, Plaintiffs' claim against Sidley for participating in or materially aiding the unlawful sale of securities by ACOF under ORS 59.135(2) should be dismissed.

## V. CONCLUSION

For all these reasons, as well as those stated in the Joint Motion, the FAC fails to state a claim against Sidley under ORS 59.115(3) and should be dismissed.

DATED this 10th day of June, 2016

MARKOWITZ HERBOLD PC

MUNGER TOLLES & OLSON LLP

By: *_/s/ Chad M. Colton_*

David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Chad M. Colton, OSB #065774
ChadColton@MarkowitzHerbold.com
(503) 295-3085
Brad D. Brian (*admitted pro hac vice*)
brad.brian@mto.com
Bruce A. Abbott (*admitted pro hac vice*)
bruce.abbott@mto.com
Zachary M. Briers (*admitted pro hac vice*)
zachary.briers@mto.com
(213) 683-9100
Attorneys for Defendant Sidley Austin, LLP