**Keith A. Ketterling**, OSB No. 913368
Email: kketterling@stollberne.com
**Timothy S. DeJong**, OSB No. 940662
Email: tdejong@stollberne.com
**Jacob S. Gill**, OSB No. 033238
Email: jgill@stollberne.com
**Nadia H. Dahab**, OSB No. 125630
Email:ndahab@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, Oregon 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

**Steve W. Berman** (admitted *pro hac vice*)
Email: steve@hbsslaw.com
**Karl P. Barth** (admitted *pro hac vice*)
Email: karlb@hbsslaw.com
**Lee M. Gordon** (admitted *pro hac vice*)
Email: lee@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone:    (206) 623-7292
Facsimile:    (206) 623-0594

**Attorneys For Plaintiffs**
[Additional Counsel of Record Listed on Signature Page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST; GREG and ANGELA JULIEN; JAMES and SUSAN MACDONALD, as Co-Trustees of the MACDONALD FAMILY TRUST; R.F. MACDONALD CO.; ANDREW NOWAK, for himself and as Trustee of the ANDREW NOWAK REVOCABLE LIVING TRUST U/A 2/20/2002; WILLIAM RAMSTEIN; and | Case No. 3:16-cv-00580-AC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT DELOITTE & TOUCHE LLP'S MOTION FOR PROTECTIVE ORDER** |

GREG WARRICK, for himself and, with
SUSAN WARRICK, as Co-Trustees of the
WARRICK FAMILY TRUST, individually
and on behalf of all others similarly situated,

        Plaintiffs,

  v.

DELOITTE & TOUCHE LLP;
EISNERAMPER LLP; SIDLEY AUSTIN
LLP; TONKON TORP LLP; TD
AMERITRADE, INC.; and INTEGRITY
BANK & TRUST,

        Defendants.

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................1

II. BACKGROUND REGARDING DISCOVERY ..................................................................2

III. A PROTECTIVE ORDER IS NOT JUSTIFIED.................................................................3

    A. The Audit Workpapers Are Relevant ......................................................................3

    B. The Requested Workpapers Are Proportional to the Needs of the Case................................................................................................................5

    C. Deloitte Fails to Meet Its Heavy Burden to Show Good Cause for a Discovery Stay...........................................................................................6

        1. Deloitte's motion to dismiss is not "good cause" to stay discovery.......................................................................................................6

        2. Deloitte fails to demonstrate "good cause" related to undue burden....................................................................................................8

        3. A stay will prejudice Plaintiffs and will delay determination of this action..............................................................................................9

IV. CONCLUSION...................................................................................................................10

PAGE i - **PLAINTIFFS' OPPOSITION TO DEFENDANT DELOITTE & TOUCHE LLP'S MOTION FOR PROTECTIVE ORDER**

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Ainslie v. First Interstate Bank*,
    148 Or. App. 162 (1997) ............................................................................................... 4, 8

*BAC Home Loan Servicing, LP v. Advanced Funding Strategies, Inc.*,
    2013 WL 6844766 (D. Nev. 2013) ................................................................................ 1, 9

*Baldwin v. United States*,
    2011 WL 5177698 (D. Colo. Nov. 1, 2011) ..................................................................... 7

*Beckman Indus. v. Int'l Ins. Co.*,
    966 F.2d 470 (9th Cir. 1992) ............................................................................................ 8

*Blankenship v. Hearst Corp.*,
    519 F.2d 418 (9th Cir. 1975) ............................................................................................ 6

*Burgoon v. Narconon of N. Cal.*,
    125 F. Supp. 3d 974 (N.D. Cal. 2015) .............................................................................. 7

*Carr v. State Farm Mut. Auto. Ins. Co.*,
    312 F.R.D. 459 (N.D. Tex. 2015) ..................................................................................... 3

*Fein v. Numex Corp.*,
    92 F.R.D. 94 (S.D.N.Y. 1981) ...................................................................................... 4, 9

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
    331 F.3d 1122 (9th Cir. 2003) .......................................................................................... 8

*In re Goodyear Tire & Rubber Co. Sec. Litig.*,
    1991 WL 172930 (N.D. Ohio 1991) ............................................................................. 4, 9

