**Keith A. Ketterling,** OSB No. 913368
Email: kketterling@stollberne.com
**Timothy S. DeJong,** OSB No. 940662
Email: tdejong@stollberne.com
**Jacob S. Gill**, OSB No. 033238
Email: jgill@stollberne.com
**Nadia H. Dahab,** OSB No. 125630
Email:ndahab@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, Oregon 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

**Steve W. Berman** (admitted *pro hac vice*)
Email: steve@hbsslaw.com
**Karl P. Barth** (admitted *pro hac vice*)
Email: karlb@hbsslaw.com
**Lee M. Gordon** (admitted *pro hac vice*)
Email: lee@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone:    (206) 623-7292
Facsimile:    (206) 623-0594

**Attorneys For Plaintiffs**
[Additional Counsel of Record Listed on Signature Page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST; GREG and ANGELA JULIEN; JAMES and SUSAN MACDONALD, as Co-Trustees of the MACDONALD FAMILY TRUST; R.F. MACDONALD CO.; ANDREW NOWAK, for himself and as Trustee of the ANDREW NOWAK REVOCABLE LIVING TRUST U/A 2/20/2002; WILLIAM RAMSTEIN; and | Case No. 3:16-cv-00580-AC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT TD AMERITRADE, INC.'S MOTION FOR PROTECTIVE ORDER** |

GREG WARRICK, for himself and, with
SUSAN WARRICK, as Co-Trustees of the
WARRICK FAMILY TRUST, individually
and on behalf of all others similarly situated,

        Plaintiffs,

  v.

DELOITTE & TOUCHE LLP;
EISNERAMPER LLP; SIDLEY AUSTIN
LLP; TONKON TORP LLP; TD
AMERITRADE, INC.; and INTEGRITY
BANK & TRUST,

        Defendants.

Defendant TD Ameritrade, Inc. ("TD Ameritrade") seeks to defer all discovery "pending (1) disposition of TD Ameritrade's Motion to Dismiss Plaintiffs' First Amended Complaint, ECF 113 and 138, and the Joint Motion to Dismiss The First Amended Complaint, ECF 74 ("Joint Motion"), and (ii) the lifting of the discovery stay in the SEC action." Motion at 1. Following the analysis set forth in the Court's Opinion and Order [ECF 174] ("Opinion") resolving similar motions for protective orders by defendants Deloitte & Touche LLP and EisnerAmper LLP (the "Accounting Firms") plaintiffs request that the Court order TD Ameritrade to provide to plaintiffs the following discovery:

    (1)    All agreements to which TD Ameritrade and any Aequitas company are parties.

    (2)    Records of any meeting attended by any named plaintiff, a representative of TD Ameritrade and any participant in the TD Ameritrade Advisor Direct program.

PAGE 1 -  **PLAINTIFFS' OPPOSITION TO DEFENDANT TD AMERITRADE, INC.'S MOTION FOR PROTECTIVE ORDER**

(3) Any payments made by any Aequitas company to TD Ameritrade and/or received by TD Ameritrade in connection with the purchase or sale of any Aequitas security (including from any investment advisor).

(4) All documents that TD Ameritrade created, reviewed, or received relating to the Aequitas securities, including documents relating to the creation, issuance, transfer, assignment, acceptance, purchase, sale, and promotion of any Aequitas security.

(5) Transaction-level documents relating to the named plaintiffs in TD Ameritrade's possession, custody, or control.  *See* Opinion at 20, ¶ 2.

(6) Communications between TD Ameritrade and the named plaintiffs regarding Aequitas securities.

(7) Requests for information sent by TD Ameritrade to Aequitas and any Advisor Direct Program participant (including Strategic Capital) that sold Aequitas securities to TD Ameritrade customers.  *See* Opinion at 20, ¶ 3.

(8) Information received by TD Ameritrade in response to the requests for information identified in (7), above.  *See* Opinion at 20, ¶ 4.

(9) Records of any meeting between TD Ameritrade and any Aequitas company.

(10) The names, job titles, and designated primary office locations of TD Ameritrade employees responsible for the Advisor Direct Program during 2010 through 2015.  *See* Opinion at 20, ¶ 5.

PAGE 2 -  **PLAINTIFFS' OPPOSITION TO DEFENDANT TD AMERITRADE, INC.'S MOTION FOR PROTECTIVE ORDER**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

I.   **Attempts to Compromise Were Unsuccessful**

In conferences between the parties before the filing of this motion, TD Ameritrade was unwilling to provide any merits discovery.  TD Ameritrade was willing only to produce the named plaintiffs' own Aequitas investment records (confirmations of purchases, copies of the securities, and account statements).  Plaintiffs made two proposals, and both were rejected.  After the Court issued its Opinion and Order resolving the motions for protective order filed by the Accounting Firms, plaintiffs asked TD Ameritrade to reconsider its position.  TD Ameritrade did not respond.

