**Keith A. Ketterling,** OSB No. 913368
Email: kketterling@stollberne.com
**Timothy S. DeJong,** OSB No. 940662
Email: tdejong@stollberne.com
**Jacob S. Gill**, OSB No. 033238
Email: jgill@stollberne.com
**Nadia H. Dahab,** OSB No. 125630
Email:ndahab@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, Oregon 97204
Telephone:     (503) 227-1600
Facsimile:     (503) 227-6840

**Steve W. Berman** (admitted *pro hac vice*)
Email: steve@hbsslaw.com
**Karl P. Barth** (admitted *pro hac vice*)
Email: karlb@hbsslaw.com
**Lee M. Gordon** (admitted *pro hac vice*)
Email: lee@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone:     (206) 623-7292
Facsimile:     (206) 623-0594

**Attorneys For Plaintiffs**
[Additional Counsel of Record Listed on Signature Page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST; GREG and ANGELA JULIEN; JAMES and SUSAN MACDONALD, as Co-Trustees of the MACDONALD FAMILY TRUST; R.F. MACDONALD CO.; ANDREW NOWAK, for himself and as Trustee of the ANDREW NOWAK REVOCABLE LIVING TRUST U/A 2/20/2002; WILLIAM RAMSTEIN; and | Case No. 3:16-cv-00580-AC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT INTEGRITY BANK & TRUST'S MOTION FOR PROTECTIVE ORDER** |

GREG WARRICK, for himself and, with
SUSAN WARRICK, as Co-Trustees of the
WARRICK FAMILY TRUST, individually
and on behalf of all others similarly situated,

      Plaintiffs,

  v.

DELOITTE & TOUCHE LLP;
EISNERAMPER LLP; SIDLEY AUSTIN
LLP; TONKON TORP LLP; TD
AMERITRADE, INC.; and INTEGRITY
BANK & TRUST,

      Defendants.

Like defendant TD Ameritrade, Inc., defendant Integrity Bank & Trust. ("Integrity") seeks to defer all discovery pending (1) disposition of Integrity's motions to dismiss, and (2) the lifting of the discovery stay in the SEC action.  Motion at 2.  In the alternative, Integrity asks that discovery be limited to "essentially all the documents in Integrity's customer files of those two named plaintiffs [Greg Warrick and the Warrick Family Trust] … who were customers of Integrity."  Motion at 3.  Integrity's motion should be denied.

In resolving similar motions for protective orders by defendants Deloitte & Touche LLP and EisnerAmper LLP (the "Accounting Firms"), the Court held as follows:

> Staying all discovery is not appropriate, . . . and allowing limited discovery while the motions to dismiss are pending maintains the intent and purpose of the 2015 amendment [to Federal Rule of Civil Procedure 26(b)(1)]. Although the pending motions to dismiss raise credible challenges to Plaintiffs' First Amended Complaint, it is far from certain that a successful motion to dismiss would be dispositive and could well result in Plaintiffs filing another amended complaint.  The Accounting Firms explicitly acknowledged these possibilities at oral argument, and implicitly acknowledged them previously when they proposed to provide to Plaintiffs some of the discovery they sought.  (*See* Rule 26(f) Report (ECF No. 94), at 7-9.)

PAGE 1 -  **PLAINTIFFS' OPPOSITION TO DEFENDANT INTEGRITY BANK & TRUST'S MOTION FOR PROTECTIVE ORDER**

> Accordingly, staying all discovery until the court resolves the pending motions to dismiss is not warranted. Limited, focused merits discovery will be allowed while the motions to dismiss are pending.

Opinion and Order [ECF 174] ("Opinion") at 19.  Applying the same analysis, there is no reason for Integrity to receive a full stay of discovery.

There is no possibility that Integrity's motions to dismiss will result in dismissal with prejudice of the claims against Integrity.  Plaintiffs allege that Integrity was directly involved in sales of Aequitas securities, preparing subscription agreements and custody agreements that were completed by investors and returned to Integrity (FAC ¶ 36); served as Aequitas' agent to sell Aequitas ACF Notes and AIOF-II Notes (FAC ¶¶ 20, 30(f), 36, 70); and, after the sales were completed through Integrity, Integrity serves as custodian for the securities and received a fee for its services (FAC ¶ 36).  These allegations state a claim pursuant to ORS 59.115(3) for participation and material aid in the sale of Aequitas securities.

The parties disagree about the applicable pleading standard and whether plaintiffs are required to plead additional factual detail to support these allegations.  However, Integrity acknowledges that, even if this Court finds that a higher pleading standard applies and that plaintiffs' allegations against Integrity in the First Amended Complaint are insufficient, plaintiffs have "offered four pages of additional factual assertions they claim support the factual allegations in their Amended Complaint."  Motion at 2.  Integrity has never addressed those additional factual allegations, because the additional facts are overwhelming.

