UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LAWRENCE P. CIUFFITELLI, for himself
and as Trustee of CIUFFITELLI REVOCABLE
TRUST; GREG and ANGELA JULIEN;
JAMES and SUSAN MACDONALD, as Co-
Trustees of the MACDONALD FAMILY
TRUST; R.F. MACDONALD CO.; ANDREW
NOWAK, for himself and as Trustee of the
ANDREW NOWAK REVOCABLE LIVING
TRUST U/A 2/20/2002; WILLIAM
RAMSTEIN; and GREG WARRICK, for
himself and, with SUSAN WARRICK, as Co-
Trustees of the WARRICK FAMILY TRUST,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

    v.

DELOITTE & TOUCHE LLP,
EISNERAMPER LLP; SIDLEY AUSTIN
LLP; TONKON TORP LLP; TD
AMERITRADE, INC.; and INTEGRITY
BANK & TRUST,

        Defendants.

Case No. 3:16-cv-0580-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

Page 1 - OPINION AND ORDER

*Introduction*

Defendants Sidley Austin LLP ("Sidley"), TD Ameritrade, Inc. ("Ameritrade"), and Integrity Bank & Trust ("Integrity") (collectively, "Moving Defendants") each move for a protective order against Plaintiffs' Requests for Production, asking the court to stay discovery in whole or in part until the court decides the seven pending motions to dismiss the named defendants collectively filed. Defendants also assert that Plaintiffs' Requests for Production are overbroad and burdensome, and are not proportional to the needs of the case. Finally, Sidley asserts its response to Plaintiffs' production request should be deferred because the Plaintiffs' request potentially encompasses documents subject to an attorney-client privilege claim by three former executives of the Aequitas companies.

For the reasons that follow, the court GRANTS IN PART and DENIES IN PART each motion for protective order.[1]

*Background*

I.   The Lawsuit.

Plaintiffs filed this securities fraud lawsuit against an international accounting firm and an international law firm, a national accounting firm, an Oregon law firm, a national stock trading firm, and a bank, alleging that each of them participated in and aided the Aequitas group of companies ("Aequitas") sale of a group of securities (the "Disputed Securities") through material misrepresentations and omissions. (ECF No. 1 (Complaint), at ¶ 1; ECF No. 57 (First Amended

---

[1] The protective order motions are at ECF No. 160 (Sidley), ECF No. 171 (Ameritrade), and ECF No. 175 (Integrity). Each of the Moving Defendants requested oral argument on its motion. The court finds oral argument unnecessary to help it resolve these motions. *See* Local Rule 7-1(d)(1) (court has discretion to determine whether oral argument is necessary).

Complaint), at ¶ 1.) Although Plaintiffs assert only a single claim for relief for violation of Oregon securities law (ECF No. 57, at ¶¶ 189-194), they present their claim in a 52-page complaint that contains lengthy and detailed factual allegations; asserts scores of alleged failures to disclose, misrepresentations, and omissions; and includes a request for class certification. Plaintiffs contend that Defendants' alleged misrepresentations were "extensive and pervasive" and that Defendants "are jointly and severally liable to return to all Aequitas investors the money they paid for the securities, plus interest at the rate stated in the security or 9 percent, whichever is greater." (ECF No. 57, at ¶¶ 1, 2.) Plaintiffs assert their damages from Defendants' alleged actions exceed 13 million dollars (ECF No. 57, at ¶¶ 8-14) and they seek class certification of their claims (ECF No. 57, at ¶¶ 181-188) which, if granted, likely will increase the Defendants' potential liability many times greater than the named Plaintiffs' specifically alleged damages.

Collectively, the Defendants in this case have filed seven motions to dismiss (ECF Nos. 74, 78, 80, 81, 85, 95, and 113), asserting multiple reasons to support their respective contentions that Plaintiffs have failed to state a claim against them. The motions to dismiss assert Plaintiffs' complaint should be dismissed for legal and factual deficiencies. If granted based on some of the claimed legal deficiencies, Plaintiffs' claims against one or more of the Defendants could be dismissed with prejudice, but Plaintiffs likely would be allowed to attempt to cure factual deficiencies through an amended complaint.[2]

On November 28, 2016, the court issued its Opinion and Order (ECF No. 174; *see also Ciuffitelli, et al. v. Deloitte & Touche LLP, et al.*, 3:16-cv-0580-AC, 2016 WL 6963039 (D. Or. Nov.

