**Milo Petranovich**, OSB No. 813376
petranovichm@lanepowell.com
**Peter D. Hawkes**, OSB No. 071986
hawkesp@lanepowell.com
**SreeVamshi C. Reddy**, OSB No. 140560
reddyv@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2114

Attorneys for Defendant Integrity Bank & Trust

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LAWRENCE P. CIUFFITELLI,** for himself and as Trustee of **CIUFFITELLI REVOCABLE TRUST; GREG** and **ANGELA JULIEN; JAMES** and **SUSAN MACDONALD,** as Co-Trustees of the **MACDONALD FAMILY TRUST; R.F. MACDONALD CO.; ANDREW NOWAK,** for himself and as Trustee of the **ANDREW NOWAK REVOCABLE LIVING TRUST U/A 2/20/2002; WILLIAM RAMSTEIN;** and **GREG WARRICK,** for himself and, with **SUSAN WARRICK,** as Co-Trustees of the **WARRICK FAMILY TRUST,** individually and on behalf of all others similarly situated, | Case No. 3:16-cv-00580-AC<br><br>Defendant Integrity Bank & Trust's **MOTION FOR CLARIFICATION AND/OR RECONSIDERATION**<br><br>**(ORAL ARGUMENT REQUESTED)** |
| Plaintiffs, | |
| v. | |
| **DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.;** and **INTEGRITY BANK & TRUST,** | |
| Defendants. | |

PAGE 1 -   DEFENDANT INTEGRITY BANK & TRUST'S MOTION FOR
            CLARIFICATION AND/OR RECONSIDERATION

## I. LOCAL RULE 7-1 CERTIFICATION

Pursuant to L.R. 7.1(a), counsel for defendant Integrity Bank & Trust ("Integrity") has conferred by telephone with counsel for plaintiffs in good faith regarding discovery and the issues raised in the instant motion, but the parties have been unable to agree on the proper scope or sequence of discovery.

## II. MOTION

Integrity respectfully moves the Court to clarify and/or reconsider its February 21, 2017 Opinion and Order (ECF No. 213, hereinafter "February 2017 Opinion and Order"), which granted in part and denied in part Integrity's Motion for a Protective Order in the above-captioned matter.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, Integrity has also simultaneously filed Objections to the February 2017 Opinion and Order, and, in the alternative, requested that the Court recommit this dispute to Your Honor for clarification regarding the scope of the rulings with respect to Integrity set forth in the February 2017 Opinion and Order.

## III. MEMORANDUM OF LAW

### A.   Introduction.

Integrity respectfully requests that the Court clarify and/or reconsider its February 2017 Opinion and Order, which, despite the Court's clear language to the contrary, serves to expand the scope of discovery, rather than focusing and limiting the scope in accordance with "the needs of the case." *See* Fed. R. Civ. P. 26(b)(1).

### B.   Relevant Factual Background.

Integrity sets forth below only those facts necessary to provide context for the instant motion. A more detailed recitation of the relevant facts is contained in the pleadings accompanying the instant motion.

#### 1.   Plaintiffs' document requests and Integrity's motion for protective order.

Plaintiffs served their extensive First Requests for Production of Documents on Integrity on

PAGE 2 -   DEFENDANT INTEGRITY BANK & TRUST'S MOTION FOR
           CLARIFICATION AND/OR RECONSIDERATION

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
711269.0001/6889428.1              PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

September 29, 2016 (hereinafter, "Plaintiffs' RFPs" or the "Document Requests"), attached as Exhibit 1 to the Declaration of Milo Petranovich (hereinafter "Petranovich Decl."). Plaintiffs' RFPs contain thirty-six (36) individual requests, most of which are burdensome, overly broad, irrelevant and disproportionate to the needs of this litigation, particularly at this stage. Plaintiffs have attempted, unsuccessfully, to plead a secondary liability claim against Integrity with respect to <u>two</u> named plaintiffs, and yet they seek what amounts to full merits-based discovery for a certified class action.[1]

On November 28, 2016, Integrity filed a Motion for Protective Order and Supporting Memorandum (ECF No. 175), requesting that the Court issue a protective order against Plaintiffs' RFPs, pending:

> (i) disposition of Integrity's Motion to Dismiss Plaintiffs' First Amended Complaint, (ECF Nos. 95 and 135), and the Joint Motion to Dismiss the First Amended Complaint, (ECF No. 74) ("Joint Motion"), and (ii) the lifting of the discovery stay in the SEC action. Alternatively, Integrity moves to limit plaintiffs' discovery to those documents to be produced under its Response to Plaintiffs' First Request for Production, pending (i) and (ii) above.

