**Milo Petranovich**, OSB No. 813376
petranovichm@lanepowell.com
**Peter D. Hawkes**, OSB No. 071986
hawkesp@lanepowell.com
**SreeVamshi C. Reddy**, OSB No. 140560
reddyv@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2114

Attorneys for Defendant Integrity Bank & Trust

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LAWRENCE P. CIUFFITELLI,** for himself and as Trustee of **CIUFFITELLI REVOCABLE TRUST; GREG** and **ANGELA JULIEN; JAMES** and **SUSAN MACDONALD,** as Co-Trustees of the **MACDONALD FAMILY TRUST; R.F. MACDONALD CO.; ANDREW NOWAK,** for himself and as Trustee of the **ANDREW NOWAK REVOCABLE LIVING TRUST U/A 2/20/2002; WILLIAM RAMSTEIN;** and **GREG WARRICK,** for himself and, with **SUSAN WARRICK,** as Co-Trustees of the **WARRICK FAMILY TRUST,** individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>**DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.;** and **INTEGRITY BANK & TRUST,**<br><br>        Defendants. | Case No. 3:16-cv-00580-AC<br><br>Defendant Integrity Bank & Trust's **OBJECTIONS TO THE FEBRUARY 21, 2017 OPINION AND ORDER OF MAGISTRATE JUDGE**<br><br>**(ORAL ARGUMENT REQUESTED)** |

PAGE 1 -   DEFENDANT INTEGRITY BANK & TRUST'S OBJECTION TO OPINION AND ORDER

## I. LOCAL RULE 7-1 CERTIFICATION

Pursuant to L.R. 7.1(a), counsel for defendant Integrity Bank & Trust ("Integrity") has conferred by telephone with counsel for plaintiffs in good faith regarding discovery, but the parties have been unable to agree on the proper scope or sequence of discovery.

## II. MOTION

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, Integrity moves for an order reviewing and vacating Magistrate Judge Acosta's February 21, 2017 Opinion and Order (ECF No. 213), which granted in part and denied in part Integrity's Motion for a Protective Order in the above-captioned matter. Alternatively, Integrity respectfully requests that the Court recommit this dispute to Magistrate Judge Acosta for clarification regarding the scope of the Court's rulings in the February 21, 2017 Opinion and Order.

## III. RELEVANT FACTUAL BACKGROUND

Integrity sets forth below only those facts necessary to provide context for the instant motion. A more detailed recitation of the relevant facts is contained in the pleadings accompanying the instant motion.

**A.    Plaintiffs' Claims and Integrity's Motion to Dismiss.**

Plaintiffs filed a First Amended Complaint (hereinafter "FAC" or the "Complaint") against Integrity, naming Integrity as a defendant in this putative class action for the first time, on May 19, 2016. (ECF No. 57.) As set forth in Integrity's Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 95) and Integrity's Reply Memorandum to the Motion to Dismiss (ECF No. 135), both of which are attached hereto,[1] the claims against Integrity in Plaintiffs' First Amended Complaint can be reduced to three allegations: (1) Integrity served as the custodian for certain Aequitas[2] fundraising entities; (2) Integrity solicited the sale of certain Aequitas

---

[1] As Exhibit 1 and Exhibit 2 to the Declaration of Milo Petranovich (hereinafter "Petranovich Decl." or "Petranovich Declaration").

[2] Plaintiffs use the term "Aequitas" throughout the First Amended Complaint to refer to several different and legally distinct "Aequitas" entities. Likewise, Plaintiffs refer generically to "Aequitas securities" throughout the Complaint, rather than to the specific, legally distinct

PAGE 2 -    DEFENDANT INTEGRITY BANK & TRUST'S OBJECTION TO OPINION AND ORDER

Commercial Finance, LLC ("ACF") notes, though any such transaction is not identified with any specificity in the First Amended Complaint; and (3) Integrity solicited the sale of certain Aequitas Income Opportunity Fund II, LLC ("AIOF-II") notes, including those sold to certain trustees of the Warrick Family Trust in or about September 2015. (*See* FAC ¶¶ 30(f), 36, 55, 70.)

