**Matthew J. Kalmanson**, OSB No. 041280
Email:  mjk@hartwagner.com
**Lindsay Howk Duncan**, OSB No. 120974
Email:  lhd@hartwagner.com
**HART WAGNER LLP**
1000 SW Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone:  (503) 222-4499
Facsimile:  (503) 222-2301

**Bruce M. Bettigole** (admitted *pro hac vice*)
Email:  brucebettigole@eversheds-sutherland.com
**Nicholas T. Christakos** (admitted *pro hac vice*)
Email:  nicholaschristakos@eversheds-sutherland.com
**Gail L. Westover** (admitted *pro hac vice*)
Email:  gailwestover@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
700 Sixth Street NW, Suite 700
Washington, DC 20001
Telephone:  (202) 383-0100
Facsimile:  (202) 637-3593

Attorneys for Defendant TD Ameritrade, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST; GREG and ANGELA JULIEN; JAMES and SUSAN MACDONALD, as Co-Trustees of the MACDONALD FAMILY TRUST; R.F. MACDONALD CO.; ANDREW NOWAK, for himself and as Trustee of the ANDREW NOWAK REVOCABLE LIVING TRUST U/A 2/20/2002; WILLIAM RAMSTEIN; and GREG WARRICK, for himself and, with SUSAN WARRICK, as Co-Trustees of the | No. 3:16-cv-00580-AC<br><br>**DEFENDANT TD AMERITRADE, INC.'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF DISCOVERY ORDER (DOC. 213)**<br><br>**Oral Argument Requested** |

Page 1 – DEFENDANT TD AMERITRADE, INC.'S REPLY IN SUPPORT OF MOTION
           FOR RECONSIDERATION OF DISCOVERY ORDER (DOC. 213)

WARRICK FAMILY TRUST, individually and on behalf of all others similarly situated,

       Plaintiffs,

    v.

DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; and INTEGRITY BANK & TRUST,

       Defendants.

TD Ameritrade, Inc. submits this reply in response to Plaintiffs' Opposition to TD Ameritrade, Inc.'s Motion for Reconsideration in order to address and differentiate the authorities relied on by Plaintiffs in arguing that TD Ameritrade failed to raise the issue of its arbitration rights in its Motion for Protective Order.

### TD AMERITRADE SUFFICIENTLY RAISED THE ISSUE OF ITS ARBITRATION RIGHTS IN ITS MOTION FOR PROTECTIVE ORDER

Plaintiffs are simply incorrect when they argue that TD Ameritrade did not adequately raise its arbitration rights in its Motion for Protective Order. TD Ameritrade specifically discussed this issue in a footnote in its Motion for Protective Order (Doc. No. 171 at 4, n.2), as Plaintiffs acknowledge. Moreover, the sequence of class certification discovery and the impact on TD Ameritrade's arbitration rights was the focus of the parties F.R.C.P. Rule 26(f) Joint Report, which was also discussed in that Motion. *Id.* at 3-4, n.2.

/ / /

/ / /

/ / /

/ / /

In Plaintiffs' Opposition, they argue that making a point in a footnote is not sufficient to "raise the issue." Doc. No. 228 at 6, n.8. The cases Plaintiffs cite, however, involve appeals of agency or district court decisions where the issue on appeal was not raised in the matter below. It is well settled that an issue cannot be raised for the first time on appeal. *Rothman v. Hospital Service of Southern California*, 510 F.2d 956, 960 (9th Cir. 1975) (citations omitted). It is also true, however, that no "bright line rule exists to determine whether a matter has been properly raised below." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992) (citations omitted). As the Ninth Circuit noted in *Whittaker*, "a workable standard, however, is that the argument must be raised sufficiently for the trial court to rule on it." *Id.* (citing *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989)). This allows the district court the opportunity "to reconsider its rulings and correct its errors." *Id.* (citing *Morrow v. Greyhound Lines, Inc.*, 541 F.2d 713, 724 (8th Cir. 1976). TD Ameritrade sufficiently raised the issue of its arbitration rights.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 3 – DEFENDANT TD AMERITRADE, INC.'S REPLY IN SUPPORT OF MOTION
    FOR RECONSIDERATION OF DISCOVERY ORDER (DOC. 213)

Plaintiffs' cases involving reconsideration motions are also inapposite because they, too, address a situation where a party has not raised the issue ***at all***. *See Kona Enters. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000) (plaintiffs raised choice of law issue for the first time in their motion for reconsideration); *Redwind v. W. Union, LLC*, No. 3:14-cv-01699-AC, 2017 WL 1025184, at *3 (D. Or. Mar. 16, 2017) (plaintiff did not assert that she would be unable to pay an attorneys' fees award or that an award of costs would be improper because of disparity in resources or chilling effect on other plaintiffs).

Dated this 5th day of April, 2017.

Respectfully submitted,

*/s/ Nicholas T. Christakos*

**Bruce M. Bettigole** (admitted *pro hac vice*)
Email:  brucebettigole@eversheds-sutherland.com
**Nicholas T. Christakos** (admitted *pro hac vice*)
Email:  nicholaschristakos@eversheds-sutherland.com
**Gail L. Westover** (admitted *pro hac vice*)
Email:  gailwestover@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
700 Sixth Street, NW, Suite 700
Washington, DC 20001
Telephone:  (202) 383-0100
Facsimile:  (202) 637-3593

*/s/ Matthew J. Kalmanson*

**Matthew J. Kalmanson**
Email:  mjk@hartwagner.com
**Lindsay Howk Duncan**
Email:  lhd@hartwagner.com
**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone:  (503) 222-4499
Facsimile:  (503) 222-2301

*Attorneys for Defendant TD Ameritrade, Inc.*

Page 4 – DEFENDANT TD AMERITRADE, INC.'S REPLY IN SUPPORT OF MOTION
        FOR RECONSIDERATION OF DISCOVERY ORDER (DOC. 213)