UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST; GREG and ANGELA JULIEN; JAMES and SUSAN MACDONALD, as Co-Trustees of the MACDONALD FAMILY TRUST; R.F. MACDONALD CO.; ANDREW NOWAK, for himself and as Trustee of the ANDREW NOWAK REVOCABLE LIVING TRUST U/A 2/20/2002; WILLIAM RAMSTEIN; and GREG WARRICK, for himself and, with SUSAN WARRICK, as Co-Trustees of the WARRICK FAMILY TRUST, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

DELOITTE & TOUCHE LLP, EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; and INTEGRITY BANK & TRUST,

Defendants.

Case No. 3:16-cv-00580-AC

ORDER ON MOTIONS FOR RECONSIDERATION OF PROTECTIVE ORDER RULINGS

ACOSTA, Magistrate Judge:

Before the court on defendants Integrity Bank & Trust's motion (ECF No. 216), and TD Ameritrade, Inc.'s motion (ECF No. 221) (collectively, "Moving Defendants") for clarification or reconsideration of the court's Opinion and Order dated February 21, 2017 (ECF No. 213) ("February Order") directing Moving Defendants to produce specific groups of documents. Plaintiffs also informally requested the court clarify its February Order regarding Sidley Austin LLP's discovery obligations. The Moving Defendants' motions for reconsideration are denied, and the court's February Order regarding Sidley's discovery obligations is clarified, as discussed below.

*Background*

Plaintiffs filed this securities fraud lawsuit against an international accounting firm and an international law firm, a national accounting firm, an Oregon law firm, a national stock trading firm, and a bank, alleging that each of them participated in and aided the Aequitas group of companies' ("Aequitas") sale of a group of securities through material misrepresentations and omissions. (ECF No. 1 (Complaint), at ¶ 1; ECF No. 57 (First Amended Complaint), at ¶ 1). Although Plaintiffs asserted only a single claim for relief for violation of Oregon securities law (ECF No. 57, at ¶¶ 189-194), they presented their claim in a 52-page complaint that contained lengthy and detailed factual allegations; asserted scores of alleged failures to disclose, misrepresentations, and omissions; and included a request for class certification.

After the case was filed, Defendant Deloitte & Touche LLP and Defendant EisnerAmper (the "Accounting Firms") moved (ECF Nos. 139 and 143, respectively) for protective orders to stay discovery until the court ruled on motions (ECF Nos. 74, 78, 80, 81, 85, 95, and 113) to dismiss filed by the Accounting Firms and other defendants. On November 28, 2016, the court issued its Opinion and Order

(ECF No. 174; *see also Ciuffitelli, et al. v. Deloitte & Touche LLP, et al.*, 3:16-cv-0580-AC, 2016 WL 6963039 (D. Or. Nov. 28, 2016)) ("November Order"), in which it granted in part and denied in part the Accounting Firms' respective motions for protective order. 2016 WL 6963039, at *1. Similarly, Sidley, TD Ameritrade, and Integrity each filed a motion (ECF Nos. 160, 171, and 175, respectively) for a protective order against Plaintiffs' Requests for Production, asking the court to stay discovery in whole or in part until the court decided the seven pending motions to dismiss. On February 21, 2017, the court issued the February Order in which it granted in part and denied in part Sidley's, Integrity's, and TD Ameritrade's respective motions for protective order.

The court decided all the motions to dismiss on April 10, 2017. (Amended Findings and Recommendation, ECF No. 242). The court granted in part and denied in part the collective defendants' seven motions to dismiss, and granted Plaintiffs leave to file another amended complaint because the defects of the First Amended Complaint could be cured by additional factual allegations. Judge Mosman subsequently issued an Opinion and Order (ECF No. 250) adopting the court's Amended Findings and Recommendation.

*Legal Standards*

The Federal Rules of Civil Procedure do not explicitly discuss motions for reconsideration. *Allen v. Nw. Permanente, P.C.*, No. 3:12-cv-0402-ST, 2012 WL 5996935, at *1 (D. Or. Nov. 30, 2012). However, two rules contemplate a situation where the court may revisit prior decisions and order them amended, rescinded, or reversed. After the court has entered a final judgment in a matter, a party may seek relief from that judgment "under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *Allen*, 2012 WL 5996935, at *1 (quoting *Sch.*

*Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

Rule 60(b) provides that a court may "relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Rule 59(e) does not articulate a test to determine when a court should reconsider a prior decision, but courts have determined that reconsideration under Rule 59(e) is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed a clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sissoko v. Rocha*, 440 F.3d 1145, 1153-54 (9th Cir. 2006); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Under either rule, "a motion for reconsideration should accomplish two goals: (1) it should demonstrate reasons why the court should reconsider its prior decision and (2) set forth law or facts of a strongly convincing nature to induce the court to reverse its prior decision." *Romtec, et al. v. Oldcastle Precast, Inc.*, 08-06297-HO, 2011 WL 690633, at *8 (D. Or. Feb. 16, 2011) (citing *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996)).

