IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST; GREG and ANGELA JULIEN; JAMES and SUSAN MACDONALD, as Co-Trustees of the MACDONALD FAMILY TRUST; R.F. MACDONALD CO.; ANDREW NOWAK, for himself and as Trustee of the ANDREW NOWAK REVOCABLE LIVING TRUST U/A 2/20/2002; WILLIAM RAMSTEIN; and GREG WARRICK, for himself and, with SUSAN WARRICK, as Co-Trustees of the WARRICK FAMILY TRUST, individually and on behalf of all others similarly situated, | Case No. 3:16-cv-00580-AC<br><br>ORDER ON ESI DISCOVERY ISSUES |
| Plaintiffs, | |
| v. | |
| DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; INTEGRITY BANK & TRUST; and DUFF & PHELPS, LLC, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

1 - ORDER ON ESI DISCOVERY ISSUES

On September 19, 2017, the parties filed a Corrected Joint Status Report ("Report") on electronically stored information ("ESI") Discovery Issues. ECF No. 263. In that Report, all parties, including new Defendant Duff & Phelps, LLC, indicated they have agreed to the terms of a Stipulated ESI Protocol, also filed September 19, 2017. ECF No. 261. The Stipulated ESI protocol establishes a process for selecting search parameters and how the information will be produced, with the parties conferring separately about specific search parameters pertaining to that particular Defendant's document search (*i.e.,* sources and time frame, custodians, non-custodial data sources, and search terms). Plaintiffs and Defendants Tonkon Torp LLP, EisnerAmper LLP, Deloitte & Touche LLP, and Integrity Bank & Trust have reached agreement on the parameters for an initial ESI search, with all parties reserving their rights with respect to potential subsequent searches.

Plaintiffs and Defendants Sidley Austin LLP ("Sidley") and TD Ameritrade, Inc. ("Ameritrade") have not reached agreement on an initial ESI search, and in the Report, request the court's intervention to resolve their ongoing ESI discovery disputes. The court has reviewed the Report and its attached Exhibits (ECF No. 263), Sidley's Amended Statement on ESI discovery issues (ECF No. 264), the court's February 21, 2017 Opinion and Order on protective motions ("February Order") (ECF No. 213), the transcript of the July 25, 2017 Telephone Status Conference ("July Transcript") (ECF No. 255), and other pertinent portions of the record. The court resolves the parties' disputed issues as set forth below.

*RELEVANT BACKGROUND*

After Plaintiffs filed their initial complaint, Defendants each filed motions to dismiss. ECF Nos. 74, 78, 80, 81, 85, 95, and 113. Additionally, Defendants Sidley and Ameritrade filed motions for protective orders seeking to stay discovery in whole or in part pending resolution of their motions

to dismiss. ECF Nos. 160, 171. In the February Order, the court granted in part and denied in part Sidley and Ameritrade's protective order motions, holding that staying all discovery until resolution of the motions to dismiss was not warranted. Instead, the court required limited, focused merits discovery, requiring Sidley to produce nine categories of documents, and Ameritrade to provide six categories of documents. Feb. Op. & Order 8-11.

On April 10, 2017, the court resolved the motions to dismiss, and the Amended Findings and Recommendation was adopted by the Honorable Michael W. Mosman on July 5, 2017. ECF Nos. 242, 250. The court granted in part and denied in part the collective defendants' seven motions to dismiss, and granted Plaintiffs leave to file a Second Amended Complaint because the defects of the First Amended Complaint could be cured with additional factual allegations. Thereafter, Ameritrade sought reconsideration of the February Order and Sidley requested clarification of its obligations under the February Order. ECF No. 221. The court denied Ameritrade's motion for reconsideration and indicated it would resolve Sidley's concerns about production of emails and ESI protocols at the July 25, 2017 status conference. ECF No. 252.

At the July 25, 2017 Status Conference, the court heard from all parties about the status of discovery, the timeline for Plaintiffs' filing of a Second Amended Complaint ("SAC"), and Defendants reported they anticipate filing another round of motions to dismiss. July Tr. 8-9, ECF No. 255. At the status conference, Sidley expressed its understanding that it was not required to produce ESI and emails until an ESI protocol was reached. July Tr. 21-22. The court urged the parties to quickly reach an agreement on an ESI protocol, and for discovery to proceed as the pleadings are likely many months from being resolved. For example, the court stated:

3 - ORDER ON ESI DISCOVERY ISSUES

> I don't think there is much dispute about what the Plaintiffs are looking for, or at least what documents are or potentially are implicated in the case based on the allegations that already exist.
>
> So it seems to me that . . . defendants can move forward to finalizing a set of ESI protocols that the defendants agree should be used to look for documents that are relevant to the claims asserted in the current complaint.
>
> And those can be modified, it seems to me, as necessary based on additional allegations that appear in the [SAC] when that is filed in September.

