**Keith A. Ketterling**, OSB No. 913368
Email: kketterling@stollberne.com
**Timothy S. DeJong**, OSB No. 940662
Email: tdejong@stollberne.com
**Jacob S. Gill**, OSB No. 033238
Email: jgill@stollberne.com
**Nadia H. Dahab**, OSB No. 125630
Email:ndahab@stollberne.com
**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**
209 SW Oak Street, Suite 500
Portland, Oregon  97204
Telephone:  (503) 227-1600
Facsimile:  (503) 227-6840

**Steve W. Berman** (*pro hac vice*)
Email: steve@hbsslaw.com
**Jeniphr A. E. Breckenridge** (*pro hac vice*)
Email: jeniphr@hbsslaw.com
**Karl P. Barth** (*pro hac vice*)
Email: karlb@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

*Attorneys For Plaintiffs*

[Additional Counsel of Record Listed on Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST; GREG and ANGELA JULIEN; JAMES and SUSAN MACDONALD, as Co-Trustees of the MACDONALD FAMILY TRUST; R.F. MACDONALD CO.; ANDREW NOWAK, for himself and as Trustee of the ANDREW NOWAK REVOCABLE LIVING TRUST U/A 2/20/2002; WILLIAM RAMSTEIN; and | Case No. 3:16-cv-00580-AC<br><br>**CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT** |

GREG WARRICK, for himself and, with
SUSAN WARRICK, as Co-Trustees of the
WARRICK FAMILY TRUST, individually
and on behalf of all others similarly situated,

       Plaintiffs,

  v.

DELOITTE & TOUCHE LLP;
EISNERAMPER LLP; SIDLEY AUSTIN
LLP; TONKON TORP LLP; TD
AMERITRADE, INC.; INTEGRITY BANK &
TRUST; and DUFF & PHELPS, LLC,

       Defendants.

## TABLE OF CONTENTS

**Page**

CERTIFICATION OF COMPLIANCE WITH LR 7-1 ...................................................1

MOTION.........................................................................................................................1

MEMORANDUM IN SUPPORT....................................................................................2

I.      INTRODUCTION ...............................................................................................2

II.     BACKGROUND .................................................................................................4

        A.      Allegations of the Action ........................................................................4

        B.      Procedural Background.............................................................................5

        C.      The Mediation/Settlement Process ..........................................................6

III.    SUMMARY OF KEY SETTLEMENT TERMS ...............................................7

        A.      The Class Definition ................................................................................7

        B.      The Settlement Consideration ..................................................................7

        C.      Release of Claims ....................................................................................8

        D.      Contribution Claims Bar ..........................................................................8

IV.     NOTICE OF THE SETTLEMENT ....................................................................8

V.      ARGUMENT.......................................................................................................9

        A.      The Proposed Settlement Warrants Preliminary Approval......................9

                1.      The Settlement is Entitled to the Presumption of Fairness as
                        Being the Result of Non-Collusive, Informed, Arm's-Length
                        Negotiations. ...............................................................................10

                2.      The Settlement Does Not Suffer from Any Obvious
                        Deficiencies.................................................................................12

                3.      The Settlement Does Not Improperly Grant Preferential
                        Treatment to Class Representatives or Segments of the Class. .................13

                4.      The Settlement Falls Within the Range of Possible Approval .................14

HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
TEL. (206) 623-7292   FAX (206) 623-0594

B.    The Court Should Make a Preliminary Determination that the
Proposed Class Satisfies the Standard for Certification Under Rule 23. ...............15

1.    The Rule 23(a) Requirements are Met .......................................................16

a.    The Class Is So Numerous that Joinder Is Impracticable ..............16

b.    Numerous Common Issues Exist ....................................................17

c.    The Class Representative's Claims Are Typical of
Those of Other Class Members........................................................17

d.    The Class Representatives and Their Counsel
Adequately Represent the Interests of the Class............................19

2.    The Requirements of Rule 23(b)(3) are met. ..............................................19

a.    Common Questions of Fact or Law Predominate..........................19

b.    The Class Action Mechanism is Superior to Any Other
Method of Adjudication..................................................................21

C.    The Proposed Plan of Allocation is Fair and Reasonable.....................................22

D.    The Proposed Claims Administrator Should be Approved....................................23

E.    The Form and Method of Notice Should be Approved. .......................................24

F.    The Court Should Appoint Class Counsel............................................................26

VI.    PROPOSED SCHEDULE OF EVENTS....................................................................26

VII.    CONCLUSION..........................................................................................................28

HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
TEL. (206) 623-7292  FAX (206) 623-0594

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| A | [Proposed] Preliminary Approval Order |
| A-1 | Notice of Pendency and Settlement of Class Action |
| A-2 | Summary Notice |
| A-3 | Proof of Claim and Release |
| B | [Proposed] Limited Judgment |

Page iii - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL
SETTLEMENT AND MEMORANDUM IN SUPPORT

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amchem Prods. v. Windsor*,
521 U.S. 591 (1997)..............................................................20, 21, 22

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*,
568 U.S. 455 (2013)..................................................................20, 21

*In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*,
281 F.R.D. 134 (S.D.N.Y. 2012) ...........................................................18

*Bell v. Consumer Cellular, Inc.*,
2017 WL 2672073 (D. Or. June 21, 2017) ...................................................11, 12

*Bickley v. Schneider Nat'l Inc.*,
2016 WL 4157355 (N.D. Cal. Apr. 25, 2016) ...............................................10

*In re Blech Sec. Litig.*,
187 F.R.D. 97 (S.D.N.Y. 1999) .............................................................21

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) .............................................................12

*Churchill Vill., L.L.C. v. GE*,
361 F.3d 566 (9th Cir. 2004) ...........................................................24, 25

*Ciuffitelli for Tr. of Ciuffitelli Revocable Tr. v. Deloitte & Touche LLP*,
2017 WL 2927481 (D. Or. Apr. 10, 2017), *report and recommendation adopted sub nom. Ciuffitelli v. Deloitte & Touche LLP*, 2017 WL 2927150 (D. Or. July 5, 2017) ...........................................................21

*Collins v. Cargill Meat Sols. Corp.*,
274 F.R.D. 294 (E.D. Cal. 2011) ..........................................................9

*Comcast Corp. v. Behrend*,
569 U.S. 27 (2013)........................................................................16

*In re Comput. Memories Sec. Litig.*,
111 F.R.D. 675 (N.D. Cal. 1986)...........................................................16

HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
TEL. (206) 623-7292   FAX (206) 623-0594

*Costelo v. Chertoff*,
　258 F.R.D. 600 (C.D. Cal. 2009) ................................................................18

*Couser v. Comenity Bank*,
　125 F. Supp. 3d 1034 (S.D. Cal. 2015) ......................................................12

*Dubeau v. Sterling Sav. Bank*,
　2013 U.S. Dist. LEXIS 123337 (D. Or. Aug. 28, 2013) .............................22

*Ellis v. Costco Wholesale Corp.*,
　657 F.3d 970 (9th Cir. 2011) .........................................................17, 18, 19

*Fidel v. Farley*,
　534 F.3d 508 (6th Cir. 2008) ......................................................................25

*Fosbre v. Las Vegas Sands Corp.*,
　2015 WL 3722496 (D. Nev. June 15, 2015) ...............................................21

*Fraley v. Facebook, Inc.*,
　2012 WL 5838198 (N.D. Cal. Aug. 17, 2012) ...........................................10

*Fraser v. ASUS Comput. Int'l*,
　2012 WL 6680142 (N.D. Cal. Dec. 21, 2012) ...........................................13

*Freedman v. Louisiana-Pacific Corp.*,
　922 F. Supp. 377 (D. Or. 1996) ..................................................................18

*Hanlon v. Chrysler Corp.*,
　150 F.3d 1011 (9th Cir. 1998) ..............................................18, 19, 21, 22

*Hanon v. Dataproducts Corp.*,
　976 F.2d 497 (9th Cir. 1992) ......................................................................18

*Harris v. Palm Springs Alpine Estates, Inc.*,
　329 F.2d 909 (9th Cir. 1964) ......................................................................16

*Hurst v. First Student, Inc.*,
　2015 WL 6437196 (D. Or. Oct. 22, 2015) .............................................17, 18, 19

*In re Hyundai & Kia Fuel Econ. Litig.*,
　881 F.3d 679 (9th Cir. 2018) ......................................................................20

*In re Immune Response Sec. Litig.*,
　497 F. Supp. 2d 1166 (S.D. Cal. 2007) .....................................................25

Page v - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL
SETTLEMENT AND MEMORANDUM IN SUPPORT

