**William F. Gary, OSB #770325**
**william.f.gary@harrang.com**
**Sharon A. Rudnick, OSB #830835**
**sharon.rudnick@harrang.com**
HARRANG LONG GARY RUDNICK P.C.
497 Oakway Road, Suite 380
Eugene, OR 97401-3273
Telephone: 541-485-0220

**Stephen V. D'Amore, *Pro Hac Vice***
**sdamore@winston.com**
**Scott M. Ahmad, *Pro Hac Vice***
**sahmad@winston.com**
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-6468

**Andrew C. Nichols, *Pro Hac Vice***
**anichols@winston.com**
WINSTON & STRAWN LLP
1700 K Street NW
Washington, DC 20006
Telephone: (202) 282-5755

Of Attorneys for Defendant Duff & Phelps, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LAWRENCE P. CIUFFITELLI, et al.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**DELOITTE & TOUCHE LLP, et al.,**<br><br>Defendants, | Case No. 3:16-cv-00580-AC<br><br>**DEFENDANT DUFF & PHELPS, LLC'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

and

**N. SCOTT GILLIS, et al.,**

Intervenors.

Defendant, Duff & Phelps, LLC ("Duff & Phelps" or "defendant") hereby answers the Second Amended Class Action Complaint as follows.

## INTRODUCTION

1. Defendant admits that a receiver was appointed to manage the assets of Aequitas after its operations ceased at a time not specified in ¶1. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in ¶1, and therefore denies them in their entirety.

2. Defendant denies that it participated and aided in the sale of any unlawful securities. Defendant denies liability to any Plaintiff or putative class member. Defendant denies that Plaintiffs, or any putative class members are entitled to any judgments, damages, sums, interest, or otherwise from Defendant. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in ¶2, and therefore denies them in their entirety.

3. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶3, and therefore denies them in their entirety.

4. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶4, and therefore denies them in their entirety.

5. Defendant admits that the SEC filed a lawsuit against Aequitas at a time not specified in ¶5. Defendant admits that the complaint asks the court to appoint a receiver. Defendant denies any allegation or implication that the fact of the SEC lawsuit implicates

defendant in any way. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in ¶5, and therefore denies them in their entirety.

**JURISDICTION AND VENUE**

6. Paragraph 6 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant denies the allegations in ¶6 in their entirety.

7. Paragraph 7 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant denies the allegations in ¶7 in their entirety.

8. Paragraph 8 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant denies the allegations in ¶8 in their entirety.

**PARTIES**

**Plaintiffs**

9. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶9, and therefore denies them in their entirety.

10. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶10, and therefore denies them in their entirety.

11. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶11, and therefore denies them in their entirety.

12. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶12, and therefore denies them in their entirety.

13. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶13, and therefore denies them in their entirety.

14. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶14, and therefore denies them in their entirety.

15. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶15, and therefore denies them in their entirety.

**Defendants**

16. Paragraph 16 does not appear to be directed at defendant, and therefore no response is required by defendant. To the extent that ¶16 is construed as an allegation against or regarding defendant, defendant lacks sufficient information or belief to admit or deny the allegations in ¶16, and therefore denies them in their entirety.

17. Paragraph 17 does not appear to be directed at defendant, and therefore no response is required by defendant. To the extent that ¶17 is construed as an allegation against or regarding defendant, defendant lacks sufficient information or belief to admit or deny the allegations in ¶17, and therefore denies them in their entirety.

18. Paragraph 18 does not appear to be directed at defendant, and therefore no response is required by defendant. To the extent that ¶18 is construed as an allegation against or regarding defendant, defendant lacks sufficient information or belief to admit or deny the allegations in ¶18, and therefore denies them in their entirety.

19. Paragraph 19 does not appear to be directed at defendant, and therefore no response is required by defendant. To the extent that ¶19 is construed as an allegation against or regarding defendant, defendant lacks sufficient information or belief to admit or deny the allegations in ¶19, and therefore denies them in their entirety.

