**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Jeffrey M. Edelson, OSB #880407**
JeffEdelson@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
Telephone: (503) 295-3085
Facsimile: (503) 323-9105

**Brad D. Brian** (*admitted pro hac vice*)
Brad.Brian@mto.com
**Bruce A. Abbott** (*admitted pro hac vice*)
Bruce.Abbott@mto.com
**Zachary M. Briers** (*admitted pro hac vice*)
Zachary.Briers@mto.com
**Trevor N. Templeton** (*admitted pro hac vice*)
Trevor.Templeton@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendant Sidley Austin LLP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CUIFFITELLI REVOCABLE TRUST; GREG and ANGELA JULIEN; JAMES and SUSAN MACDONALD, as Co-Trustees of the MACDONALD FAMILY TRUST; R.F. MACDONALD CO.; ANDREW NOWAK, for himself and as Trustee of the ANDREW NOWAK REVOCABLE LIVING TRUST U/A 2/20/2002; WILLIAM RAMSTEIN; and GREG WARRICK, for himself and, with SUSAN WARRICK, as Co-Trustees of the | CV No. 3:16-cv-00580-AC<br><br>**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES** |

| | |
|---|---|
| WARRICK FAMILY TRUST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; and INTEGRITY BANK & TRUST,<br><br>Defendants. | |

Defendant Sidley Austin LLP ("Sidley") hereby responds to Plaintiffs' Second Amended Class Action Complaint ("SAC") as follows:

## PRELIMINARY STATEMENT

Sidley's investigation and discovery regarding the allegations made by Plaintiffs in the SAC, and Sidley's defenses thereto, are ongoing. While Sidley files this Answer to the best of its present knowledge, Sidley reserves the right to supplement or amend this Answer to include additional defenses and counterclaims that are discovered during the course of this action. To the extent Sidley does not specifically admit an allegation, at this time Sidley denies such allegation. The headings contained in this Answer reflect the text used in the SAC and do not constitute admissions of their contents.

## INTRODUCTION

1. To the extent the allegations of Paragraph 1 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 1 are deemed factual, Sidley denies the allegations in the first and second sentence of Paragraph 1. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and on that basis denies the remaining allegations.

2. To the extent the allegations in Paragraph 2 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 2 are deemed factual, Sidley admits that the United States District Court for the District of Oregon imposed a "Stay of Litigation," in its April 14, 2016, Order Appointing Receiver, ECF No. 156, *SEC v. Aequitas Mgmt., LLC, et al.*, No. 3:16-cv-00438-PK (D. Or.). Sidley denies that it "participated and aided in the unlawful sales of Aequitas securities," and denies the last sentence of Paragraph 2 to the extent it applies to Sidley. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis denies the remaining allegations.

3. To the extent the allegations in Paragraph 3 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 3 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis denies the allegations.

4. To the extent the allegations in Paragraph 4 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 4 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis denies the allegations.

5. To the extent the allegations in Paragraph 5 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 5 are deemed factual, Sidley admits that, in March 2016, the Securities and Exchange Commission filed an action against Aequitas Management, LLC, other Aequitas entities, and certain Aequitas executives. Sidley admits that certain Aequitas entities are in receivership. Sidley presently

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and on that basis denies the remaining allegations.

**JURISDICTION AND VENUE**

6. To the extent the allegations in Paragraph 6 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 6 are deemed factual, Sidley admits that this Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and on that basis denies the remaining allegations.

7. To the extent the allegations in Paragraph 7 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 7 are deemed factual, Sidley denies that it resides in Oregon, and denies that a substantial part of the events and omissions giving rise to the claims asserted by Plaintiffs against Sidley occurred in this District. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and on that basis denies the remaining allegations.

8. To the extent the allegations in Paragraph 8 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 8 are deemed factual, Sidley states that it does not contest personal jurisdiction in this District solely for purposes of this action. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and on that basis denies the remaining allegations.

## PARTIES

### Plaintiffs

9. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies the allegations.

10. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies the allegations.

11. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies the allegations.

12. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies the allegations.

13. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis denies the allegations.

14. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies the allegations.

15. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis denies the allegations.

### Defendants

16. Sidley admits that Deloitte was identified as "auditor" in certain Aequitas entities' offering documents and that Deloitte was identified on the SEC Form ADV filed on March 24, 2014, by Aequitas Investment Management, LLC as the auditor of certain Aequitas entities. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and on that basis denies the remaining allegations.

17. Sidley admits that EisnerAmper was identified as "auditor" in certain Aequitas entities' offering documents and that a Form ADV filed with the SEC before March 24, 2014, by

Aequitas Investment Management, LLC listed EisnerAmper as the auditor of certain Aequtias entities. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and on that basis denies the remaining allegations.

18. Sidley admits that it is a law firm with offices in the United States and abroad. Sidley further admits that it provided specific legal services to certain Aequitas entities, including Aequitas Capital Opportunities Fund, LP ("ACOF"). Sidley never served as Aequitas's general counsel, and Sidley was not engaged, and did not provide any legal services, to the vast majority of Aequitas entities. On February 4, 2016, Sidley resigned and terminated all representations of any Aequitas entities, including Aequitas's subsidiaries and affiliates. With the exception of ACOF, Sidley denies that it "prepared legal papers" for the sale of any Aequitas securities. With respect to ACOF, Sidley admits that it drafted specific portions of the ACOF private placement memorandum. Sidley specifically denies that it "was identified as legal counsel" in offering documents for the sale of any securities issued by any entity other than ACOF. Sidley denies the remaining allegations contained in Paragraph 18.

19. Sidley admits that Tonkon is a law firm based in Portland, Oregon. Sidley admits that Tonkon provided legal services to certain Aequitas entities, including in connection with the sale of securities, and was identified as legal counsel in certain Aequitas entities' offering documents. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and on that basis denies the allegations.

20. Sidley admits that TD Ameritrade, Inc. is a New York corporation registered as a broker-dealer in Oregon. Sidley presently lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 20, and on that basis denies the allegations.

21. Sidley admits that Integrity Bank & Trust is a bank based in Colorado. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and on that basis denies the remaining allegations.

22. Sidley admits that Duff & Phelps is a Delaware limited liability company. Sidley admits that Duff & Phelps performed valuation analyses for certain Aequitas entities, including ACOF. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and on that basis denies the remaining allegations.

## FACTUAL ALLEGATIONS

### I. THE AEQUITAS ENTITIES

23. Paragraph 23 contains conclusions of law and purports to quote from unidentfiied sources or documents, such that no answer is required. To the extent that such allegations are deemed factual, Sidley admits that there were numerous affiliated entities employing the Aequitas name. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and on that basis denies the remaining allegations.

24. Sidley admits that Aequitas Management, LLC ("Aequitas Management") was the parent entity of numerous entities employing the Aequitas name, including Aequitas Holdings, LLC ("Aequitas Holdings"), Aequitas Commercial Finance, LLC, ("ACF"), and Aequitas Capital Management, Inc. ("ACM"). Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and on that basis denies the remaining allegations.

25. Sidley admits that there are numerous Aequitas entities, including ACF, Aequitas Income Protection Fund, LLC ("AIPF"), Aequitas Income Opportunity Fund, LLC ("AIOF"), Aequitas Income Opportunity Fund II, LLC ("AIOF-II"), Aequitas Capital Opportunities Fund, LP ("ACOF"), Aequitas ETC Founders Fund, LLC ("AETC"), Aequitas Enhanced Income Fund, LLC ("AEIF"), and MotoLease Financial, LLC ("AMLF"). Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25, and on that basis denies the remaining allegations.

