UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST; GREG and ANGELA JULIEN; JAMES and SUSAN MACDONALD, as Co-Trustees of the MACDONALD FAMILY TRUST; R.F. MACDONALD CO.; ANDREW NOWAK, for himself and as Trustee of the ANDREW NOWAK REVOCABLE LIVING TRUST U/A 2/20/2002; WILLIAM RAMSTEIN; and GREG WARRICK, for himself and, with SUSAN WARRICK, as Co-Trustees of the WARRICK FAMILY TRUST, individually and on behalf of all others similarly situated;

Plaintiffs,

v.

DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; INTEGRITY BANK & TRUST; and DUFF & PHELPS, LLC;

Defendants,

v.

Case No. 3:16-cv-00580-AC

ORDER ON SIDLEY AUSTIN'S MOTION TO COMPEL

N. SCOTT GILLIS; ROBERT J. JESENIK; and BRIAN A. OLIVER;

Intervenors.

ACOSTA, Magistrate Judge:

Presently before the court is a Motion to Compel (ECF No. 406) filed by Defendant Sidley Austin, LLP ("Sidley"). The matters has been fully briefed, and the court heard oral argument on the motion on January 22, 2019. For the reasons that follow, Sidley's motion is denied.

*Pertinent Factual Background*

The parties and the court are well acquainted with the facts of this case and the court discusses here only those facts pertinent to resolution of the parties' current discovery dispute. Plaintiffs seek to represent a class of investors who purchased various securities from Aequitas Capital Management and its affiliated entities ("Aequitas"). Plaintiffs allege the Defendants participated or materially aided the sale of Aequitas securities by means of untrue statements of material fact or omissions of material fact and are liable under Oregon Revised Statutes ("ORS") § 59.115(3). On August 21, 2018, Plaintiffs filed an Amended Motion for Preliminary Approval of a Partial Settlement ("Proposed Settlement"). (Am. Mot. Partial Settlement, ECF No. 350.) In that motion, Plaintiffs seek approval of a settlement between the Class Representatives and Defendant Tonkon Torp LLP ("Tonkon"). The settlement is conditioned upon entry by the court of a contribution claims bar, with a *pro tanto* credit for non-settling Defendants.

Sidley and Tonkon have engaged in limited discovery pertaining to the fairness and reasonableness of the Proposed Settlement, and Tonkon's assertion of "partial solvency" as it relates

to the *pro tanto* claims bar. Tonkon represents that it has provided Sidley with financial information pertaining to its income and distributions to partners in the aggregate. In its motion, Sidley seeks an additional subset of information relating to the distribution of monies by Tonkon to those individual partners who worked on Aequitas matters. Sidley contends the requested discovery is critically relevant to assessing whether the Proposed Settlement should be approved. Tonkon argues that the additional information sought by Sidley is not relevant.

*Legal Standards*

Under Federal Rule of Civil Procedure ("Rule") 37(a)(3)(B), a party may move for an order compelling the production of requested documents. FED. R. CIV. P. 37(a)(3)(B)(iv). The party seeking to compel discovery has the burden of establishing its request is relevant under Rule 26(b)(1). *Sarnowski v. Peters*, Case No. 2:16-cv-00176-SU, 2017 WL 4467542, at *2 (D. Or. Oct. 6, 2017). The party opposing discovery has the burden of showing that discovery should not be allowed and has the burden of clarifying, explaining, and supporting its objections. *Id.*; *Yufa v. Hach Ultra Analytics*, No. 1:09-cv-3022-PA, 2014 WL 11395243, at *1 (D. Or. Mar. 4, 2014) ("If a party elects to oppose a discovery request, the opposing party bears the burden of establishing that the discovery is overly broad, unduly burdensome, or not relevant. Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." (citation and quotation omitted)). If a party objects to a discovery request, it is the burden of the party seeking discovery on a motion to compel to demonstrate why the objection is not justified. *Weaving v. City of Hillsboro*, No. CV-10-1432-HZ, 2011 WL 1938128, at *1 (D. Or. May 20, 2011).

