**Robert C. Weaver, Jr.**, OSB #801350
E-Mail: rweaver@gsblaw.com
**Gary I. Grenley**, OSB #751380
E-Mail: ggrenley@gsblaw.com
**Paul H. Trinchero**, OSB #014397
E-Mail: ptrinchero@gsblaw.com
**Eryn Karpinski Hoerster**, OSB #106126
E-Mail: ehoerster@gsblaw.com
**Daniel L. Keppler**, OSB #923537
E-Mail: dkeppler@gsblaw.com
Garvey Schubert Barer
121 SW Morrison Street, Eleventh Floor
Portland, Oregon 97204-3141
Telephone: (503) 228-3939

**Peter A. Wald (admitted** *pro hac vice*)
E-Mail: peter.wald@lw.com
**Gavin M. Masuda (admitted** *pro hac vice*)
E-Mail: gavin.masuda@lw.com
**Nicole C. Valco (admitted** *pro hac vice*)
E-Mail: nicole.valco@lw.com
**Marcy C. Priedeman (admitted** *pro hac vice*)
E-Mail: marcy.priedeman@lw.com
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

**Attorneys for Defendant Deloitte & Touche LLP**
*(Additional Counsel Listed on Signature Page)*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST, *et al.*,<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; INTEGRITY BANK & TRUST; and DUFF & PHELPS, LLC<br><br>　　　　　　Defendants. | Case No. 3:16-cv-00580-AC<br><br>**DEFENDANT DELOITTE & TOUCHE LLP'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT FOR CONTRIBUTION**<br><br>Oral Argument Requested |

DEFENDANT DELOITTE & TOUCHE LLP'S REPLY IN SUPPORT OF
MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT FOR CONTRIBUTION

**Reply Memorandum**

Deloitte's proposed Third-Party Complaint for Contribution (the "Deloitte Complaint") against Strategic Capital Group, LLC, RP Capital, LLC, and Private Advisory Group, LLC, is identical to the Third-Party Complaint filed as of right by Defendant Sidley Austin LLP on December 10, 2018 (the "Sidley Complaint," together with the Deloitte Complaint, "Complaints"). (Dkt. 422). Plaintiffs' principal opposition to Deloitte's Motion for Leave to File the Deloitte Complaint ("Motion") is that the Sidley Complaint is improper and should be stricken. *See* Dkt. 437, at 1 (incorporating arguments made against the Sidley Complaint and arguing that the Motion was "based on the false premise that Sidley's claims against the Third-Party Defendants will remain in this action"). Plaintiffs are wrong for the reasons stated in Sidley's Opposition to Plaintiffs' Motion to Strike, which Deloitte incorporates and adopts here.

In addition, Deloitte notes Plaintiffs' assertion that "other contribution actions will follow any trial of this action"—referencing the Aequitas investor actions pending before Judge Kathleen Dailey of the Multnomah County Circuit Court. *See* Dkt. 436, at 19. Plaintiffs' assertion is incorrect because Judge Dailey has already permitted Deloitte to assert claims for contribution in those actions; and in so doing has rejected Plaintiffs' position that contribution claims cannot be brought until judgments have been paid. *See* Declaration of Gavin M. Masuda in Support of Reply, Ex. 1 (Dec. 13, 2018 Hr'g Tr. in *Charles Ramsdell v. Deloitte & Touche, LLP*, No. 16CV40659) at 29:5-9; *see also Diamond Foods, Inc. v. Hottrix, LLC*, No. 14-CV-03162-BLF, 2018 WL 500241, at *2 (N.D. Cal. Jan. 22, 2018) ("[T]he purpose of Rule 14 is to promote judicial efficiency, and leave to file a third-party claim is liberally granted in furtherance of that policy."); *Verd v. I-Flow, LLC*, No. 3:11-cv-00677, 2013 U.S. Dist. LEXIS 70807 (D. Or. May 14, 2013). Plaintiffs' supposition that separate litigation over contribution rights will follow the cases already pending is unfounded. As the cases recognize, there are efficiencies in trying these claims together in a single action before a single jury, which will hear all of the relevant evidence and thereby be positioned to allocate liability (if any) among the parties.

