**Keith A. Ketterling,** OSB No. 913368
Email: kketterling@stollberne.com
**Timothy S. DeJong,** OSB No. 940662
Email: tdejong@stollberne.com
**Jennifer S. Wagner**, OSB No. 024470
Email: jwagner@stollberne.com
**Nadia H. Dahab,** OSB No. 125630
Email:ndahab@stollberne.com
**Lydia Anderson-Dana**, OSB No. 166167
Email: landersondana@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, Oregon 97204
Telephone:  (503) 227-1600
Facsimile:   (503) 227-6840

**Steve W. Berman** (admitted *pro hac vice*)
Email: steve@hbsslaw.com
**Karl P. Barth** (admitted *pro hac vice*)
Email: karlb@hbsslaw.com
**Jeniphr Breckenridge** (admitted *pro hac vice*)
Email: jeniphr@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone:  (206) 623-7292
Facsimile:   (206) 623-0594

**Attorneys For Plaintiffs**
[Additional Counsel of Record Listed on Signature Page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST; GREG and ANGELA JULIEN; JAMES and SUSAN MACDONALD, as Co-Trustees of the MACDONALD FAMILY TRUST; R.F. MACDONALD CO.; ANDREW NOWAK, for himself and as Trustee of the ANDREW NOWAK REVOCABLE LIVING TRUST U/A 2/20/2002; WILLIAM RAMSTEIN; and | Case No. 3:16-cv-00580-AC<br><br>**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (DELOITTE SUBPOENAS)**<br><br>**ORAL ARGUMENT REQUESTED** |

GREG WARRICK, for himself and, with
SUSAN WARRICK, as Co-Trustees of the
WARRICK FAMILY TRUST, individually
and on behalf of all others similarly situated,

                    Plaintiffs,

        v.

DELOITTE & TOUCHE LLP;
EISNERAMPER LLP; SIDLEY AUSTIN
LLP; TONKON TORP LLP; TD
AMERITRADE, INC.; INTEGRITY BANK &
TRUST; and DUFF & PHELPS, LLC,

                    Defendants.

## LR 7-1 CERTIFICATION

Counsel for Plaintiffs and Defendant Deloitte & Touche LLP ("Deloitte") conferred in person and by email but were unable to resolve these disputes.

## MOTION

Pursuant to FRCP 26(c), Plaintiffs move for a protective order limiting the following subpoenas issued by Deloitte **to documents concerning the subpoenaed parties' clients' transactions in Aequitas securities**:

1.  Subpoena issued to non-party CliftonLarsonAllen Wealth Management ("CLAWA"), dated August 25, 2018.  Decl. of Timothy DeJong ("DeJong Decl."), Ex. A.  **This subpoena is the subject of a pending Motion to Compel filed by Deloitte** [ECF No. 506];

2.  Amended subpoena issued to non-party Aaron D. Maurer, dated April 8, 2019. DeJong Decl., Ex. B; and

3.  Amended subpoena issued to non-party Antonio Ramirez, dated April 8, 2019. DeJong Decl., Ex. C.

PAGE 1 -  **PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (DELOITTE SUBPOENAS)**

Specifically, Deloitte should be denied the discovery requested in Request Nos. 6 and 10–13 of the CLAWA subpoena.  Deloitte should be denied the discovery requested in Request Nos. 2–4 of the amended Maurer and Ramirez subpoenas.

## **MEMORANDUM IN SUPPORT**

Deloitte issued wide-ranging document subpoenas to an investment advisory firm, CLAWA, and to two individual registered investment advisors ("RIAs") employed by firms other than CLAWA, Maurer and Ramirez.[1]  The subpoenas seek a kitchen pantry of irrelevant material and should be limited as specified herein.

Some of the requests plainly lack any good-faith basis, such as requests for all documents relating to the review, modification or approval of any "Transaction"[2] by any "Client."[3] whether or not the client invested in Aequitas or the transaction relates to an Aequitas security, and whether or not the client is a Plaintiff in this case;[4] all agreements with any "Client," whether or

---

[1] Deloitte has also issued deposition subpoenas to these witnesses and to a number of other investment advisory firms around the country.  If the parties are not able to reach agreement to properly limit those depositions to relevant topics, Plaintiffs intend to file a separate motion for protective order to limit or preclude those depositions.