*Gray v. First Winthrop Corp.*,
    133 F.R.D. 39 (N.D. Cal. 1990) ....................................................................................... 6

*Hatamian v. Advanced Micro Devices, Inc.*,
    2015 WL 7180662 (N.D. Cal. Nov. 16, 2015) ................................................................. 3

*Marksman Partners, L.P. v. Chantal Pharm. Corp.*,
    1996 U.S. Dist. LEXIS 13870 (C.D. Cal. Aug. 15, 1996) ................................................ 4

PAGE ii -   PLAINTIFFS' OPPOSITION TO DEFENDANT DELOITTE & TOUCHE
            LLP'S MOTION FOR PROTECTIVE ORDER

Hagens Berman Sobol Shapiro LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
TEL. (206) 623-7292   FAX (206) 623-0594

*McFadden v. Ballard, Spahr, Andrews & Ingersoll, LLP*,
   243 F.R.D. 1 (D.D.C. 2007)..................................................................................................8

*Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*,
   288 F.R.D. 500 (D. Nev. 2013)............................................................................................6

*N.U. v. Wal-Mart Stores, Inc.*,
   2016 WL 3654759 (D. Kan. 2016).......................................................................................3

*O'Neal v. Or. Dep't of Justice*,
   2015 WL 5308709 (D. Or. 2015).........................................................................................6

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987)................................................................................................7

*Schoppe-Rico v. Lewis*,
   2012 WL 3022441 (N.D. Cal. 2012) .................................................................................10

*Siegert v. Gilley*,
   500 U.S. 226 (1991).............................................................................................................6

*Skellerup Indus. Ltd. v. City of Los Angeles*,
   163 F.R.D. 598 (C.D. Cal. 1995) ..................................................................................7, 10

*Thomas v. Cate*,
   715 F. Supp. 2d 1012 (E.D. Cal. 2010)................................................................................8

*Twin City Fire Ins. Co. v. Emp'rs Ins. of Wausau*,
   124 F.R.D. 652 (D. Nev. 1989).......................................................................................7, 9

*Wenger v. Monroe*,
   282 F.3d 1068 (9th Cir. 2002) .............................................................................................6

*Wetta v. Templeton Asset Mgmt.*,
   1998 U.S. Dist. LEXIS 13321 (S.D.N.Y. Aug. 25, 1998).....................................................4

PAGE iii -   **PLAINTIFFS' OPPOSITION TO DEFENDANT DELOITTE & TOUCHE
LLP'S MOTION FOR PROTECTIVE ORDER**

Plaintiffs submit this memorandum in opposition to defendant Deloitte & Touche LLP's Motion for Protective Order ("Motion").

## I.   INTRODUCTION

This case has been pending for more than six months, and no documents have been produced by any party.  Seeking to further delay the inevitable production of its audit workpapers, Deloitte seeks to stay all discovery until the pending motions to dismiss are resolved months from now.  "The explosion of Rule 12(b)(6) motions in the wake of *Bell Atlantic Corp v. Twombly* and *Ashcroft v. Iqbal* has made speedy determinations of cases increasingly more difficult. . . .  The fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery."  *BAC Home Loan Servicing, LP v. Advanced Funding Strategies, Inc.*, 2013 WL 6844766, at *5 (D. Nev. 2013) (internal citations omitted).  Deloitte has not met the heavy burden required to obtain a discovery stay.

Deloitte contends—but does not substantiate—that plaintiffs' document requests present an undue burden and are disproportional to the needs of the case.  As stated at page two of the Joint Report of Parties' F.R.C.P. 26(f) Conference [Dkt. No. 94], filed on July 14, 2016, **plaintiffs are willing to limit Deloitte's initial production of documents to Deloitte's audit workpapers**.  Plaintiffs' counsel reiterated this compromise when the parties conferred before the filing of this Motion.