II.  **By Application of the Court's Analysis, TD Ameritrade Should Also Be Required to Provide Meaningful Merits Discovery While the Motions to Dismiss Are Pending**

In addressing the Accounting Firms' motions for protective order, the Court held that:

> Staying all discovery is not appropriate, . . . and allowing limited discovery while the motions to dismiss are pending maintains the intent and purpose of the 2015 amendment [to Federal Rule of Civil Procedure 26(b)(1)]. Although the pending motions to dismiss raise credible challenges to Plaintiffs' First Amended Complaint, it is far from certain that a successful motion to dismiss would be dispositive and could well result in Plaintiffs filing another amended complaint.  The Accounting Firms explicitly acknowledged these possibilities at oral argument, and implicitly acknowledged them previously when they proposed to provide to Plaintiffs some of the discovery they sought.  (*See* Rule 26(f) Report (ECF No. 94), at 7-9.)
>
> Accordingly, staying all discovery until the court resolves the pending motions to dismiss is not warranted.  Limited, focused merits discovery will be allowed while the motions to dismiss are pending.

Opinion at 19.  Applying the same analysis, there is no reason for TD Ameritrade to receive a full stay of discovery.

There is no possibility that TD Ameritrade's motions to dismiss will result in dismissal with prejudice of the claims against TD Ameritrade.  TD Ameritrade purposefully

PAGE 3 -  **PLAINTIFFS' OPPOSITION TO DEFENDANT TD AMERITRADE, INC.'S MOTION FOR PROTECTIVE ORDER**

mischaracterizes plaintiffs' claims as arising under ORS 59.115(4), in an effort to shift to plaintiff the burden of proof as to TD Ameritrade's knowledge of Aequitas' primary violations. In fact, ORS 59.115(4) applies only to "a person whose **_sole function_** in connection with the sale of a security is to provide ministerial functions of . . . custody services." (Emphasis added.) TD Ameritrade's function extended well beyond providing custodial services. Plaintiffs allege that TD Ameritrade is liable pursuant to ORS 59.115(3) because it participated and materially aided the sale of Aequitas Securities by **_referring customers_** to investment advisors for the purpose of purchasing the Aequitas Securities and by providing custodial services for those securities. FAC ¶¶ 19, 30(e), 37, 191. Accepting plaintiffs' allegations, the securities sales would not have occurred without TD Ameritrade's participation and aid.

The parties disagree about the applicable pleading standard and whether plaintiffs are required to plead additional factual detail to support these allegations. However, as demonstrated at pages 2-3 of Plaintiffs' Opposition to Defendant TD Ameritrade, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint [ECF 126], plaintiffs can easily provide detailed factual allegations if required to do so.[1] For example, plaintiffs can plead the following:

- TD Ameritrade made the referrals pursuant to its AdvisorDirect program, which included a small number of investment advisors. Before including them in the program, TD Ameritrade performed extensive due diligence on the advisors.

- Strategic Capital, an investment advisor affiliated with Aequitas, was one of the advisors in AdvisorDirect. TD Ameritrade knew that Strategic Capital was heavily selling Aequitas Securities. TD Ameritrade representatives attended meetings

---

[1] TD Ameritrade contends that, by setting forth the additional detail they can provide if required to do so, plaintiffs have conceded that their pleading does not state a claim. Motion at 1. Of course, plaintiffs make no such concession by showing that they can satisfy any pleading standard, even if the higher pleading standard TD Ameritrade argues for is imposed.

PAGE 4 -  **PLAINTIFFS' OPPOSITION TO DEFENDANT TD AMERITRADE, INC.'S MOTION FOR PROTECTIVE ORDER**

between clients of TD Ameritrade and representatives of Strategic Capital, at which Aequitas Securities were sold to TDAmeritrade customers. TD Ameritrade representatives were also present when Strategic Capital advisors presented the Aequitas Securities and documentation to TD Ameritrade clients. These meetings frequently occurred in TD Ameritrade's offices. TD Ameritrade had Aequitas offering documents and promotional materials in its offices.

- TD Ameritrade representatives knew that customers found the Aequitas Securities to be very attractive because of the interest rates that Aequitas offered.