Some of the facts known to plaintiffs that support the allegations of participation and material aid by Integrity are summarized at pages 3-6 of Plaintiffs' Opposition to Defendant Integrity Bank & Trust's Motion to Dismiss Plaintiffs' First Amended Complaint [ECF 125].  For example, plaintiffs have obtained three contracts between Aequitas and Integrity by which

PAGE 2 -   **PLAINTIFFS' OPPOSITION TO DEFENDANT INTEGRITY BANK & TRUST'S MOTION FOR PROTECTIVE ORDER**

Integrity expressly agreed to market and sell Aequitas securities for a fee. Plaintiffs have also obtained a promotional document describing the offering of Aequitas securities that states: "Presented by: Integrity Bank & Trust." Acting pursuant to those contracts and in its capacity as Aequitas' agent, Integrity facilitated the sales of at least $90 million worth of Aequitas Notes. After the close of briefing on the motions to dismiss, plaintiffs learned that Integrity participated, jointly with Aequitas, in sales presentations to registered investment advisors. It is beyond any reasonable dispute that a sales agent is a participant within the meaning of ORS 59.115(3).

The stay of discovery from the receivership entities does not justify a stay of discovery between the parties to this lawsuit. There is no reason to put all discovery on hold for the receivership. The Receiver has indicated that the parties may have to wait several months to obtain documents from the Aequitas companies. However, there is a lot of discovery to complete in this matter. Discovery between the parties should begin now, and discovery from the Receiver can commence at the appropriate time. This is the most efficient way to proceed and to advance the lawsuit to resolution.

Plaintiffs are willing to accept limited, meaningful initial merits discovery. Integrity has not offered any reasonable compromise to full discovery, however, and has proposed only to produce its customer files for two plaintiffs. Plaintiffs request initial merits discovery concerning Integrity's relationship and agreements with Aequitas, its due diligence regarding the participating investment advisors and Aequitas, its compensation related to Aequitas securities, and its sales activities including documents created by Integrity relating to the Aequitas securities.

Specifically, plaintiffs request that Integrity be ordered to make initial production of the following documents:

PAGE 3 - **PLAINTIFFS' OPPOSITION TO DEFENDANT INTEGRITY BANK & TRUST'S MOTION FOR PROTECTIVE ORDER**

(1)  Agreements to which Integrity and any Aequitas company are parties.

(2)  Presentations to registered investment advisors regarding Aequitas securities.

(3)  Documents provided by Integrity to any potential purchaser of Aequitas securities.

(4)  Promotional materials for Aequitas securities.

(5)  Documents that Integrity created, reviewed, or received relating to the Aequitas securities, including documents relating to the creation, issuance, transfer, assignment, acceptance, purchase, sale, and promotion of any Aequitas security.

(6)  Transaction-level documents relating to the named plaintiffs in Integrity's possession, custody, or control.  *See* Opinion at 20, ¶ 2.

(7)  Communications between Integrity and the named plaintiffs regarding Aequitas securities.

(8)  Compensation received by Integrity in connection with Aequitas securities.

(9)  Requests for information sent by Integrity to Aequitas.  *See* Opinion at 20, ¶ 3.

(10)  Information received by Integrity in response to the requests for information identified in (9), above.  *See* Opinion at 20, ¶ 4.

(11)  Organizational charts of employees for the years 2014-2016.  *See* Opinion at 20, ¶ 5.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## CONCLUSION

For the reasons set forth herein, in the Opinion, and in plaintiffs' oppositions to other defendants' motions for protective order, discovery should not be stayed.  At a minimum, Integrity should be required to make production of the items specified in this Opposition.

DATED this 16th day of December, 2016.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.


By: s/Timothy S. DeJong
    **Keith A. Ketterling**, OSB No. 913368
    **Timothy S. DeJong**, OSB No. 940662
    **Jacob S. Gill**, OSB No. 033238
    **Nadia H. Dahab,** OSB No. 125630

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840
Email:    kketterling@stollberne.com
        tdejong@stollberne.com
        jgill@stollberne.com
        ndahab@stollberne.com

-And-

**Steve W. Berman** (admitted *pro hac vice*)
Email: steve@hbsslaw.com
**Karl P. Barth** (admitted *pro hac vice*)
Email: karlb@hbsslaw.com
**Lee M. Gordon** (admitted *pro hac vice)*
Email: lee@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone:    (206) 623-7292
Facsimile:    (206) 623-0594

-And-

PAGE 5 -   **PLAINTIFFS' OPPOSITION TO DEFENDANT INTEGRITY BANK & TRUST'S MOTION FOR PROTECTIVE ORDER**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**Robert S. Banks, Jr.**, OSB No. 821862
Email: bbanks@SamuelsLaw.com
**Darlene D. Pasieczny,** OSB No. 124172
Email: darlenep@SamuelsLaw.com
SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Avenue, Suite 3800
Portland, OR 97204-3642
Telephone:   (503) 226-2966
Facsimile:   (503) 222-2937

**Attorneys For Plaintiffs**

PAGE 6 -   PLAINTIFFS' OPPOSITION TO DEFENDANT INTEGRITY BANK & TRUST'S MOTION FOR PROTECTIVE ORDER

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840