---

[2] The motions to dismiss were fully briefed and oral argument on the motions occurred on December 21, 2016. The motions to dismiss currently are under advisement.

Page 3 - OPINION AND ORDER

28, 2016) (hereinafter "November 2016 Opinion and Order"), in which it granted in part and denied in part defendant Deloitte & Touche LLP's and defendant EisnerAmper's (the "Accounting Firms") respective motions for protective order. 2016 WL 6963039, at *1. Both motions sought a protective order for reasons mostly identical to the reasons asserted in the Moving Defendants' respective motions for protective order which the November 16, 2016 Opinion and Order resolves. Accordingly, in this Opinion and Order the court will refer to and incorporate relevant sections of its November 16, 2016 Opinion and Order, as appropriate.

## II.    The Requested Discovery.

Plaintiffs served requests for production on each of the Moving Defendants under Federal Rule of Civil Procedure ("Rule") 26, the request documents each exceeding 30 pages in length and setting out at least 24 and at most 36 numbered paragraphs. (Decl. of Zachary M. Briers in Support of Defendant Sidley Austin LLP's Motion for Protective Order ("Briers Decl."), ECF No. 161, Ex. 1; Declaration of Nicholas T. Christakos in Support of Defendant TD Ameritrade's Motion for Protective Order ("Christakos Decl."), ECF No. 173, Ex. 1; Declaration of Milo Petranovich in Support of Motion for Protective Order of Integrity Bank & Trust ("Petranovich Decl."), ECF No. 176, Ex. 1.) Each of the three request documents contain 16 pages of virtually identical definitions and instructions, differing only by the particular defendant's name and the specific Aequitas entities which Plaintiffs allege the particular defendant materially aided.[3]

---

[3] Both Sidley and Ameritrade filed as exhibits to their respective motions the request for production document each received from Plaintiffs. Integrity filed as an exhibit only its response to the request document, which does not include the definitions and instructions (but does include the individual paragraphs of the request). Based on the close similarity between the Sidley and Ameritrade request documents, the court presumes the Integrity request document itself is similar in form and content to the Sidley and Ameritrade request documents.

Page 4 - OPINION AND ORDER

Many of the paragraphs call for documents and information pertaining to and "any Aequitas company," the definition of which encompasses at least 60 separate limited liability companies and other entities, as well as their present and former subsidiaries, predecessors, and successors in interest. The paragraphs' scope includes "any of the Aequitas securities" issued by each of eight Aequitas companies. Paragraphs call production of "communications," which is defined as any document containing "the transmittal of information [] in the form of facts, ideas, inquiries, or otherwise[]", relating to any Aequitas company and security. In sum, the requests for production served on each of the three Moving Defendants are as broad in scope as the requests for production which were the subject of the court's November 2016 Opinion and Order.

### III.    The Parties' Positions.

The Plaintiffs and the Moving Defendants disagree whether discovery should occur prior to the court's ruling on the pending motions to dismiss. (Joint Report of Parties' F.R.C.P. 16(f) Conference, ECF No. 94, at 2-9.) In their respective motions, each of the Moving Defendants primarily argue they should not be required to undertake the expensive, burdensome, and time-consuming discovery Plaintiffs request until after the court decides whether Plaintiffs have pleaded a viable claim for relief against them. Each of the Moving Defendants also argues that discovery should not occur because a discovery stay has been entered in *Securities and Exchange Commission v. Aequitas Management, LLC, et al.*, Case No. 3:16-cv-00438-PK ("*SEC* case"), which stay enjoins "all discovery directed to the Receiver and the Receivership Entity" and thus applies to all Aequitas companies and its affiliates. (*See* ECF No. 156, filed April 14, 2016.) Sidley additionally argues that its motion should be granted because three individual defendants in the *SEC* case ("Individual Defendants") have intervened in this case and filed a motion (ECF No. 196) for protective order to

Page 5 - OPINION AND ORDER

prevent disclosure of any documents or information containing attorney-client privileged communications between any of them and Sidley.