(Integrity's Mot. for Prot. Order at 2, attached as Exhibit 2 to Petranovich Decl.)

Integrity set forth a number of reasons why a stay of discovery is appropriate, including the pending motions to dismiss, the stay of discovery in the SEC Receivership action and the inevitably imminent filing of a second amended complaint. (*Id*. at 3-7.) Integrity also requested, *in the alternative*, that discovery be limited to "the documents Integrity has agreed to produce in its Response to Plaintiffs' First Requests for Production of Documents, essentially all the documents in Integrity's customer files of those two named plaintiffs in the First Amended Complaint ("FAC") who were customers of Integrity," and that ESI be excluded. (*Id*. at 3, 7.)

---

[1] Notably, Plaintiffs' Document Requests require production of ESI, with extensive instructions and guidelines regarding the type and manner of production, despite the fact that the Parties agreed, when they filed their Joint Report of Parties' F.R.C.P. 26(f) Conference with the Court on November 2, 2016 (ECF No. 163, hereinafter the "Joint Report") that "production of ESI is not appropriate at this time * * * [and] to discuss such issues in conjunction with the production of ESI in due course." (Joint Report at 7.)

PAGE 3 -   DEFENDANT INTEGRITY BANK & TRUST'S MOTION FOR
                    CLARIFICATION AND/OR RECONSIDERATION

Integrity argued that Plaintiffs' Document Requests are "overbroad and disproportionate to the claim in this case" under the plain language of Rule 26 of the Federal Rules of Civil Procedure ("Rule 26") and the recent amendment thereto, and premised on a faulty reading of the reach of the Oregon Securities Law, the requirements of federal pleading and the scope of reasonable discovery in light thereof. (*Id*. at 7.)

**2.     The Court's rulings in the February 2017 Opinion and Order**. The Court granted in part and denied in part Integrity's motion for a protective order by Opinion and Order issued on February 21, 2017. (ECF No. 213, attached as Exhibit 3 to Petranovich Decl. (hereinafter "February 2017 Opinion and Order").) The February 2017 Opinion and Order cross-references and incorporates the Opinion and Order issued by the Court on November 28, 2016, in which the Court granted in part and denied in part defendant Deloitte & Touche LLP's and defendant EisnerAmper LLP's motions for a protective order. (ECF No. 174, attached as Exhibit 4 to Petranovich Decl. (hereinafter "November 2016 Opinion and Order").)

In both the November 2016 and February 2017 Opinions and Orders, the Court ultimately held that only "limited, focused merits discovery should proceed." (Nov. 2016 Opinion and Order at 18-19; Feb. 2017 Opinion and Order at 8.) In the November 2016 Opinion and Order, the Court explicitly concluded that "Plaintiffs' requests for production are disproportionate to the needs of the case at this stage." (Nov. 2016 Opinion and Order at 19.) The Court also noted that:

> In a complex case where pending motions to dismiss raise credible legal and factual issues, "the needs of the case" have not yet been finally established. Delaying discovery or limiting its scope until those issues are decided is appropriate and implements the 2015 Amendment's mandate for a renewed consideration of the time and money litigants must expend on discovery.

(*Id*. at 18.)

Despite the Court's clearly manifested intent to limit and focus discovery in this matter, the plain language of the Court's specific discovery rulings with respect to Integrity has the opposite effect. Some of these rulings, if interpreted literally, expand the scope of discovery, rather

PAGE 4 -   DEFENDANT INTEGRITY BANK & TRUST'S MOTION FOR
            CLARIFICATION AND/OR RECONSIDERATION

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

711269.0001/6889428.1

than focusing and limiting the scope in accordance with "the needs of the case." *See* Fed. R. Civ. P. 26(b)(1).