Although Plaintiffs summarily allege in the Complaint that Integrity "participated" and "materially aided" in the sale of "Aequitas securities," Plaintiffs offer no factual or legal support under the Oregon Securities Law for their conclusory allegations. Notably, Plaintiffs' First Amended Complaint contains only *two* named plaintiffs with any connection to Integrity – Greg Warrick, individually, and Greg and Susan Warrick, acting as co-trustees of the Warrick Family Trust.

Plaintiffs' vague allegations in the Complaint do not, as a matter of law, state a claim against Integrity – indeed, Plaintiffs concede as much in their Opposition to Integrity's Motion to Dismiss (ECF No. 125) when they offer *four* pages of additional factual allegations which appear nowhere in the First Amended Complaint.

**B.    Plaintiffs' Document Requests.**

Despite the skeletal allegations contained in the Complaint with respect to Integrity, on September 29, 2016, Plaintiffs served their extensive First Requests for Production of Documents on Integrity (hereinafter, "Plaintiffs' RFPs" or the "Document Requests"), attached as Exhibit 3 to the Petranovich Declaration. Plaintiffs' RFPs contain thirty-six (36) individual requests, most of which are burdensome, overly broad, irrelevant and disproportionate to the needs of this litigation, particularly at this stage. Plaintiffs have attempted, unsuccessfully, to plead a secondary liability claim against Integrity with respect to <u>two</u> named plaintiffs, and yet they seek what amounts to full merits-based discovery for a certified class action.

---

"Aequitas" entity whose sales/offerings of securities are alleged to be at issue. By utilizing Plaintiffs' terms for the purposes of this motion, Integrity does not concede that the securities referenced as "Aequitas securities" in the Complaint were issued by a single "Aequitas" entity or that the individual securities offerings/sales should be analyzed as a whole with respect to Plaintiffs' claims.

PAGE 3 -   DEFENDANT INTEGRITY BANK & TRUST'S OBJECTION TO OPINION AND
                    ORDER

Notably, Plaintiffs' Document Requests require production of ESI, with extensive instructions and guidelines regarding the type and manner of production, despite the fact that the Parties agreed, when they filed their Joint Report of Parties' F.R.C.P. 26(f) Conference with the Court on November 2, 2016 (ECF No. 163 (hereinafter the "Joint Report") that "production of ESI is not appropriate at this time * * * [and] to discuss such issues in conjunction with the production of ESI in due course." (Joint Report at 7.)

**C.   Defendant Integrity's Motion for Protective Order.**

On November 28, 2016, Integrity filed a Motion for Protective Order and Supporting Memorandum (ECF No. 175), requesting that the Court issue a protective order against Plaintiffs' RFPs, pending:

> (i) disposition of Integrity's Motion to Dismiss Plaintiffs' First Amended Complaint, (ECF Nos. 95 and 135), and the Joint Motion to Dismiss the First Amended Complaint, (ECF No. 74) ("Joint Motion"), and (ii) the lifting of the discovery stay in the SEC action. Alternatively, Integrity moves to limit plaintiffs' discovery to those documents to be produced under its Response to Plaintiffs' First Request for Production, pending (i) and (ii) above.

(Integrity's Mot. for Prot. Order at 2, attached as Exhibit 4 to Petranovich Decl.)

Integrity set forth a number of reasons why a stay of discovery would be appropriate, including the pending motions to dismiss, the stay of discovery in the SEC Receivership action and the inevitably imminent filing of a second amended complaint. (*Id*. at 3-7.) Integrity also requested, in the alternative, that discovery be limited to "the documents Integrity has agreed to produce in its Response to Plaintiffs' First Requests for Production of Documents, essentially all the documents in Integrity's customer files of those two named plaintiffs in the First Amended Complaint ("FAC") who were customers of Integrity," and that ESI be excluded. (*Id*. at 3, 7.)