When a party moves for reconsideration based on new evidence, the court applies the same test regardless of whether the motion is brought under Rule 59 or Rule 60. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (citing 1 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2859 (1973)). "Under this test the movant must show the evidence (1) existed at the time of the [original decision], (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones*, 921 F.2d at 878 (internal quotation marks omitted).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc.*, 229 F.3d at 890. Motions for reconsideration should not be frequently made or freely granted. *Twentieth Century-Fox Film Corp.v. Dunnahoo*, 637F.2d 1338, 1341 (9th Cir. 1980).

*Discussion*

The court has carefully reviewed the entire record and the parties' respective briefing, and finds that the Moving Defendants' motions for reconsideration do not provide reason under Rule 59(e) or Rule 60(b) to reconsider the court's February Order. Before addressing the merits of those motions, the court notes that the procedural posture of the case is different now than at the time the Moving Defendants filed their motions for protective orders, because the motions to dismiss since have been granted in part and denied in part. (ECF No. 242 (Amended F&R) and ECF No. 250 (Opinion and Order Adopting Amended F&R).) The court found that Plaintiffs had sufficiently stated some but not all of their allegations against the Moving Defendants, and granted Plaintiffs leave to file another amended complaint. (ECF No. 242). Thus, to the extent that the motions for reconsideration were intended to limit or preclude discovery

on the premise that the court's decision on the motions to dismiss might have ended the case against either or both of the Moving Defendants, that premise no longer is valid.

Regarding the merits of the pending motions, Integrity asks the court to clarify and reconsider three of the court's rulings, which require Integrity to provide Plaintiffs with:

2. All documents Integrity sent or received regarding the ACF Notes.

3. All documents Integrity sent or received regarding the AIOF-II Notes.

5. All documents Integrity sent to and received from any Aequitas company regarding securities issued by or proposed to be issued by any Aequitas company.

(February Order, at 11). Integrity's request for clarification turns on the meaning of "[a]ll documents," specifically, that "[a]ll documents" cannot be interpreted literally. But the plain language of the court's prior ruling governs. "All documents" requires Integrity to provide Plaintiffs with all documents, including any ESI and emails relevant to the court's rulings.

Integrity also asks the court to reconsider Integrity's obligations under the aforementioned rulings, but it provides no recognized reason under Rule 59(e) or Rule 60(b) to reconsider the court's February Order. Specifically, Integrity's brief does not cite any of the Rule 60(b) reasons – mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation or misconduct by defendants; that the judgment is void – that would justify relief under that rule. Nor has Integrity shown under Rule 59(e) that the court committed clear error, an intervening change in controlling law has occurred, or the court's initial decision is manifestly unjust. *See Sissoko*, 440 F.3d at 1153-54; *Kona Enters., Inc.*, 229 F.3d at 890. Rather, Integrity's motion for reconsideration merely reiterates points raised in its motion for protective order. *Compare* (ECF No. 216, at 6-8) (arguing that the ordered

discovery is beyond the scope allowed by Rule 26), *with* (ECF No. 175, at 6-7) (arguing that the discovery requests are beyond the scope allowed by Rule 26). The court fully considered these issues and arguments when issuing its February Order and tailored its discovery rulings accordingly. (ECF No. 213, at 6-8) (referencing and incorporating the court's prior discovery stay analysis and proportionality analysis, and noting Integrity's proposed limitations on discovery prior to rejecting Integrity's proposal).

Similarly, TD Ameritrade asks the court to reconsider two rulings in the court's February Order, which require TD Ameritrade to provide Plaintiffs with:

> 2. All documents Ameritrade sent to and received from any Aequitas company regarding any securities issued by or proposed to be issued by any Aequitas company.
>
> 3. All documents Ameritrade sent to or received from any registered investment advisers, registered dealer-brokers, and purchasers or prospective purchasers regarding any Aequitas company.

(February Order, at 10). TD Ameritrade argues that these two rulings are manifestly unjust because the ordered discovery is broad and burdensome, and the ordered discovery is not proportional to the needs of the case. But these are the same reasons TD Ameritrade cited in its motion for protective order. *Compare* (ECF No. 221, at 6-8, 10-12) (arguing that the ordered discovery is broad and burdensome and not proportional to the case), *with* (ECF No. 171, at 10-12) (arguing that the discovery requests were overbroad and disproportionate to the needs of the case). The court fully considered these issues and arguments in its February Order, and tailored its discovery rulings accordingly.