July Tr. 23:18-24:4. The court also observed that:

> It's not just one plaintiff and one defendant in this case, such that if the defendants' motion to dismiss were successful the case would be over. There are multiple defendants. And if any of them are dismissed from the case it does not necessarily mean the information in their possession suddenly does not become discoverable.
>
> The Plaintiffs made this point early on in the case. I agree generally that even a dismissed party in this case, if there is to be any, will have evidence that will bear on the claims and defenses that have been asserted or argued.

July Tr. 30:11-17. During the status conference, the court set a briefing schedule for filing the SAC, the anticipated dispositive motions in response thereto, as well as a briefing schedule for filing an ESI protocol and the Joint Status Report concerning any disputed issues. July Tr. 24-26.

## DISCUSSION

### I.     Legal Standards

Rule 26 governs discovery in federal civil cases, the scope of which includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "A district court has wide latitude in controlling discovery." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). As relevant, the court has applied the legal standards as set forth in the February Order. *See* Feb. Op & Order 7-8; *see also Ciuffitelli*

*v. Deloitte & Touche, LLP*, Case No. 3:16-cv-00580-AC, 2016 WL 6963039, *5 (D. Or. Nov. 28, 2016) (applying *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995)).

## II.  *Plaintiffs and Sidley's ESI Disagreements*

Plaintiffs and Sidley disagree as to whether discovery is limited to the February Order, or whether the scope of discovery has expanded to include allegations in the recently filed SAC. Plaintiffs contend that limiting discovery to the February Order will cause unnecessary delay. Plaintiffs argue that at the July status conference, the court indicated discovery should include allegations in the SAC, and that they have provided additional detail to which discovery responses should be tailored. Thus, Plaintiffs appear to propose an expanded list of search terms and custodians in the initial ESI search relating to allegations in the SAC. Alternatively, Plaintiffs contend that Sidley's proposed search terms are inadequate to identify documents, including ESI, responsive to even the February Order.

Sidley responds that the February Order still controls the scope of discovery until the pleadings are set. Sidley argues that its potential liability is limited to a single offering – ACOF – and discovery is limited to that offering. Additionally, Sidley contends the date range proposed by Plaintiffs is unworkable because it begins two years before Sidley was engaged by any Aequitas company. Sidley contends that its custodian list is based on the custodian's seniority, closeness to the relevant issue, and those persons who billed more than ten hours. On September 28, 2017, Sidley provided an updated list of search terms and custodians that it proposed to Plaintiffs for its response to item 6 in the February Order. Amended Report, Ex. 1, ECF No. 264.

### III.    *Ruling Regarding Plaintiffs and Sidley*

As the court noted at the July status conference, ESI protocols are typically helpful in complex cases such as this one, and the court commends the parties for filing a Stipulated ESI Protocol. Sidley's production of all discovery, including ESI and emails, responsive to the court's February Order is now past due and must be provided to Plaintiffs without further delay.

Additionally, Plaintiffs are correct that the court intends for discovery to include the allegations in the now filed SAC. As the court held in the February Order and stated at the July status conference, staying discovery until the pleadings are set is not warranted, and limited, focused, merits discovery should proceed. *See* Feb. Op. & Order 8. Thus, discovery as it pertains to Sidley now includes the nine categories of documents identified in the February Order, as refined or expanded by the allegations in the SAC.

The court reiterates it is unlikely that all defendants would be dismissed from the case following ruling on the likely second round of motions to dismiss. Therefore, even if Sidley prevails on its anticipated motion, Sidley likely has documents in its possession relevant to the claims and defenses in the SAC that are discoverable. Additionally, the pleadings are likely many months from firm resolution. Limiting discovery to the February Order to the extent it pertained solely to the First Amended Complaint would unnecessarily delay discovery this case.

With respect to the parties' proposed search terms, the court concludes that Sidley must use Plaintiffs' proposed list of search terms, custodians, and email domains. This includes Plaintiffs' request that Sidley search all emails sent to or from "@aequitascaptial.com" email domain to identify and produce communications responsive to item 6 of the February Order. *See* Joint Report 7, ECF

263. Additionally, the court finds Sidley's limitation of custodians to those with seniority and those who billed only ten plus hours to be arbitrary and inadequately explained.