*In re Intelcom Group, Inc. Sec. Litig.*,
169 F.R.D. 142 (D. Colo. 1996) ........................................................................22

*Jimenez v. Allstate Ins. Co.*,
765 F.3d 1161 (9th Cir. 2014) ..........................................................................17

*Lane v. Brown*,
166 F. Supp. 3d 1180 (D. Or. 2016) ....................................................................9

*In re Live Concert Antitrust Litig.*,
247 F.R.D. 98 (C.D. Cal. 2007) .........................................................................16

*Medearis v. Or. Teamster Emplrs. Tr.*,
2009 WL 1788183 (D. Or. June 19, 2009) .........................................................10

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) ........................................................................11, 14

*In re Merrill Lynch Tyco Research Sec. Litig.*,
249 F.R.D. 124 (S.D.N.Y. 2008) .......................................................................23

*Moss v. U.S. Secret Serv.*,
2015 WL 5705126 (D. Or. Sept. 28, 2015) ..........................................16, 17, 20

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004) ......................................................................10

*Nobles v. MBNA Corp.*,
2009 WL 1854965 (N.D. Cal. June 29, 2009) ....................................................11

*Officers for Justice v. Civil Serv. Comm'n*,
688 F.2d 615 (9th Cir. 1982) ..............................................................................9

*In re Omnivision Techs.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2007) ........................................................22, 23

*Ontiveros v. Zamora*,
303 F.R.D. 356 (E.D. Cal. 2014) .......................................................................24

*In re Oracle Sec. Litig.*,
1994 WL 502054 (N.D. Cal. June 18, 1994) ......................................................23

*In re Pac. Enterprises Sec. Litig.*,
47 F.3d 373 (9th Cir. 1995) ...............................................................................10

HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
TEL. (206) 623-7292  FAX (206) 623-0594

*Pecover v. Elec. Arts Inc.*,
  2010 WL 8742757 (N.D. Cal. Dec. 21, 2010) ........................................................17

*In re Portal Software, Inc. Sec. Litig.*,
  2007 WL 1991529 (N.D. Cal. June 30, 2007) .......................................................25

*Rieckborn v. Velti PLC*,
  2015 WL 468329 (N.D. Cal. Feb. 3, 2015) ...........................................................25

*Rodriguez v. West Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ................................................................................10

*Ruiz Torres v. Mercer Canyons Inc.*,
  835 F.3d 1125 (9th Cir. 2016) ..............................................................................20

*Schueneman v. Arena Pharms., Inc.*,
  2018 WL 1757512 (S.D. Cal. Apr. 12, 2018).........................................................23

*Scott v. ZST Digital Networks, Inc.*,
  2013 WL 12126744 (C.D. Cal. Aug. 5, 2013).........................................................22

*Seymour v. Summa Vista Cinema*,
  809 F.2d 1385 (9th Cir.),
  *amended*, 817 F.2d 609 (9th Cir. 1987) ...............................................................15

*Silber v. Mabon*,
  18 F.3d 1449 (9th Cir. 1994) ................................................................................26

*Smith v. Am. Greetings Corp.*,
  2015 WL 4498571 (N.D. Cal. July 23, 2015).........................................................10

*Spann v. J.C. Penney Corp.*,
  211 F. Supp. 3d 1244 (C.D. Cal. 2016) ................................................................14

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ..................................................................................9

*Stearns v. Ticketmaster Corp.*,
  655 F.3d 1013 (9th Cir. 2011) .........................................................................19, 20

*Sullivan v. Kelly Servs.*,
  268 F.R.D. 356 (N.D. Cal. 2010)...........................................................................18

*In re Tableware Antitrust Litig.*,
  484 F. Supp. 2d 1078 (N.D. Cal. 2007) ..........................................................9, 10, 14

Page vii - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL
SETTLEMENT AND MEMORANDUM IN SUPPORT

HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
TEL. (206) 623-7292   FAX (206) 623-0594

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) ........................................................................14

*Tyson Foods, Inc. v. Bouaphakeo*,
   ___ U.S. ___, 136 S. Ct. 1036 (2016) .........................................................20

*Viceral v. Mistras Grp., Inc.*,
   2016 U.S. Dist. Lexis 140759 (N.D. Cal. Oct. 11, 2016) ............................14

*Villanueva v. Liberty Acquisitions Servicing, LLC*,
   319 F.R.D. 307 (D. Or. 2017) ...............................................................16, 17

*Villanueva v. Morpho Detection, Inc.*,
   2015 WL 4760464 (N.D. Cal. Aug. 12, 2015) ............................................12

*Villegas v. J.P. Morgan Chase & Co.*,
   2012 U.S. Dist. LEXIS 166704 (N.D. Cal. Nov. 20, 2012)........................14

*Walsh v. CorePower Yoga LLC*,
   2017 U.S. Dist. LEXIS 20974 (N.D. Cal. Feb. 14, 2017) ...........................12

*Walter v. Hughes Commc'ns, Inc.*,
   2011 WL 2650711 (N.D. Cal. July 6, 2011)...............................................13

*West v. Circle K Stores, Inc.*,
   2006 WL 1652598 (E.D. Cal. June 13, 2006) ............................................13

*Zepeda v. Paypal, Inc.*,
   2015 WL 6746913 (N.D. Cal. Nov. 5, 2015) ..............................................10

*In re Zynga Sec. Litig.*,
   2015 U.S. Dist. Lexis 145738 (N.D. Cal. Oct. 27, 2015) ...........................14

**Statutes**

Or. Rev. Stat. § 59.115......................................................................5, 13, 21, 23

**Other Authorities**

Fed. R. Civ. P. 23 ......................................................................................ￂ *passim*

Manual for Complex Litigation § 13:10 (4th ed. 2004) .......................................9, 15

4 Newberg on Class Actions § 13:10 (5th ed.)........................................................9

4 Newberg on Class Actions § 13:14 (5th ed.)..................................................10, 12

Page viii - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL
SETTLEMENT AND MEMORANDUM IN SUPPORT

4 NEWBERG ON CLASS ACTIONS § 13:15 (5th ed.) ..........................................................................13

7 NEWBERG ON CLASS ACTIONS § 22:82 (5th ed.) ..........................................................................22

Page ix - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL
SETTLEMENT AND MEMORANDUM IN SUPPORT

## CERTIFICATION OF COMPLIANCE WITH LR 7-1

Defendants Tonkon Torp LLP and Integrity Bank & Trust do not oppose this motion. Plaintiffs' counsel conferred with counsel for each of the other Defendants, except TD Ameritrade, Inc., by telephone and the parties made a good faith effort to resolve this dispute but were unable to do so. Plaintiffs' counsel's efforts to confer with counsel for TD Ameritrade, Inc. were unsuccessful. In light of the oppositions of several other Defendants, further attempts to confer with TD Ameritrade, Inc. would have been futile and only delayed this motion.

## MOTION

Pursuant to Fed. R. Civ. P. 23(e), Plaintiffs Lawrence P. Ciuffitelli (on behalf of himself and as Trustee of the Ciuffitelli Revocable Trust); Greg and Angela Julien (as Trustees of the Gregory and Angela Julien Revocable Trust U/A 7/2/2012); R. F. MacDonald Co.; James and Susan MacDonald (as co-Trustees of the MacDonald Family Trust U/A 12/05/2000; Andrew Nowak (on behalf of himself and in his capacity as trustee of the Andrew Nowak Revocable Living Trust U/A 2/20/2002); William Ramstein; Greg Warrick (on behalf of himself and as co-Trustee of the Warrick Family Trust); and Susan Warrick (as co-Trustee of the Warrick Family Trust) (collectively, the "Class Representatives"), through their legal counsel, move the Court for the following relief:

1.      Preliminary approval of a proposed class action settlement (the "Settlement") with Defendant Tonkon Torp LLP ("Tonkon") (the Class Representatives and Tonkon collectively "the Parties") on the terms set forth in the Stipulation and Agreement of Settlement dated May 31, 2018 (the "Stipulation");

2.      Provisionally certifying a settlement class consisting of all members of the proposed class as defined in the Second Amended Complaint, except named plaintiffs in various identified "Individual Actions" (the "Settlement Class");

3.      Preliminarily approving the Plan of Allocation;

Page 1 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL
SETTLEMENT AND MEMORANDUM IN SUPPORT

4.      Approving the retention of the proposed Claims Administrator, Garden City Group LLC;

5.      Approving the form and method for providing notice of the Settlement to the Class;

6.      Preliminarily approving counsel for the Class Representatives as Settlement Class Counsel; and

7.      Scheduling a hearing at which the Court will consider (a) final approval of the Settlement, (b) certification of the Settlement Class, (c) approval of the Plain of Allocation, (d) Class Counsel's request for fees and expenses, (e) entry of a Limited Judgment, and (f) rule upon such other matters as the Court may deem appropriate.