20. Paragraph 20 does not appear to be directed at defendant, and therefore no response is required by defendant. To the extent that ¶20 is construed as an allegation against or regarding defendant, defendant lacks sufficient information or belief to admit or deny the allegations in ¶20, and therefore denies them in their entirety.

21. Paragraph 21 does not appear to be directed at defendant, and therefore no response is required by defendant. To the extent that ¶21 is construed as an allegation against or regarding defendant, defendant lacks sufficient information or belief to admit or deny the allegations in ¶21, and therefore denies them in their entirety.

22. Defendant admits that it is a Delaware limited liability company registered to do business in Oregon. Defendant admits that it prepared valuations of only three portfolio companies in one Aequitas fund, the Aequitas Capital Opportunities Fund ("ACOF"), between late 2013 and early 2015, and that the scope and use of those valuations were strictly limited by the express conditions of an engagement letter. Defendant denies the remaining allegations in ¶22.

## FACTUAL ALLEGATIONS

### I. THE AEQUITAS ENTITIES

23. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶23, and therefore denies them in their entirety.

24. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶24, and therefore denies them in their entirety.

25. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶25, and therefore denies them in their entirety.

26. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶26, and therefore denies them in their entirety.

27. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶27, and therefore denies them in their entirety.

## II. THE AEQUITAS SECURITIES

28. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶28, and therefore denies them in their entirety.

29. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶29, and therefore denies them in their entirety.

30. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶30, and therefore denies them in their entirety.

31. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶31, and therefore denies them in their entirety.

32. Duff & Phelps denies that the ACOF offering was integrated with any other offerings. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶32, and therefore denies them in their entirety.

## III. THE AEQUITAS SECURITIES WERE NOT REGISTERED, IN VIOLATION OF THE OREGON SECURITIES LAW

33. Defendant denies the allegations in ¶33 in their entirety.

34. Paragraph 34 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶34, and therefore denies them in their entirety.

35. Paragraph 35 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶35, and therefore denies them in their entirety.

36. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶36, and therefore denies them in their entirety.

37. Paragraph 37 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶37, and therefore denies them in their entirety.

38. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶38, and therefore denies them in their entirety.

39. Paragraph 39 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶39, and therefore denies them in their entirety.

40. Paragraph 40 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶40, and therefore denies them in their entirety.

41. Defendant denies the allegations in ¶41 in their entirety.

42. Paragraph 42 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶42, and therefore denies them in their entirety.

43. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶43, and therefore denies them in their entirety.

44. Paragraph 44 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶44, and therefore denies them in their entirety.

45. Paragraph 45 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶45, and therefore denies them in their entirety.

46. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶46, and therefore denies them in their entirety.

47. Paragraph 47 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶47, and therefore denies them in their entirety.

48. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶48, and therefore denies them in their entirety.

49. Paragraph 49 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶49, and therefore denies them in their entirety.

50. Paragraph 50 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶50, and therefore denies them in their entirety.

51. Defendant denies that it engaged in general solicitation and/or general advertising in connection with the sale of ACOF interests. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in ¶51, and therefore denies them in their entirety.

52. Paragraph 52 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶52, and therefore denies them in their entirety.

53. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶53, and therefore denies them in their entirety.

54. Paragraph 54 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶54, and therefore denies them in their entirety.

55. Paragraph 55 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶55, and therefore denies them in their entirety.

56. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶56, and therefore denies them in their entirety.

57. Paragraph 57 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶57, and therefore denies them in their entirety.

58. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶58, and therefore denies them in their entirety.

59. Paragraph 59 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶59, and therefore denies them in their entirety.

60. Paragraph 60 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶60, and therefore denies them in their entirety.

61. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶61, and therefore denies them in their entirety.

62. Paragraph 62 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶62, and therefore denies them in their entirety.

63. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶63, and therefore denies them in their entirety.

64. Paragraph 64 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶64, and therefore denies them in their entirety.

65. Paragraph 65 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶65, and therefore denies them in their entirety.

66. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶66, and therefore denies them in their entirety.