26. Sidley admits that there are numerous Aequitas entities, including ACM, ACF, and AMLF. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and on that basis denies the remaining allegations.

27. Sidley admits that there are numerous Aequitas entities, including AIPF, AIOF, AIOF-II, AETC, AEIF, APCF, and ACOF (collectively, the "Aequitas Funds"). Sidley admits that AIM was an SEC-registered investment advisor. Sidley admits that Aequitas Capital Opportunities GP, LLC was the general partner of ACOF. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27, and on that basis denies the remaining allegations.

## II. THE AEQUITAS SECURITIES

28. Sidley admits that certain Aequitas entities—including ACF, AIPF, AIOF, AIOF-II, APCF, and ACOF—issued securities. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and on that basis denies the remaining allegations.

29. To the extent the allegations in Paragraph 29 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 29 are

deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis denies the allegations.

30. To the extent the allegations in Paragraph 30 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 30 are deemed factual, Sidley admits that ACF issued securities. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and on that basis denies the remaining allegations.

31. To the extent the allegations in Paragraph 31 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 31 are deemed factual, Sidley admits that certain Aequitas entities—including ACF, AIPF, AIOF, AIOF-II, APCF, and ACOF—issued securities. Sidley admits that ACOF issued certain limited partnership interests, which were subject to "Capital Commitments." Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31, and on that basis denies the remaining allegations.

32. To the extent the allegations of Paragraph 32 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 32 are deemed factual, Sidley admits that certain Aequitas entities—including ACF, AIPF, AIOF, AIOF-II, APCF, and ACOF—issued securities. Sidley denies that "the offerings of the Aequtias securities were a single integrated offering for purposes of the securities registration requirements under state and federal law." Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32, and on that basis denies the remaining allegations.

## III. THE AEQUITAS SECURITIES WERE NOT REGISTERED, IN VIOLATION OF THE OREGON SECURITIES LAW

33. To the extent the allegations of Paragraph 33 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 33 are deemed factual, Sidley admits that ACF issued securities. Sidley denies that "sales of the ACF Notes and sales of the other Aequitas securities all were made for substantially the same general purpose." Sidley denies that "sales of the ACF Notes and sales of the other Aequitas securities all were part of a single plan of financing." Sidley denies that "sales of the ACF Notes occurred at or about the same time as the sales of the other Aequitas securities." Sidley denies that "the ACF Notes and the other Aequitas securities were substantially the same class of securities." Sidley denies that "Purchasers of the ACF Notes and purchasers of the other Aequitas securities received substantially the same type of consideration in connection with their purchases." Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and on that basis denies the remaining allegations.

34. Sidley admits that the ACF Notes were not registered with the United States Securities and Exchange Commission. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34, and on that basis denies the remaining allegations.

35. The allegations of Paragraph 35 consist of legal conclusions or argument and require no answer from Sidley. To the extent the allegations in Paragraph 35 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and on that basis denies the allegations.

36. To the extent the allegations of Paragraph 36 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 36 are

deemed factual, Sidley denies that it "engaged in general solicitation and/or general advertising in connection with the offer and sale of the ACF Notes." Sidley denies that it materially aided or participated in the sale of securities by ACF. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36, and on that basis denies the remaining allegations.

37. To the extent the allegations of Paragraph 37 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 37 are deemed factual, Sidley admits that the ACF's securities were not listed on any national securities exchange. Sidley admits that ACF did not publicly filed with the SEC any registration statement with respect to ACF's securities. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37, and on that basis denies the remaining allegations.

38. To the extent the allegations of Paragraph 38 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 38 are deemed factual, Sidley admits that AIOF issued securities. Sidley denies that "sales of the AIOF Notes and sales of the other Aequitas securities all were made for substantially the same general purpose." Sidley denies that "sales of the AIOF Notes and sales of the other Aequitas securities all were part of a single plan of financing." Sidley denies that "sales of the AIOF Notes occurred at or about the same time as the sales of the other Aequitas securities." Sidley denies that "the AIOF Notes and the other Aequitas securities were substantially the same class of securities." Sidley denies that "Purchasers of the AIOF Notes and purchasers of the other Aequitas securities received substantially the same type of consideration in connection with their purchases." Sidley

presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38, and on that basis denies the remaining allegations.

39. Sidley admits that the AIOF Notes were not registered with the United States Securities and Exchange Commission. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39, and on that basis denies the remaining allegations.

40. The allegations of Paragraph 40 consist of legal conclusions or argument and require no answer from Sidley. To the extent the allegations in Paragraph 40 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and on that basis denies the allegations.

41. To the extent the allegations of Paragraph 41 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 41 are deemed factual, Sidley denies that it "engaged in general solitication and/or general advertising in connection with the offer and sale of the AIOF Notes." Sidley denies that it materially aided or participated in the sale of securities by AIOF. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, and on that basis denies the remaining allegations.

42. To the extent the allegations of Paragraph 42 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 42 are deemed factual, Sidley admits that AIOF's securities were not listed on any national securities exchange. Sidley admits that AIOF did not file with the SEC any registration statement with respect to its securities. Sidley presently lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 42, and on that basis denies the remaining allegations.

43. To the extent the allegations of Paragraph 43 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 43 are deemed factual, Sidley admits that AIPF issued securities. Sidley denies that "sales of the AIPF Interests and sales of the other Aequitas securities all were made for substantially the same general purpose." Sidley denies that "sales of the AIPF Interests and sales of the other Aequitas securities all were part of a single plan of financing." Sidley denies that "sales of the AIPF Interests occurred at or about the same time as" the sales of the other Aequitas securities. Sidley denies that "the AIPF Interests and the other Aequitas securities were substantially the same class of securities." Sidley denies that "Purchasers of the AIPF Interests and purchasers of the other Aequitas securities received substantially the same type of consideration in connection with their purchases." Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, and on that basis denies the remaining allegations.

44. Sidley admits that the AIPF securities were not registered with the United States Securities and Exchange Commission. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, and on that basis denies the remaining allegations.

45. The allegations of Paragraph 45 consist of legal conclusions or argument and require no answer from Sidley. To the extent the allegations in Paragraph 45 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and on that basis denies the allegations.

46. To the extent the allegations of Paragraph 46 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 46 are deemed factual, Sidley denies that it "engaged in general solitication and/or general advertising in connection with the offer and sale of the AIPF Interests." Sidley denies that it materially aided or participated in the sale of securities by AIPF. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, and on that basis denies the remaining allegations.

47. To the extent the allegations of Paragraph 47 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 47 are deemed factual, Sidley admits that the AIPF securities were not listed on any national securities exchange. Sidley admits that AIPF did not publicly file with the SEC any registration statement with respect to its securities. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47, and on that basis denies the remaining allegations.

48. To the extent the allegations of Paragraph 48 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 48 are deemed factual, Sidley admits that ACOF issued securities. Sidley denies that "sales of the ACOF Interests and sales of the other Aequitas securities all were made for substantially the same general purpose." Sidley denies that "sales of the ACOF Interests and sales of the other Aequitas securities all were part of a single plan of financing." Sidley denies that "sales of the ACOF Interests occurred at or about the same time as the sales of the other Aequitas securities." Sidley denies that "the ACOF Interests and the other Aequitas securities were substantially the same class of securities." Sidley denies that "Purchasers of the ACOF Interests and purchasers

of the other Aequitas securities received substantially the same type of consideration in connection with their purchases." Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48, and on that basis denies the remaining allegations.