In general, the party seeking to compel discovery must inform the court which discovery requests are the subject of the motion to compel, and, for each disputed request, inform the court why

the information sought is relevant and why the objections are not meritorious. *Id.*

Rule 26(b)(1) provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). Among the limitations Rule 26(b) provides is the direction that the court must limit the extent of discovery if it determines that the discovery sought is outside the scope of Rule 26(b)(1) or if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i); *Quaiz v. Rockler Retail Group, Inc.*, Case No. 3:16-cv-01879-SI, 2017 WL 960360, at *1 (D. Or. Mar. 31, 2017). Also, the court has discretion to limit the scope of discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C)(iii).

*Discussion*

Sidley seeks responses to Interrogatory No. 2, which asks Tonkon to specify the amount of money it distributed to partners of the firm who provided legal services for Aequitas entities. Specifically, it provides:

> For each attorney identified in response to Interrogatory No. 1 above [attorneys who provided legal services for Aequitas] who was a partner at Your firm at any point between 2010 and the present, identify the amount of money that you distributed to

> each such partner in income and capital distributions for each year between 2014 and the present.

(Templeton Decl. Ex. A at 2, ECF No. 407-1.) Sidley also seeks responses to Request for Production No. 7, which provides in relevant part:

> Documents sufficient to identify all distributions of income, draws, loans, or other capital disbursements made to each of Your partners between October 1, 2015, and the present.

(*Id.* Ex. B at 2.)

Sidley argues that the documents are relevant to: (1) assessing whether the proposed settlement is fair, adequate, and reasonable; and (2) to test Tonkon's assertion that it is "partially solvent."

Sidley argues that the Proposed Settlement and release provides sweeping protection not only for Tonkon, but also for the individual Tonkon partners. Sidley complains that Tonkon authored the majority of the PPMs at issue in this case, yet the Proposed Settlement covers only three percent of the total losses ($450 million) in the case. Sidley contends that the Proposed Settlement between Plaintiffs and Tonkon also requires entry of an order releasing all claims against the individual Tonkon partners. According to Sidley, every partner who provided legal services to Aequitas faces potential personal liability under ORS §§ 67.105(4) and 58.185. *See* ORS § 67.105(4) (providing that "partners of a limited liability partnership who are professionals shall be personally liable in their capacity as partners to the same extent . . . as provided for shareholders of a domestic professional corporation under ORS 59.185"); ORS § 58.185(3) (providing that shareholders shall be "personally liable as if the shareholder were rendering the service or services as an individual, only for negligent or wrongful acts or omissions or misconduct committed by the shareholder, or by

a person under the direct supervision and control of the shareholder"). Sidley argues that the Proposed Settlement unfairly shields the individual Tonkon partners from any liability and raises fairness concerns because the settlement class may be releasing substantial claims for no consideration.

In response, Tonkon asserts that the detailed information relating to the income and distributions to those specific Partners who worked on Aequitas matters is not relevant to any issue concerning the Motion for Partial Settlement. Tonkon argues that any claims against individual Tonkon partners under ORS §§ 67.105(4) and 58.185(3) and (4) are claims belonging to persons "receiving the service or services," in this case, the Receivership Entity who stepped into Aequitas's shoes. (Tonkon Resp. at 8 n.8, ECF No. 419.) The Receivership Entity is not a member of the settlement class. Consequently, Tonkon contends, the settlement class is not foregoing any claims against individual partners because the settlement class members have no claims, and the discovery sought is not relevant to any fairness issues in assessing the Proposed Settlement.

The court is not persuaded by Sidley's argument that the documents are relevant to whether the settlement is fair, adequate, and reasonable for several reasons. First, in this action, no individual Tonkon partners have been named as defendants. "In order to reach the individual assets of a partner, the partner must be joined as a party." *San Ysidro Associates III v. Cambridge East, Ltd.*, 111 Or. App. 496, 500 (1992); *Halone's Auto Repair v. B&R Auto Wrecking*, 251 Or. App. 818, 823 (2012). Sidley contends that individual partners and associates may be held personally liable in securities cases, citing *Ainslie v. Spolyar*, 144 Or. App. 134 (1996). In *Ainslie*, a partner and associate were found liable for materially aiding the sale of securities under ORS § 59.115(3). However, unlike the present case, the partner and associate were named as individual defendants in

*Ainslie*. *Id.* at 137.