Page 1 – DEFENDANT DELOITTE & TOUCHE LLP'S REPLY IN SUPPORT OF
MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT FOR CONTRIBUTION

The only unique argument Plaintiffs offer against the Deloitte Complaint is that Deloitte's "delay" in filing the Deloitte Complaint somehow prejudices them. *See* Dkt. 437, at 3 (arguing that Deloitte "wait[ed] nearly three years into the litigation to assert the claims" and there is "no justification for Deloitte's delay"). But as this Court is aware, Deloitte did not file (and was not required to file) its answer to Plaintiffs' operative complaint until November 19, 2018. *See* Fed. R. Civ. P. 14(a)(1) (permitting third-party claims as a matter of right "14 days after serving its original answer"). The only "delay," therefore, is the *one week* period between Deloitte's as-of-right filing deadline (December 3, 2018), and the date on which it moved this Court for leave to file the Deloitte Complaint (December 11, 2018). Plaintiffs can point to no prejudice arising from the one-week passage of time between Deloitte's as-of-right deadline and the date of its Motion—especially where the Deloitte Complaint adds nothing to this case that has not already been added by the Sidley Complaint and, with no case schedule in place, Plaintiffs have ample opportunity to respond to the Complaints in discovery. *See Bird v. Keefe Kaplan Mar., Inc.*, 2015 U.S. Dist. LEXIS 103435, at *8 (N.D. Cal. Aug. 6, 2015) (noting that "even if the Motion [for leave to file a third-party complaint] could have been brought earlier, the Court is not persuaded that this delay alone justifies denying [the moving party]'s request"); *see also Joe Hand Prods. v. Davis*, 2012 U.S. Dist. LEXIS 172299, at *4 (N.D. Cal. Dec. 4, 2012) (finding motion timely because the plaintiff had "ample opportunity to respond to the addition" of a third party, where "the parties still ha[d] six more months to take fact discovery and nearly a full year before trial [was] set to begin").

The Sidley Complaint was filed as of right and should not be stricken. The identical Deloitte Complaint causes no independent prejudice to Plaintiffs and adds no incremental burden to the Court or this litigation, assuming the Sidley Complaint is left to stand. Deloitte's Motion should be granted.

Dated: January 25, 2019

LATHAM & WATKINS LLP

By: s/ *Peter A. Wald*
    **Peter A. Wald (admitted *pro hac vice*)**
    **Gavin M. Masuda (admitted *pro hac vice*)**
    **Nicole C. Valco (admitted *pro hac vice*)**
    **Marcy C. Priedeman (admitted *pro hac vice*)**
    505 Montgomery Street, Suite 2000
    San Francisco, CA 94111-6538
    Telephone: (415) 391-0600
    Email: peter.wald@lw.com
          gavin.masuda@lw.com
          nicole.valco@lw.com
          marcy.priedeman@lw.com

–And–

    **Nicholas J. Siciliano (admitted *pro hac vice*)**
    LATHAM & WATKINS LLP
    330 North Wabash Avenue, Suite 2800
    Chicago, IL 60611
    Telephone: (312) 876-7700
    Email: nicholas.siciliano@lw.com

–And–

    **Robert C. Weaver, Jr.**, OSB No. 801350
    **Gary I. Grenley**, OSB No. 751380
    **Paul H. Trinchero**, OSB No. 014397
    **Eryn Karpinski Hoerster**, OSB No. 106126
    **Daniel L. Keppler**, OSB No. 923537
    GARVEY SCHUBERT BARER
    121 SW Morrison Street, 11th Floor
    Portland, OR 97204
    Telephone: (503) 228-3939
    Email: rweaver@gsblaw.com
          ggrenley@gsblaw.com
          ptrinchero@gsblaw.com
          ehoerster@gsblaw.com
          dkeppler@gsblaw.com

**Attorneys for Defendant Deloitte & Touche LLP**