[2] The subpoenas define "Transaction" to mean "any purchase, sale, transfer, contribution, assignment, consolidation, renewal, reinvestment, rollover, prepayment, payment, return on investment, or any other exchange."  DeJong Decl., Ex. A (Definition 12); Exs. B–C (Definition 13).

[3] The CLAWA subpoena defines "Client" to mean "any Person (including any Investment Advisers or Broker-Dealers) to whom You provided investment advisory, asset management, or brokerage services, provided information about or analysis of investment assets, including through mailing lists, email list-serves, or other in-person communications, acted as an agent for or on behalf of, received Communications for, or received payment or other compensation from."  DeJong Decl., Ex. A (Definition 8).

[4] In briefing on Deloitte's pending Motion to Compel directed at CLAWA, Deloitte states, at page 41, "Deloitte now seeks CLAWA's full compliance with its Subpoena.  This Court should order CLAWA to produce all non-privileged documents responsive to Request Nos. 2-19 for all of CLAWA's clients that invested in Aequitas." Joint Stipulation Regarding Defendant Deloitte

**PAGE 2 - PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (DELOITTE SUBPOENAS)**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

not the client invested in Aequitas, and whether or not the client is a Plaintiff in this case; and all

documents relating to the third party's compliance with the Investment Advisers Act of 1940.

Other requests have some tangential relationship, in part, to Aequitas investments but are not

relevant to the parties' claims or defenses, such as the complete investment files and financial

information of all Aequitas investors, information concerning whether Aequitas investments

were suitable for investors' financial situations and investment objectives, and the subpoenaed

parties' due diligence[5] into Aequitas.

Deloitte has ignored the law and the Court's rulings and is engaging in scorched-earth,

wasteful and abusive document and deposition discovery from Plaintiffs and various RIAs in an

effort to establish something irrelevant:  That Plaintiffs and the Class were misled by their RIAs.

*See* DeJong Decl., Ex. D.[6]  The subject of this lawsuit is Aequitas's misleading statements to

---

& Touche LLP's Motion to Compel Non-Party CliftonLarsonAllen Wealth Advisors, LLC [ECF
No. 520], Ex. 1 at 41.

[5] These requests are extremely broad and include "any report, opinion, Document, or
Communication regarding any investigation, review, or assessment evaluating the advantages
and risks involved in a transaction, deal, arrangement, agreement, or otherwise," DeJong Decl.,
Exs. B–C, or "any asset analyses performed, new product committee charters and minutes,
investment committee charters and minutes, executive committee charters and minutes, operating
committee charters and minutes, investment management and allocation agreements, pre- and
post-trade internal reviews, and Documents Relating to the outcome of such reviews," DeJong
Decl., Ex. A (Request 12).

[6] Deloitte asserts that the discovery is relevant to

> … what the RIAs understood about the clients they advised to purchase Aequitas
> securities and whether they were aware of facts that should have precluded them
> from recommending their clients to invest. … This evidence is relevant to
> whether Plaintiffs were misled by Aequitas or their RIAs …, to the role (if any)
> Deloitte played in any specific transaction, and to the third-party claims pending
> against PAG and SCG, the employers of Mssrs. Maurer and Ramirez at the time
> relevant sales were made.

DeJong Decl., Ex. D.

**PAGE 3 -  PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (DELOITTE
            SUBPOENAS)**

investors, and Deloitte's participation and aid in Aequitas's securities sales, not any statements or actions of RIAs. Plaintiffs ask the Court to curtail this costly and wasteful discovery and focus discovery on the relevant issues in the case.

A.    <u>Legal Standards</u>

Under Federal Rule of Civil Procedure 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c). In addition to moving against discovery sought from a party itself, "[a] party can move for a protective order in regard to a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information." *In re REMEC, Inc. Sec. Litig.*, No. CIV 04CV1948 JLS AJB, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008); *see* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure Civil 3d § 2035 ("[A] party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person.").

In this situation, "a motion for a protective order . . . does not seek to vindicate a non-party's right to resist the compulsory process of the court, . . . [i]nstead, the motion seeks to place reasonable limits on the discovery process." *Coulter v. Murrel*, No. CIV. 10-102 IEG NLS, 2011 WL 666894, at *3 (S.D. Cal. Feb. 14, 2011) (quoting *Durand v. Wal-Mart Assocs., Inc.*, No. CIV A 2:09CV71KS-MTP, 2009 WL 2181258, at *1 (S.D. Miss. July 22, 2009)).