Deloitte's workpapers are relevant and important to resolution of the issues in this case.  The First Amended Complaint ("FAC") alleges that Aequitas made false statements regarding its financial condition to investors in violation of Oregon law, and that Deloitte has secondary liability because it participated in and materially aided Aequitas' sales of securities, in part by performing the audits that are reflected in the workpapers.  The workpapers are relevant to Aequitas' primary liability for untrue statements regarding its financial condition (an issue common to all defendants in this action).  The workpapers are also relevant to Deloitte's

PAGE 1 **-**     **PLAINTIFFS' OPPOSITION TO DEFENDANT DELOITTE & TOUCHE LLP'S MOTION FOR PROTECTIVE ORDER**

secondary liability, because they reflect the extent and importance of Deloitte's involvement in Aequitas' sales of securities. Furthermore, the workpapers are relevant to the defense afforded to Deloitte by ORS 59.115(3), which requires Deloitte to prove that it "did not know, and, in the exercise of reasonable care, could not have known, of the existence of facts on which the liability is based." Thus, the workpapers are central to multiple liability issues in this case.

Deloitte does not address the relevant Rule 26(b)(1) factors governing proportionality, nor does it identify any legally cognizable "burden" associated with producing its workpapers, offering only a declaration from its litigation attorney stating that there are "thousands of workpapers" for Deloitte's year-end 2013 and 2014 audits. Masuda Decl. [Dkt. No. 140], ¶ 3. But the normal inconveniences associated with litigation do not constitute "burden." Plaintiffs submit a declaration from an accounting and auditing expert, who explains that the burden to produce audit workpapers is minimal. Any minimal inconvenience to Deloitte in producing thousands of workpapers is certainly proportional in this case seeking recovery of hundreds of millions of dollars of investor losses.

Deloitte has not established good cause required for the unusual remedy of a blanket stay of discovery. The Federal Rules of Civil Procedure do not provide for a stay of discovery upon the mere filing of a motion to dismiss. This is not a case presenting threshold issues of jurisdiction or immunity that must be resolved before discovery can proceed. Nor does Deloitte conclusively establish that its motion to dismiss will succeed. Further, producing their workpapers now will prevent undue delay by permitting plaintiffs to begin evaluating Deloitte's work and assembling evidence concerning the complex financial issues in this case.

## II.   BACKGROUND REGARDING DISCOVERY

After the lawsuit was filed on April 4, 2016, defendants insisted that the parties' Rule 26(f) conference—a prerequisite to conducting discovery—be delayed until June 30, 2016. At the Rule 26(f) conference, plaintiffs rejected defendants' request that plaintiffs agree to stay

PAGE 2 -   **PLAINTIFFS' OPPOSITION TO DEFENDANT DELOITTE & TOUCHE LLP'S MOTION FOR PROTECTIVE ORDER**

discovery pending rulings on defendants' motions to dismiss and asserted that defendants are required to participate in discovery in the absence of a protective order. *See* Joint Report of Rule 26(f) Conference [Dkt. No. 94] at 2-5. In the Joint Report, plaintiffs offered to initially limit document discovery from Deloitte (and the other auditor defendant, EisnerAmper) to only the audit workpapers. Deloitte waited until September 29 to file a motion for protective order.

### III.  A PROTECTIVE ORDER IS NOT JUSTIFIED

Deloitte seeks to avoid discovery on the bases that the requested discovery is not relevant and proportional to the needs of the case, or that all discovery should be stayed pending resolution of its motion to dismiss. Each of these arguments should be rejected.

**A.  The Audit Workpapers Are Relevant**

Deloitte fails to meet its burden to "show [that] discovery should not be allowed" and to "clarify[y], explai[n], and suppor[t] its objections." *Hatamian v. Advanced Micro Devices, Inc.*, 2015 WL 7180662, at *1 (N.D. Cal. Nov. 16, 2015) (internal quotation marks omitted); *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 464-69 (N.D. Tex. 2015) (imposing a burden on the party resisting discovery to "specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of proper discovery").[1] Deloitte cannot seriously argue that its workpapers are irrelevant to plaintiffs' claims, which are based, in part, on Deloitte's audit services. Its relevance arguments pertain to plaintiffs' requests for documents relating to other services that Deloitte provided, beyond the audit services. *See* Motion at 7-8.

Deloitte incorrectly argues that its workpapers are relevant only to Deloitte's compliance with professional auditing standards, which it contends are not at issue in this action. This argument misses the mark. To prevail on their claim against Deloitte, plaintiffs will be required to show both Aequitas' primary liability for untrue statements of fact concerning its financial

---

[1] *See generally N.U. v. Wal-Mart Stores, Inc.*, 2016 WL 3654759, at *6 (D. Kan. 2016) ("[T]he amendments to Rule 26(b) do not alter the burden placed on a party resisting discovery . . . .").