- Plaintiff Ciuffitelli was referred to Strategic Capital by his TDAmeritrade account representative, Tim Kenton, in September 2010. Mr. Kenton promoted Aequitas to Mr. Ciuffitelli as a great investment with a big return and told Mr. Ciuffitelli that many of his other clients were investing with Aequitas.

- TD Ameritrade made special accommodations for its customers so that they could invest in Aequitas.

These allegations place TD Ameritrade in the role of facilitator of the sales of Aequitas Securities to TD Ameritrade's customers.

Thus, plaintiffs would be well-positioned to argue that full discovery should proceed. However, plaintiffs are willing to accept limited, meaningful initial merits discovery. The specific items of discovery set forth in the first paragraph of this Opposition includes categories of discovery that this Court ordered the Accounting Firms to provide. Because TD Ameritrade did not produce audit workpapers, plaintiffs have also specified topics of discovery directed toward TD Ameritrade's relationship with investment advisors selling Aequitas securities, its interactions with customers purchasing Aequitas securities, its relationship with Aequitas, its due diligence regarding the participating investment advisors and Aequitas, its compensation for sales of Aequitas securities, and documents created by TD Ameritrade relating to the Aequitas securities.

PAGE 5 -  **PLAINTIFFS' OPPOSITION TO DEFENDANT TD AMERITRADE, INC.'S MOTION FOR PROTECTIVE ORDER**

### III. The Stay of Discovery from the Aequitas Receiver Does Not Necessitate a Stay of Discovery as to Production by TD Ameritrade

The stay of discovery from the receivership entities does not justify a stay of discovery between the parties to this lawsuit.  There is no reason to put all discovery on hold for the receivership.  The Receiver has indicated that the parties may have to wait several months to obtain documents from the Aequitas companies.  However, there is a lot of discovery to complete in this matter.  Discovery between the parties should begin now, and discovery from the Receiver can commence at the appropriate time.  This is the most efficient way to proceed and to advance the lawsuit to resolution.

### IV. Any Issues of Customer Privacy Can Be Protected Via the Protective Order Already in Place

At page 8 of its Motion, TD Ameritrade contends that "many of the Requests seek personal information involving third parties, including TD Ameritrade's customers, who have personal privacy rights that TD Ameritrade is obligated to protect under multiple federal and state privacy laws; evaluating all documents with regard to these privacy rights would be a time-intensive and burdensome process."  Plaintiffs believe that the limited discovery proposed in this Opposition avoids any such concerns.  However, any such concerns are easily resolved by designating documents "Confidential" pursuant to the Stipulated Protective Order [ECF 156] already in place and governing document production in this case.

### CONCLUSION

For the reasons set forth herein, in the Opinion and in plaintiffs' oppositions to the Accounting Firms' motions for protective order, discovery should not be stayed.  At a minimum,

PAGE 6 - **PLAINTIFFS' OPPOSITION TO DEFENDANT TD AMERITRADE, INC.'S MOTION FOR PROTECTIVE ORDER**

TD Ameritrade should be required to make production of the items specified in the opening paragraph of this Opposition.

DATED this 9th day of December, 2016.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/Nadia H. Dahab
**Keith A. Ketterling**, OSB No. 913368
**Timothy S. DeJong**, OSB No. 940662
**Jacob S. Gill**, OSB No. 033238
**Nadia H. Dahab,** OSB No. 125630

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840
Email:    kketterling@stollberne.com
          tdejong@stollberne.com
          jgill@stollberne.com
          ndahab@stollberne.com

-And-

**Steve W. Berman** (admitted *pro hac vice*)
Email: steve@hbsslaw.com
**Karl P. Barth** (admitted *pro hac vice*)
Email: karlb@hbsslaw.com
**Lee M. Gordon** (admitted *pro hac vice*)
Email: lee@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone:    (206) 623-7292
Facsimile:    (206) 623-0594

-And-

PAGE 7 -  **PLAINTIFFS' OPPOSITION TO DEFENDANT TD AMERITRADE, INC.'S MOTION FOR PROTECTIVE ORDER**

**Robert S. Banks, Jr.**, OSB No. 821862
Email: bbanks@SamuelsLaw.com
**Darlene D. Pasieczny,** OSB No. 124172
Email: darlenep@SamuelsLaw.com
SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Avenue, Suite 3800
Portland, OR 97204-3642
Telephone:    (503) 226-2966
Facsimile:    (503) 222-2937

**Attorneys For Plaintiffs**

PAGE 8 -  **PLAINTIFFS' OPPOSITION TO DEFENDANT TD AMERITRADE, INC.'S MOTION FOR PROTECTIVE ORDER**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840