Plaintiffs oppose the motions for a protective order. They contend that the pending motions to dismiss will not end their case against any of the Moving Defendants and at most will result a repleading of their allegations. Thus, Plaintiffs conclude, there is no reason or purpose to delay the discovery they seek. Plaintiffs also observe that the discovery stay entered in the *SEC* case applies only to the Aequitas entities and thus is irrelevant to whether Plaintiffs are entitled to discovery of documents in possession of the Moving defendants in this case. Additionally, Plaintiffs point out that even if the Moving Defendants were not parties in this lawsuit, they still would be non-party witnesses from which Plaintiffs could obtain the same documents. Finally, as to Sidley's reliance on the Individual Defendants' motion for protective order, Plaintiffs assert the motion is not a reason to stay discovery because they offered to "defer the production of email until after the these limited privilege issues are resolved." (ECF No. 168, at 2.)

Each Moving Defendant proposed a discovery compromise to Plaintiffs while its motion for protective order was pending. Sidley, noting that it prepared the offering documents for only one Aequitas entity, Aequitas Capital Opportunity Fund ("ACOF") – a representation that parallels Plaintiffs' allegation that Sidley's liability is based on its participation in the ACOF offering – offered to produce all transaction documents for the ACOF securities offering. Those documents included "offering memorandum, subscription agreements, articles of incorporation, and bylaws," and also "all documents establishing exemptions from registration for the ACOF offering." (ECF No. 160, at 3.) Ameritrade offered to provide "Aequitas purchase confirmations[,] Aequitas Notes[,] and account statements, all relating to Aequitas investments for the named Plaintiffs who were TD

Page 6 - OPINION AND ORDER

Ameritrade customers." (ECF No. 171, at 4.) Integrity proposed giving Plaintiffs "Integrity's file for the named plaintiffs who were Integrity customers, Greg Warrick and Greg and Susan Warrwick as co-trustees for the Warrick Family Trust." (ECF No. 175, at 3.) Plaintiffs rejected each Moving Defendant's proposed compromise and instead served on each Moving Defendant the requests for production that prompted the filing of the pending protective order motions.

*Legal Standard*

Rule 26 governs discovery in federal civil cases, the scope of which includes "any nonprivileged matter that is relevant to any party's claim or defense *and* proportional to the needs of the case." FED. R. CIV. P. 26(b)(1) (italics added). A court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. FED. R. CIV. P. 26(c)(1). The party seeking the protective order must establish "specific harm or prejudice will result if no protective order is granted." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)(citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Good cause is generally a "heavy burden." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Phillips*, 307 F.3d at 1211 (citing *Seattle Times Co. v. Rhinehardt*, 467 U.S. 20, 36 (1984)).

*Analysis*

I. Preliminary Matters.

    *A.    The Purpose of the Moving Defendants' Motions.*

As did the Accounting Firms through their motions for protective order, the Moving

Page 7 - OPINION AND ORDER

Defendants here seek a stay of discovery because they believe their pending motions to dismiss will dispose of Plaintiffs' claim. *See* November 2016 Opinion and Order, 2016 WL 6963039, at *4.

    *B.*    *Discovery Stay Standards.*

The standard the court explained in its November 2016 Opinion and Order, 2016 WL 6963039, at *4-*5, is applicable here to the Moving Defendants' respective motions for protective order.

    *C.*    *Proportionality.*

The proportionality standard derived from the 2015 amendment to the Federal Rules of Civil Procedure 26(b)(1) and described in the court's November 2016 Opinion and Order, 2016 WL 6963039, at *5, applies to the discovery which is the subject of the Moving Defendants' respective motions for protective order.

## II.    The *Skellerup* Factors.

In its November 2016 Opinion and Order, the court examined in detail and applied each of the seven *Skellerup* factors to the Accounting Firms' respective motions for protective order. 2016 WL 6963039, at *5-*9. Each of the considerations making appropriate the application the *Skellerup* factors to the Accounting Firms' respective motions is present and applicable to the Moving Defendants' respective motions here. Accordingly, staying all discovery until the court resolves the pending motions to dismiss is not warranted, and limited, focused merits discovery should proceed.