The Court held that Integrity was required to produce, within forty-five (45) days of entry of the Order, the following:

1. Integrity's file for any named plaintiff who was an Integrity customer, including transaction-level documents.
2. *All documents Integrity sent or received regarding the ACF Notes.*
3. *All documents Integrity sent or received regarding the AIOF-II Notes.*
4. All promotional materials distributed by and presentations made by Integrity regarding any Aequitas company security.
5. *All documents Integrity sent to and received from any Aequitas company regarding securities issued by or proposed to be issued by any Aequitas company.*
6. All documents Ameritrade[2] [sic] sent to and received from the Securities and Exchange Commission, the Consumer Financial Protection Bureau, the Department of Justice, and any state and federal regulatory and law enforcement agency relating to any inquiry or investigation of any Aequitas company.
7. The names, job titles, and designated primary office location of the employees who provided services to any named plaintiff who was an Integrity customer and bought any Aequitas security. For any employee no longer employed by Integrity, also provide the title of the last job held and the designated primary office location at the time employee separated from the company.

(Feb. 2017 Opinion and Order at 11-12 (emphasis added).)

Integrity respectfully requests clarification from the Court with respect to Rulings 2, 3 and 5, which are italicized in the above list. Ruling No. 2 – "[a]ll documents Integrity sent or received regarding the ACF Notes" – is unclear in that the ruling does not specify from whom the documents in question were received or to whom the documents were sent. If the ruling was intended to include all documents sent, for example, to Integrity's clients regarding the ACF Notes, then

---

[2] Integrity and Plaintiffs have agreed that the reference in Ruling 6 is intended to be to Integrity and not to TD Ameritrade.

PAGE 5 -   DEFENDANT INTEGRITY BANK & TRUST'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION

potentially thousands of client account statements and related emails, which are irrelevant to the claims at issue in the instant litigation, would be included in the mandated production, making such production extremely burdensome and expensive. For the same reasons, Integrity requests clarification regarding Ruling No. 3, regarding the AIOF-II Notes. Furthermore, with respect to Ruling No. 2, neither of the named plaintiffs claims to have purchased an ACF Note through Integrity, making the costly and time-consuming production of "all documents" related to the ACF Notes even more irrelevant to any party's claim or defense and disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Integrity, however, has no objection to producing a form of subscription agreement and any promotional materials related to the ACF or AIOF-II Notes to Plaintiffs.

Integrity also requests clarification with respect to Ruling No. 5 – "[a]ll documents Integrity sent to and received from any Aequitas company regarding securities issued by or proposed to be issued by any Aequitas company." If the Court's ruling was intended to include, for example, emails, then thousands of potential documents could be implicated, the vast majority of which would be irrelevant to the scope of the instant litigation. Integrity has no objections to the remainder of the Court's rulings.

To the extent that the Court intends the above-referenced rulings to be interpreted expansively, Integrity respectfully requests that the Court reconsider Rulings 2, 3 and 5, as beyond the scope of discovery contemplated by Rule 26 and the recent proportionality amendment thereto.

**C.    Legal Standard.**

Rule 26 provides, in relevant part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense* and *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and *whether the burden or expense of the proposed discovery*

PAGE 6 -   DEFENDANT INTEGRITY BANK & TRUST'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
711269.0001/6889428.1    PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

> *outweighs its likely benefit*. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

A court order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Court also has an inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction[.]" *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).

In evaluating a motion for reconsideration, the Court must consider whether:

1. There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
2. There are new material facts that happened after the Court's decision;
3. There has been a change in the law that was decided or enacted after the Court's decision; or
4. The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Lyons v. Nike, Inc.*, 920 F. Supp. 2d 1161, 1163 (D. Or. 2013) (citation omitted).

Here, Integrity does not seek reconsideration of the Court's rulings, only clarification of those rulings as set forth above. However, to the extent the Court's rulings in the February 2017 Opinion and Order manifest the Court's intent, Integrity respectfully requests that the Court reconsider Rulings 2, 3 and 5, as beyond the scope of discovery contemplated by Rule 26.