Integrity noted that the Document Requests are "overbroad and disproportionate to the claim in this case" under the plain language of Rule 26 of the Federal Rules of Civil Procedure

PAGE 4 -   DEFENDANT INTEGRITY BANK & TRUST'S OBJECTION TO OPINION AND ORDER

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

711269.0001/6889463.1

("Rule 26") and the recent amendment thereto,[3] and premised on a faulty reading of the reach of the Oregon Securities Law, the requirements of federal pleading and the scope of reasonable discovery in light thereof. (*Id*. at 7.)

### D.    Magistrate Judge Acosta's February 21, 2017 Opinion & Order.

Magistrate Judge Acosta granted in part and denied in part Integrity's Motion for a Protective Order by Opinion and Order issued on February 21, 2017. (ECF No. 213, attached as Exhibit 5 to Petranovich Decl. (hereinafter "February 2017 Opinion and Order").) The February 2017 Opinion and Order cross-references and incorporates the Opinion and Order issued by Magistrate Judge Acosta on November 28, 2016, in which the Court granted in part and denied in part defendant Deloitte & Touche LLP's and defendant EisnerAmper LLP's motions for a protective order. (ECF No. 174, attached as Exhibit 6 to Petranovich Decl. (hereinafter "November 2016 Opinion and Order").)

In the February 2017 Opinion and Order, Magistrate Judge Acosta outlines the Moving Defendants' positions, in relevant part, as follows:

> In their respective motions, each of the Moving Defendants primarily argue they should not be required to undertake the expensive, burdensome, and time-consuming discovery Plaintiffs request until after the court decides whether Plaintiffs have pleaded a viable claim for relief against them. Each of the Moving Defendants also argues that discovery should not occur because a discovery stay has been entered in *Securities and Exchange Commission v. Aequitas Management, LLC, et al.,* Case No. 3: 1 6-

---

[3] Rule 26 provides, in relevant part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense* and *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and *whether the burden or expense of the proposed discovery outweighs its likely benefit*. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(Emphasis added).

PAGE 5 -   DEFENDANT INTEGRITY BANK & TRUST'S OBJECTION TO OPINION AND ORDER

> cv-00438-PK ("*SEC* case"), which stay enjoins "all discovery directed to the Receiver and the Receivership Entity" and thus applies to all Aequitas companies and its affiliates. (*See* ECF No. 156, filed April 14, 2016.)

(Feb. 2017 Opinion and Order at 5.)

The Court, again, sets forth the "Purpose of the Moving Defendants' Motions" as follows:

> As did the Accounting Firms through their motions for protective order, the Moving Defendants here *seek a stay of discovery* because they believe their pending motions to dismiss will dispose of Plaintiffs' claim.

(Feb. 2017 Opinion and Order at 7-8 (emphasis added).) Critically, the Court does *not* address in either of these sections of its Opinion and Order that Integrity *also sought* relief in the alternative to a discovery stay, in the form of a *limitation* on discovery pursuant to the proportionality standard set forth in Rule 26(b)(1). (Integrity's Mot. for Prot. Order at 3, 7.) The expansive scope of Plaintiffs' Document Requests would necessarily encompass information that is not "relevant to any party's claim or defense" or "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In its Motion for a Protective Order, Integrity argued that, based on the perfunctory allegations in the First Amended Complaint with respect to the two named plaintiffs who had any connection to Integrity, discovery should be limited to those two plaintiffs' specific claims – a position supported by the plain language of Rule 26 and the Oregon Securities Law. (Integrity's Mot. for Prot. Order at 3, 7.)

Although the Court incorporates the proportionality analysis from the November 2016 Opinion and Order,[4] that analysis is inapposite in that the Court, when deciding the Accounting

---

[4] In discussing proportionality, Magistrate Judge Acosta states in the February 2017 Opinion and Order:

> The proportionality standard derived from the 2015 amendment to the Federal Rules of Civil Procedure 26(b)(l) and described in the court's November 2016 Opinion and Order, 2016 WL 6963039, at *5, applies to the discovery which is the subject of the Moving Defendants' respective motions for protective order.

(Feb. 2017 Opinion and Order at 8.)