In its motion for reconsideration TD Ameritrade raises a new argument, that Plaintiffs' claims against it are subject to arbitration and, thus, that requested discovery and any order to produce it undermines TD Ameritrade's arbitration rights. (ECF No. 221, at 8-10). But courts should not reconsider

a prior ruling based on a new legal argument that could have been asserted previously. *See Kona Enters., Inc.*, 229 F.3d at 890 (a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation"); *Harley–Davidson Credit Corp. v. Turudic*, Case No. 3:11–cv–01317–HZ, 2012 WL 5411771, at *3 (D. Or. Nov. 6, 2012) (arguments made for the first time on motion for reconsideration are improperly raised). *See also Evraz Inc., N.A. v. Continental Ins. Co.*, Case No. 08-cv-00447-AC, 2014 WL 2093838, at *6 (May 1, 2014) (on a motion for reconsideration, party may not cite as "new evidence" materials in its possession at the time it filed its original motion).

In its motion for protective order, TD Ameritrade relegated the issue of its arbitration rights to a three-line footnote in which is made an aside to the court that: "[t]he Court should also bear in mind, in sorting through the discovery issues, that TD Ameritrade has an arbitration right that will be asserted, assuming the case continues, if and when class certification is ultimately denied." (ECF No. 171, at 7 n.2). Having failed to secure all the protection it sought through its motion for protective order, TD Ameritrade has now offered a full argument spanning several pages (*see* ECF No. 221, at 8-10) to explain why discovery will impair its arbitration rights. This is an argument TD Ameritrade could have raised in its initial motion for protective order, but for unexplained reasons chose to not do so. Consequently, the court finds that TD Ameritrade did not properly assert its arbitration rights argument in its motion for protective order and the court will not consider it here. *Cf. Idaho Conservation League v. Bonneville Power Admin.*, 826 F.3d 1173, 1178 (9th Cir. 2016) (finding that the Court of Appeals does "not ordinarily consider matters on appeal that are not specifically and distinctly argued in an opening brief, including those raised only in a footnote").

Even if TD Ameritrade's footnote reference were sufficient to have properly raised its arbitration argument, its argument is unavailing. TD Ameritrade's arbitration rights do not, in fact exist at this time; rather, they are contingent on an event, denial of Plaintiffs' class certification request, that might not occur. Accepting TD Ameritrade's argument that discovery against it should be stayed pending resolution of the class certification issue would produce a years-long delay in it making discovery in this case. This is no exaggeration, given that this case has been pending for 16 months, the pleading are still not settled, and the class certification question and related discovery are unlikely to be concluded for many more months.

TD Ameritrade argues two final points. It contends that discovery should be limited to addressing the named Plaintiffs' individual claims and the issue of class certification, but it failed to include this argument in its original motion and it provides no explanation for its earlier omission, thus the court will not consider it here. Second, TD Ameritrade argues that the discovery it has been ordered to produce is not consistent with the discovery ordered to be produced by others. But, as Plaintiffs point out, TD Ameritrade's argument assumes that each defendant's alleged role in the events alleged – and, thus, the information each possesses – is comparable. The court issued discovery rulings regarding each party's initial discovery obligations, for this reason, and any disparities in obligations that may have resulted are not a basis for reconsideration.

Finally, Plaintiffs informally seek clarification of that part of the court's February Order permitting Sidley to "defer production of email as part of the [court] ordered discovery until after the court resolve[d] the attorney-client privilege issues raised in the Individual Defendants' pending motion (ECF No. 196) for protective order." On March 1, 2017, the court issued its order (ECF No. 215) denying the Individual Defendants' motion for protective order. (ECF No. 215). Plaintiffs now ask the court to clarify whether

Sidley is required to produce emails as part of the court-ordered discovery, given that the protective order was denied. Sidley, in a letter to the court, contended that the parties must negotiate an ESI protocol before email production can begin. At the July 25, 2017 status conference, the court will address Sidley's production of emails, including whether ESI protocols are appropriate.

*Conclusion*

For the reasons stated above, Integrity's motion for clarification or reconsideration (ECF No. 216) is DENIED, and TD Ameritrade's motion for reconsideration (ECF No. 221) is DENIED. Integrity and Sidley's obligations under the February Order (ECF No. 213) are clarified as set out herein.

IT IS SO ORDERED.

DATED this 24th day of July, 2017.

JOHN V. ACOSTA
United States Magistrate Judge