However, the court agrees with Sidley the date range in Plaintiffs' request is overly broad. Plaintiffs seek relevant ESI from January 1, 2010 through April 4, 2016. Sidley contends the date range extends two years prior to its engagement with any Aequitas company. *See* Joint Report 4, 11, & Ex. A at 1. In SAC paragraph 192(a), Plaintiffs allege that Sidley's initial engagement letter was dated March 1, 2012. Additionally, the alleged misleading statements by ACOF in paragraphs 153 to 157 occur in 2014 to 2015, and it is an April 5, 2013 legal opinion that Plaintiffs allege connects Sidley to sales of securities by any Aequitas entity. SAC ¶¶ 63, 153-57, 192, ECF No. 257. Thus, at this stage, the court concludes the appropriate date range for Sidley's initial ESI search is March 1, 2012 through April 4, 2016. The court might revisit the date range as discovery proceeds, as appropriate.

In the interest of clarity, Sidley is hereby ORDERED to produce all discovery, including emails and ESI, detailed in the court's February Order, with the adjustments set forth above to incorporate the allegations in the Second Amended Complaint. Sidley is ORDERED to use plaintiff's proposed list of search terms, custodians and requested email domains set forth in Exhibit A to Dkt. Entry 263 for the dates March 1, 2012 through April 4, 2016, when providing ESI discovery set forth in the February Order.

### IV. *Plaintiffs and Ameritrade's ESI Disagreements*

In the Report, Plaintiffs and Ameritrade indicate that they have reached an agreement on the parameters and timing of a search for documents, including ESI, responsive to the February Order. Joint Report 12, ECF No. 263. However, Plaintiffs and Ameritrade, similar to the disagreement

between Plaintiffs and Sidley, disagree as whether discovery is limited to the February Order, or if discovery should be adjusted to include documents that may be responsive to the SAC. *Id.*

Plaintiffs contend that at the July status conference, the court indicated its desire to broaden the scope of discovery to encompass documents, including ESI, that may be responsive to the allegations in the SAC. Plaintiffs seek clarification to that effect, and indicate they are confident they can work with Ameritrade to reach a comprehensive discovery agreement.

Ameritrade argues that the February Order encompasses the court's intended scope of discovery until the pleadings are set. Ameritrade highlights that under the February Order, it is obligated to produce discovery related not only to named Plaintiffs but also putative class members. Joint Report 14. Ameritrade further contends that the SAC does not cure the deficiencies in the First Amended Complaint, and that it intends to challenge those deficiencies.

Ameritrade has offered a compromise to Plaintiffs that would provide discovery in two phases: Phase I would include completing its responses to Items 2 and 3 of the February Order (to which the parties have agreed); and Phase II would include some discovery beyond the scope of the February Order prior to disposition of the anticipated second round of motions to dismiss. Ameritrade proposes that in Phase II it would search its database of all internal emails (created by using the agreed upon search terms) and produce all internal email communications that mention any specific Ameritrade customers who purchased Aequitas by February 1, 2018. Additionally, Ameritrade would agree to work with Plaintiffs to identify specific custodians and systems to be searched for all ESI (the remaining internal email and other electronic files) and any physical files in the possession of any custodian and would produce this set of documents within two weeks after its answer is filed. Joint Report 15-16.

8 - ORDER ON ESI DISCOVERY ISSUES

## V.    *Ruling Regarding Plaintiffs and Ameritrade*

As detailed above, Plaintiffs are correct that the court intended discovery to include the allegations in the now filed SAC. As noted above, staying discovery until the pleadings are set is not warranted, and limited, focused, merits discovery should proceed. *See* Feb. Op. & Order 8. And, even if Ameritrade prevailed on its anticipated motion to dismiss, Ameritrade likely has documents in its possession relevant to the claims and defenses in the SAC that are discoverable, and limiting discovery to the allegations in the now replaced First Amended Complaint at this juncture would unnecessarily delay resolution of the issues.

Based on the Report, it appears that Plaintiffs and Ameritrade are very close to reaching an agreement as to search parameters and timing. Plaintiffs have stated they are confident they can work out a comprehensive agreement with Ameritrade if discovery includes allegations in the SAC because they have reached agreement on search terms, but have yet to agree on custodians. Additionally, the court agrees with Plaintiffs that the two-phased proposal submitted by Ameritrade is confusing and fails to provide relevant ESI responsive to the February Order in a timely fashion.

Therefore, in the interest of clarity, Ameritrade is hereby ORDERED to provide all discovery, including emails and ESI, responsive to the February Order, with the adjustments discussed above to incorporate the allegations in the Second Amended Complaint without further delay. Additionally, Ameritrade is ORDERED to work with Plaintiffs to establish a comprehensive set of search terms, custodians, and date ranges to produce the six categories of documents identified in the February Order as adjusted by the SAC allegations without delay.

*CONCLUSION*

The court resolves the ESI discovery disputes as set forth above.

IT IS SO ORDERED.

DATED this 6th day of October, 2017.

                                                          _____
                                                          JOHN V. ACOSTA
                                                          United States Magistrate Judge