This motion is supported by the Declarations of the Hon. Michael H. Simon, Steve W. Berman, and Timothy S. DeJong, filed herewith.

## MEMORANDUM IN SUPPORT

## I.      INTRODUCTION

The Class Representatives have reached a settlement in this action with Tonkon that represents a significant recovery for the proposed Class and avoids the costs and risks associated with continued litigation, including the danger of a smaller recovery, or no recovery, at trial.  In a comprehensive settlement with the Class and several groups of Aequitas investors whom filed similar actions against Tonkon (the "Individual Actions," described below), Tonkon and its insurers have agreed to pay all remaining insurance policy limits, totaling $18.5 million or more. The Settlement provides an immediate and substantial benefit to the Class of *at least* $12,913,000.00, or 69.8% of the total, comprehensive settlement.  In return, the Class will grant Tonkon a release of all claims against it.  Additionally, the Settlement is explicitly conditioned upon the entry by the Court of a contribution claims bar, with a *pro tanto* credit for non-settling Defendants.  *See* Section III(D), *infra*.

Page 2 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

This Settlement represents a maximum recovery for the Class.  Based upon Class Counsel's review of Tonkon's confidential financial information, the Settlement equals or exceeds any recovery the Class might have obtained if no settlement were reached and Plaintiffs prevailed at trial and on appeal.  DeJong Decl. ¶ 5.  The Settlement reflects the reality that Tonkon faces hundreds of millions of dollars of potential liability and defense costs from this and related investor lawsuits and has limited assets beyond its remaining insurance policy limits—which would be depleted by attorney fees incurred to defend further litigation—to satisfy any judgment.  Simply put, there will never be more money potentially available to the Class than what Tonkon has voluntarily agreed to pay to settle these claims.

The Class Representatives and proposed Class Counsel recommend this Settlement, which meets the standard for preliminary approval because it was the product of arm's-length negotiation between experienced counsel, has no obvious deficiencies, does not grant preferential treatment to the Class Representatives or any other portion of the Class, and falls within the range of possible approval. *See* Section V(A), *infra*.  U.S. District Court Judge Michael H. Simon, who served as settlement judge by appointment of this Court, has submitted a declaration in support of the Settlement.  The court-appointed Receiver for Aequitas also supports the Settlement.[1]  Plaintiffs in the Individual Actions, representing 30.2% of the total net losses of all Aequitas investors, agreed after highly-contentious negotiations spanning the course of a full year to the allocation of 69.8% of the total base settlement payment of $18.5 million to the Class.

---

[1] As part of the comprehensive settlement of all actual and potential claims asserted against Tonkon related to Aequitas securities, the Receiver has agreed to apply to the District of Oregon for permission to enter into a release of potential claims against Tonkon (in exchange for Tonkon's release of potential contribution claims against Aequitas entities).  The Receiver's motion will be filed in the case captioned *SEC v. Aequitas Management, LLC*, et. al, No. 3:16-cv-00438-PK (D. Or.).

Page 3 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

Further, because all the requirements for class certification approval are met, the Court should certify the Class for settlement purposes only.  *See* Section V(B), *infra*.  The Court should also grant preliminary approval of the proposed Plan of Allocation because it seeks to disburse the settlement amount to Class members based on their proportionate loss, and thus has a "reasonable, rational basis."  *See* Section V(C), *infra*.

The Court should also approve the proposed Notice and method of notice to Class members because the Notice complies with the requirements of Rule 23(c)(2)(B), and the proposed method of notice satisfies the requirements of Rule 23 and due process.  *See* Section V(D), *infra*.  The Court should also approve the Garden City Group, LLC as Claims Administrator to administer the method of notice and administration of the Settlement proceeds. *See* Section V(E), *infra*.  Additionally, the Court should appoint counsel for the Class Representatives as Class Counsel.  *See* Section V(F), *infra*.

Lastly, the Court should schedule a final fairness hearing for approximately four months after the preliminary approval order is entered, to allow sufficient time for providing the Notice to Class Members, and allowing them to object or exclude themselves from the Class, as well as sufficient time for the Class Representatives to review any objections and to file a motion for Final Approval.  *See* Section VI, *infra*.

## II.    BACKGROUND

### A.    Allegations of the Action

Having considered multiple motions over the course of more than two years, the Court is familiar with the allegations of this lawsuit.  The Aequitas companies sold hundreds of millions of dollars of unregistered securities to Class Members in violation of the Oregon Securities Law. Tonkon, a law firm with offices in Portland, Oregon, was one of Aequitas' law firms for an ongoing securities offering conducted through at least seven Aequitas subsidiaries over the

Page 4 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

relevant time period.  Plaintiffs allege that Tonkon is liable pursuant to Or. Rev. Stat. § 59.115(3) for participating and materially aiding in Aequitas' unlawful sales of securities.

## B.    Procedural Background

On April 4, 2016, the Class Representatives filed their initial Complaint in this Action [Dkt. No. 1], alleging violations of the Oregon Securities Law by Tonkon and other Defendants in connection with their roles in participating in and materially aiding the sales of Aequitas Securities.  On May 19, 2016, the Class Representatives filed an Amended Complaint [Dkt. No. 57].

On June 10, 2016, Tonkon, along with the other defendants, filed a joint motion to dismiss the Complaint [Dkt. No. 74].  On the same date, Tonkon also filed a separate motion to dismiss the Complaint [Dkt. No. 80].  On August 1, 2016, the Class Representatives filed an opposition to each of Tonkon's motions to dismiss.  [Dkt. Nos. 119, 120]; and, on August 7, 2016, Tonkon filed a reply to the opposition to its motion [Dkt. No. 129] and to the joint motion to dismiss [Dkt. No. 131].

On September 21, 2016, the Class Representatives served requests for production of documents on Tonkon.  In response, Tonkon has produced more than 455,000 pages of documents.[2]  Class Counsel have reviewed many hundreds of thousands of documents produced by Tonkon, by other parties to this Action, and by Aequitas.

On April 24, 2017, the Court issued Amended Findings and Recommendations largely denying Tonkon's motion to dismiss the Complaint and granting the Class Representatives an opportunity to amend their complaint to address certain issues identified by the Court.  [Dkt. No. 242].  Tonkon did not object to the Amended Findings and Recommendations, but other Defendants did object.  Judge Mosman adopted the Amended Findings and Recommendations on July 5, 2017 [Dkt. No. 250].

---

[2] *See* Declaration of Steve W. Berman ("Berman Decl.") ¶ 7.

Page 5 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
TEL. (206) 623-7292   FAX (206) 623-0594

On September 8, 2017, the Class Representatives filed their Second Amended Complaint (the "SAC") with the Court. [Dkt. # 257].  On October 23, 2017, Tonkon participated in a joint motion to dismiss filed collectively by all defendants in this action. [Dkt. #278].  On November 22, 2017, the Class Representatives filed their opposition to the joint motion to dismiss. [Dkt. # 287].  On December 20, 2017, Tonkon and the other defendants filed a reply memorandum in support of their motion to dismiss.  [Dkt. # 300]. The Court held a hearing on this motion on June 1, 2018, and it is under advisement.

## C.    The Mediation/Settlement Process

On March 17, 2017, Class Counsel and Tonkon's Counsel and insurer met with U.S. District Court Judge Michael H. Simon, who acted as settlement judge for a confidential mediation process.  After difficult negotiations, the Class Representatives and Tonkon reached agreement as to the financial component of a potential settlement.  DeJong Decl. ¶ 2.  Following the initial mediation session, there were extensive negotiations between Plaintiffs and Tonkon to finalize the terms of a settlement.  *Id*.  On March 27, 2017, the Class Representatives and Tonkon executed a "Term Sheet" memorializing the basic terms of the Settlement.  *Id*. and Ex. A.  As set forth in his declaration, Judge Simon believes the settlement was the product of serious, informed, non-collusive negotiations.