67. Paragraph 67 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶67, and therefore denies them in their entirety.

## IV. THE AEQUITAS SECURITIES WERE SOLD BY MEANS OF UNTRUE STATEMENTS AND OMISSIONS

### A. Facts Supporting Allegations of Specific Untrue and Misleading Statements

#### 1. Undisclosed Prior Business Failures

68. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶68 and therefore denies them in their entirety.

69. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶69, and therefore denies them in their entirety.

**2. Use of Investor Funds and Inability to Purchase Receivables Assets**

70. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶70, and therefore denies them in their entirety.

71. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶71, and therefore denies them in their entirety.

72. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶72, and therefore denies them in their entirety.

73. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶73, and therefore denies them in their entirety.

74. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶74, and therefore denies them in their entirety.

75. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶75, and therefore denies them in their entirety.

76. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶76, and therefore denies them in their entirety.

77. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶77, and therefore denies them in their entirety.

**3. Undisclosed Dependence on Renewals of Investments on Maturity**

78. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶78, and therefore denies them in their entirety.

79. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶79, and therefore denies them in their entirety.

**4. Undisclosed Facts Concerning Asset Valuations**

80. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶80, and therefore denies them in their entirety.

**a. Notes Receivable (Loans to Affiliates)**

81. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶81, and therefore denies them in their entirety.

82. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶82, and therefore denies them in their entirety.

83. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶83, and therefore denies them in their entirety.

84. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶84, and therefore denies them in their entirety.

85. Paragraph 85 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant lacks sufficient information or belief to admit or deny the allegations in ¶85, and therefore denies them in their entirety.

86. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶86, and therefore denies them in their entirety.

87. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶87, and therefore denies them in their entirety.

88. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶88, and therefore denies them in their entirety.

89. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶89, and therefore denies them in their entirety.

90. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶90, and therefore denies them in their entirety.

91. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶91, and therefore denies them in their entirety.

92. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶92, and therefore denies them in their entirety.

**b. Corinthian Colleges Student Loan Receivables**

93. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶93, and therefore denies them in their entirety.

94. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶94, and therefore denies them in their entirety.

95. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶95, and therefore denies them in their entirety.

96. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶96, and therefore denies them in their entirety.

97. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶97, and therefore denies them in their entirety.

98. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶98, and therefore denies them in their entirety.

99. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶99, and therefore denies them in their entirety.

100. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶100, and therefore denies them in their entirety.

101. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶101, and therefore denies them in their entirety.

102. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶102, and therefore denies them in their entirety.

103. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶103, and therefore denies them in their entirety.

104. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶104, and therefore denies them in their entirety.

105. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶105, and therefore denies them in their entirety.

106. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶106, and therefore denies them in their entirety.

107. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶107, and therefore denies them in their entirety.

108. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶108, and therefore denies them in their entirety.

**c. CarePayment Healthcare Receivables**

109. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶109, and therefore denies them in their entirety.

110. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶110, and therefore denies them in their entirety.

111. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶111, and therefore denies them in their entirety.

**d. Freedom Financial Consumer Credit Receivables**

112. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶112, and therefore denies them in their entirety.

113. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶113, and therefore denies them in their entirety.

114. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶114, and therefore denies them in their entirety.

115. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶115, and therefore denies them in their entirety.

116. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶116, and therefore denies them in their entirety.

117. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶117, and therefore denies them in their entirety.

118. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶118, and therefore denies them in their entirety.

119. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶119, and therefore denies them in their entirety.

120. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶120, and therefore denies them in their entirety.

121. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶121, and therefore denies them in their entirety.

122. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶122, and therefore denies them in their entirety.

123. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶123, and therefore denies them in their entirety.

124. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶124, and therefore denies them in their entirety.

125. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶125, and therefore denies them in their entirety.

126. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶126, and therefore denies them in their entirety.

**e. <u>MotoLease Motorcycle Leases</u>**

127. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶127, and therefore denies them in their entirety.

128. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶128, and therefore denies them in their entirety.

129. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶129, and therefore denies them in their entirety.

130. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶130, and therefore denies them in their entirety.

131. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶131, and therefore denies them in their entirety.

132. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶132, and therefore denies them in their entirety.

**f. <u>ETC Broker-Dealer</u>**

133. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶133, and therefore denies them in their entirety.

**g. <u>Strategic Capital</u>**

134. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶134, and therefore denies them in their entirety.

135. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶135, and therefore denies them in their entirety.

**B. <u>False and Misleading Statements Regarding ACF</u>**

136. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶136, and therefore denies them in their entirety.

137. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶137, and therefore denies them in their entirety.

138. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶138, and therefore denies them in their entirety.

139. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶139, and therefore denies them in their entirety.

140. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶140, and therefore denies them in their entirety.

141. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶141, and therefore denies them in their entirety.

142. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶142, and therefore denies them in their entirety.

143. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶143, and therefore denies them in their entirety.

144. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶144, and therefore denies them in their entirety.

145. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶145, and therefore denies them in their entirety.

146. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶146, and therefore denies them in their entirety.

**C. False and Misleading Statements Regarding AIOF**

147. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶147, and therefore denies them in their entirety.

148. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶148, and therefore denies them in their entirety

149. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶149, and therefore denies them in their entirety.

**D. False and Misleading Statements Regarding AIOF II**

150. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶150, and therefore denies them in their entirety.

151. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶151, and therefore denies them in their entirety.

152. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶152, and therefore denies them in their entirety.

**E. False and Misleading Statements Regarding ACOF**

153. Defendant denies that ¶153 fully or accurately describes the February, 2014 ACOF PPM or the valuations prepared by defendant that are the subject of this litigation. Defendant denies the remaining allegations of ¶153 in their entirety.

154. Defendant denies that the allegations of ¶153 or the allegations in Section IV(a), *supra,* fully or accurately describe the February, 2014 ACOF PPM or the valuations prepared by defendant that are the subject of this litigation. Defendant denies the allegations in ¶154 in their entirety.

155. Defendant denies that the allegations of ¶153 or the allegations in Section IV(a), *supra,* fully or accurately describe the February, 2014 ACOF PPM or the valuations prepared by defendant that are the subject of this litigation. Defendant denies the allegations in ¶155 in their entirety.

156. Defendant l denies that the allegations of ¶153 or the allegations in Section IV(a), *supra,* fully or accurately describe the February, 2014 ACOF PPM or the valuations prepared by defendant that are the subject of this litigation. Defendant denies the allegations in ¶156 in their entirety.

157. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶157, and therefore denies them in their entirety.

**F. False and Misleading Statements Regarding AIPF**

158. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶158, and therefore denies them in their entirety.

159. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶159, and therefore denies them in their entirety.

160. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶160, and therefore denies them in their entirety.

161. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶161, and therefore denies them in their entirety.

162. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶162, and therefore denies them in their entirety.

**G. False and Misleading Statements Regarding AEIF**

163. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶163, and therefore denies them in their entirety.

164. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶164, and therefore denies them in their entirety.

165. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶165, and therefore denies them in their entirety.

**H. False and Misleading Statements Regarding Aequitas Private Client Fund, LLC**

166. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶166, and therefore denies them in their entirety.

**I. False and Misleading Quarterly Summaries**

167. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶167, and therefore denies them in their entirety.

168. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶168, and therefore denies them in their entirety.

169. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶169, and therefore denies them in their entirety.

170. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶170, and therefore denies them in their entirety.

171. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶171, and therefore denies them in their entirety.

172. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶172, and therefore denies them in their entirety.

173. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶173, and therefore denies them in their entirety.

174. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶174, and therefore denies them in their entirety.

175. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶175, and therefore denies them in their entirety.

176. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶176, and therefore denies them in their entirety.

177. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶177, and therefore denies them in their entirety.

178. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶178, and therefore denies them in their entirety.

179. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶179, and therefore denies them in their entirety.

180. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶180, and therefore denies them in their entirety.

### J. False and Misleading Statements Regarding AMLF Notes

181. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶181, and therefore denies them in their entirety.

182. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶182, and therefore denies them in their entirety.

## V. THE COLLAPSE OF AEQUITAS AND PLAINTIFFS' DISCOVERY OF THE BASIS FOR THEIR CLAIMS

183. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶183, and therefore denies them in their entirety.

184. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶184, and therefore denies them in their entirety.

185. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶185, and therefore denies them in their entirety.

186. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶186, and therefore denies them in their entirety.

187. Defendant admits that the SEC filed a lawsuit against Aequitas on March 10, 2016, and that the complaint contains allegations of securities fraud. Defendant denies any allegation or implication that the fact of the SEC lawsuit implicates defendant in any way. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in ¶187, and therefore denies them in their entirety.

188. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶188, and therefore denies them in their entirety.

## VI. DEFENDANTS PARTICIPATED AND MATERIALLY AIDED IN THE SALE OF AEQUITAS SECURITIES

189. Paragraph 189 does not appear to be directed at defendant, and therefore no response is required by defendant. To the extent that ¶189 is construed as an allegation against or regarding defendant, defendant lacks sufficient information or belief to admit or deny the allegations in ¶189, and therefore denies them in their entirety.

190. Paragraph 190 does not appear to be directed at defendant, and therefore no response is required by defendant. To the extent that ¶190 is construed as an allegation against or regarding defendant, defendant lacks sufficient information or belief to admit or deny the allegations in ¶190, and therefore denies them in their entirety.

191. Paragraph 191 does not appear to be directed at defendant, and therefore no response is required by defendant. To the extent that ¶191 is construed as an allegation against or regarding defendant, defendant lacks sufficient information or belief to admit or deny the allegations in ¶191, and therefore denies them in their entirety.

192. Paragraph 192 does not appear to be directed at defendant, and therefore no response is required by defendant. To the extent that ¶192 is construed as an allegation against or regarding defendant, defendant lacks sufficient information or belief to admit or deny the allegations in ¶192, and therefore denies them in their entirety.

193. Paragraph 193 does not appear to be directed at defendant, and therefore no response is required by defendant. To the extent that ¶193 is construed as an allegation against or regarding defendant, defendant lacks sufficient information or belief to admit or deny the allegations in ¶193, and therefore denies them in their entirety.

194. Paragraph 194 does not appear to be directed at defendant, and therefore no response is required by defendant. To the extent that ¶194 is construed as an allegation against

or regarding defendant, defendant lacks sufficient information or belief to admit or deny the allegations in ¶194, and therefore denies them in their entirety.

195. Defendant admits that it prepared valuations of only three portfolio companies in one Aequitas fund, the Aequitas Capital Opportunities Fund ("ACOF"), between late 2013 and early 2015, and that the scope and use of those valuations were strictly limited by the express conditions of an engagement letter. Defendant denies the remaining allegations in ¶195.

**VII. PLAINTIFFS' PURCHASES OF AEQUITAS**

196. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶196, and therefore denies them in their entirety.

197. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶197, and therefore denies them in their entirety.

198. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶198, and therefore denies them in their entirety.

199. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶199, and therefore denies them in their entirety.

200. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶200, and therefore denies them in their entirety.

201. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶201, and therefore denies them in their entirety.

202. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶202, and therefore denies them in their entirety.

## CLASS ACTION ALLEGATIONS

203. Paragraph 203 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant denies the allegations in ¶203 in their entirety.

204. Paragraph 204 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant denies the allegations in ¶204 in their entirety.

205. Paragraph 205 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant denies the allegations in ¶205 in their entirety.

206. Paragraph 206 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant denies the allegations in ¶206 in their entirety.

207. Paragraph 207 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant denies the allegations in ¶207 in their entirety.