49. Sidley admits that the ACOF securities were not registered with the United States Securities and Exchange Commission. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and on that basis denies the remaining allegations.

50. The allegations of Paragraph 50 consist of legal conclusions or argument and require no answer from Sidley. To the extent the allegations in Paragraph 50 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and on that basis denies the allegations.

51. To the extent the allegations of Paragraph 51 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 51 are deemed factual, Sidley denies that it "engaged in general solicitation and/or general advertising in connection with the offer and sale of the ACOF Interests." Sidley denies that it materially aided or participated in the sale of securities by ACOF. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51, and on that basis denies the remaining allegations.

52. To the extent the allegations of Paragraph 52 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 52 are deemed factual, Sidley admits that the ACOF securities were not listed on any national securities exchange. Sidley admits that ACOF did not publicly file with the SEC any registration statement

with respect to its securities. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52, and on that basis denies the remaining allegations.

53. To the extent the allegations of Paragraph 53 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 53 are deemed factual, Sidley admits that AIOF-II issued securities. Sidley denies that "sales of the AIOF-II Notes and sales of the other Aequitas securities all were made for substantially the same general purpose." Sidley denies that "sales of the AIOF-II Notes and sales of the other Aequitas securities all were part of a single plan of financing." Sidley denies that "sales of the AIOF-II Notes occurred at or about the same time as the sales of" the other Aequitas securities. Sidley denies that "the AIOF-II Interests and the other Aequitas securities were substantially the same class of securities." Sidley denies that "Purchasers of the AIOF-II Notes and purchasers of the other Aequitas securities received substantially the same type of consideration in connection with their purchases." Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53, and on that basis denies the remaining allegations

54. Sidley admits that the AIOF-II securities were not registered with the United States Securities and Exchange Commission. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54, and on that basis denies the remaining allegations.

55. The allegations of Paragraph 55 consist of legal conclusions or argument and require no answer from Sidley. To the extent the allegations in Paragraph 55 are deemed factual,

Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and on that basis denies the allegations.

56. To the extent the allegations of Paragraph 56 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 56 are deemed factual, Sidley denies that it "engaged in general solitication and/or general advertising in connection with the offer and sale of the AIOF-II Notes." Sidley denies that it materially aided or participated in the sale of securities by AIOF-II. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56, and on that basis denies the remaining allegations.

57. To the extent the allegations of Paragraph 57 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 57 are deemed factual, Sidley admits that the AIOF-II securities were not listed on any national securities exchange. Sidley admits that AIOF-II did not publicly file with the SEC any registration statement with respect to its securities. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57, and on that basis denies the remaining allegations.

58. To the extent the allegations of Paragraph 58 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 58 are deemed factual, Sidley admits that certain Aequitas entities issued securities. Sidley denies that "sales of the AEIF Interests and sales of the other Aequitas securities all were made for substantially the same general purpose." Sidley denies that "sales of the AEIF Interests and sales of the other Aequitas securities all were part of a single plan of financing." Sidley denies that "sales of the AEIF Interests occurred at or about the same time as the sales of the other Aequitas

securities." Sidley denies that "the AEIF Interests and the other Aequitas securities were substantially the same class of securities." Sidley denies that "Purchasers of the AEIF Interests and purchasers of the other Aequitas securities received substantially the same type of consideration in connection with their purchases." Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58, and on that basis denies the remaining allegations

59. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and on that basis denies the allegations.

60. The allegations of Paragraph 60 consist of legal conclusions or argument and require no answer from Sidley. To the extent the allegations in Paragraph 60 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and on that basis denies the allegations.

61. To the extent the allegations of Paragraph 61 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 61 are deemed factual, Sidley denies that it "engaged in general solitication and/or general advertising in connection with the offer and sale of the AEIF Interests." Sidley denies that it materially aided or participated in the sale of securities by AEIF. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61, and on that basis denies the remaining allegations.

62. To the extent the allegations of Paragraph 62 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 62 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and on that basis denies the allegations.

63. To the extent the allegations of Paragraph 63 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 63 are deemed factual, Sidley admits that certain Aequitas entities issued securities. Sidley denies that "sales of the AMLF Notes and sales of the other Aequitas securities all were made for substantially the same general purpose." Sidley denies that "sales of the AMLF Notes and sales of the other Aequitas securities all were part of a single plan of financing." Sidley denies that "sales of the AMLF Notes occurred at or about the same time as the sales of" the other Aequitas securities. Sidley denies that "the AMLF Notes and the other Aequitas securities were substantially the same class of securities." Sidley denies that "Purchasers of the AMLF Notes and purchasers of the other Aequitas securities received substantially the same type of consideration in connection with their purchases." Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63, and on that basis denies the remaining allegations

64. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and on that basis denies the allegations.

65. The allegations of Paragraph 65 consist of legal conclusions or argument and require no answer from Sidley. To the extent the allegations in Paragraph 65 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and on that basis denies the allegations.

66. To the extent the allegations of Paragraph 66 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 66 are deemed factual, Sidley denies that it "engaged in general solitication and/or general advertising in connection with the offer and sale of the AMLF Notes." Sidley denies that it materially aided

or participated in the sale of securities by AMLF. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66, and on that basis denies the remaining allegations.

67. To the extent the allegations of Paragraph 67 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 67 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and on that basis denies the allegations.

## IV. THE AEQUITAS SECURITIES WERE SOLD BY MEANS OF UNTRUE STATEMENTS AND OMISSIONS

### A. Facts Supporting Allegations of Specific Untrue and Misleading Statements

#### 1. Undisclosed Prior Business Failures

68. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and on that basis denies the allegations.

69. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and on that basis denies the allegations.

#### 2. Use of Investor Funds and Inability to Purchase Receivables Assets

70. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and on that basis denies the allegations.

71. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and on that basis denies the allegations.

72. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and on that basis denies the allegations.

73. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis denies the allegations.

74. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and on that basis denies the allegations.

75. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and on that basis denies the allegations.

76. Sidley admits that a memorandum was drafted by Jeffrey Mazer, dated October 19, 2015. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76, and on that basis denies the remaining allegations.

77. To the extent the allegations in Paragraph 77 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 77 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and on that basis denies the allegations.

### 3. Undisclosed Dependence on Renewals of Investments on Maturity

78. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and on that basis denies the allegations.

79. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and on that basis denies the allegations.

### 4. Undisclosed Facts Concerning Asset Valuations

80. To the extent the allegations in Paragraph 80 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 80 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and on that basis denies the allegations.

#### a. Notes Receivable (Loans to Affiliates)

81. To the extent the allegations in Paragraph 81 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 81 are deemed factual, Sidley admits that ACF reported "Notes Receivable, Affiliates," on its consolidated balance sheet. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81, and on that basis denies the remaining allegations.

82. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and on that basis denies the allegations.

83. To the extent the allegations in Paragraph 83 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 83 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and on that basis denies the allegations.

84. To the extent the allegations in Paragraph 84 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 84 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and on that basis denies the allegations.

85. To the extent the allegations in Paragraph 85 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 85 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and on that basis denies the allegations.

86. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and on that basis denies the allegations.

87. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and on that basis denies the allegations.

88. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and on that basis denies the allegations.

89. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and on that basis denies the allegations.

90. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and on that basis denies the allegations.

91. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and on that basis denies the allegations.

92. To the extent the allegations in Paragraph 92 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 92 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and on that basis denies the allegations.