Second, it is not clear that settlement class would be releasing any claims against individual Tonkon partners if the Proposed Settlement and release are approved because such claims may belong to the Receivership Estate. Tonkon indicates that its partners may be liable to the Receivership Entity for any potential claims. (Tonkon Resp. at 8, n.8.) The parties do not cite cases that discuss imposing liability against individual partners under ORS §§ 67.105(4) and 58.185 in circumstances involving receivers, and the court declines to undertake such research. Regardless, no individual partners have been named as defendants; therefore, on this record, the court finds that distributions to Tonkon partners who performed work on Aequitas matters are not relevant to the fairness of the Proposed Settlement and its release of individual partners.

Third, the distributions to individual partners are not relevant to whether Tonkon as a whole is "partially solvent." Plaintiffs and Tonkon have asked the court to use that term in considering whether a *pro tanto* contribution claims bar order is appropriate in Plaintiffs' Amended Motion for Preliminary Approval. (*See* Pls.' Am. Mot., ECF No. 350; *Merrihew v. Schwab*, Case No. 0907-10596 (Multnomah Cty. Cir. Ct.), attached as Ex. B to Van Der Weele Decl. in Supp. Am. Mot. Prelim. Approval, ECF No. 386-2.) As used in *Merrihew*, "partially solvent" refers to the inability of a settling defendant to satisfy a judgment against it in the hypothetical world where there is no settlement. Here, whether Tonkon is partially solvent refers to the law firm as a whole. Tonkon has produced documents showing its income, distributions, balance sheets, and unbilled work in progress on a firm-wide basis. Sidley's requested information concerning income and distributions to specific partners who worked on Aequitas matters is not relevant to whether the firm *as a whole* would be able to satisfy a judgment. Accordingly, the court concludes that Sidley's requested discovery is not

relevant to Tonkon's assertion of partial solvency.

Finally, the court is not persuaded by Sidley's argument that the Proposed Settlement is unfair because it represents only three percent of the total losses. As Sidley acknowledges, in evaluating the fairness of the Proposed Settlement, the court must balance the amount obtained in recovery against the maximum amount of damages recoverable in a successful litigation. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." (quoting *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 628 (9th Cir.1982)). Tonkon has offered a guaranteed settlement amount of $12.9 million. If the Proposed Settlement and its attendant release are not approved, the settlement will be revoked and Tonkon will proceed trial. In doing so, Tonkon will continue to incur attorney fees, thereby lowering the potential sum available to pay a judgment should Plaintiffs ultimately prevail. Should Plaintiffs prevail, the purported losses to the class are estimated to be $450 million, an amount Tonkon is unlikely to ever satisfy. Additionally, the individual partner's liability would need to be established (a debatable position, as noted above), necessarily incurring additional attorney fees and further prolonging any chance of recovery well into the future. Given that the insurance policies are "wasting policies" the amount Tonkon can offer now will be reduced greatly later, even if it could be established that individual partners also may be personally liable. Because fairness to the class, not to Sidley, is the court's inquiry at this stage, Sidley's requested discovery into what additional sums, if any, may be provided by individual Tonkon partners does not appear to appreciably increase the overall settlement amount that the class realistically could be expected to recover in the future. Therefore, a recovery from Tonkon alleged to be only three percent of the total losses claimed does

not raise fairness issues meriting the additional discovery Sidley seeks.

*Conclusion*

Based on the foregoing, the court concludes that the requested documents are not relevant to whether the Proposed Settlement is fair, adequate, and reasonable. Accordingly, Sidley's Motion to Compel (ECF No. 406), is DENIED.

IT IS SO ORDERED.

DATED this 24th day of January, 2019.

JOHN V. ACOSTA
United States Magistrate Judge