PAGE 4 - **PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (DELOITTE SUBPOENAS)**

"Several Courts within the Ninth Circuit . . . have recognized this sound principle of law," including this Court. *In re REMEC, Inc. Sec. Litig.*, 2008 WL 2282647, at *1 (citing cases); *see Kadant Johnson Inc. v. D'Amico*, No. 3:12-MC-00126, 2012 WL 1576233, at *4 (D. Or. May 4, 2012) (recognizing that a party may move for a protective order regarding a subpoena issued to a non-party); *Portland Gen. Elec. Co. v. U.S. Bank Tr. Nat. Ass'n*, 38 F. Supp. 2d 1202, 1206 n. 3 (D. Or. 1999), *rev'd and remanded on other grounds*, 218 F.3d 1085 (9th Cir. 2000) (same). In addition, some courts have held that parties have standing to seek protective orders against discovery that violates prior court orders. *Integra Lifesciences I. Ltd. v. Merck KgAa*, 190 F.R.D. 556, 562 n. 3 (S.D. Cal. 1999).

Deloitte has contended that "Plaintiffs' standing to object or move to quash a subpoena to third parties is limited to privilege or a personal right of privacy," and that relevance is not a proper objection. DeJong Decl., Ex. D. As explained below, the subpoenas do implicate Plaintiffs' and absent class members' privacy interests, because Deloitte seeks private financial information. *See Garcia v. Strayhorn*, No. 3:13-CV-0807 BEN KSC, 2015 WL 5535733, at *4 (S.D. Cal. Sept. 17, 2015) ("An individual has sufficient interest in the information contained in areas such as their bank records, social media networking sites, and personnel files to constitute grounds for standing" to move to quash discovery directed to nonparty). Furthermore, the cumulative effect of the irrelevant discovery by Deloitte is to cause undue burden and expense. *See* FRCP 26(c). And "[a] party . . . has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information," *In re REMEC, Inc. Sec. Litig.*, 2008 WL 2282647, at *1, particularly because relevance plays a key role in the undue burden analysis, *see Compaq Computer Corp. v. Packard Bell Elecs.*, 163 F.R.D. 329,

**PAGE 5 - PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (DELOITTE SUBPOENAS)**

335–36 (N.D. Cal. 1995) ("Obviously, if the sought-after documents are not relevant . . . , then any burden whatsoever imposed . . . would be by definition 'undue.'").

      **B.**    <u>**The Claims and Available Defenses**</u>

      The elements of Plaintiffs' Oregon Securities Law claims, and the available defenses to the claims, are straightforward. Plaintiffs must prove that Aequitas sold unregistered securities or made untrue statements or omissions of material fact in the sale of securities and that the truth was not disclosed. Some Defendants may seek to prove that the securities were exempt from registration, that the challenged statements were true, that they did not participate or materially aid in the sales, or that they did not know, and in the exercise of reasonable care, could not have known, of the existence of facts on which the liability is based.

      Judge Dailey recently ruled in the Aequitas state court cases that **comparative-fault like defenses** (including comparative fault, loss causation or superseding cause, failure to mitigate, contributory negligence, and failure to use due care) and **equitable defenses** (including *in pari delicto*, waiver, estoppel, unclean hands, ratification, and laches) are not available under the Oregon Securities Law and granted the investors' motions for judgment on the pleadings as to those defenses. *See, e.g., Cavanagh et al. v. Deloitte & Touche LLP, et al.,* No. 18CV09052 (Mult. Co. Or., Mar. 28, 2019) (Opinion and Order Re: Plaintiffs' Motion for Judgment on the Pleadings) (DeJong Decl., Ex. E). Plaintiffs intend to seek judgment on the pleadings and/or partial summary judgment as to those defenses in the present case. This Court has also ruled that "Deloitte has not established that under Oregon law any equitable defenses are available as part of the statute's design or purpose. *Hall v. Johnston*, 758 F.2d 421, 423 (9th Cir. 1985) (finding that equitable defenses run counter to Oregon's interests and are not applicable under ORS § 59.115)." Order on Defendant's Motion to Compel [ECF No. 421] at 8, *affirmed* [ECF No. 466].