PAGE 3 -   **PLAINTIFFS' OPPOSITION TO DEFENDANT DELOITTE & TOUCHE LLP'S MOTION FOR PROTECTIVE ORDER**

condition, as well as Deloitte's participation and material aid in Aequitas' unlawful sales of securities. Deloitte's workpapers are relevant to both.

Deloitte's workpapers are directly relevant to the question of Aequitas' primary liability. In the FAC, plaintiffs allege, for instance, that "Aequitas manufactured an appearance of financial strength by manipulating the value of assets carried on its books . . . ." FAC, ¶ 3. Plaintiffs further allege specific untrue statements of fact concerning matters concerning Aequitas' financial condition, including use of investor funds (*id.*, ¶¶ 136-145), the value of its portfolio of student loan receivables (*id.*, ¶¶ 146-160), asset valuation (*id.*, ¶¶ 161-168), and solvency (*id.*, ¶¶ 169-175). Courts have recognized that audit workpapers are plainly relevant to these types of claims. *See, e.g.*, *Fein v. Numex Corp.*, 92 F.R.D. 94, 96-97 (S.D.N.Y. 1981) (auditor's workpapers "plainly relevant" to allegations that the company misrepresented its financial condition in a prospectus); *Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 1996 U.S. Dist. LEXIS 13870, at * 14-15 (C.D. Cal. Aug. 15, 1996) (auditor workpapers relevant to claims the company misrepresented its financial condition); *In re Goodyear Tire & Rubber Co. Sec. Litig.*, 1991 WL 172930, at *3 (N.D. Ohio 1991); *Wetta v. Templeton Asset Mgmt.*, 1998 U.S. Dist. LEXIS 13321, at *4 (S.D.N.Y. Aug. 25, 1998) (workpapers relevant because they "likely document the valuation of defendants' assets"). The accompanying Sowards Decl. further confirms that the requested workpapers are relevant to plaintiffs' claims in this action.[2]

Similarly, Deloitte's secondary liability under ORS 59.115(3) depends on the extent and importance of its involvement. *See Ainslie v. First Interstate Bank*, 148 Or. App. 162, 184 (1997). In its motion to dismiss, Deloitte agrees that its audit reports are "the final product of a complex process involving discretion and judgment on the part of the auditor at every stage." Deloitte Motion to Dismiss [Dkt. No. 85] at 19 (internal quotation marks omitted). Thus, the

---

[2] Declaration of Rodney W. Sowards in Support of Plaintiffs' Opposition to Defendant Deloitte & Touche LLP's Motion for a Protective Order, ¶ 6.

PAGE 4 -   **PLAINTIFFS' OPPOSITION TO DEFENDANT DELOITTE & TOUCHE LLP'S MOTION FOR PROTECTIVE ORDER**

workpapers are critical evidence of the extent and importance of Deloitte's involvement. Further, Deloitte's liability under ORS 59.115(3) is subject to the affirmative defense that it "did not know, and, in the exercise of reasonable care, could not have known, of the existence of the facts on which the liability is based." The audit workpapers reflect the matters of Deloitte's inquiry and are directly relevant to this affirmative defense.

**B.      The Requested Workpapers Are Proportional to the Needs of the Case**

Deloitte further contends that the requested discovery is not proportional to the needs of the case. Motion at 7-8. However, Deloitte does not even address the factors set forth in Rule 26(b)(1): "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Each of those factors favors plaintiffs.

Deloitte's perfunctory argument regarding proportionality relates to its obligation to produce documents beyond the audit workpapers. Motion at 7-8. Similarly, the only objection to proportionality asserted in Deloitte's written objections is "to the extent it seeks information related to 'any Aequitas Company' when only certain Aequitas entities issued the securities at issue in the Complaint, or were allegedly audited by Deloitte." Masuda Decl. [Dkt. No. 140], Ex. 4 (responses to RFP Nos. 7 & 8, pp. 12-14). Plaintiffs agree to limit Deloitte's initial production to its audit workpapers. Thus, Deloitte does not need a protective order.