## III.    Ruling.

The Moving Defendants' motions for protective order are GRANTED IN PART and DENIED IN PART, and they are to provide to Plaintiffs the following discovery:

    A.    By Sidley:

1. All transaction documents for the ACOF offering, including offering memoranda, subscription agreements, articles of incorporation, bylaws, and LLC agreements.

2. All documents relevant to whether the ACOF offering was or was not exempt from registration.

3. All retention and engagement letters between Sidley and any Aequitas company regarding Sidley's provision of legal services, including services related to the ACOF offering.

4. All documents Sidley sent to and received from any Aequitas company pertaining to the ACOF offering.

5. All documents Sidley sent to and received from the General Partner of the ACOF fund, including documents regarding the preparation of the ACOF PPM.

6. All documents Sidley sent to and received from the Investment Advisor to the ACOF fund, including documents regarding the preparation of the ACOF PPM.

7. All documents Sidley sent to and received from the Securities and Exchange Commission, the Consumer Financial Protection Bureau, the Department of Justice, and any state and federal regulatory and law enforcement agency relating to any inquiry or investigation of any Aequitas company.

8. All documents Sidley sent to and received from any purchaser or prospective purchaser of the ACOF securities.

        9.       The names, job titles, and designated primary office location of the attorneys and paralegals/legal assistants who provided legal services to any Aequitas company in connection with the ACOF offering. For any attorney and paralegal/legal assistant no longer employed by Sidley, also provide the title of the last job held and the designated primary office location at the time the attorney and paralegal/legal assistant separated from the company.

Sidley may defer production of email as part of the above-ordered discovery until after the court resolves the attorney-client privilege issues raised in the Individual Defendants' pending motion (ECF No. 196) for protective order.

    B.    By Ameritrade:

        1.       Aequitas purchase confirmations, Aequitas Notes, and account statements, all relating to Aequitas investments for any named plaintiff who was an Ameritrade customer.

        2.       All documents Ameritrade sent to and received from any Aequitas company regarding securities issued by or proposed to be issued by any Aequitas company.

        3.       All documents Ameritrade sent to and received from any registered investment advisers, registered dealer-brokers, and purchasers or prospective purchasers regarding any Aequitas company.

        4.       All promotional materials distributed by and presentations made by Ameritrade regarding any Aequitas company security.

        5.       All documents Ameritrade sent to and received from the Securities and

     Exchange Commission, the Consumer Financial Protection Bureau, the Department of Justice, and any state and federal regulatory and law enforcement agency relating to any inquiry or investigation of any Aequitas company.

  6. The names, job titles, and designated primary office location of the employees who provided services for any named plaintiff who was an Ameritrade customer and who bought any Aequitas security. For any employee no longer employed by Ameritrade, also provide the title of the last job held and the designated primary office location at the time the employee separated from the company.

C. By Integrity:

  1. Integrity's file for any named plaintiff who was an Integrity customer, including transaction-level documents.

  2. All documents Integrity sent or received regarding the ACF Notes.

  3. All documents Integrity sent or received regarding the AIOF-II Notes.

  4. All promotional materials distributed by and presentations made by Integrity regarding any Aequitas company security.

  5. All documents Integrity sent to and received from any Aequitas company regarding securities issued by or proposed to be issued by any Aequitas company.

  6. All documents Ameritrade sent to and received from the Securities and Exchange Commission, the Consumer Financial Protection Bureau, the

Department of Justice, and any state and federal regulatory and law enforcement agency relating to any inquiry or investigation of any Aequitas company.

7. The names, job titles, and designated primary office location of the employees who provided services to any named plaintiff who was an Integrity customer and bought any Aequitas security. For any employee no longer employed by Integrity, also provide the title of the last job held and the designated primary office location at the time employee separated from the company.

Except as described above, Sidley, Ameritrade, and Integrity need not respond to remainder of Plaintiffs' requests for production pending the court's ruling on the Moving Defendants' respective motions to dismiss.

The information described above must be provided within forty-five (45) days of date of entry of this Order, or within such other time as the parties agree or the court further orders.

*Conclusion*

For the reasons described above, the Moving Defendants' motions (ECF Nos. 160, 171, and 175) for protective order are GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

DATED this 21st day of February, 2017.

JOHN V. ACOSTA
United States Magistrate Judge