**D.    Argument.**

The expansive scope of Plaintiffs' Document Requests would necessarily encompass information that is not "relevant to any party's claim or defense" or "proportional to the needs of the case" as required by Rule 26.  *See* Fed. R. Civ. P. 26(b)(1). In its Motion for a Protective Order, Integrity argued that, based on the perfunctory allegations in the First Amended Complaint with respect to the two named plaintiffs who had any connection to Integrity, discovery should be

PAGE 7 -   DEFENDANT INTEGRITY BANK & TRUST'S MOTION FOR
           CLARIFICATION AND/OR RECONSIDERATION

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

711269.0001/6889428.1

limited to those two plaintiffs' <u>specific</u> claims – a position supported by the plain language of Rule 26 and the Oregon Securities Law. (Integrity's Mot. for Prot. Order at 3, 7.)

If Rulings 2, 3 and 5 – which collectively order production of all documents Integrity sent or received regarding the ACF and AIOF-II Notes and related to any securities-related communication with any Aequitas entity – are interpreted literally, then they expand the scope of discovery beyond even Plaintiffs' Document Requests. If ESI and emails are included, as Plaintiffs will undoubtedly claim, then responding to Plaintiffs' RFPs will be extremely costly, time-consuming and burdensome. ESI is premature at this stage of the litigation – a fact that even Plaintiffs conceded in the Joint Report to the Court. (Joint Report at 7.) The expansive document production contemplated by a literal reading of the Court's rulings is not only disproportionate to the needs of this case, but also appears to be directly at odds with the Court's desire to limit and focus discovery in this matter. Accordingly, Integrity respectfully requests that the Court clarify the rulings in question.

Integrity has no objections to the remainder of the Court's rulings, assuming that ESI and emails are not contemplated by the rulings. In addition, Integrity is also willing to produce a form of subscription agreement and any promotional materials related to the ACF or AIOF-II Notes, as well as all agreements that Integrity executed with registered investment advisers related to "Aequitas securities" – a practical compromise that is also proportional to the needs of the case.

If the Court's intent was as stated in the February 2017 Opinion and Order, then Integrity respectfully requests that the Court reconsider Rulings 2, 3 and 5. Integrity respectfully submits that the Court "failed to consider material facts that were presented to the Court before the Court's decision." *Lyons v. Nike, Inc.*, 920 F. Supp. at 1163. Specifically, Integrity submits that the Court did not address Integrity's request for *alternative* relief to a discovery stay in the form of a *limitation* on discovery pursuant to the proportionality standard set forth in Rule 26(b)(1). (Integrity's Mot. for Prot. Order at 3, 7.) The Court appears to limit its discussion, in the February 2017 Opinion and Order, to whether a complete stay of discovery is warranted, and not on whether

PAGE 8 -  DEFENDANT INTEGRITY BANK & TRUST'S MOTION FOR
CLARIFICATION AND/OR RECONSIDERATION

a limitation on the scope of discovery directed at irrelevant and burdensome document requests is appropriate.  (*Compare* Integrity's Mot. for Prot. Order at 3, 7, *with* Feb. 2017 Opinion and Order at 7-8 and Nov. 2016 Opinion and Order at 11-19.)

## IV. **CONCLUSION**

For the reasons set forth above, Integrity respectfully requests that the Court clarify its February 21, 2017 Order with respect to Rulings 2, 3 and 5 directed at Integrity.  If the Order represents the Court's intent, Integrity respectfully requests that the Court reconsider Rulings 2, 3 and 5 as beyond the scope of discovery contemplated by Rule 26.

DATED:  March 7, 2017

                                              LANE POWELL PC


By */s/ Milo Petranovich*
   Milo Petranovich, OSB No. 813376
   Peter D. Hawkes, OSB No. 071986
   SreeVamshi C. Reddy, OSB No. 140560
   Telephone: 503.778.2100
Attorneys for Defendant Integrity Bank & Trust

PAGE 9 -   DEFENDANT INTEGRITY BANK & TRUST'S MOTION FOR
                CLARIFICATION AND/OR RECONSIDERATION

711269.0001/6889428.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200