PAGE 6 -   DEFENDANT INTEGRITY BANK & TRUST'S OBJECTION TO OPINION AND ORDER

Firm Defendants' motions, only focused on proportionality with respect to a *complete stay* of discovery, and not as a limitation on the *scope* of discovery:

> The 2015 amendment to the Federal Rules of Civil Procedure 26(b)(l) requiring that discovery now must be "proportionate to the needs of the case," necessarily affects the determination *whether a discovery stay should be granted pending determination of a dispositive motion * * *.* Therefore, with amended Rule 26(b)(l) now in place, the court must consider proportionality when determining whether a *stay of discovery* is appropriate pending resolution of a potentially dispositive motion.

(Nov. 2016 Opinion and Order at 11-12, 14 (emphasis added).)

Even in its discussion of the *Skellerup* factors in the November 2016 Opinion and Order, the Court focuses only on whether a complete stay of discovery is warranted, and not on whether a limitation on the scope of discovery directed at irrelevant and burdensome document requests is appropriate. (*Id*. at 12-19.)

Nonetheless, in both the November 2016 and February 2017 Opinions and Orders, the Court ultimately held that only "limited, focused merits discovery should proceed." (Nov. 2016 Opinion and Order at 18-19; Feb. 2017 Opinion and Order at 8.) In the November 2016 Opinion and Order, the Court explicitly concluded that "Plaintiffs' requests for production are disproportionate to the needs of the case at this stage." (Nov. 2016 Opinion and Order at 19.) The Court also noted that:

> In a complex case where pending motions to dismiss raise credible legal and factual issues, "the needs of the case" have not yet been finally established. Delaying discovery or limiting its scope until those issues are decided is appropriate and implements the 2015 Amendment's mandate for a renewed consideration of the time and money litigants must expend on discovery.

(*Id*. at 18.)

Despite the Court's clearly manifested intent to limit and focus discovery in this matter, the plain language of Magistrate Judge Acosta's specific discovery rulings with respect to Integrity has the opposite effect. Some of these rulings, if interpreted literally, expand the scope of

PAGE 7 -  DEFENDANT INTEGRITY BANK & TRUST'S OBJECTION TO OPINION AND ORDER

discovery, rather than focusing and limiting the scope in accordance with "the needs of the case." Judge Acosta held that Integrity was required to produce, within forty-five (45) days of entry of the Order, the following:

1. Integrity's file for any named plaintiff who was an Integrity customer, including transaction-level documents.
2. *All documents Integrity sent or received regarding the ACF Notes.*
3. *All documents Integrity sent or received regarding the AIOF-II Notes.*
4. All promotional materials distributed by and presentations made by Integrity regarding any Aequitas company security.
5. *All documents Integrity sent to and received from any Aequitas company regarding securities issued by or proposed to be issued by any Aequitas company.*
6. All documents Ameritrade[5] [sic] sent to and received from the Securities and Exchange Commission, the Consumer Financial Protection Bureau, the Department of Justice, and any state and federal regulatory and law enforcement agency relating to any inquiry or investigation of any Aequitas company.
7. The names, job titles, and designated primary office location of the employees who provided services to any named plaintiff who was an Integrity customer and bought any Aequitas security. For any employee no longer employed by Integrity, also provide the title of the last job held and the designated primary office location at the time employee separated from the company.

(Feb. 2017 Opinion and Order at 11-12 (emphasis added).)

Integrity specifically objects to Rulings 2, 3 and 5, which are italicized in the above list, as unclear and expanding the scope of discovery far beyond the parameters established by Rule 26. Ruling No. 2 – "[a]ll documents Integrity sent or received regarding the ACF Notes" – is unclear in that the ruling does not specify from whom the documents in question were received or to whom the documents were sent. If the ruling was intended to include all documents sent, for example, to Integrity's clients regarding the ACF Notes, then potentially thousands of client account

---

[5] Integrity and Plaintiffs have agreed that the reference in Ruling 6 is intended to be to Integrity and not to TD Ameritrade.