However, the settlement could not be completed on the terms contemplated by the March 27, 2017 Term Sheet, which specified a settlement class that included all named plaintiffs in related, non-class cases filed by groups of individual Aequitas investors (the "Individual Actions"). [3]  DeJong Decl. ¶ 3.  The Individual Plaintiffs declined to participate in a class

---

[3] The "Individual Actions" consists of the following court cases: 1) *Wurster v. Deloitte & Touche, LLP*, Case No. 16CV25920 (Multnomah Cty. Cir. Ct.); 2) *Pommier v. Deloitte & Touche*, Case No. 16CV36439 (Multnomah Cty. Cir. Ct.); 3) *Ramsdell v. Deloitte & Touche*, Case No. 16CV40659 (Multnomah Cty. Cir. Ct.); 4) *Albers v. Deloitte & Touche*, Case No. 2:16CV02239 (D. Or.); 5) *Layton v. Deloitte & Touche*, Case No. 16CV36439 (Multnomah Cty. Cir. Ct.); and 6) *Cavanagh v. Deloitte & Touche LLP*, Case No. 18CV09052 (Multnomah Cty. Cir. Ct.).

Page 6 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

settlement.  *Id.*  Furthermore, the various interested investor groups disagreed about how to allocate the negotiated total settlement payment among them.  *Id.*  Extensive negotiations followed over the course of a year, including an unsuccessful mediation session with Judge Simon.  *Id.* ¶ 4.  Ultimately, the investors agreed to an allocation formula proposed by the court-appointed Receiver for Aequitas.  *Id.*  The Receiver calculated the net losses of all investors and determined that the Individual Actions represent 30.2% of the total net loss. *Id.*  The Receiver further proposed that all investors pay attorneys' fees equal to 20% of the recovery.  *Id.*  Plaintiffs in this action and the plaintiffs in the Individual Actions thereafter negotiated separate settlement agreements with Tonkon, based upon the negotiated allocation of 69.2% of the proceeds to the Class and 30.2% to the Individual Actions.

## III.    SUMMARY OF KEY SETTLEMENT TERMS

### A.    The Class Definition

The proposed settlement class (the "Class") includes all persons who purchased Aequitas securities on or after June 9, 2010.  Stipulation, ¶ 1(d)[4]; SAC ¶ 203.  The Class excludes: (a) Defendants; (b) the past and present officers and directors of Aequitas-affiliated companies; (c) the past and present members of the Aequitas Advisory Board; (d) registered investment advisors and investment advisor representatives; and (e) any investor who received finder's fees or other consideration from Aequitas in connection with referring investors to Aequitas. *Id.*  The Class also excludes all plaintiffs in any of the Individual Actions.

### B.    The Settlement Consideration

The Total Settlement Amount to be paid by Tonkon to the Class is a minimum of $12,913,000.00.[5]  Stipulation, ¶¶ 1(aa), 2.  This amount may be increased by any remaining

---

[4] A true and correct copy of the Stipulation and Agreement of Compromise, Settlement and Release, dated May 31, 2018 (the "Stipulation"), is attached as Exhibit A to the Berman Decl.

[5] In separate settlements, Tonkon has agreed to pay a total of $5,587,000 to the plaintiffs in the Individual Actions.

Page 7 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

policy limits at the time the Settlement becomes final, in an amount equal to $1,850,000 less the total fees and costs Tonkon and/or its insurers have incurred (whether invoiced or accrued but unbilled) for all the legal work performed by K&L Gates (or by another firm, if applicable) in connection with this Action, the Individual Actions, and the SEC Civil Action.  Stipulation ¶¶ 1(y), 5.

**C.    Release of Claims**

Once the Settlement is effective, the Class Representatives and Class Members who have not opted out will release all claims for damages against Tonkon arising out of or relating in any way to any act or omission of the Defendants or their member institutions that is alleged or could have been alleged in this litigation.  Stipulation ¶¶ 17-21.

**D.    Contribution Claims Bar**

The Settlement is conditioned upon: 1) the entry of an injunction barring contribution claims by the other defendants in this action against Tonkon (Stipulation ¶ 31); and 2) approval of a *pro tanto* credit in favor of the remaining defendants in this action against any judgment that may be entered against them in this action.  Stipulation ¶ 32.

## IV.    NOTICE OF THE SETTLEMENT

The [Proposed] Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order"), which is attached as Exhibit A to this motion, mandates that within twenty-eight (28) calendar days of the Court's order preliminarily approving the Settlement, Class Counsel shall provide notice to Class Members through mailing to all identifiable Class Members as identified by the Receiver: i) the proposed Notice of Pendency and Settlement of Class Action (the "Notice") (substantially in the form annexed as Exhibit A-1 to the Preliminary Approval Order); and ii) the Proof of Claim and Release (substantially in the form annexed as Exhibit A-3 to the Preliminary Approval Order).

Page 8 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

Additionally, within thirty-five (35) calendar days after entry of the Preliminary Approval Order, Class Counsel shall cause a Summary Notice, substantially in the form annexed as Exhibit A-2 to the Preliminary Approval Order, to be published in the WALL STREET JOURNAL and THE OREGONIAN and to be distributed over a national newswire service.

## V.    ARGUMENT

### A.    The Proposed Settlement Warrants Preliminary Approval

Federal Rule of Civil Procedure 23(e) requires judicial approval of any compromise or settlement of class action claims.  "[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Lane v. Brown*, 166 F. Supp. 3d 1180, 1188 (D. Or. 2016) (*quoting In re Syncor ERISA Litig.*, 516 F3d 1095, 1101 (9th Cir. 2008)); *see also Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) ("voluntary conciliation and settlement are the preferred means of dispute resolution … especially … in complex class action litigation").  Approval of a settlement is a multi-step process, beginning with (i) preliminary approval, which then allows (ii) notice to be given to the class and objections to be filed, after which there is (iii) a motion for final approval and fairness hearing. *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003); MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.632, 320-21 (2004).  Preliminary approval is thus not a dispositive assessment of the fairness of the proposed settlement, but rather determines whether it falls within the "range of possible approval." *Id.*; *see also Collins v. Cargill Meat Sols. Corp.*, 274 F.R.D. 294, 301-302 (E.D. Cal. 2011).  The Court's primary objective is to establish whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a final fairness hearing.  4 NEWBERG ON CLASS ACTIONS § 13:10 (5th ed.).  Preliminary approval establishes an "initial presumption" of fairness such that notice may be given to the class.  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (internal quotation

Page 9 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

marks and citation omitted); *see also Smith v. Am. Greetings Corp*., 2015 WL 4498571, at *6 (N.D. Cal. July 23, 2015) (same).

Preliminary approval of a settlement and notice to the proposed class is appropriate if the proposed settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls with the range of possible approval. *Bickley v. Schneider Nat'l Inc.*, 2016 WL 4157355, at *1 (N.D. Cal. Apr. 25, 2016); *Zepeda v. Paypal, Inc.*, 2015 WL 6746913, at *4 (N.D. Cal. Nov. 5, 2015); *Fraley v. Facebook, Inc.*, 2012 WL 5838198, at *1 n.1 (N.D. Cal. Aug. 17, 2012); *Tableware*, 484 F. Supp. 2d at 1079; *see also* 4 NEWBERG ON CLASS ACTIONS § 13:14 (5th ed.).  All factors weigh in favor of preliminary approval here.

### 1.    The Settlement is Entitled to the Presumption of Fairness as Being the Result of Non-Collusive, Informed, Arm's-Length Negotiations.

As the Ninth Circuit has stated, "[w]e put a good deal of stock in the product of an arm's-length, non-collusive, negotiated resolution." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009); *Medearis v. Or. Teamster Emplrs. Tr.*, 2009 WL 1788183, at *3 (D. Or. June 19, 2009).  "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *In re Pac. Enterprises Sec. Litig*., 47 F.3d 373, 378 (9th Cir. 1995); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 528 (C.D. Cal. 2004).  Thus, "the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel." *Id*. (*quoting Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir.1977)) (other citations omitted). Accordingly, as is the case here, when proposed counsel are experienced and support the settlement, which was the result of arm's-length negotiations and relevant discovery has been conducted, there is an initial "presumption that the agreement is fair." *Am. Greetings Corp.*,

Page 10 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL
SETTLEMENT AND MEMORANDUM IN SUPPORT

2015 WL 4498571, at *6; *Nobles v. MBNA Corp.*, 2009 WL 1854965, at *6 (N.D. Cal. June 29, 2009).

The proposed Settlement arises out of extended, informed, arm's-length negotiations between experienced counsel for the Parties. Here, the Parties have engaged in more than two years of litigation and Tonkon had produced more than 455,000 pages of document discovery. This "significant investigation, discovery and research" weighs in favor of finding the settlement was adequately informed. *See, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (holding "significant investigation, discovery and research" supported the district court's conclusion "that the Plaintiffs had sufficient information to make an informed decision about the Settlement"). Further, Plaintiffs' counsel are experienced and recognized nationally for competently handling large-scale, financial fraud and class action litigation. Berman Decl., Ex. D; DeJong Decl., Ex. B.