208. Paragraph 208 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant denies the allegations in ¶208 in their entirety.

209. Paragraph 209 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant denies the allegations in ¶209 in their entirety.

210. Paragraph 210 alleges a legal conclusion, to which no response is required. To the extent a response is required, defendant denies the allegations in ¶210 in their entirety.

## CLAIM FOR RELIEF

**(Violations of Oregon Securities Law)**

**(Against All Defendants)**

211. Defendant incorporates its responses to the above paragraphs as if fully set forth herein.

212. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶212, and therefore denies them in their entirety.

213. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶213, and therefore denies them in their entirety.

214. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶214, and therefore denies them in their entirety.

215. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶215, and therefore denies them in their entirety.

216. Defendant denies each of the allegations in ¶216.

217. Paragraph 217 does not appear to be directed at defendant, and therefore no response is required by defendant. To the extent that ¶217 is construed as an allegation against or regarding defendant, defendant lacks sufficient information or belief to admit or deny the allegations in ¶217, and therefore denies them in their entirety.

218. Defendant denies each of the allegations of ¶218.

219. Defendant denies each of the allegations of ¶219.

Duff & Phelps denies each of the allegations in the unnumbered Paragraph titled "Prayer for Relief."

220. To the extent not otherwise expressly stated, Duff & Phelps denies each allegation in the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where not otherwise provided by law, Duff & Phelps asserts the following separate and affirmative defenses to the Second Amended Complaint. Duff & Phelps reserves the right to modify and/or amend these defenses.

**FIRST AFFIRMATIVE DEFENSE**

220. Plaintiffs have failed to state ultimate facts sufficient to demonstrate Aequitas's primary liability, and thus have failed to state a claim against defendant.

**SECOND AFFIRMATIVE DEFENSE**

221. Plaintiffs have failed to state ultimate facts sufficient to demonstrate that defendant participated or materially aided in the sale of any Aequitas security, and thus have failed to state a claim against defendant.

**THIRD AFFIRMATIVE DEFENSE**

222. Defendant did not know, and, in the exercise of reasonable care, could not have known, of the existence of facts on which Aequitas's alleged liability is based.

**FOURTH AFFIRMATIVE DEFENSE**

223. Plaintiffs invested or reinvested in Aequitas securities knowing that they were inherently risky investments. The doctrines of assumption of the risk or informed consent bars plaintiffs from recovering, in whole or in part, the damages or other relief that they seek.

**FIFTH AFFIRMATIVE DEFENSE**

224. Plaintiffs' claims are barred by the doctrines of unclean hands, estoppel, waiver, or laches.

**SIXTH AFFIRMATIVE DEFENSE**

225. This court lacks personal jurisdiction over defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

226. Some or all of plaintiffs' claims are barred by the applicable statute of limitations or repose.

**EIGHTH AFFIRMATIVE DEFENSE**

227. Plaintiffs have failed to mitigate their damages.

**NINTH AFFIRMATIVE DEFENSE**

228. Defendant is entitled to a setoff for all amounts paid, payable by, or available from collateral sources.

**TENTH AFFIRMATIVE DEFENSE**

229. Plaintiffs' claims against defendant must be reduced by any contribution, judgment or settlement.

**ELEVENTH AFFIRMATIVE DEFENSE**

230. To the extent that the Oregon Securities Law is construed to hold defendant jointly or severally liable for the sale of any Aequitas security in which defendant did not directly participate or materially aid, the statute violates federal due process.

**TWELFTH AFFIRMATIVE DEFENSE**

231. To the extent that the Oregon Securities Law is construed to apply extraterritorially—to the sale of securities occurring outside of the State of Oregon—the Law is unconstitutional.