**b. Corinthian Colleges Student Loan Receivables**

93. To the extent the allegations in Paragraph 93 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 93 are deemed factual, Sidley admits that Corinthian Colleges, Inc. and ASFG, LLC entered into a "Tuition Loan Program Agreement" dated June 29, 2011. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93, and on that basis denies the remaining allegations.

94. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and on that basis denies the allegations.

95. To the extent the allegations in Paragraph 95 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 95 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and on that basis denies the allegations.

96. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and on that basis denies the allegations.

97. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and on that basis denies the allegations.

98. To the extent the allegations in Paragraph 98 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 98 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and on that basis denies the allegations.

99. To the extent the allegations in Paragraph 99 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 99 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and on that basis denies the allegations.

100. To the extent the allegations in Paragraph 100 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 100 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and on that basis denies the allegations.

101. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and on that basis denies the allegations.

102. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and on that basis denies the allegations.

103. To the extent the allegations in Paragraph 103 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 103 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and on that basis denies the allegations.

104. To the extent the allegations in Paragraph 104 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 104 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and on that basis denies the allegations.

105. To the extent the allegations in Paragraph 105 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 105 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and on that basis denies the allegations.

106. To the extent the allegations in Paragraph 106 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 106 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and on that basis denies the allegations.

107. To the extent the allegations in Paragraph 107 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 107 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and on that basis denies the allegations.

108. To the extent the allegations in Paragraph 108 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 108 are deemed factual, Sidley admits that ASC 450 addresses "loss contingencies." Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108, and on that basis denies the remaining allegations.

**c. <u>CarePayment Healthcare Receivables</u>**

109. To the extent the allegations in Paragraph 109 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 109 are deemed factual, Sidley admits that CarePayment, LLC purchased "healthcare receivables." Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109, and on that basis denies the remaining allegations.

110. To the extent the allegations in Paragraph 110 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 110 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and on that basis denies the allegations.

111. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and on that basis denies the allegations.

**d. <u>Freedom Financial Consumer Credit Receivables</u>**

112. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and on that basis denies the allegations.

113. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and on that basis denies the allegations.

114. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and on that basis denies the allegations.

115. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and on that basis denies the allegations.

116. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and on that basis denies the allegations.

117. To the extent the allegations in Paragraph 117 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 117 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and on that basis denies the allegations.

118. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and on that basis denies the allegations.

119. To the extent the allegations in Paragraph 119 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 119 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and on that basis denies the allegations.

120. To the extent the allegations in Paragraph 120 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 120 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and on that basis denies the allegations.

121. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and on that basis denies the allegations.

122. To the extent the allegations in Paragraph 122 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 122

are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and on that basis denies the allegations.

123. To the extent the allegations in Paragraph 123 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 123 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and on that basis denies the allegations.

124. To the extent the allegations in Paragraph 124 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 124 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and on that basis denies the allegations.

125. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and on that basis denies the allegations.

126. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and on that basis denies the allegations.

**e. <u>MotoLease Motorcycle Leases</u>**

127. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and on that basis denies the allegations.

128. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and on that basis denies the allegations.

129. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and on that basis denies the allegations.

130. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and on that basis denies the allegations.

131. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and on that basis denies the allegations.

132. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and on that basis denies the allegations.

**f. ETC Broker-Dealer**

133. To the extent the allegations in Paragraph 133 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 133 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and on that basis denies the allegations.

**g. Strategic Capital**

134. To the extent the allegations in Paragraph 134 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 134 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and on that basis denies the allegations.

**h. Separation of Servicing Businesses from Receivables**

135. To the extent the allegations in Paragraph 135 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 135 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and on that basis denies the allegations.

**B. False and Misleading Statements Regarding ACF**

136. To the extent the allegations in Paragraph 136 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 136 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and on that basis denies the allegations.

137. To the extent the allegations in Paragraph 137 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 137 are deemed factual, Sidley admits that a document identified as a December 2011 ACF Private Placement Memorandum identified Harb, Levy & Weiland LLP as Auditor and Tonkon as Legal Counsel. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137, and on that basis denies the remaining allegations.

138. To the extent the allegations in Paragraph 138 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 138 are deemed factual, Sidley admits that a document identified as a November 2012 ACF Private Placement Memorandum identified EisnerAmper as Auditor and Tonkon as Legal Advisor. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138, and on that basis denies the remaining allegations.

139. To the extent the allegations in Paragraph 139 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 139 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, and on that basis denies the allegations.

140. To the extent the allegations in Paragraph 140 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 140 are deemed factual, Sidley admits that a document identified as a November 2013 ACF Private Placement Memorandum identified Deloitte as Auditor and Tonkon as Legal Counsel. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 140, and on that basis denies the remaining allegations.

141. To the extent the allegations in Paragraph 141 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 141 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, and on that basis denies the allegations.

142. To the extent the allegations in Paragraph 142 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 142 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, and on that basis denies the allegations.

143. To the extent the allegations in Paragraph 143 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 143 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143, and on that basis denies the allegations.

144. To the extent the allegations in Paragraph 144 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 144 are deemed factual, Sidley admits that a document identified as a September 2015 ACF Private Placement Memorandum identified Deloitte as Auditor and Tonkon as Legal Counsel. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144, and on that basis denies the remaining allegations.

145. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, and on that basis denies the allegations.

146. To the extent the allegations in Paragraph 146 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 146 are deemed factual, Sidley admits that a document identified as an October 2015 ACF Private

Placement Memorandum identified Deloitte as Auditor. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 146, and on that basis denies the remaining allegations.

**C. <u>False and Misleading Statements Regarding AIOF</u>**

147. To the extent the allegations in Paragraph 147 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 147 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, and on that basis denies the allegations.

148. To the extent the allegations in Paragraph 148 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 148 are deemed factual, Sidley admits that a document identified as a March 2012 AIOF Private Placement Memorandum identified EisnerAmper as Auditor and Tonkon as Legal Counsel. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 148, and on that basis denies the remaining allegations.

149. To the extent the allegations in Paragraph 149 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 149 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, and on that basis denies the allegations.

**D. <u>False and Misleading Statements Regarding AIOF II</u>**

150. To the extent the allegations in Paragraph 150 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 150 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150, and on that basis denies the allegations.

151. To the extent the allegations in Paragraph 151 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 151 are deemed factual, Sidley admits that a document identified as an October 2014 AIOF-II Private Placement Memorandum identified Deloitte as Auditor and Tonkon as Legal Counsel. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 151, and on that basis denies the remaining allegations.

152. To the extent the allegations in Paragraph 152 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 152 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152, and on that basis denies the allegations.

**E. False and Misleading Statements Regarding ACOF**

153. To the extent the allegations in Paragraph 153 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 153 are deemed factual, Sidley admits that the February 2014 ACOF Confidential Private Placement Memorandum ("PPM") identified Deloitte as Auditor and Sidley as Legal Counsel. The PPM further stated:

> Sidley Austin LLP does not represent and has not represented the prospective investors or the Partnership in the course of the organization of the Partnership, the negotiation of its business terms, the offering of the Interests or in respect of its ongoing operations. . . . Sidley Austin LLP's engagement by the General Partner and the Investment Advisor in respect of the Partnership is limited to the specific matters as to which it is consulted by the General Partner and the Investment Advisor, therefore, there may exist facts or circumstances which could have a bearing on the Partnership's (or the General Partner's or the Investment Advisor's) financial condition or operations with respect to which Sidley Austin LLP has not been consulted and for which Sidley Austin LLP expressly disclaims any responsibility. More specifically, Sidley Austin LLP does not undertake to monitor the compliance of the General Partner, the Investment Advisor and

> their affiliates with the investment program, valuation procedures and other guidelines set forth herein, nor does it monitor compliance with applicable laws. In preparing this [PPM], Sidley Austin LLP relied upon information furnished to it by the Partnership and/or the General Partner and the Investment Advisor, and did not investigate or verify the accuracy and completeness of the information set forth herein concerning the General Partner, the Investment Advisor, the Partnership's service providers and their affiliates and personnel.