PAGE 6 -  **PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (DELOITTE SUBPOENAS)**

C.    **Deloitte Seeks Irrelevant Information**

    1.    **Non-Aequitas Investments and Financial Information (CLAWA Request Nos. 6, 10, 13; Maurer/Ramirez Request Nos. 2, 4)**

Deloitte previously sought to compel Plaintiffs to produce documents relating to Plaintiffs' financial condition and investment experience, and the motion was denied.  Order on Defendant's Motion to Compel [ECF No. 421] at 6, *affirmed* [ECF No. 466].  Request Nos. 6, 10 and 13 to CLAWA and Request Nos. 2 and 4 to Maurer and Ramirez seek the same types of information regarding Plaintiffs and other Class members from RIAs.

Deloitte's Request No. 13 to CLAWA is directly contrary to the Court's ruling on the motion to compel:

> 13.    All Documents Relating to the investment files of Your Clients who invested in any Aequitas Security or Aequitas Entity, including without limitation Your Client's demographic information, financial profile, investment strategy, asset allocation, net worth, and investment restrictions, as well as any advisory client agreements.

DeJong Decl., Ex. A.  Deloitte has filed a motion seeking to compel CLAWA to produce these documents.[7]

This Court previously denied Deloitte's motion to compel "Financial Condition Documents" from Plaintiffs.  Order on Defendant's Motion to Compel [ECF No. 421], at 6, *affirmed* [ECF No. 466].  This Court rejected Deloitte's argument "that Plaintiffs' financial condition and investment experience is relevant to Plaintiffs' knowledge and understanding of the risks of their investments."  *Id*. at 5.  The subpoena to CLAWA seeks the same financial condition and investment experience information concerning unnamed class members that the Court ruled Deloitte could not get from Plaintiffs.

---

[7] Deloitte has taken the position that the motion to compel is fully briefed and pending, and that Plaintiffs should file a separate motion for protective order rather than an opposition to the motion to compel.  *See* DeJong Decl., Ex. F.

**PAGE 7 -  PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (DELOITTE SUBPOENAS)**

Deloitte initially issued subpoenas to Maurer and Ramirez requesting information nearly identical to the information requested from CLAWA:

> 4. All Documents Relating to the investment files of any Plaintiff who invested in any Aequitas Security or Aequitas Entity, including without limitation the Plaintiff's demographic information, financial profile, investment strategy, asset allocation, net worth, and investment restrictions.

DeJong Decl., Exs. G–H.  Deloitte then amended the subpoenas.  The amended subpoenas now seek:

> 4. All Documents or Communications Relating to any Suitability Analysis (if any) You performed in connection with any recommendation You made to Plaintiffs to purchase any Aequitas Security or invest in any Aequitas Entity.

DeJong Decl., Exs. B–C.  "Suitability Analysis" is defined in the amended subpoenas to mean

> … all Documents and tangible things, as defined under FINRA Rule 2111 (Suitability), that provide a reasonable basis to believe that a recommended Transaction is suitable for the customer, based on the information obtained through reasonable diligence to ascertain the customer's investment profile.  A customer's investment profile includes, but is not limited to, the customer's age, **financial situation** and needs, tax status, investment objectives, **investment experience**, investment time horizon, liquidity needs, risk tolerance, and any other information the customer may disclose.

DeJong Decl., Exs. B–C.  (Definition 15) (emphasis added).  Similarly, Request No. 6 to CLAWA seeks "[a]ll Documents Relating to the review, modification, and approval of any Transaction by Your Clients prepared by Your compliance department or compliance officer, including any analyses You conducted in which any Aequitas Security was deemed unsuitable or inappropriate for any of Your Clients."  DeJong Decl., Ex. A.

The request for suitability information seeks information concerning investors' financial situation and investment experience, both of which are expressly included in the definition of "suitability."  The reasoning this Court previously applied in denying Deloitte's motion to compel similar information directly from Plaintiffs also supports granting the present motion and rejecting Deloitte's attempt to take the discovery indirectly from RIAs.  In certifying the Tonkon

PAGE 8 -  **PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (DELOITTE SUBPOENAS)**

settlement class, this Court ruled that, "[u]nder ORS § 59.115, only an investor's actual knowledge is relevant, and the statute does not impose an obligation of inquiry on the buyer or purchaser." *Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-CV-00580-AC, 2019 WL 1441634, at *14 (D. Or. Mar. 19, 2019). Whether an RIA recommended an investment that is not suitable for the investor's financial condition is not relevant to whether the investor knew the truth of Aequitas's undisclosed Ponzi scheme.