The proportionality factors that the Court is to consider all favor plaintiffs. The amount in controversy is in the hundreds of millions of dollars. Deloitte and its lawyers have access to Deloitte's workpapers, and plaintiffs do not. Deloitte's resources outweigh the resources of the investor plaintiffs, who have suffered millions of dollars in losses. As explained above, the workpapers are highly relevant and important in resolving the merits of plaintiffs' claims and

PAGE 5 -     **PLAINTIFFS' OPPOSITION TO DEFENDANT DELOITTE & TOUCHE LLP'S MOTION FOR PROTECTIVE ORDER**

Deloitte's anticipated defenses. The minimal burden of producing the workpapers, as discussed below, is outweighed by the importance of the discovery.

C. **Deloitte Fails to Meet Its Heavy Burden to Show Good Cause for a Discovery Stay**

A party seeking a protective order must meet a "heavy burden" to show the "good cause" necessary to deny discovery. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Deloitte contends that "good cause" exists because (1) it has a pending motion to dismiss; (2) the requested discovery would subject it to "undue burden"; and (3) a discovery stay would promote the interests of the just, speedy, and inexpensive determination of this action. Deloitte is mistaken on all counts.

1. **Deloitte's motion to dismiss is not "good cause" to stay discovery.**

The mere pendency of a motion to dismiss does not provide the requisite showing of "good cause." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). "Had the Federal Rules contemplated that a motion to dismiss under [Rule] 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Id*.

Although the Ninth Circuit has explained that courts *may* stay discovery pending the resolution of a dispositive motion, courts generally do so only in limited circumstances. Where a motion to dismiss attacks the pleadings on the basis of "threshold issues"—*e.g.*, jurisdiction, venue, immunity, or other defects that may not be cured through amendment—a stay of discovery may be appropriate. *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991). Indeed, such were the circumstances in three of the four cases that Deloitte cites in support of its motion. *See, e.g.*, *Wenger v. Monroe*, 282 F.3d 1068, 1076-77 (9th Cir. 2002) (jurisdictional challenge); *O'Neal v. Or. Dep't of Justice*, 2015 WL 5308709, at *1-2 (D. Or. 2015) (jurisdictional challenge); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) ("threshold immunity question[s]," as distinct from "factual issues," should be

PAGE 6 -   PLAINTIFFS' OPPOSITION TO DEFENDANT DELOITTE & TOUCHE
            LLP'S MOTION FOR PROTECTIVE ORDER

decided before the parties engage in discovery").[3]  Those circumstances are not present here, however.  The pending motions to dismiss do not challenge plaintiffs' complaint on the basis of any "threshold issues."

With respect to a non-jurisdictional challenge such as Deloitte's pending motion to dismiss, "[a] district court may ... stay discovery when it is *convinced* that the plaintiff will be unable to state a claim for relief.'" *Twin City Fire Ins. Co. v. Emp'rs Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)).[4] Deloitte speculates that its motion to dismiss will succeed (as would every defendant that has filed a similar motion).  Motion at 6-8.  But this type of "[i]dle speculation does not satisfy Rule 26(c)'s good cause requirement."  *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (alteration in original).  Further, Deloitte's opinion is merely unjustified wishful thinking.  Deloitte seeks to excuse itself from the litigation by arguing (without a single legal authority supporting its position) that it cannot be liable unless its audit reports were included in offering documents through which Aequitas sold securities.  Motion at 7.  But, as described in plaintiffs' opposition to Deloitte's motion to dismiss, Deloitte's proposed new standard for liability is contrary to law, which imposes no such requirement and instead provides liability to all parties that participate or provide material aid in the underlying primary violation

---

[3] Deloitte's fourth authority, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987), presented circumstances in which the plaintiff sought discovery after the claims had already been dismissed.  *Rutman Wine* is therefore also distinguishable and should not guide this Court's decision.

[4] *Baldwin v. United States*, 2011 WL 5177698, at *2 (D. Colo. Nov. 1, 2011) ("[W]hile courts have frequently imposed a stay when issues relating to jurisdiction or immunity have been raised, motions relating to a failure to state a claim are not unique nor do they raise similar concerns that the defendants are unnecessarily subject to litigation.") *See also Burgoon v. Narconon of N. Cal.*, 125 F. Supp. 3d 974, 993-94 (N.D. Cal. 2015) (holding that pending motions to dismiss did not bar discovery, "especially [where] there is nothing to show that any deficiency in [the] complaint would be incapable of being cured through amendment").