PAGE 8 -   DEFENDANT INTEGRITY BANK & TRUST'S OBJECTION TO OPINION AND ORDER

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
711269.0001/6889463.1            PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

statements and related emails, which are irrelevant to the claims at issue in the instant litigation, would be included in the mandated production, making such production extremely burdensome and expensive. The same objection applies to Ruling No. 3, regarding the AIOF-II Notes. Furthermore, with respect to Ruling No. 2, neither of the named plaintiffs claims to have purchased an ACF Note through Integrity, making the costly and time-consuming production of "all documents" related to the ACF Notes even more irrelevant to any party's claim or defense and disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). Integrity, however, has no objection to producing a form of subscription agreement and any promotional materials related to the ACF or AIOF-II Notes to Plaintiffs.

Integrity also objects to Ruling No. 5 – "[a]ll documents Integrity sent to and received from any Aequitas company regarding securities issued by or proposed to be issued by any Aequitas company." If the Court's ruling was intended to include, for example, emails, then thousands of potential documents could be implicated, the vast majority of which would be irrelevant to the scope of the instant litigation.

Integrity has no objections to the remainder of the Court's rulings.

### IV. ARGUMENT

**A.     Standard of Review.**

When reviewing a magistrate judge's order on a non-dispositive matter, a district court judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter * * * where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also In re The Village at Lakeridge, LLC*, 814 F.3d 993, 1002 (9th Cir. 2016). Likewise, "under the 'contrary to law' standard of review, a district court may

PAGE 9 -   DEFENDANT INTEGRITY BANK & TRUST'S OBJECTION TO OPINION AND ORDER

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

711269.0001/6889463.1

reverse a finding only if it finds that the magistrate fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (citation and quotation marks omitted).

**B.    The Magistrate Judge Erred, as a Matter of Law, In Ordering the Burdensome Production of Documents Irrelevant to the Scope of and Disproportionate to the Needs of the Instant Litigation.**

For the reasons set forth above, Integrity objects to Rulings 2, 3 and 5, ordering production of all documents Integrity sent or received regarding the ACF and AIOF-II Notes and related to any securities-related communication with any Aequitas entity. Although Magistrate Judge Acosta finds, in the Court's February 2017 Opinion and Order, that discovery should be limited, the practical effect of Judge Acosta's rulings, if interpreted literally, is to expand the scope of discovery beyond even Plaintiffs' Document Requests. If ESI and emails are included, as Plaintiffs will undoubtedly claim, then responding to Plaintiffs' RFPs will be extremely costly, time-consuming and burdensome. ESI is premature at this stage of the litigation – a fact that even Plaintiffs conceded in the Joint Report to the Court. (Joint Report at 7.) The expansive document production contemplated by a literal reading of Judge Acosta's rulings is disproportionate to the needs of this case.

Integrity has no objections to the remainder of the Court's rulings, assuming that ESI and emails are not contemplated by the rulings. In addition, Integrity is also willing to produce a form of subscription agreement and any promotional materials related to the ACF or AIOF-II Notes, as well as all agreements that Integrity executed with registered investment advisers related to "Aequitas securities" – a practical compromise that is also proportional to the needs of the case.

### V. CONCLUSION

For the foregoing reasons, Integrity respectfully requests that Magistrate Judge Acosta's February 2017 Opinion and Order be vacated, and that the Court grant Integrity's Motion for a Protective Order. Alternatively, Integrity Bank respectfully requests that the Court recommit this

PAGE 10 -   DEFENDANT INTEGRITY BANK & TRUST'S OBJECTION TO OPINION AND ORDER

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

711269.0001/6889463.1

dispute to Magistrate Judge Acosta for clarification regarding the scope of the Court's rulings in the February 2017 Opinion and Order.

DATED: March 7, 2017

                                            LANE POWELL PC

By */s/ Milo Petranovich*
    Milo Petranovich, OSB No. 813376
    Peter D. Hawkes, OSB No. 071986
    SreeVamshi C. Reddy, OSB No. 140560
    Telephone: 503.778.2100
Attorneys for Defendant Integrity Bank & Trust

PAGE 11 -  DEFENDANT INTEGRITY BANK & TRUST'S OBJECTION TO OPINION AND ORDER

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

711269.0001/6889463.1