There is no evidence of conflicts of interest or collusion among the Parties in crafting the Settlement. Courts considering a pre-class certification settlement must examine whether the settlement was the result of good faith, arm's-length negotiations or the result of fraud and collusion. *Bell v. Consumer Cellular, Inc.*, 2017 WL 2672073, at *7 (D. Or. June 21, 2017). The Ninth Circuit has identified three signs of collusion: (1) class counsel receives a disproportionate distribution of the settlement, or the class receives no monetary distribution but counsel is amply awarded; (2) the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds without objection by a defendant; or (3) the parties arrange for payments not awarded to revert to a defendant rather than to be added to the class fund. *Id.* (*citing In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011)). None of those things is present here.

First, the proposed settlement does not bear any of the characteristics of collusion, the Plan of Allocation provides that the Class Representatives will recover the same pro rata share as all other Class Members, and Class Counsel's fees must be approved by this Court. Berman

Page 11 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

Decl., Ex. B.  Second, there is no 'clear sailing' provision, and any fees awarded by this Court will be paid from the Settlement Fund. Third, there is no reversion of any of the Settlement Amount to Tonkon.  In addition, the Parties were assisted by the Honorable Michael H. Simon, United States District Court Judge, in their settlement negotiations, which is a strong "factor weighing in favor of a finding of non-collusiveness." *In re Bluetooth*, 654 F.3d at 948; *see also* 4 NEWBERG ON CLASS ACTIONS § 13:14 (5th ed.).  The presence of counsel for plaintiffs in the various Individual Actions in the negotiations further underscores the lack of collusion between the Class Representatives and Tonkon.

The Settlement is the result of informed, non-collusive and hard-fought negotiations between the Class Representatives, Tonkon and the plaintiffs in the Individual Actions. Plaintiffs and their counsel recommend the Settlement as being fair, reasonable, adequate and in the best interests of the Class members.  Berman Decl. ¶ 6; DeJong Decl. ¶ 7.  "Great weight" should be accorded to this recommendation of Class Counsel.  *Bell*, 2017 WL 2672073, at *6 (citations omitted); *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1044 (S.D. Cal. 2015). Accordingly, the Court should give an initial "presumption of fairness" to the Settlement. *Villanueva v. Morpho Detection, Inc.*, 2015 WL 4760464, at *6 (N.D. Cal. Aug. 12, 2015) (citation omitted); *see also Walsh v. CorePower Yoga LLC*, 2017 U.S. Dist. LEXIS 20974, at *29 (N.D. Cal. Feb. 14, 2017) ("[S]ettlements are entitled to 'an initial presumption of fairness' because they are the result of arm's-length negotiations among experienced counsel.") (citation omitted).

## 2.    The Settlement Does Not Suffer from Any Obvious Deficiencies.

The Settlement is the product of a thorough assessment and evaluation of the strengths and weaknesses of plaintiffs' case, including the collectability of any potential judgment obtained against Tonkon.  The Parties have litigated this case for more than two years, during which time the Class Representatives conducted extensive document discovery.  The Aequitas

Page 12 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

Receiver waived applicable attorney-client privileges, allowing an unfettered look into the relevant documents. The Receiver produced a massive database containing Aequitas' documents, and Tonkon has produced more than 455,000 documents. Accordingly, the Settlement reflects the Class Representatives' informed assessment of the risks generally inherent in litigation, and the specific litigation risks present in this action in particular. Had there not been a settlement, Tonkon would have vigorously defended Plaintiffs' claims, including by asserting the statutory "due diligence" defense to a claim for secondary liability under Or. Rev. St. § 59.115(3). Furthermore, the massive cost to defend this action, and the related Individual Actions, would have depleted Tonkon's insurance substantially, if not entirely, leaving little if anything for any plaintiffs to collect post-judgment. Weighing the benefits of the Settlement with the risks that the Class Representatives faced in this Action, there are no obvious deficiencies in the Settlement.

Further, the Settlement contains no obvious defects of the types that courts have found to preclude preliminary approval such as: unreasonably high attorneys' fees; preferential treatment of class representatives; deficient notice plan; burdensome claims procedure; plainly unfair allocation scheme or overly broad releases of liability. *See*, 4 NEWBERG ON CLASS ACTIONS § 13:15 (5th ed.) (citing, *inter alia*, *Pokorny v. Quixtar Inc*., 2011 WL 2912864, *1 (N.D. Cal. July 20, 2011) (fee concerns); *West v. Circle K Stores, Inc*., 2006 WL 1652598, *12 (E.D. Cal. June 13, 2006) (preferential treatment of class representatives); *Walter v. Hughes Commc'ns, Inc*., 2011 WL 2650711, *15–16 (N.D. Cal. July 6, 2011) (deficient notice); *Fraser v. ASUS Comput. Int'l*, 2012 WL 6680142, *3 (N.D. Cal. Dec. 21, 2012) (overly broad releases). The lack of any obvious deficiencies in the Settlement weighs in favor of preliminary approval.

### 3.    The Settlement Does Not Improperly Grant Preferential Treatment to Class Representatives or Segments of the Class.

The third factor to consider is whether the Settlement grants preferential treatment to class representatives or segments of the Class. The Settlement does not. The Plan of Allocation

Page 13 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

is designed to compensate all Class Members equally based on their losses. Berman Decl., Ex. B. Therefore, there is no preferential treatment where the Class Representatives will receive the same pro rata distribution based on their losses that is applicable to all class members.  *In re Zynga Sec. Litig.*, 2015 U.S. Dist. Lexis 145738, at *38-39 (N.D. Cal. Oct. 27, 2015).  The lack of preferential treatment for the Class Representatives also weighs in favor of preliminary approval.

### 4.    The Settlement Falls Within the Range of Possible Approval

To determine whether a settlement "falls within the range of possible approval," courts consider "substantive fairness and adequacy" and "plaintiffs' expected recovery balanced against the value of the settlement."  *Tableware*, 484 F.Supp.2d at 1080.  "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not *per se* render the settlement inadequate or unfair."  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 459 (quoting *Officers for Justice*, 688 F.2d at 628).  The adequacy of the amount offered in settlement "cannot be assessed in a vacuum.  Rather, it must be considered in light of 'the strength of the plaintiff's case' and the risks in pursuing further litigation."  *Viceral v. Mistras Grp., Inc.*, 2016 U.S. Dist. Lexis 140759, at *21 (N.D. Cal. Oct. 11, 2016); *see also Villegas v. J.P. Morgan Chase & Co.*, 2012 U.S. Dist. LEXIS 166704, at *16-17 (N.D. Cal. Nov. 20, 2012) ("the fairness and the adequacy of the settlement should be assessed relative to risks of pursuing the litigation to judgment") (citing *In re Mego Fin. Corp.*, 213 F.3d at 459).  Tonkon's inability to pay a significantly larger amount is also an important consideration.  *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993) (the financial condition of defendant predominated in assessing the reasonableness of settlement); *Spann v. J.C. Penney Corp.*, 211 F. Supp. 3d 1244, 1256 (C.D. Cal. 2016) (uncertainty concerning defendant's financial stability "strongly supports the reasonableness of the settlement").  Here, the substantial relief that will be received by the Class in this Settlement is quite favorable in light of the litigation risks and the risks of collection

Page 14 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

of any judgment that might have been obtained against Tonkon.  Further, the entry of a contribution claims bar, including a *pro tanto* credit for the non-settling Defendants, is appropriate under the circumstances.  *See, e.g.*, *Seymour v. Summa Vista Cinema*, 809 F.2d 1385, 1389 (9th Cir.), *amended*, 817 F.2d 609 (9th Cir. 1987) (*pro tanto* credit preferable where financial condition of settling defendant limits settlement amount).

The Settlement provides the substantial benefit of $12,913,000.00, without further risk to the Class. Due to the complexities inherent in this case, the certainty of this substantial settlement amount has to be judged in the context of the legal and practical obstacles to obtaining a large judgment against Tonkon at trial, and the likelihood of collecting any such judgment. Had the case continued, the Class faced significant legal challenges at class certification, summary judgment, and trial that could have resulted in no recovery at all for the Class.  In addition, this Settlement (together with the related settlements of the Individual Actions) represents a recovery of the entire value of Tonkon's insurance policy.  Moreover, even if the Class Representatives had tried the case and prevailed, Tonkon would likely have appealed the verdict, thus adding years of further delay and expense to the litigation.  These events would further diminish the insurance monies available for the Class.

Given the litigation risks that the Class faced here, along with risks inherent in any litigation, the Class Representatives believe that the $12,913,000.00 Settlement that will be available promptly for the Class is reasonable and adequate.  For these reasons, the amount of the Settlement is very much within the "range of possible approval."