**THIRTEENTH AFFIRMATIVE DEFENSE**

232. Applying the Oregon Securities Law to defendant would violate the dormant Commerce Clause.

**FOURTEENTH AFFIRMATIVE DEFENSE**

233. Plaintiffs' claims against defendant must be dismissed under Oregon's choice-of-law rules.

**FIFTEENTH AFFIRMATIVE DEFENSE**

234. Each plaintiff's claim against defendant is barred, in whole or in part, by the doctrine of *in pari delicto*.

**SIXTEENTH AFFIRMATIVE DEFENSE**

235. Each plaintiff's claim against defendant is barred, in whole or in part, as a result of their respective ratification of each act alleged.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

236. Each plaintiff's claim against defendant is barred because each plaintiff's alleged losses and/or damages, if any, were caused by superseding or intervening causes, and/or the conduct of others, other defendants and/or third parties, or other factors for which defendant is not responsible, and did not result from any acts or omissions by defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

237. Each plaintiff's claim against defendant is barred, in whole or in part, because any alleged statements of material fact, alleged omissions of material fact, or other challenged statements were contained or were made in the context of sufficient cautionary language or risk disclosures and thus are rendered non-actionable under the "bespeaks caution" doctrine.

**NINETEENTH AFFIRMATIVE DEFENSE**

238. Defendant hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be applicable to defendant. Defendant also reserves the right to assert additional affirmative defenses as they may become apparent as the result of discovery or otherwise.

**JURY DEMAND**

239. Defendants demand trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, defendant requests that this Court:

1. Enter judgment in its favor and against plaintiffs on all claims alleged against defendant;

2. Award such other relief that it deems just and proper; and

3. Award defendant its reasonable costs, expenses, and attorney fees.

DATED this 19th day of November, 2018.

HARRANG LONG GARY RUDNICK P.C.

By: s/Sharon A. Rudnick
Sharon A. Rudnick, OSB #830835
William F. Gary, OSB #770325

Of Attorneys for Defendant Duff & Phelps, LLC

**CERTIFICATE OF SERVICE**

I certify that on November 19, 2018, I served or caused to be served a true and complete copy of the foregoing **DEFENDANT DUFF & PHELPS, LLC'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT** on the party or parties listed below as follows:

☑ Via CM / ECF Filing
☐ Via First Class Mail, Postage Prepaid

Keith A. Ketterling, OSB #913368
kketterling@stollberne.com
Timothy S. DeJong, OSB #940662
tdejong@stollberne.com
Jacob S. Gill, OSB #033238
jgill@stollberne.com
Jennifer S. Wagner, OSB #024470
jwagner@stollberne.com
Nadia H. Dahab, OSB #125630
ndahab@stollberne.com
Lydia Anderson-Dana, OSB #166167
landersondana@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

Steve W. Berman, *Pro Hac Vice*
steve@hbsslaw.com
Karl P. Barth, *Pro Hac Vice*
karlb@hbsslaw.com
Catherine Y.N. Gannon, *Pro Hac Vice*
catherineg@hbsslaw.com
Dawn Cornelius, *Pro Hac Vice*
dawn@hbsslaw.com
Jeniphr A.E. Breckenridge, *Pro Hac Vice*
jeniphr@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP

Robert S. Banks, Jr., OSB #821862
bob@bankslawoffice.com
BANKS LAW OFFICE, P.C.

Attorneys For Plaintiffs

Robert C. Weaver, Jr., OSB # 801350
rweaver@gsblaw.com
Gary I. Grenely, OSB #751380
ggrenley@gsblaw.com
Eryn Karpinski Hoerster, OSB # 106126
ehoerster@gsblaw.com
Daniel L. Keppler, OSB #923537
dkeppler@gsblaw.com
Paul Trinchero, OSB #014397
ptrinchero@gsblaw.com
GARVEY SCHUBERT BARER

Peter A. Wald, *Pro Hac Vice*
peter.wald@lw.com
Gavin M. Masuda, *Pro Hac Vice*
gavin.masuda@lw.com
Nicole C. Valco, *Pro Hac Vice*
nicole.valco@lw.com
Marcy C. Priedman, *Pro Hac Vice*
marcy.priedeman@lw.com
Nicholas J. Siciliano, *Pro Hac Vice*
Nicholas.siciliano@lw.com
LATHAM & WATKINS LLP