Sidley admits that the PPM identified Duff & Phelps, described Duff & Phelps's work as an independent valuation agent, and identified valuations performed by Duff & Phelps of certain assets. Sidley denies that the PPM was false or misleading. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 153, and on that basis denies the remaining allegations.

(a) To the extent the allegations in subparagraph (a) of Paragraph 153 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in subparagraph (a) of Paragraph 153 are deemed factual, Sidley admits that the PPM stated that "[t]he General Partner is offering limited partnership interests in the Partnership to finance growth investments in the Existing Portfolio Investments and new investments in growth oriented companies generally in the financial services arena." Sidley admits that the PPM stated that "[t]he Investment Advisor expects that capital committed to the Partnership will be allocated to both existing and new investments, with a significant portion of invested capital funding growth investments in the portfolio companies described below under—'*Existing Portfolio Investments*' and the remainder funding investments in new opportunities that are consistent with the Partnership's investment objectives and the Investment Advisor's expertise." Sidley denies that the PPM was misleading. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in subparagraph (a) of Paragraph 153, and on that basis denies the remaining allegations.

(b) To the extent the allegations in subparagraph (b) of Paragraph 153 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in subparagraph (b) of Paragraph 153 are deemed factual, Sidley denies that the PPM was false or misleading. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in subparagraph (b) of Paragraph 153, and on that basis denies the remaining allegations.

(c) To the extent the allegations in subparagraph (c) of Paragraph 153 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in subparagraph (c) of Paragraph 153 are deemed factual, Sidley admits that the PPM states that the EducationPlus Loan Program "recently ceased funding Corinthian loans with the intention of implementing enhancements to align with current market conditions." Sidley denies that the PPM was false or misleading. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in subparagraph (c) of Paragraph 153, and on that basis denies the remaining allegations.

(d) To the extent the allegations in subparagraph (d) of Paragraph 153 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in subparagraph (d) of Paragraph 153 are deemed factual, Sidley denies that the PPM was untrue, false, or misleading. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in subparagraph (d) of Paragraph 153, and on that basis denies the remaining allegations.

(e) To the extent the allegations in subparagraph (e) of Paragraph 153 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in subparagraph (e) of Paragraph 153 are deemed factual, Sidley admits that the PPM

states "The Managing Principals of the General Partner and the Chief Executive Office of ACM are primarily respnosible for the investment activities of the Partnership, in conjunction with the Investment Committee. The Investment Advisor employees senior professionals in addition to Messrs. Froude, Ruh and Jesenik, who have complementary skills and extensive experience relevant to making and managing the investments of the Partnership." Sidley admits that the PPM states "With a team of industry experts and years of experience in these markets, the Investment Advisor believes that the Partnership is well-positioned to experience capital appreciation over the Partnership's term." Sidley denies that the PPM was false or misleading. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in subparagraph (e) of Paragraph 153, and on that basis denies the remaining allegations.

154. Sidley incorporates by references its response to Paragraph 153. Sidley admits that ACOF issued an August 2014 supplement to the ACOF PPM and that the supplement stated that it "updates, supplements, or replaces, as the case may be, certain information . . . found in the Confidential Private Placement Memorandum of the Partnership dated February 2014." Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 154, and on that basis denies the remaining allegations.

155. Sidley incorporates by references its response to Paragraphs 153 and 154. Sidley admits that ACOF issued a November 2014 supplement to the ACOF PPM and that the supplement stated that it "updates, supplements, or replaces, as the case may be, certain information . . . found in the Confidential Private Placement Memorandum of the Partnership dated February 2014 and the First Supplement to the Memorandum dated August 2014." Sidley

presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 155, and on that basis denies the remaining allegations.

156. Sidley incorporates by references its response to Paragraphs 153–155. Sidley admits that ACOF issued a February 2015 supplement to the ACOF PPM and that the supplement stated that it "updates, supplements, or replaces, as the case may be, certain information . . . found in the Confidential Private Placement Memorandum of the Partnership dated February 2014, the First Supplement to the Memorandum dated August 2014, and the Second Supplement to the Memorandum dated November 2014." Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 156, and on that basis denies the remaining allegations.

157. To the extent the allegations in Paragraph 157 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 157 are deemed factual, Sidley admits that a document identified as an ACOF Confidential Fund Summary identified Deloitte as a provider of accounting and tax services and Sidley as a provider of legal services. Sidley denies that the Fund Summary was misleading. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157, and on that basis denies the remaining allegations.

**F. <u>False and Misleading Statements Regarding AIPF</u>**

158. To the extent the allegations in Paragraph 158 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 158 are deemed factual, Sidley admits that a document identified as a September 2011 AIPF Private Placement Memorandum identified Harb, Levy & Weiland LLP as Auditor and Tonkon as Legal Counsel. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 158, and on that basis denies the remaining allegations.

159. To the extent the allegations in Paragraph 159 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 159 are deemed factual, Sidley admits that a document identified as a December 2011 AIPF Private Placement Memorandum identified Harb, Levy & Weiland LLP as Auditor and Tonkon as Legal Counsel. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159, and on that basis denies the remaining allegations.

160. To the extent the allegations in Paragraph 160 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 160 are deemed factual, Sidley admits that a document identified as a February 2012 AIPF Private Placement Memorandum identified Harb, Levy & Weiland LLP as Auditor and Tonkon as Legal Counsel. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 160, and on that basis denies the remaining allegations.

161. To the extent the allegations in Paragraph 161 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 161 are deemed factual, Sidley admits that a document identified as a June 2012 AIPF Private Placement Memorandum identified EisnerAmper as Auditor and Tonkon as Legal Counsel. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 161, and on that basis denies the remaining allegations.

162. To the extent the allegations in Paragraph 162 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 162 are deemed factual, Sidley admits that a document identified as a December 2012 AIPF Private Placement Memorandum identified EisnerAmper as Auditor and Tonkon as Legal Counsel. Sidley

presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 162, and on that basis denies the remaining allegations.

**G. False and Misleading Statements Regarding AEIF**

163. To the extent the allegations in Paragraph 163 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 163 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163, and on that basis denies the allegations.

164. To the extent the allegations in Paragraph 164 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 164 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164, and on that basis denies the allegations.

165. To the extent the allegations in Paragraph 165 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 165 are deemed factual, Sidley admits that a document identified as a December 2015 AEIF Private Placement Memorandum identified Deloitte as Auditor and Integrity as Custodian. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 165, and on that basis denies the remaining allegations.

**H. False and Misleading Statements Regarding Aequitas Private Client Fund, LLC**

166. To the extent the allegations in Paragraph 166 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 166 are deemed factual, Sidley admits that a document identified as a July 2015 APCF Private Placement Memorandum identified Deloitte as Auditor and Tonkon as Legal Counsel. Sidley presently

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 166, and on that basis denies the remaining allegations.