Request Nos. 10 to CLAWA and 2 to Maurer/Ramirez seek all documents and communications relating to any agreements between the advisors and any of their clients, such as waivers, disclosures and acknowledgments. This discovery should be precluded for the same reasons that discovery of investors' financial conditions and investment histories should be precluded.

## 2.    Due Diligence Documents (CLAWA Request No. 12; Maurer/Ramirez Request No. 3)

This Court has ruled that Plaintiffs had no duty of inquiry or to conduct due diligence. *See Ciuffitelli*, 2019 WL 1441634, at *14. Request No. 12 to CLAWA and Request No. 3 to Maurer and Ramirez seek due diligence material from non-parties. DeJong Decl., Exs. A–C. From Maurer and Ramirez, Deloitte seeks "any report, opinion, Document, or Communication regarding any investigation, review, or assessment evaluating the advantages and risk involved in a transaction, deal, arrangement, agreement, or otherwise." DeJong Decl., Exs. B–C (Definition 8, "Due Diligence"). From CLAWA, Deloitte seeks "asset analyses performed, new product committee charters and minutes, investment committee charters and minutes, executive committee charters and minutes, operating committee charters and minutes, investment management and allocation agreements, pre- and post-trade internal reviews, and Documents Relating to the outcome of such reviews." DeJong Decl., Ex. A (Request 12). Any due

PAGE 9 -  **PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (DELOITTE SUBPOENAS)**

diligence conducted by these third parties is irrelevant. Deloitte's due diligence might be relevant if Deloitte had chosen to assert that affirmative defense, but a RIA's due diligence does not relate to any defense at all.

### 3.    '40 Act Compliance Materials (CLAWA Request No. 11)

Request No. 11 to CLAWA broadly seeks "[a]ll Documents Relating to Your policies and procedures designed to comply with the Investment Advisers Act of 1940," including a laundry list of subcategories. DeJong Decl., Ex. A. This discovery plainly has nothing whatsoever to do with Plaintiffs' claims or Deloitte's defenses.

### 4.    Deloitte Has Not Been Granted Leave to Assert Third-Party Claims

Deloitte has asserted that the discovery is relevant to third-party claims it has sought leave to assert. Deloitte's motion for leave to assert those claims is pending and has not been granted. Discovery relating to the potential third-party claims should not be allowed before the motion for leave has even been considered by the Court.

The Court's prior orders concluding that Plaintiffs' financial situation and investment experience are not relevant to this litigation, the implications Deloitte's requested discovery has for Plaintiffs' and absent class members' privacy interests, and the undue burden and expense necessitated by this discovery all constitute good cause for a protective order.[8] Plaintiffs urge the Court to enter a protective order to prohibit Deloitte from further discovery on these topics, and deny Deloitte the discovery requested in Request Nos. 6 and 10–13 of the CLAWA subpoena and the discovery requested in Request Nos. 2–4 of the Maurer and Ramirez subpoenas.

---

[8] Even though Deloitte's motion to compel production of documents was denied, Defendants deposed Plaintiffs extensively regarding their financial condition, investment histories and reliance. Deloitte has also subpoenaed or indicated that it will subpoena numerous RIAs—most of which did not advise any of the Plaintiffs—for deposition.

PAGE 10 - **PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (DELOITTE SUBPOENAS)**

DATED this 8th day of May, 2019.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/Timothy S. DeJong
   **Keith A. Ketterling**, OSB No. 913368
   **Timothy S. DeJong**, OSB No. 940662
   **Jennifer S. Wagner**, OSB No. 024470
   **Nadia H. Dahab,** OSB No. 125630
   **Lydia Anderson-Dana**, OSB No. 166167

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:  (503) 227-1600

Email:      kketterling@stollberne.com
            tdejong@stollberne.com
            jwagner@stollberne.com
            ndahab@stollberne.com
            landersondana@stollberne.com

-And-

**Steve W. Berman** (admitted *pro hac vice*)
**Karl P. Barth** (admitted *pro hac vice*)
**Jeniphr Breckenridge** (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Email:      steve@hbsslaw.com;
            karlb@hbsslaw.com
            jeniphr@hbsslaw.com

-And-

**Robert S. Banks, Jr.**, OSB No. 821862
Email: bob@bankslawoffice.com
Robert S. Banks, Jr.
Banks Law Office, P.C.
1001 SW Fifth Ave., Suite 1100
Portland, OR 97204
Telephone: (503) 222-7475

**Attorneys for Plaintiffs**