PAGE 7 -    **PLAINTIFFS' OPPOSITION TO DEFENDANT DELOITTE & TOUCHE LLP'S MOTION FOR PROTECTIVE ORDER**

of Oregon Securities Law.  Plfs. Opp. to Deloitte Motion to Dismiss [Dkt. No. 122] at 9-16.

Whether a party "participates or provides material aid" depends on the extent and importance of the defendant's involvement, and no *per se* exception such as Deloitte's proposed new standard has any basis in law.  *Ainslie*, 148 Or. App. at 184.  Simply put, it is far from certain that Deloitte will be able to avoid liability based on its proposed legal standard.  Deloitte has not provided convincing proof that plaintiffs will be unable to state a claim for relief.

### 2. Deloitte fails to demonstrate "good cause" related to undue burden.

Deloitte asserts that complying with plaintiffs' discovery requests would subject it to "undue burden."  Motion at 5-6.  Good cause can be established only by showing that "specific prejudice or harm will result if no protective order is granted."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks omitted).  Accordingly, a party "must specifically establish the nature of any alleged burden, *usually by affidavit or other reliable evidence*."  *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1032 (E.D. Cal. 2010) (emphasis added).[5]

Because plaintiffs agree to limit the requested discovery to Deloitte's audit workpapers, the majority of Deloitte's unsupported assertions of burden are not relevant.  With respect to the workpapers, Deloitte states only that there are "thousands of work papers" for the 2013/2014 audits of the six Aequitas entities through which Aequitas sold securities to plaintiffs.  Motion at 5-6.  Deloitte bases its conclusory statement on an attorney declaration, without any direct

---

[5] *See also McFadden v. Ballard, Spahr, Andrews & Ingersoll, LLP*, 243 F.R.D. 1, 11 (D.D.C. 2007) ("I join every other member of the federal judiciary who has considered the question of burdensomeness and refuse to consider an objection of burdensomeness without a specific showing, usually made by affidavit, of why the demand is unreasonably burdensome.").

PAGE 8 -    **PLAINTIFFS' OPPOSITION TO DEFENDANT DELOITTE & TOUCHE LLP'S MOTION FOR PROTECTIVE ORDER**

support from Deloitte or any specific description or quantification of the burden in producing these workpapers.  This conclusory assertion falls far short of the required specific showing of burden.  "[A] showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order. . . .   Some extraordinary justification must be shown to satisfy the good cause requirement of Fed. R. Civ. P. 26(c)."  *Twin City Fire Ins. Co.*, 124 F.R.D. at 653.  District courts have routinely rejected similar claims by accounting firms that producing their workpapers would subject them to undue burden:

> No claim is made by Andersen that the [audit work]papers sought, although perhaps quantitatively significant, cannot be collected with modest effort.  The documents sought are specifically defined, readily identifiable and likely to be located in but a few locations.

*Fein*, 92 F.R.D. at 97.[6]

The holding of *Fein* applies with even more force today.  Although workpapers were kept in paper files at the time *Fein* was decided, they are now kept electronically and could be easily located and produced with minimal effort.  As described in the Sowards Declaration, Auditing workpapers are typically stored together as a unit as electronic files, and could be easily produced without significant burden to Deloitte.  Sowards Decl., ¶ 8.

### 3. A stay will prejudice Plaintiffs and will delay determination of this action.

Deloitte claims that a stay of discovery will promote the "just, speedy and inexpensive" determination of this action.  Motion at 8-10.  But the requested stay would achieve exactly the opposite result.  By definition, an order staying all discovery will delay these proceedings.  *See, e.g.*, *BAC Home Loan Servicing*, 2013 WL 6844766, at *5 (noting that "prohibiting or delaying

---

[6] *See also In re Goodyear Tire & Rubber Co. Sec. Litig.*, 1991 WL 172930, at *4 ("[O]nce the unsupported arguments are swept aside, the *facts* of the present case are very similar to those in [*Fein v.*] *Numex*, and this Court similarly rejects Price Waterhouse's claim of burdensomeness.").