**B.     The Court Should Make a Preliminary Determination that the Proposed Class Satisfies the Standard for Certification Under Rule 23.**

The Federal Judicial Center instructs courts undertaking preliminary settlement review in uncertified cases to "make a *preliminary determination* that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)."  MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.632 (emphasis added).  In this case, the Court should make

Page 15 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

that preliminary determination that the proposed Class satisfies the standards for certification under Rule 23.  Courts within the Ninth Circuit have taken a liberal view of class certification in cases such as this, recognizing that "securities litigation is particularly well suited for class action treatment."  *In re Comput. Memories Sec. Litig.*, 111 F.R.D. 675, 679 (N.D. Cal. 1986) (citing *Blackie v. Barrack*, 524 F.2d 891, 902-04 (9th Cir. 1975)).  To certify the proposed Class, the Class Representatives must satisfy all four of the requirements of Rule 23(a) and the relevant portions of Rule 23(b)(3).  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). As described below, each of these requirements is met in this case.

### 1.    The Rule 23(a) Requirements are Met

#### a.    The Class Is So Numerous that Joinder Is Impracticable

The first requirement for maintaining a class action is that its members are so numerous that joinder would be "impracticable."  Fed. R. Civ. P. 23(a)(1).  "Impracticable" does not mean impossible, but only that joinder would be difficult or inconvenient.  *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964).  Numerosity depends on the facts and circumstances of each case and does not require any specific minimum number of class members.  *In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 116 (C.D. Cal. 2007) (*quoting General Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980)).  This District follows the rule of thumb that "approximately forty members is sufficient to satisfy the numerosity requirement." *Villanueva v. Liberty Acquisitions Servicing, LLC*, 319 F.R.D. 307, 314 (D. Or. 2017) (citations omitted).  "Plaintiffs need not provide an exact number of class members, so long as there are enough to make joinder impracticable."  *Moss v. U.S. Secret Serv.*, 2015 WL 5705126, at *3 (D. Or. Sept. 28, 2015).  Here, Plaintiffs allege that the Class exceeds 1,500 members.  SAC ¶ 204. This estimate is more than sufficient to establish the numerosity of the Class.  *Id.* ("estimate of 200 to 300 people is well above the number required in this district.")

HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
TEL. (206) 623-7292   FAX (206) 623-0594

### b.    Numerous Common Issues Exist

Under Rule 23(a)(2), Plaintiffs must establish that there are "questions of law or fact common to the class." *Villanueva v. Liberty*, 319 F.R.D. at 315.  The requirements of Rule 23(a)(2) have "been construed permissively." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011); *Moss*, 2015 WL 5705126, at *3. Accordingly, commonality is "a low hurdle easily surmounted." *Pecover v. Elec. Arts Inc.*, 2010 WL 8742757, at *13 (N.D. Cal. Dec. 21, 2010).  "All questions of fact and law need not be common to satisfy the rule." *Id.*  Rather, commonality requires the existence of even a *single* common contention that is capable of classwide resolution.  *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014) (*quoting Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011)).  However, the common contention or contentions necessary to establish commonality must be "apt to drive the resolution of the litigation." *Jimenez*, 765 F.3d at 1165.  Here, the SAC identifies numerous common issues of fact and law, each of which are amenable to class-wide proof, including, without limitation, the following (SAC ¶ 206):

- whether the Aequitas Securities were sold to Class Members in violation of the registration requirements of the Oregon Securities Law;
- whether the Aequitas Securities were sold by means of false statements of fact or omissions of material fact;
- whether Defendant Tonkon participated or materially aided in the unlawful sales of Aequitas Securities.

The determination of these common issues would resolve the allegations for the entire Class "in one stroke." *Hurst v. First Student, Inc.*, 2015 WL 6437196, at *3 (D. Or. Oct. 22, 2015) (quoting *Jimenez*, 765 F.3d at 1165).  As such, the commonality requirement is satisfied.

### c.    The Class Representative's Claims Are Typical of Those of Other Class Members.

The third requirement is that the "claims … of the representative parties are typical of the claims … of the class." Fed. R. Civ. P. 23(a)(3).  "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not

Page 17 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Ellis*, 657 F.3d at 984 (quoting *Hanon v. Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir. 1992)); *Hurst*, 2015 WL 6437196, at *3; *Freedman v. Louisiana-Pacific Corp*., 922 F. Supp. 377, 399 (D. Or. 1996).  "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Ellis*, 657 F.3d at 984.  Like commonality, typicality is to be construed permissively: "[u]nder the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1020 (9th Cir. 1998); *see also Sullivan v. Kelly Servs.,* 268 F.R.D. 356, 363 (N.D. Cal. 2010).  The "focus should be on the defendants' conduct and plaintiff's legal theory, not the injury caused to the plaintiff." *Costelo v. Chertoff*, 258 F.R.D. 600, 608 (C.D. Cal. 2009) (quoting *Simpson v. Fireman's Fund Ins. Co.*, 231 F.R.D. 391, 396 (N.D. Cal. 2005)).  This requirement is "to assure that the interest of the named representative align with the interests of the class." *Hanon*, 976 F.2d at 508.  In a securities class action, the claims and nature of evidence "are generally considered sufficient to satisfy the typicality requirement." *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 281 F.R.D. 134, 139 (S.D.N.Y. 2012).

Plaintiffs' claims here arise from the same events or course of conduct that give rise to claims of other Class Members, and the claims asserted are based on the same legal theories.  All Class Members purchased Aequitas securities which, Plaintiffs allege, were sold in violation of Oregon securities laws and that Tonkon participated and aided in the unlawful sales of the Aequitas Securities.  And Plaintiffs are not subject to any unique defenses that could make them atypical of Class Members.  Therefore, the Class Representatives' claims are typical.

HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
TEL. (206) 623-7292   FAX (206) 623-0594

### d.    The Class Representatives and Their Counsel Adequately Represent the Interests of the Class.

The final requirement of Rule 23(a) is that the representative plaintiffs will fairly and adequately represent the interests of the Class.  The relevant inquiries are: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis*, 657 F.3d at 985 (quoting *Hanlon*, 150 F.3d at 1020).

The first inquiry requires only that a class representative does not have interests that are antagonistic to or in conflict with the interests of the Class.  *Hanlon*, 150 F.3d at 1020; *Hurst*, 2015 WL 6437196, at *4.  As described herein, named plaintiffs have no interests that are antagonistic to other Class members, but do have claims that are typical of and coextensive with those of the Class.  The proposed Class Representatives are committed to pursuing the claim that they and all Class Members have suffered injury from their purchase of Aequitas securities.

As to the second inquiry, as discussed in Section V(F), *infra*, the Class Representatives have retained counsel highly experienced in securities class action litigation who have successfully prosecuted securities and other complex class actions throughout the United States. The Class Representatives and their chosen counsel have prosecuted this action vigorously on behalf of the Class and will continue to do so, thus satisfying the adequacy requirement.

### 2.    The Requirements of Rule 23(b)(3) are met.

A class may be certified under Rule 23(b)(3) when: a) "questions of law or fact common to the class members predominate over any questions affecting only individual members;" and b) the class action mechanism is "superior" to other methods of adjudicating the controversy.   Fed. R. Civ. P. 23(b)(3).  Both of these requirements are satisfied in this case.

### a.    Common Questions of Fact or Law Predominate.

"The predominance inquiry ... asks whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019

Page 19 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

(9th Cir. 2011). "The focus is on the relationship between the common and individual issues." *Id*. To ensure that the class action is more efficient than individual actions, Rule 23(b)(3) requires that common issues predominate over issues that are particular to individual class members. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 625 (1997) ("predominance is a test readily met in certain cases alleging consumer or securities fraud"). "An individual question is one 'where members of a proposed class will need to present evidence that varies from member to member,' while a common question is one where 'the same evidence will suffice for each member to make a *prima facie* showing [or] the issue is susceptible to generalized, class-wide proof.'" *Ruiz Torres v. Mercer Canyons Inc*., 835 F.3d 1125, 1134 (9th Cir. 2016) (*quoting Tyson Foods, Inc. v. Bouaphakeo*, ___ U.S. ___, 136 S. Ct. 1036, 1045 (2016)). "Predominance exists 'when common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication.'" *Moss*, 2015 WL 5705126, at *4 (*quoting Hanlon*, 150 F.3d at 1022). Rule 23(b)(3) requires only a showing that *questions* common to the class predominate, and a plaintiff seeking class certification is not required to prove the answers to such *questions*. *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455 (2013) ("[i]n other words, they need not, at that threshold, prove that the predominating question will be answered in their favor.") Predominance does not require a plaintiff to show a complete absence of individual issues. Rather, the predominance inquiry "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc*., 136 S. Ct. at 1045. Predominance is not a matter of "nose-counting," but "more important questions apt to drive the resolution of the litigation are given more weight in the predominance analysis over individualized questions which are of considerably less significance to the claims of the class." *Ruiz Torres*, 835 F.3d at 1134. Thus, predominance may be established on the basis of a single common issue, if that issue is central to the claim. *In re Hyundai & Kia Fuel Econ. Litig*., 881 F.3d 679, 708 (9th Cir. 2018).