Attorneys for Defendant Deloitte & Touche LLP

Matthew Kalmanson, OSB #041280

William Ferranti, OSB #160069

mjk@hartwagner.com
Lindsay H. Duncan, OSB #120974
lhd@hartwagner.com
HART WAGNER, LLP

Nicholas Christakos, *Pro Hac Vice*
nicholas.christakos@sutherland.com
Bruce Bettigole, *Pro Hac Vice*
bruce.bettigole@sutherland.com
Gail L Westover, *Pro Hac Vice*
gail.westover@sutherland.com
EVERSHEDS SUTHERLAND LLP

Attorneys for Defendant TD Ameritrade, Inc.

Milo Petranovich, OSB #813376
petranovichm@lanepowell.com
Peter Hawkes, OSB #071986
hawkesp@lanepowell.com
SreeVamshi Reddy, OSB #140560
reddyv@lanepowell.com
LANE POWELL

Attorneys for Defendant Integrity Bank & Trust

Philip S. Van Der Weele, OSB #863650
phil.vanderweele@klgates.com
K&L GATES LLP

Attorneys for Defendant Tonkon Torp, LLP

wpf@ferrantiappeals.com
THE FERRANTI FIRM LLC

Joanna R. Travalini, *Pro Hac Vice*
jtravalini@winston.com
Linda T. Coberly, *Pro Hac Vice*
lcoberly@winston.com
WINSTON & STRAWN LLP

Attorneys for Defendant EisnerAmper LLP

David Markowitz, OSB #742046
davidmarkowitz@markowitzherbold.com
Chad Colton, OSB #065774
chadcolton@markowitzherbold.com
Jeffrey M. Edelson, OSB #880407
jeffedelson@markowitzherbold.com
MARKOWITZ HERBOLD PC

Brad Brian, *Pro Hac Vice*
brad.brian@mto.com
Bruce A. Abbott, *Pro Hac Vice*
bruce.abbott@mto.com
Trevor Templeton, *Pro Hac Vice*
trevor.templeton@mto.com
Zachary M. Briers, *Pro Hac Vice*
zachary.briers@mto.com
Michael R. Doyen, *Pro Hac Vice*
michael.doyen@mto.com
Alexander S. Gorin, *Pro Hac Vice*
alex.gorin@mto.com
MUNGER TOLLES & OLSON LLP

Attorneys for Defendant Sidley Austin, LLP

B. Scott Whipple, OSB #983750
scott@whipplelawoffice.com
WHIPPLE LAW OFFICE, LLC

Ashley M. Simonsen, *Pro Hac Vice*
asimonsen@cov.com
Tammy Albarran, *Pro Hac Vice*
talbarran@cov.com
William Douglas Sprague, *Pro Hac Vice*
dsprague@cov.com
COVINGTON & BURLING LLP

Attorneys for Intervenor N. Scott Gillis

Michael B. Merchant, OSB #882680
mbm@bhlaw.com
BLACK HELTERLINE, LLP

Jahan P. Raissi, *Pro Hac Vice*
jraissi@sflaw.com
Larisa A. Meisenheimer, *Pro Hac Vice*
lmeisenheimer@sflaw.com
SHARTSIS FRIESE LLP

Attorneys for Intervenor Brian A. Oliver

Christopher W. Peterman, OSB #034212
chris@mahlerlawgroup.com
MAHLER LAW GROUP PLLC

Jeffrey F. Robertson, *Pro Hac Vice*
Jeffrey.robertson@srz.com
Peter H. White, *Pro Hac Vice*
peter.white@srz.com
SCHULTE ROTH & ZABEL LLP

Attorneys for Intervenor Robert J. Jesenik

HARRANG LONG GARY RUDNICK P.C.

By: s/Sharon A. Rudnick
Sharon A. Rudnick, OSB #830835
William F. Gary, OSB #770325

Of Attorneys for Defendant Duff & Phelps, LLC