**I. False and Misleading Quarterly Summaries**

167. To the extent the allegations in Paragraph 167 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 167 are deemed factual, Sidley admits that Aequitas occasionally issued quarterly performance summaries. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167, and on that basis denies the remaining allegations.

168. To the extent the allegations in Paragraph 168 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 168 are deemed factual, Sidley admits that Aequitas occassionally issued quaterly performance summaries. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168, and on that basis denies the remaining allegations.

169. To the extent the allegations in Paragraph 169 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 169 are deemed factual, Sidley admits that Aequitas occassionally issued quaterly performance summaries. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 169, and on that basis denies the remaining allegations.

170. To the extent the allegations in Paragraph 170 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 170 are deemed factual, Sidley admits that Aequitas occassionally issued quaterly performance summaries. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 170, and on that basis denies the remaining allegations.

171. To the extent the allegations in Paragraph 171 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 171 are deemed factual, Sidley admits that Aequitas occassionally issued quaterly performance summaries. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 171, and on that basis denies the remaining allegations.

172. To the extent the allegations in Paragraph 172 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 172 are deemed factual, Sidley admits that Aequitas occassionally issued quaterly performance summaries. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 172, and on that basis denies the remaining allegations.

173. To the extent the allegations in Paragraph 173 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 173 are deemed factual, Sidley admits that Aequitas occassionally issued quaterly performance summaries. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 173, and on that basis denies the remaining allegations.

174. To the extent the allegations in Paragraph 174 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 174 are deemed factual, Sidley admits that Aequitas occassionally issued quaterly performance summaries. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 174, and on that basis denies the remaining allegations.

175. To the extent the allegations in Paragraph 175 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 175 are deemed factual, Sidley admits that Aequitas occassionally issued quaterly performance summaries.

Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 175, and on that basis denies the remaining allegations.

176. To the extent the allegations in Paragraph 176 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 176 are deemed factual, Sidley admits that Aequitas occassionally issued quaterly performance summaries. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 176, and on that basis denies the remaining allegations.

177. To the extent the allegations in Paragraph 177 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 177 are deemed factual, Sidley admits that Aequitas occassionally issued quaterly performance summaries. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 177, and on that basis denies the remaining allegations.

178. To the extent the allegations in Paragraph 178 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 178 are deemed factual, Sidley admits that Aequitas occassionally issued quaterly performance summaries. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 178, and on that basis denies the remaining allegations.

179. To the extent the allegations in Paragraph 179 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 179 are deemed factual, Sidley admits that Aequitas occassionally issued quaterly performance summaries. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 179, and on that basis denies the remaining allegations.

180. To the extent the allegations in Paragraph 180 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 180 are deemed factual, Sidley admits that Aequitas occassionally issued quaterly performance summaries. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 180, and on that basis denies the remaining allegations.

### J. <u>False and Misleading Statements Regarding AMLF Notes</u>

181. To the extent the allegations in Paragraph 181 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 181 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181, and on that basis denies the allegations.

182. To the extent the allegations in Paragraph 182 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 182 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182, and on that basis denies the allegations.

## V. THE COLLAPSE OF AEQUITAS AND PLAINTIFFS' DISCOVERY OF THE BASIS FOR THEIR CLAIMS

183. To the extent the allegations in Paragraph 183 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 183 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183, and on that basis denies the allegations.

184. To the extent the allegations in Paragraph 184 consist of legal conclusions, they require no answer from Sidley. To the extent the allegations in Paragraph 184 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184, and on that basis denies the allegations.

185. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185, and on that basis denies the allegations.

186. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186, and on that basis denies the allegations.

187. Sidley admits that, on March 10, 2016, the United States Securities and Exchange Commission filed a civil suit against certain Aequitas entities and individuals, including Jesnik and Oliver, in the United States District Court for the District of Oregon, alleging violations of federal securities laws. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 187, and on that basis denies the remaining allegations.

188. Sidley admits the allegations in Paragraph 188.

## VI. DEFENDANTS PARTICIPATED AND MATERIALLY AIDED IN THE SALE OF AEQUITAS SECURITIES

189. To the extent the allegations in Paragraph 189 are not asserted against Sidley, they require no answer from Sidley. Sidley admits that EisnerAmper acted as auditor for certain Aequitas entities and that EisnerAmper was listed as auditor in certain Aequitas entities' PPMs. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 189, and on that basis denies the remaining allegations.

190. To the extent the allegations in Paragraph 190 are not asserted against Sidley, they require no answer from Sidley. Sidley admits that Deloitte acted as auditor for certain Aequitas entities and that Deloitte was listed as auditor in certain Aequitas entities' PPMs. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 190, and on that basis denies the remaining allegations.

191. To the extent the allegations in Paragraph 191 are not asserted against Sidley, they require no answer from Sidley. Sidley admits that Tonkon provided legal services to certain Aequitas entities, including in connection with the sale of securities, provided a memorandum to Aequitas dated June 21, 2011, regarding the Investment Company Act, and was listed as legal counsel in certain Aequitas entities' PPMs. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 191, and on that basis denies the remaining allegations.

192. To the extent the allegations of Paragraph 192 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 192 are deemed factual, Sidley denies the allegations.

(a) To the extent the allegations of subparagraph (a) of Paragraph 192 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in subparagraph (a) of Paragraph 192 are deemed factual, Sidley admits that it executed an engagement letter with Aequitas Commercial Finance LLC dated March 1, 2012, which was limited in scope to legal services for "a proposed receivables purchase facility for MotoLease, LLC." Sidley admits that it provided certain legal services to ACF and other Aequitas entities, but denies that ACF was "Sidley's general client in all matters" and that such legal services were "in connection with the sale of its securities." Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in subparagraph (a) of Paragraph 192, and on that basis denies the remaining allegations.

(b) To the extent the allegations of subparagraph (b) of Paragraph 192 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the

allegations in subparagraph (b) of Paragraph 192 are deemed factual, Sidley denies the allegations in subparagraph (b) of Paragraph 192.

(c) To the extent the allegations of subparagraph (c) of Paragraph 192 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in subparagraph (c) of Paragraph 192 are deemed factual, Sidley admits that it drafted certain portions of the ACOF PPM, certain portions of certain supplements, and certain portions of other documents relating thereto. Sidley denies the remaining allegations in subparagraph (c) of Paragraph 192.

(d) To the extent the allegations of subparagraph (d) of Paragraph 192 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in subparagraph (d) of Paragraph 192 are deemed factual, Sidley admits that it provided a memorandum to Aequitas dated April 5, 2013, regarding ACF's status under the Investment Company Act. Sidley denies that the "PPMs for ACF securities identified the issue of compliance with the Investment Company Act as a material issue." Sidley denies that the memorandum contained any "written opinion." To the contrary, the memorandum expressly stated that it was "intended solely as a preliminary analysis based on information provided to" Sidley; that, "as a practical matter, we rely exclusively on [the] company for the information, valuations and calculations relevant to the Investment Company Act analysis and have relied, without independent review, on the information provided by you in conducting this preliminary analysis"; and that "we do not assume or undertake any responsibility for any such accounting determinations or otherwise with respect to financial statements of ACF or its affiliates." Sidley denies that, without the memorandum, "EisnerAmper would not have issued a clean audit opinion and Aequitas would not have been able to sell securities." Sidley presently lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in subparagraph (d) of Paragraph 192, and on that basis denies the remaining allegations.