PAGE 9 -   **PLAINTIFFS' OPPOSITION TO DEFENDANT DELOITTE & TOUCHE LLP'S MOTION FOR PROTECTIVE ORDER**

all discovery will often cause unwarranted delay"); *Schoppe-Rico v. Lewis*, 2012 WL 3022441, at *1 (N.D. Cal. 2012) ("[S]taying discovery would only further delay resolution of the case if the motion to dismiss is denied.").

Even if Deloitte's motion to dismiss were granted, it would not result in the termination of litigation against the other defendants in this action and would not relieve Deloitte from producing the audit workpapers, which are relevant to Aequitas' primary liability, an issue common to plaintiffs' claims against all defendants. *See Skellerup Indus. Ltd.*, 163 F.R.D. at 600 (concluding that staying discovery would be wasteful where third-party discovery involving defendant likely would continue in any event). Deloitte has been sued in Oregon state court by two groups of investors asserting claims identical to plaintiffs'.[7] The Receiver does not object to plaintiffs' discovery from Deloitte, and has specifically requested a copy of Deloitte's workpapers.[8] Thus, a stay will only delay Deloitte's inevitable production of these documents.

## IV.    CONCLUSION

For all of the reasons above, plaintiffs respectfully request that the Court deny Deloitte's Motion for Protective Order.

---

[7] *Albers v. Deloitte & Touche LLP*, Mult. Cnty. Cir. Ct. No. 16CV32562 (filed Oct. 4, 2016); *Wurster v. Deloitte & Touche LLP*, Mult. Cnty. Cir. Ct. No. 16CV25920 (filed Aug. 11, 2016).

[8] Joint Report [Dkt. No. 94] at 4.

PAGE 10 -    **PLAINTIFFS' OPPOSITION TO DEFENDANT DELOITTE & TOUCHE LLP'S MOTION FOR PROTECTIVE ORDER**

DATED this 17th day of October, 2016.

           **HAGENS BERMAN SOBOL SHAPIRO LLP**

           By:   /s/ *Steve W. Berman*
               Steve W. Berman (admitted *pro hac vice*)
               Karl P. Barth (admitted *pro hac vice*)

           1918 Eighth Avenue, Suite 3300
           Seattle, WA 98101
           Telephone: (206) 623-7292
           Facsimile: (206) 623-0594
           steve@hbsslaw.com
           karlb@hbsslaw.com

           -AND-

           Keith A. Ketterling, OSB No. 913368
           Timothy S. DeJong, OSB No. 940662
           Jacob S. Gill, OSB No. 033238
           Nadia H. Dahab, OSB No. 125630
           **STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**
           209 SW Oak Street, Suite 500
           Portland, OR 97204
           Telephone: (503) 227-1600
           Facsimile: (503) 227-6840
           kketterling@stollberne.com
           tdejong@stollberne.com
           jgill@stollberne.com
           ndahab@stollberne.com

           -AND-

           Lee M. Gordon (admitted *pro hac vice*)
           **HAGENS BERMAN SOBOL SHAPIRO LLP**
           301 N. Lake Ave., Suite 920
           Pasadena, California 91101
           Telephone: (213) 330-7150
           Facsimile: (213) 330-7152
           lee@hbsslaw.com

        -AND-

    Robert S. Banks, Jr., OSB No. 821862
    Darlene D. Pasieczny, OSB No. 124172
    **SAMUELS YOELIN KANTOR LLP**
    111 SW 5th Ave., Suite 3800
    Portland, Oregon 97204-3642
    Telephone (503) 226-2966
    Facsimile (503) 222-2937
    bbanks@SamuelsLaw.com
    darlenep@SamuelsLaw.com

    *Attorneys for Plaintiffs*

PAGE 12 - **PLAINTIFFS' OPPOSITION TO DEFENDANT DELOITTE & TOUCHE LLP'S MOTION FOR PROTECTIVE ORDER**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 17, 2016, this document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the docket, and that paper copies will be sent by U.S. mail, postage prepaid, to anyone indicated as non-registered participants.

*s/ Steve W. Berman*
Steve W. Berman