Page 20 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

To prevail on their claim under Or. Rev. Stat. § 59.115(3) against Tonkon at trial, the Class Representatives need to prove that: 1) Aequitas committed a "primary violation" of the Oregon Securities Laws by selling unregistered securities or selling securities by making untrue statements of material facts or omitting to state material facts;[6] and 2) Tonkon committed a "secondary violation" by participating in or materially aiding in the sale of these securities. The Class Representatives will likely rely on the same evidence when establishing each of the foregoing at trial, and thus, common issues predominate over individual issues. As in *Amgen*, the proposed Class is "entirely cohesive: It will prevail or fail in unison. In no event will the individual circumstances of particular Class Members bear on the inquiry." *Amgen*, 568 U.S. at 460. Indeed, the Supreme Court has recognized that predominance is a test "readily met" in cases alleging securities fraud. *Amchem Prods.*, 521 U.S. at 625. For these reasons, common issues predominate in this Action.

      **b.**    **The Class Action Mechanism is Superior to Any Other Method of Adjudication.**

Rule 23(b)(3) also requires that the Court determine whether a class action is superior to other methods of adjudication. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022; *see also Fosbre v. Las Vegas Sands Corp.*, 2015 WL 3722496, at *5 (D. Nev. June 15, 2015) ("It is preferable to determine these common questions once, rather than a multitude of times (or not at all if the small value of individual recoveries would deter any single plaintiff from bringing suit)." Securities fraud class actions are generally found to be superior to individual actions. *In re Blech Sec. Litig.*, 187 F.R.D. 97, 107 (S.D.N.Y. 1999) ("[i]n

---

[6] Reliance on the misrepresentation or omission is not an element of the primary violation under Or. Rev. Stat. § 59.115(1). *Ciuffitelli for Tr. of Ciuffitelli Revocable Tr. v. Deloitte & Touche LLP*, 2017 WL 2927481, at *20 (D. Or. Apr. 10, 2017), *report and recommendation adopted sub nom. Ciuffitelli v. Deloitte & Touche LLP*, 2017 WL 2927150 (D. Or. July 5, 2017).

HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
TEL. (206) 623-7292  FAX (206) 623-0594

general, securities suits such as this easily satisfy the superiority requirement of Rule 23"); *In re Intelcom Group, Inc. Sec. Litig.*, 169 F.R.D. 142, 149 (D. Colo. 1996) ("[T]he superiority of class actions in large securities fraud is well recognized."); 7 Newberg on Class Actions § 22:82 (5th ed.) ("Securities class actions rarely fail the superiority test.")

A class action is the superior method for resolving the claims at issue in this Action. But for a class action, investors would be forced to file 1,500 individual claims that "would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs[,]" thereby demonstrating the superiority of a class action. *Hanlon*, 150 F.3d at 1023. Further, because the claims are being certified for purposes of settlement, the Court need not consider any purported issues with respect to the manageability of this case as a class action. *Amchem*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only certification, a district court need not inquire whether the case, if tried, would present intractable management problems … for the proposal is that there be no trial."); *Dubeau v. Sterling Sav. Bank*, 2013 U.S. Dist. LEXIS 123337, at *5 (D. Or. Aug. 28, 2013) (quoting *Amchem*).

For these reasons, the proposed Class meets the requirements of Rule 23(a) and 23(b)(3) and the Court should grant provisional certification for purposes of effecting the proposed Settlement.

## C. The Proposed Plan of Allocation is Fair and Reasonable.

Approval of a plan of allocation of settlement proceeds in a class action is governed by the same standards as the settlement as a whole – the plan of allocation must be fair, reasonable and adequate. *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1045 (N.D. Cal. 2007). "When formulated by competent and experienced class counsel, an allocation plan need have only a 'reasonable, rational basis.'" *Scott v. ZST Digital Networks, Inc*., 2013 WL 12126744, at *7 (C.D. Cal. Aug. 5, 2013) (quoting *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 462 (S.D.N.Y. 2004)).

Page 22 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

The proposed Plan of Allocation is described in the Notice, and seeks to disburse the monies in the Net Settlement Account on a *pro rata* basis according to the proportionate losses (as calculated pursuant to Or. Rev. Stat. § 59.115(2)) that were suffered by each Class Member. The Class Representatives will receive no special treatment or different allocation than any other Class member under the Plan.

"A plan of allocation that reimburses class members based on the extent of their injuries is generally reasonable." *In re Oracle Sec. Litig.*, 1994 WL 502054, at *1 (N.D. Cal. June 18, 1994); *see also In re Omnivision Techs.,* 559 F. Supp. 2d at 1045 ("It is reasonable to allocate the settlement funds to class members based on the extent of their injuries or the strength of their claims on the merits."); *In re Merrill Lynch Tyco Research Sec. Litig.*, 249 F.R.D. 124, 135 (S.D.N.Y. 2008) ("A plan of allocation that calls for the pro rata distribution of settlement proceeds on the basis of investment loss is presumptively reasonable.")  Because it has a reasonable and rational basis (and treats all Class Members fairly and equally), the proposed Plan of Allocation should be granted preliminary approval.  *Schueneman v. Arena Pharms., Inc.*, 2018 WL 1757512, at *7 (S.D. Cal. Apr. 12, 2018).

**D.    The Proposed Claims Administrator Should be Approved**

The Class Representatives also respectfully request the appointment of the Garden City Group, LLC ("GCG"), an experienced and diligent administrator, as Claims Administrator. As Claims Administrator, GCG will be responsible for, among other things, mailing the notices to the Class, reviewing claims from Class Members, claims administration, and compiling a distribution schedule to Class Members. GCG is the leading global administrator of securities class actions, having handled 43% of the Top 100 securities settlements of all times, more than any other administrator.  Garr Decl. ¶¶ 4–6.[7]  GCG has handled some of the largest securities

---

[7] Declaration of Shandarese Garr ("Garr Decl.") ¶¶ 4–6.  A true and correct copy of the Garr Decl. is attached as Exhibit C to the accompanying Berman Decl.

Page 23 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

matters ever, including the $6.15 billion WorldCom Securities Litigation Settlement, the $3.2 billion *Tyco Securities Litigation Settlement*, two separate $1.1 billion settlements of the *Nortel Securities Litigations*, and the $2.4 billion *Bank of America Securities Litigation Settlement*. *Id*. During its 30-year history, GCG has also administered more than 3,200 cases, mailed hundreds of millions of notices, handled over 33 million phone calls, processed tens of millions of claims, designed and launched over 1,000 case websites, distributed over $63 billion in compensation, and issued approximately 30 million checks. *Id*. Additional detail regarding GCG is available in the Garr Decl. Additionally, a comprehensive list of the cases GCG has administered can be found at www.choosegcg.com/case-list.

**E.    The Form and Method of Notice Should be Approved.**

For any class certified under Rule 23(b)(3), the court must direct to class members the *best notice that is practicable under the circumstances*, including individual notice to all members who can be identified through reasonable effort." Rule 23(c)(2)(B). Similarly, Rule 23(e)(1) requires that a court approving a class action settlement "direct notice in a *reasonable manner* to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "Although that notice must be 'reasonably certain to inform the absent members of the plaintiff class,' actual notice is not required." *Ontiveros v. Zamora*, 303 F.R.D. 356, 367 (E.D. Cal. 2014) (quoting *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994)). The form and method of notice proposed by the Class Representatives in Section IV, *supra*, are appropriate because the *form* of the Notice complies with the requirements of Rule 23(c)(2)(B)(i)-(vii); and the *method* of notice complies with Rule 23(c)(2)(B) and due process requirements by providing the "best notice that is practicable under the circumstances."