(e) To the extent the allegations of subparagraph (e) of Paragraph 192 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in subparagraph (e) of Paragraph 192 are deemed factual, Sidley denies that it "knew, at the end of 2014, that ACF did not comply with the exemption it had relied upon to avoid registration under the Investment Company Act." Sidley admits that it provided certain legal services to ACF with respect to the Investment Company Act, but denies the characterization of those services in subparagraph (e) of Paragraph 192. Sidley admits that it disclosed to Deloitte that the SEC was investigating certain Aequitas entities. Sidley denies that it provided "repeated assurances" to Deloitte "with respect to the SEC investigation of Aequitas." Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in subparagraph (e) of Paragraph 192, and on that basis denies the remaining allegations.

(f) To the extent the allegations of subparagraph (f) of Paragraph 192 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in subparagraph (f) of Paragraph 192 are deemed factual, Sidley denies that it "advised Aequitas how to structure its arrangement with Integrity so as to enable Integrity to act as an aggregator of individual investments in an effort to circumvent the Investment Company Act." Sidley denies that "during 2014, Sidley worked with Aequitas to create a structure that would allow Integrity to do what was originally intended—that is, to act as an aggregator of individual investments—via AIOF-II." Sidley admits that it advised AIPF to voluntarily self-report to the SEC in July 2014 because AIPF was out of compliance with Section 3(c)(1) of the

Investment Company Act of 1940 and that "Aequitas proceeded with the process of liquidating AIPF." Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in subparagraph (f) of Paragraph 192, and on that basis denies the remaining allegations.

(g) To the extent the allegations of subparagraph (g) of Paragraph 192 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in subparagraph (g) of Paragraph 192 are deemed factual, Sidley admits that it executed an engagement letter with ASFG, LLC, dated July 18, 2012, for the limited scope of providing legal services with respect to "the purchase by a newly-formed special purpose vehicle (the 'SPV') owned by you or an affiliate of certain private sudent loans originated by Liberty Bank, N.A.," and "the issuance of notes by the SPV secured by such student loans." Sidley admits that it provided certain legal services in connection with healthcare receivables and motorcycle leases, but denies the remaining allegations of subparagraph (g) of Paragraph 192.

(h) To the extent the allegations of subparagraph (h) of Paragraph 192 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in subparagraph (h) of Paragraph 192 are deemed factual, Sidley denies that it "provided legal advice to Aequitas regarding what Aequitas called its 'Note Manufacturing Program' including advising Aequitas regarding what constitutes a 'security' and advice regarding 1940 Act compliance." Sidley denies that it "advised Aequitas that these notes were not securities and that Aequitas was not required to comply with the securities laws as to these notes." Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in subparagraph (h) of Paragraph 192, and on that basis denies the remaining allegations.

(i) To the extent the allegations of subparagraph (i) of Paragraph 192 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in subparagraph (i) of Paragraph 192 are deemed factual, Sidley denies that it "provided legal services to AIM in connection with AIM's role as an SEC-registered investment advisor and the manager of numerous Aequitas investment vehicles," including those identified in subparagraph (i) of Paragraph 192. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in subparagraph (i) of Paragraph 192, and on that basis denies the remaining allegations.

(j) To the extent the allegations of subparagraph (j) of Paragraph 192 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in subparagraph (j) of Paragraph 192 are deemed factual, Sidley admits that it provided certain other legal services to certain other Aequitas entities, but denies that its legal services included providing "legal opinions and other legal services that enabled Aequitas to isolate its health care receivable assets from investors and to pledge those assets as collateral." Sidley admits that it provided certain legal services in connection with loan facilities with Bank of America and Wells Fargo Bank, but denies that such legal services or such loan facilities "promoted the illusion of success and legitimacy that Aequitas required in order to perpetuate its ongoing efforts to take money from investors." Sidley admits that it provided a 2015 opinion to Wells Fargo regarding ACF's status under the Investment Company Act. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in subparagraph (j) of Paragraph 192, and on that basis denies the remaining allegations.

193. To the extent the allegations in Paragraph 193 are not asserted against Sidley, they require no answer from Sidley. To the extent the allegations in Paragraph 193 are deemed

factual, Sidley admits that Ameritrade provided certain custodial services. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193, and on that basis denies the allegations.

194. To the extent the allegations in Paragraph 194 are not asserted against Sidley, they require no answer from Sidley. To the extent the allegations in Paragraph 194 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194, and on that basis denies the allegations.

195. To the extent the allegations in Paragraph 195 are not asserted against Sidley, they require no answer from Sidley. To the extent the allegations in Paragraph 195 are deemed factual, Sidley admits that Duff & Phelps performed valuation analyses for certain Aequitas entities, including ACOF. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 195, and on that basis denies the remaining allegations.

## VII. PLAINTIFFS' PURCHASES OF AEQUITAS

196. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196, and on that basis denies the allegations.

197. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197, and on that basis denies the allegations.

198. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198, and on that basis denies the allegations.

199. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199, and on that basis denies the allegations.

200. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200, and on that basis denies the allegations.

201. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201, and on that basis denies the allegations.

202. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202, and on that basis denies the allegations.

## CLASS ACTION ALLEGATIONS

203. To the extent the allegations of Paragraph 203 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 203 are deemed factual, Sidley denies that the putative class definition meets the requirements of 23(a) and (b)(3), and further denies that Plaintiffs' claims may appropriately be certified as a class action. Sidley denies the remaining allegations contained in Paragraph 203.

204. To the extent the allegations of Paragraph 204 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 204 are deemed factual, Sidley denies that the putative class is "so numerous that joinder is impracticable." Sidley denies that the putative class "is readily identifiable from information and records kept in the possession of Aequitas and/or the Class." Sidley denies that the putative class definition meets the requirements of 23(a) and (b)(3), and further denies that Plaintiffs' claims may appropriately be certified as a class action. Sidley denies the remaining allegations contained in Paragraph 204.

205. Sidley denies the allegations in Paragraph 205.

206. Sidley denies the allegations in Paragraph 206.

207. To the extent the allegations of Paragraph 207 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 207 are deemed factual, Sidley denies that "common questions of law or fact predominate over any

other questions affecting only individual" members of the putative class. Sidley denies the remaining allegations contained in Paragraph 207.

208. To the extent the allegations of Paragraph 208 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 208 are deemed factual, Sidley denies that "Plaintiffs will fairly and adequately represent the interests of the" putative class members, and further denies that Plaintiffs "have no conflicts with any other member" of the putative class. Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 208, and on that basis denies the remaining allegations.

209. To the extent the allegations of Paragraph 209 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 209 are deemed factual, Sidley denies that "a class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy" and further denies that "the burden of individual litigation makes it impracticable for" members of the putative class "to seek individual redress." Sidley denies the remaining allegations contained in Paragraph 209.

210. To the extent the allegations of Paragraph 210 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 210 are deemed factual, Sidley denies the allegations contained in Paragraph 210.

## CLAIM FOR RELIEF

**(Violations of Oregon Securities Law)**
**(Against All Defendants)**

211. Sidley incorporates by reference its responses to the above paragraphs as if fully set forth herein.

212. To the extent the allegations of Paragraph 212 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 212 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212, and on that basis denies the allegations.

213. To the extent the allegations of Paragraph 213 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 213 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213, and on that basis denies the allegations.

214. To the extent the allegations of Paragraph 214 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 214 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214, and on that basis denies the allegations.

215. To the extent the allegations of Paragraph 215 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 215 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215, and on that basis denies the allegations.