A class action settlement notice "is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004); *see also*

Page 24 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

Fed. R. Civ. P. 23(c)(2)(B) (describing specific information to be included in the notice).  Here, the content of the proposed Notice complies with the specific requirements of Rule 23(c)(2)(B) because it clearly and concisely states in plain, easily understood language:  (i) the nature of the action (Notice at 4); (ii) the class definition (Notice at 1); (iii) the claims, issues, and defenses (Notice at 4-5), (iv) that a Class Member may enter an appearance through an attorney (Notice at 8); (v) Class Members' right to exclude themselves from the class (Notice at 8); (vi) the time and manner for requesting exclusion (Notice at 8); and (vii) the binding effect of a class judgment on all Class Members who do not request exclusion (Notice at 8, 10).  *Churchill Vill.*, 361 F.3d at 575 ("Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'").

Likewise, plaintiffs' proposed method for providing notice to Class Members constitutes the best practicable notice under the circumstances.  Plaintiffs propose to mail, by first class mail, individual copies of the Notice of Proposed Settlement (the "Notice"), together with a copy of the Proof of Claim and Release form (the "Proof of Claim") to all potential Class Members at the address of each such person as set forth in the records of Aequitas or who otherwise may be identified through further reasonable effort.  Garr Decl. ¶ 11.  In addition, a summary notice (the "Summary Notice") will be published in the WALL STREET JOURNAL and THE OREGONIAN and disseminated over a national newswire service.  Garr Decl. ¶ 12.  GCG will also maintain a settlement website, a toll-free number and email address dedicated to this Settlement.  *Id*. ¶¶ 13-14.  Courts regularly approve similar notice plans in securities class actions.  *See, e.g.*, *Fidel v. Farley*, 534 F.3d 508, 511 (6th Cir. 2008) (adequate notice provided by publication of notice in INVESTOR'S BUSINESS DAILY and mailing notice to potential class members); *Rieckborn v. Velti PLC*, 2015 WL 468329, at *3 (N.D. Cal. Feb. 3, 2015) (similar); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1171 (S.D. Cal. 2007) (similar); *In re Portal Software, Inc. Sec. Litig.*, 2007 WL 1991529, at *7 (N.D. Cal. June 30, 2007) (mailed and published notices satisfy Rule 23(c)(3)).

HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
TEL. (206) 623-7292  FAX (206) 623-0594

The Court should approve both the proposed form and method of Notice because they both comply with the requirements of Rule 23 and due process, and represent the best practicable notice under the circumstances. *Silber*, 18 F.3d at 1454.

**F.      The Court Should Appoint Class Counsel**

Rule 23 requires a court to appoint class counsel that will fairly and adequately represent the class members.  Fed. R. Civ. P. 23(g)(1)(B).  In making this determination, the Court must consider, *inter alia*, counsel's (i) work in identifying or investigating potential claims; (ii) experience in handling class actions or other complex litigation and the types of claims asserted in the case; (iii) knowledge of the applicable law; and (iv) resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv).

Hagens Berman Sobol Shapiro LLP and Stoll Stoll Berne Lokting & Shlachter P.C. seek to be appointed Class Co-Lead Counsel.  Both Hagens Berman and Stoll Berne have extensive experience in handling complex class actions, including securities class actions.  Berman Decl., Ex. D and DeJong Decl., Ex. B.  Moreover, both firms have vigorously investigated and prosecuted this case, and have negotiated an early partial settlement that provides considerable monetary relief to each of the Class members.  Thus, the Court should appoint Hagens Berman Sobol Shapiro LLP and Stoll Stoll Berne Lokting & Shlachter P.C as Class Co-Lead Counsel.

**VI.      PROPOSED SCHEDULE OF EVENTS**

The Court's entry of the proposed Preliminary Approval Order would, among other things, (i) certify, for settlement purposes, this action as a class action; and (ii) direct notice of the Settlement to all members of the Class.  As such, the Preliminary Approval Order sets a proposed schedule for mailing and publication of the Notice and Summary Notice, and deadlines for submitting claims and/or objecting to the Settlement or opting out of the Class.

Plaintiffs recommend the schedule set forth below. Tonkon agrees to the proposed schedule setting the Settlement Hearing. The Parties also agree to the schedule for the other

Page 26 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

dates, as provided for in the proposed Preliminary Approval Order, which was negotiated among the Parties.

The Parties propose the following schedule for notice, final approval hearing and related dates:

| Date | Event |
|---|---|
| Not later than twenty-eight (28) days after entry of Preliminary Approval Order | Settlement website established and basic Settlement documents posted |
| Not later than twenty-eight (28) days after entry of Preliminary Approval Order | Mailing of Notice and Proof of Claim to be mailed by first class mail to all record owners of Aequitas securities who can be identified with reasonable effort (the "Notice Date.") |
| Not later than thirty-five (35) days after entry of Preliminary Approval Order | Summary Notice to be published in the WALL STREET JOURNAL and THE OREGONIAN |
| Not later than forty-two (42) days prior to the Fairness Hearing | Class Counsel to file with the Court Proof of Mailing and Publishing by Declaration of Claims Administrator |
| Not later than forty-two (42) days prior to the Fairness Hearing | Due date for Plaintiffs' Class Counsel's papers in support of final approval of the Settlement and papers in support of the request for an award of attorneys' fees and expenses |
| At least twenty-eight (28) days prior to the Fairness Hearing | Due date for postmark or delivery of requests for exclusion<br><br>Due date for delivery and filing of objections and intents to appear at the Fairness Hearing |
| No later than fourteen (14) days prior to the Fairness Hearing | Due date to file reply papers, if any, in support of final approval of the Settlement and request for an award of attorneys' fees and expenses |
| To be set by the Court approximately four months following entry of the Preliminary Approval Order | **Fairness Hearing** |

Page 27 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT AND MEMORANDUM IN SUPPORT

This schedule is similar to those used in numerous class action settlements and provides due process to the putative Class Members with respect to their rights concerning the Settlement. The Class Representatives respectfully request that the Court schedule the Settlement Hearing at least one hundred twenty (120) calendar days after entering the Preliminary Approval Order in order to allow sufficient time for mailing the Notice and Proof of Claim and Release, publishing the Summary Notice, filing the motions in support of final approval of the Settlement, and any objections or requests for exclusion that may be made by Class Members.

## VII.    CONCLUSION

Counsel for the Parties reached this Settlement following extensive discussions and arm's-length negotiations, and after significant discovery and motions practice.  At this juncture, the Court need not answer the ultimate question: whether the Settlement is fair, reasonable, and adequate.  The Court is being asked only to grant preliminary approval of the proposed Settlement so that notice of the terms of the Settlement may to be sent to the Class, and to schedule a Settlement hearing to consider: i) final approval of the Settlement; ii) Certification of the settlement Class; iii) approval of the Plan of Allocation; iv) Class Counsel's request for fees and expenses; v) entry of the Final Judgment and Order; and vi) other matters as the Court may deem appropriate.

Dated: July 16, 2018.                         **HAGENS BERMAN SOBOL SHAPIRO LLP**

                                              By:   s/ Steve W. Berman
                                                    Steve W. Berman (*pro hac vice*)
                                                    Jeniphr A. E. Breckenridge (*pro hac vice*)
                                                    Karl P. Barth (*pro hac vice*)
                                              1918 Eighth Avenue, Suite 3300
                                              Seattle, WA  98101
                                              Telephone:  (206) 623-7292
                                              Facsimile:  (206) 623-0594
                                              steve@hbsslaw.com
                                              jeniphr@hbsslaw.com
                                              karlb@hbsslaw.com

Page 28 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL
SETTLEMENT AND MEMORANDUM IN SUPPORT

- and -

Keith A. Ketterling, OSB No. 913368
Timothy S. DeJong, OSB No. 940662
Jacob S. Gill, OSB No. 033238
Nadia H. Dahab, OSB No. 125630
**STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.**
209 SW Oak Street, Suite 500
Portland, OR  97204
Telephone:  (503) 227-1600
Facsimile:  (503) 227-6840
kketterling@stollberne.com
tdejong@stollberne.com
jgill@stollberne.com
ndahab@stollberne.com

- and -

Robert S. Banks, Jr., OSB No. 821862
Darlene D. Pasieczny, OSB No. 124172
**SAMUELS YOELIN KANTOR LLP**
111 SW 5th Ave., Suite 3800
Portland, OR  97204-3642
Telephone:  (503) 226-2966
Facsimile:  (503) 222-2937
bbanks@SamuelsLaw.com
darlenep@SamuelsLaw.com

***Attorneys for Plaintiffs***

Page 29 - CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL
SETTLEMENT AND MEMORANDUM IN SUPPORT

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on July 16, 2018, this document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the docket, and that paper copies will be sent by U.S. mail, postage prepaid, to anyone indicated as non-registered participants.

 *s/ Steve W. Berman*
Steve W. Berman

HAGENS BERMAN SOBOL SHAPIRO, LLP
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
TEL. (206) 623-7292   FAX (206) 623-0594