216. Sidley denies the allegations of Paragraph 216.

217. To the extent the allegations in Paragraph 217 are not asserted against Sidley, they require no answer from Sidley. To the extent the allegations of Paragraph 217 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 217 are deemed factual, Sidley presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217, and on that basis denies the allegations.

218. To the extent the allegations of Paragraph 218 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 218 are deemed factual, Sidley denies the allegations of Paragraph 218.

219. To the extent the allegations of Paragraph 219 consist of legal conclusions or argument, they require no answer from Sidley. To the extent the allegations in Paragraph 219 are deemed factual, Sidley denies the allegations of Paragraph 219.

## RESPONSE TO PRAYER FOR RELIEF

Sidley denies that Plaintiffs are entitled to any relief, either as prayed for in the SAC or otherwise. Sidley further denies that this case is appropriate for certification as a class action.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to them as to any element of Plaintiffs' claims, and without waiver, limitation, or prejudice, Sidley asserts the following defenses in response to the allegations in the SAC:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Second Amended Class Action Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to Allege Fraud with Particularity)

Plaintiffs' allegations fail to plead fraud or its predicate acts with the particularity required by Federal Rule of Civil Procedure 9(b). The Second Amended Class Action Complaint fails to specify each statement alleged to have been misleading and the reason or reasons why the statement is misleading.

**THIRD AFFIRMATIVE DEFENSE**

**(No Underlying Violation)**

Plaintiffs' secondary liability claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred because Plaintiffs cannot establish, *inter alia*, an underlying violation of the Oregon securities statute.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Misrepresentation)**

Plaintiffs' claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred because the allegedly untrue statements of material fact, omissions of material fact, or misleading statements were, in fact, true and accurate and/or not material.

**FIFTH AFFIRMATIVE DEFENSE**

**(Plaintiffs' Knowledge)**

Plaintiffs' claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred by his/her knowledge of the alleged untruths or omissions on which his/her claims are based.

**SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

Plaintiffs' claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred because he/she would have purchased the securities at issue in this litigation even with full knowledge of the alleged untruths and omissions.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Reliance)**

Plaintiffs' claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred because Plaintiffs did not actually, justifiably, reasonably, or otherwise

rely upon any of the alleged misstatements pled in the Second Amended Class Action Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Material Information Disclosed)**

Plaintiffs' claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred because some or all of the matters now claimed in the Second Amended Class Action Complaint to be the subject of misrepresentation or omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

**(Assumption of Investment Risk)**

Plaintiffs' claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred in whole or in part because Plaintiffs were expressly advised regarding the material facts and risks concerning their securities purchases. Plaintiffs therefore assumed the risk of any loss.

**TENTH AFFIRMATIVE DEFENSE**

**(Bespeaks Caution)**

Plaintiffs' claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred, in whole or in part, because any alleged statements of material fact, alleged omissions of material fact, or other challenged statements were contained or were made in the context of sufficient cautionary language or risk disclosures and thus are rendered non-actionable under the "bespeaks caution" doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Damages)**

The Second Amended Class Action Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, because Plaintiffs suffered no damages attributable to the conduct of Sidley.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Any and all damages claimed by Plaintiffs, and members of the purported plaintiff class, must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Sidley, under the principles of comparative fault.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Offset Damages)**

Any recovery for damages allegedly incurred by Plaintiffs or the members of the purported plaintiff class, if any, is subject to offset in the amount of any benefit actually received by each Plaintiff through his/her investments or other equitable grounds for reducing recovery.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Duplicative Recovery)**

Without admitting any liability or that Plaintiffs or the putative class members have suffered any loss, damage or injury, the recovery for any such loss, damage, or injury by any plaintiff or any putative class member may not be had, to the extent that such plaintiff or class member recovers for the same loss, damage, or injury in another lawsuit or otherwise.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiffs' claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred because each Plaintiff failed to make reasonable efforts to mitigate his/her alleged injury or damage, which efforts would have prevented all or part of any such alleged injury or damage.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Participation or Material Aid)**

Without admitting any wrongful conduct on the part of any individual or entity, Plaintiffs' claims are barred because Sidley did not "participate or materially aid" in the sale of any security within the meaning of Oregon Revised Statute 59.115(3).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(ORS 59.115(3) Due Diligence)**

Without admitting any wrongful conduct on the part of any individual or entity, and without admitting that Sidley "participated or materially aided" in any sale of securities within the meaning of Oregon Revised Statute 59.115(3), Plaintiffs' claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred, in whole or in part, because Sidley did not know and, in the exercise of reasonable care, could not have known of the existence of facts on which each Plaintiff's claims are based.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiffs and one or more members of the purported plaintiff class have, by acts, omissions, and/or conduct, waived, in whole or in part, his/her claims against Sidley.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiffs' claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred, in whole or in part, by the doctrine of estoppel or other related equitable doctrines.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs' claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred by his/her own unclean hands and wrongful conduct.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Ratification)**

Plaintiffs' claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred, in whole or in part, as a result of his/her respective ratification of each act alleged.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiffs' claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred, in whole or in part, by the doctrine of laches.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(*In Pari Delicto*)**

Plaintiffs' claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred, in whole or in part, by the doctrine of *in pari delicto*.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Loss Causation or Superseding Cause)**

Plaintiffs' claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred (in whole or in part) because each Plaintiff's alleged damages, if any, were caused by superseding or intervening causes, and/or the conduct of others or other factors for which Sidley is not responsible and over which Sidley had no control, and did not result from any acts or omissions by Sidley. Without admitting any liability or that Plaintiffs have suffered any damages, superseding causes and/or the acts of others should reduce the recovery by Plaintiffs and the allocation of any fault attributed to Sidley.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**("Federal Covered Securities")**

Plaintiffs' claims based on non-registration of the securities, and the claims of one or more members of the purported plaintiff class, are barred on the ground that the securities at issue are "federal covered securities" and thus exempt from registration under Rule 506 of Regulation D under the Securities Act.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitation)**

Plaintiffs' claims against Sidley, and the claims of one or more members of the purported plaintiff class, are barred, in whole or in part, by the applicable statutes of limitations and other applicable periods of repose.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Incorporation of Other Defenses)**

Sidley hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be

applicable to Sidley. Sidley also reserves the right to assert additional affirmative defenses as they may become apparent as the result of discovery or otherwise.

**RIGHT TO ATTORNEYS' FEES**

If Sidley prevails on any of Plaintiffs' claims under the Oregon Securities Law, the Court should award Sidley its reasonable attorneys' fees pursuant to ORS 59.115(10).

**PRAYER FOR RELIEF**

WHEREFORE Sidley requests that the Court enter judgment in its favor and against Plaintiffs as follows:

1. Dismissing, with prejudice, Plaintiffs' claims asserted in the SAC;
2. Denying all relief that Plaintiffs seek in the SAC;
3. Awarding Sidley its attorneys' fees and costs; and
4. Awarding any further relief that the Court may deem just and appropriate.

DATED this 26th day of November, 2018.

MARKOWITZ HERBOLD PC

By: *s/ Jeffrey M. Edelson*

David B. Markowitz, OSB #742046
Jeffrey M. Edelson, OSB #880407
(503) 295-3085

Brad D. Brian
Brad.brian@mto.com
Bruce A. Abbott
Bruce.Abbott@mto.com
Zachary M. Briers
Zachary.Briers@mto.com
Trevor N. Templeton
Trevor.Templeton@mto.com
MUNGER, TOLLES & OLSON LLP
(admitted *pro hac vice*)

Attorneys for Defendant Sidley Austin LLP