UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST, *et al.*,<br><br>              Plaintiffs,<br><br>   v.<br><br>DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; INTEGRITY BANK & TRUST; and DUFF& PHELPS, LLC,<br><br>              Defendants. | Case No. 3:16-cv-00580-AC<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT** |

1.      This Stipulation and Agreement of Settlement (the "Stipulation"), dated as of July 8, 2019, is made and entered into by and among: 1) Plaintiffs Lawrence P. Ciuffitelli; Greg and Angela Julien; James and Susan MacDonald; R.F. MacDonald Co.; William Ramstein; and Greg and Susan Warrick, on behalf of themselves and the Class (the "Class Representatives"); and 2) Defendants Deloitte & Touche LLP ("Deloitte"); EisnerAmper LLP ("EisnerAmper"); Sidley Austin LLP ("Sidley"); TD Ameritrade, Inc. ("TD Ameritrade") and Duff & Phelps, LLC ("Duff") (collectively, the "Settling Defendants").[1]  The Class Representatives and the Settling Defendants are hereinafter collectively referred to as the "Parties."

---

[1] Capitalized terms not otherwise defined herein shall have the meanings assigned to them in Section I of this Stipulation.

## <u>RECITALS</u>:

(a)     On April 4, 2016, the Ciuffitelli Class Action (the "Action") was filed against some of the Settling Defendants, and later amended to add the remaining Settling Defendants, in the United States District Court for the District of Oregon by the Class Representatives, as representative parties for a proposed Class of investors alleging the liability of Settling Defendants and various other parties under ORS 59.115(3);

(b)     The Settling Defendants and the Class Representatives participated in a mediation conducted by the Honorable Daniel Weinstein and David L. Carden, Esq.;

(c)     The Settling Defendants and the Class Representatives wish to settle all claims that have been brought or could have been brought against the Settling Defendants in the Action;

(d)     The Class Representatives believe that their claims against the Settling Defendants have substantial merit but have agreed to settle the Action with respect to the Settling Defendants to avoid further risk of litigation;

(e)     The Class Representatives and Class Counsel believe that the Settlement Amount is fair, adequate, and in the best interests of the Class, and that it is reasonable to pursue court approval of the Stipulation based upon the terms and procedures outlined herein;

(f)     The Settling Defendants deny that they have committed any wrongdoing or that they are liable to the Class under ORS 59.115(3) or any other law and have agreed to settle the Action to avoid further costs and risks of litigation; and

(g)     There has been no admission or finding of facts or liability by or against any of the Parties, and nothing herein should be construed as such.

**NOW, THEREFORE,** in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is hereby agreed by and among the Class Representatives (individually and on behalf of the Class) and the Settling Defendants that, subject to the approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, the claims in the Action as between the Class Representatives, the Class and the Settling Defendants be forever resolved, settled, compromised, and dismissed with prejudice on the following terms and conditions:

## I.    DEFINITIONS

1.    Capitalized terms not defined elsewhere in this Stipulation shall have the following meanings:

(a)    The "**Action**" or the "**Ciuffitelli Class Action**" is the lawsuit titled *Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-cv-00580-AC, currently pending in U.S. District Court for the District of Oregon.

(b)    "**Administration of the Settlement**" shall have the meaning assigned to it in paragraph 24.

(c)    "**Aequitas Entity**" means Aequitas Management, LLC and Aequitas Capital Management, Inc., and all of their Affiliates and Subsidiaries, including without limitation:   Aequitas Commercial Finance, LLC; Aequitas Holdings, LLC; Aequitas Hybrid Fund, LLC; Aequitas Income Opportunity Fund II, LLC; Aequitas Investment Management, LLC; Aequitas Private Client Fund, LLC; Aequitas Income Opportunity Fund, LLC; Aequitas ETC Founders Fund, LLC; Aequitas Enhanced Income Fund, LLC; Aequitas WRFF I, LLC; Aequitas Income Protection Fund, LLC; Aequitas EIF Debt Fund, LLC; ACC C Plus Holdings, LLC; ACC Holdings 2, LLC; ACC Funding Trust 2014-2; Aequitas

PAGE 3 – STIPULATION AND AGREEMENT OF SETTLEMENT

Peer-To-Peer Funding, LLC; CarePayment Holdings, LLC; CarePayment, LLC; CP Funding I Holdings, LLC; CP Funding I Trust; Campus Student Funding, LLC; ACC F Plus Holdings, LLC; ACC Holdings 1, LLC; ACC Funding Trust 2014-1; ML Financial Holdings, LLC; Motolease Financial, LLC; Unigo Student Funding, LLC; The Hill Land, LLC; Aequitas Senior Housing, LLC; Aequitas Capital Opportunities Fund, LP; Aequitas Capital Opportunities GP, LLC; ACC Holdings 5, LLC; ACC Funding Series Trust 2015-5; Aequitas Corporate Lending, LLC; Aequitas Wealth Management, LLC; Aequitas Wealth Management Partner Fund, LLC; Hickory Growth Partners, LLC; Aspen Grove Equity Solutions, LLC; Aequitas International Holdings, LLC; Aequitas Asset Management Oregon, LLC; AAM Fund Investment, LLC; Aequitas Senior Housing Operations, LLC; Executive Citation, LLC; Executive Falcon, LLC; APF Holdings, LLC; and Aequitas Partner Fund, LLC.

(d)    **"Aequitas Securities"** means securities issued by the following Aequitas-affiliated entities: (a) Aequitas Commercial Finance, LLC ("ACF"); (b) Aequitas Enhanced Income Fund, LLC ("AEIF"); (c) Aequitas Income Opportunity Fund, LLC ("AIOF"); (d) Aequitas Income Opportunity Fund II, LLC ("AIOF-II"); (e) Aequitas Income Protection Fund ("AIPF"); (f) Aequitas Capital Opportunities Fund, LP ("ACOF"); (g) Aequitas ETC Founders Fund, LLC ("AETC"); and (h) Motolease Financial, LLC ("AMLF");

(e)    The "**Claims Administrator**" means Epiq Class Action & Claim Solutions ("Epiq"), designated by Lead Class Counsel to administer the Settlement, subject to the approval of the District Court.

(f)    "**Class**" means a settlement class consisting of all persons who purchased

Aequitas Securities on or after June 9, 2010 and had an account balance as of

March 31, 2016.  The Class does not include: (a) Defendants; (b) the past and

present officers and directors of the Aequitas affiliated companies, including

without limitation Robert Jesenik, Brian Oliver, Craig Froude, Scott Gillis,

Andrew MacRitchie, Olaf Janke, Brian Rice, William Ruh, Steve Hedberg, Brett

Brown, Tom Goila, Patricia Brown, Bill Malloy, and Thomas Szabo, and their

respective families and affiliates; (c) the past and present members of the

Aequitas Advisory Board, including without limitation William McCormick, L.

Martin Brantley, Patrick Terrell, Edmund Jensen, Donna Miles, William

Glasgow, Keith Barnes, Bob Zukis, and their respective families and affiliates; (d)

registered investment advisors and investment advisor representatives; (e) any

investor who received finder's fees or other consideration from Aequitas in

connection with referring investors to Aequitas; and (f) the Individual Plaintiffs in

the Individual Actions.

(g)    "**Class Counsel**" are counsel of record for the plaintiffs in the Ciuffitelli Class

Action.  "**Lead Class Counsel**" are Hagens Berman Sobol Shapiro LLP ("Hagens

Berman") and Stoll Stoll Berne Lokting & Shlachter P.C. ("Stoll Berne").

(h)    The "**Class Representatives**" are Plaintiffs Lawrence P. Ciuffitelli; Greg and

Angela Julien; James and Susan MacDonald; R.F. MacDonald Co.; William

Ramstein; and Greg and Susan Warrick.

(i)    The "**District Court**" or the "**Court**" means the United States District Court for

the District of Oregon.

(j)    "**Effective Date of Settlement**" or "**Effective Date**" means the date upon which the Settlement in the Action shall become effective and final, as set forth in paragraph 33, *infra*.

(k)    "**Escrow Account**" means the separate escrow account(s) at a federally insured banking institution designated by Lead Class Counsel into which the Settlement Amount is to be deposited for the benefit of the Class in this Action. The Escrow Account shall be administered consistent with the terms of this Settlement, subject to the supervision of Lead Class Counsel.

(l)    "**Escrow Agent**" means Huntington National Bank, subject to approval by the District Court.

(m)    "**Fee and Expense Application**" means an application filed by Class Counsel for attorneys' fees and reimbursement of expenses.

(n)    "**Final Approval Order**" means an order entered by the District Court finally approving the Settlement as fair, reasonable, and adequate.

(o)    "**Final Judgment**" means a final judgment entered by the District Court in the form of Exhibit B hereto.

(p)    "**Gross Settlement Fund**" means the Settlement Amount, including all earnings and interest accrued with respect to the Settlement Amount (if any) while it is held in the Escrow Account.

(q)    "**Individual Actions**" means the following cases: *Wurster et al. v. Deloitte & Touche LLP*, Case No. 16CV25920, Multnomah County Circuit Court; *Pommier et al. v. Deloitte & Touche, LLP, et al.*, Case No. 16CV36439, Multnomah County Circuit Court; *Ramsdell et al. v. Deloitte & Touche, LLP, et al.,* Case No.

16CV40659, Multnomah County Circuit Court; *Albers et al. v. Deloitte & Touche, LLP, et al.*, Case No. 2:16CV02239 (USDC D. Or.); *Layton et al. v. Deloitte & Touche LLP et al.,* Case No. 16CV36439, Multnomah County Circuit Court; *Cavanagh et al. v. Deloitte & Touche LLP, et al.*, Case No. 18CV09052, Multnomah County Circuit Court; and *Royal Fund LP et al. v. Deloitte & Touche LLP, et al.*, Case No. 19CV22914, Multnomah County Circuit Court.

(r)     **"Individual Plaintiffs"** means any persons named as plaintiffs in the Individual Actions at any time from the filing of those actions through the date of this Stipulation.

(s)     "**Net Settlement Fund**" means the balance of the Gross Settlement Fund available to be distributed to the Class after subtracting the dollar amounts paid or owing in connection with the Settlement, as set forth in this Stipulation, including amounts for the payment of (1) any and all taxes due to state or governmental authorities as a result of the establishment and distribution of the Gross Settlement Fund; (2) any and all costs of settlement administration, including all fees and costs paid or owing to the Settlement Administrator; (3) any and all costs of maintaining the Escrow Account, including all fees and costs paid or owing to the Escrow Agent; and (4) any and all attorneys fees' and costs paid to Class Counsel, as approved by the District Court, including the Initial Attorneys' Fees Payment (as defined herein).

(t)     "**Notice**" means the "Notice of Pendency and Proposed Settlement of Class Action," substantially in the form of Exhibit 1 to Exhibit A attached hereto, which is to be sent to the Class, subject to the approval of the District Court.

(u)      "**Plan of Allocation**" means the plan to distribute the portion of the Net

Settlement Fund to each participating Class Member, as approved by the District

Court.

(v)      "**Preliminary Approval Order**" means the order preliminarily approving the

Settlement and directing notice to the Class of the pendency of the Action and of

the Settlement, to be entered by the District Court, in the form of Exhibit A

attached hereto.

(w)      "**Releasing Class Members**" means (1) the Class Representatives, (2) all

members of the Class, and (3) each of the foregoing's agents, representatives,

attorneys, heirs, administrators, executors, assigns, predecessors and successors in

interest, and any other person or entity claiming by, through, on behalf of, or for

the benefit of any of them.

(x)      "**Released Claims**" means, to the fullest extent that the law permits their release,

all past, present, and future claims of any nature whatsoever in any way relating to

the Action, including without limitation all claims, suits, actions, allegations,

damages (including, without limitation, compensatory, punitive, exemplary,

rescissory, direct, consequential or special damages, and restitution and

disgorgement), liabilities, causes of action, complaints, lawsuits, responsibilities,

demands, rights, debts, penalties, costs, expenses, fees, injunctive relief,

attorney's fees, expert or consulting fees, prejudgment interest, indemnities,

duties, liabilities, losses, and obligations of any kind, known or unknown,

foreseen or unforeseen, whether or not concealed of hidden, asserted or

unasserted, existing or contingent, direct or indirect, anticipated or unanticipated,

asserted or that could have been asserted by, or on behalf of, for the benefit of, or in the name of the Class members, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common or foreign law, that now exist or have ever existed from the beginning of time until the date of this Agreement that are based upon, arise out of, or are related in any way to: (1) the conduct, transactions, or occurrences set forth in any pleading in the Action; (2) the Action; (3) the purchase, issuance, sale, or solicitation of the sale of any securities or financial instruments (including, without limitation, promissory notes, equity offerings, limited partnership interests, membership interests, and limited liability company interests) issued by any Aequitas Entity; (4) the Defendants' provision of any accounting, legal, or other services to any Aequitas Entity or to or for the benefit of any purchaser or holder of any securities or financial instruments issued by any Aequitas Entity; and (5) the conduct of the settlement negotiations and the negotiation of this Stipulation (except for representations or obligations expressly included in this Agreement), including without limitation fraud in the inducement thereof.

(y)     **"Released Defendant Parties"** means (1) the Settling Defendants, (2) the Settling Defendants' predecessors, successors, affiliates, Subsidiaries,  divisions, assignors and assignees, and (3) each of the foregoing's past, present, and future officers, directors, board and board members, principals, officials, employees, subsidiaries, parents, affiliates, divisions, joint venturers, contractors, subcontractors, subrogrees, offices, controlled entities and persons, predecessors, successors, assignors, assigns, transferees, heirs, executors, shareholders, owners, investors,

accountants, auditors, advisors, trustees, fiduciaries, consultants, agents, representatives, attorneys, partners, associates, senior counsel, managers, and members; and (4) each of the Settling Defendants' insurers, reinsurers, excess insurers, underwriters and claims administrators.[2]

(z) **"Repayment Obligation"** means the obligation, pursuant to paragraph 41, *infra*, to return the Initial Attorneys' Fee Payment distributed from the Gross Settlement Fund before the Effective Date.

(aa) "**Settlement**" means the settlement contemplated by this Stipulation.

(bb) "**Settlement Amount**" means $220,000,000.00 in United States Dollars. The Settlement Amount will be non-recapture, and there will be no reversion of the Settlement Amount to the Settling Defendants, *i.e.*, it is not a claims-made settlement.

(cc) "**Settling Defendants**" means Defendants Deloitte & Touche LLP; EisnerAmper LLP; Sidley Austin LLP; TD Ameritrade, Inc.; and Duff & Phelps, LLC.

(dd) "**Subsidiary**" and "**Subsidiaries**" means, with respect to any person (including any natural person, partnership, corporation, limited liability company, trust, joint venture, affiliated group, or other entity), an entity in which at least 10% of the

---

[2] For avoidance of doubt, (1) as to Deloitte, Released Defendant Parties include Deloitte & Touche LLP, Deloitte LLP, Deloitte Consulting LLP, Deloitte Financial Advisory Services LLP, Deloitte Transactions and Business Analytics LLP, Deloitte Tax LLP, Deloitte Services LP, and Deloitte USA LLP (together, the "Deloitte US Entities"); and (2) as to Sidley, Released Defendant Parties include Sidley Austin Holding LLP; Sidley Austin (US) LLP; Sidley Austin (Europe) LLP; Sidley Austin (CA) LLP; Sidley Austin (DC) LLP; Sidley Austin (NY) LLP; Sidley Austin (TX) LLP; Sidley Austin LLP (an Illinois limited liability partnership); and Sidley Austin LLP (a Delaware limited liability partnership – UK).

outstanding equity or financial interests are owned, directly, indirectly, or beneficially by such person.

## II.     THE SETTLEMENT AMOUNT AND THE SETTLEMENT FUND

2.     The Parties expressly enter into this Stipulation in order to avoid the expense and risk of further litigation. This Stipulation is not an admission or acknowledgment of liability or wrongdoing on the part of any of the Settling Defendants, each of which expressly denies any liability or wrongdoing.

3.     Within no more than fifteen (15) days after the execution of this Stipulation by all Parties, Lead Class Counsel shall execute an agreement ("the **Escrow Agreement**") with the Escrow Agent to establish the Escrow Account using conventional escrow terms provided by the Escrow Agent; provided that Lead Class Counsel shall not execute the Escrow Agreement without the prior review and consent of the Settling Defendants (such consent not to be unreasonably withheld, delayed, or conditioned).  Lead Class Counsel shall promptly provide to the Settling Defendants copies of all documents establishing and governing the Escrow Account, including the account information and wire transfer instructions for the Escrow Account.

4.     The Settlement Amount is two hundred and twenty million dollars ($220,000,000), and shall be paid by or on behalf of the Settling Defendants into the Escrow Account.   The payment of the Settlement Amount is in full satisfaction of the Released Claims, including all claims for attorneys' fees, costs and expenses.  The Settling Defendants' monetary liability is fixed under this Stipulation.  In no event shall the total amount of monetary consideration paid by the Settling Defendants under this Stipulation exceed the Settlement Amount.  The Settling Defendants shall have no obligation to pay the Class Representatives, the

members of the Class, Class Counsel, or anyone else, any monetary consideration in excess of the Settlement Amount.

5.      Each Settling Defendant shall fund its share of the Settlement Amount in the proportion specified by a confidential agreement among the Settling Defendants (the "Confidential Allocation Agreement"), which will not be submitted to the District Court or disclosed to the Class Representatives, unless the District Court orders otherwise.

6.      The Escrow Agreement shall require that the Escrow Agent shall maintain the Settlement Amount in the Escrow Account consistent with the terms of this Stipulation, under the supervision of Lead Class Counsel and subject to the oversight of the District Court.  The Escrow Agreement shall require that he Escrow Agent shall invest the Settlement Amount exclusively in: instruments backed by the full faith and credit of the United States Government; or fully insured by the United States Government or an agency thereof; or money market funds invested solely in such investments.  The Escrow Agreement shall require that the Escrow Agent shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments.  The Settlement Amount, combined with any interest or earnings accruing thereon (if any), shall constitute the "Gross Settlement Fund."

7.      The Settling Defendants shall pay the Settlement Amount into the Escrow Account as follows:

(a)      a total of $150,000.00 for the payment of notice and administration costs no later than thirty (30) calendar days after the entry of the Preliminary Approval Order; and

(b)      a total of $219,850,000.00 no later than thirty (30) calendar days after the entry of the Final Approval Order.

PAGE 12 – STIPULATION AND AGREEMENT OF SETTLEMENT

Each Settling Defendant shall fund these amounts in the proportion specified in the Confidential Allocation Agreement.

8.      All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the District Court, and shall remain subject to the exclusive jurisdiction of the District Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the District Court.

9.      After the Settlement Amount has been paid into the Escrow Account in accordance with paragraph 7, *supra*, the Parties agree to treat the Escrow Account as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, Lead Class Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Lead Class Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing to occur.

10.      For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Lead Class Counsel or their successors, who shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the interest earned on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the election described above) shall be

consistent with this subparagraph and in all events shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in paragraph 11, *infra*.

11.    Taxes on the income of the Settlement Amount and expenses and costs incurred in connection with the taxation of the Settlement Amount (including, without limitation, interest, penalties, and the fees and expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid solely out of the Escrow Account.  In all events, the Settling Defendants shall have no liability or responsibility whatsoever for the Taxes or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority.

12.    Taxes shall be treated as, and considered to be, a cost of Administration of the Settlement and shall be timely paid, or caused to be paid, by Class Counsel out of the Escrow Account without prior order from the District Court, and Class Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)).  The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

13.    The Escrow Agreement shall require that the Escrow Agent shall not disburse any of the Gross Settlement Fund except as provided in this Stipulation or by an Order of the District Court, or by the written authorization of Class Counsel and each of the Settling Defendants.

14.     The Gross Settlement Fund shall be used only for the following purposes: (i) to compensate the Class as approved by the District Court; (ii) to pay any and all taxes due to state or governmental authorities as a result of the establishment or distribution of the Gross Settlement Fund; (iii) to pay the reasonable costs of administration, as approved by the District Court; and (iv) to pay attorneys' fees and reimburse Class Counsel for reasonable costs and expenses paid in connection with this litigation, as approved by the District Court.

15.     No money may be paid out of the Gross Settlement Fund before the Effective Date of the Settlement, except as follows: (i) Taxes may be paid out of the Gross Settlement Fund, as they come due and owing; (ii) the costs of Notice to the Class and other reasonable Costs of Administration may be paid out of the Gross Settlement Fund, as they come due and owing and as approved by the District Court; and (iii) the payment of the Initial Attorneys' Fees Payment, as more fully set forth in Section VI, *infra*.

## III.    RELEASES

16.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action.

17.     Upon the Effective Date, and without any further action, each of the Releasing Class Members fully, finally, and forever releases, covenants not to sue, and discharges each of the Released Defendant Parties from any and all Released Claims held by, on behalf of, for the benefit of, or in the name of the Releasing Class Members and shall forever be barred and enjoined from commencing, instituting, prosecuting, maintaining or seeking monetary or other relief respecting any and all of the Released Claims against any and all of the Released Defendant Parties.

18.     Upon the Effective Date, and without any further action, each Settling Defendant, on behalf of itself, and its heirs, executors, trustees, administrators, predecessors, successors, and

assigns, for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, shall fully, finally, and forever release, covenant not to sue, and discharge any and all Released Claims against each and every one of the Releasing Class Members and shall forever be barred and enjoined from commencing, instituting, prosecuting, maintaining or seeking monetary or other relief respecting any and all of the Released Claims against any and all of the Releasing Class Members.

19.     For clarity, the foregoing Releases shall not apply to any claims that arise out of any breaches of the obligations of this Stipulation.

20.     The releases in this Article III include an express, informed, knowing and voluntary waiver and relinquishment of any and all Released Claims to the fullest extent permitted by law, including claims that are unknown and unsuspected.  The Releasing Defendant Parties and the Releasing Class Members acknowledge that they may have sustained damages, losses, costs or expenses that are presently unknown and unsuspected and that such damages, losses, costs or expenses as may have been sustained may give rise to additional damages, losses, costs or expenses in the future.  The Releasing Defendant Parties and the Releasing Class Members further acknowledge that they have negotiated this Stipulation taking into account presently unsuspected and unknown claims, counterclaims, causes of action, damages, losses, costs and expenses, and they voluntarily and with full knowledge of its significance, expressly waive and relinquish any and all rights they may have under any state or federal statute, rule or common law principle, in law or equity, relating to limitations on general releases.  Specifically, each of the Releasing Defendant Parties and the Releasing Class Members expressly waives any rights it may have under California Civil Code § 1542 (or any other similar law in any jurisdiction) which provides that:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

21.     The Parties will file a joint motion for a bar order that enjoins claims for contribution against any Settling Defendant, among other claims to be specified in the joint motion. However, the Settlement is not conditioned upon the District Court entering such a bar order.

22.     The Settling Defendants, and each of them, represent that they have no knowledge of any action filed by one or more persons asserting similar claims to those asserted in the Action against any of the Defendants, other than the Individual Actions.

## IV.    ADMINISTRATION OF THE SETTLEMENT

23.     The Claims Administrator shall provide reasonable notice to Class Members and be responsible for Administration of the Settlement under Class Counsel's supervision and subject to the exclusive jurisdiction of the District Court.  The Settling Defendants shall have no role in, or responsibility for, the Administration of the Settlement.

24.     The "Administration of the Settlement" includes notifying the members of the Class of the Settlement; the allocation and distribution of the Net Settlement Fund and may include the investment of such funds; the determination, calculation, processing, or payment of claims; the review and approval or rejection of Proofs of Claim; processing and implementing the Plan of Allocation; and the determination, payment, or withholding of Taxes or any loss incurred in connection therewith.  No person or entity, including, but not limited to, the Class Members, Class Representatives and Class Counsel, shall have any claims against the Settling Defendants in connection with the Administration of the Settlement.

25.     Except as provided in the Stipulation, all reasonable costs of Administration of the Settlement, including the fees and expenses of the Claims Administrator, shall be paid from the Gross Settlement Fund.  Any amounts paid for Administration of the Settlement will not be reimbursed to the Settling Defendants if the Settlement does not become final.

26.     The Settling Defendants will not have any responsibility for, involvement in, or liability for the payment of any monies from the Gross Settlement Fund in connection with the Administration of the Settlement.

## V.     COURT APPROVAL OF SETTLEMENT

27.     Payment of the Settlement Amount is expressly contingent on court approval of the Stipulation, including the Release herein, and upon a mutually agreeable Final Judgment having been entered by the District Court and having become final and non-appealable.

### A.     Preliminary Approval

28.     Within twenty-one (21) calendar days following execution of this Stipulation, Lead Class Counsel shall file a motion for preliminary approval of the Stipulation in the Action (the "Motion for Preliminary Approval"). Counsel for the Settling Defendants shall cooperate with Class Counsel as is reasonably necessary in connection with the Motion for Preliminary Approval.

29.     Class Counsel provided to Settling Defendants a copy of the proposed Motion for Preliminary Approval and  Class Counsel's proposed forms of Notice to the Settling Defendants for review and comment.  Class Counsel may file the Motion for Preliminary Approval and Notice as unopposed.

### B.     Final Approval of Settlement and Final Judgment

30.     Class Counsel shall file a motion for final approval of the Stipulation (the "Motion for Final Approval") in compliance with the temporal limits set forth in the Preliminary

Approval Order.  The Motion for Final Approval shall seek District Court approval of the

Settlement as fair and reasonable; approval of the Plan of Allocation; and approval of the

proposed form of the Final Judgment.

31.     The Settlement is expressly conditioned upon the entry by the District Court of a

Final Judgment in the form set forth in Exhibit B to this Stipulation, or in a mutually acceptable

form should the proposed judgment set forth in Exhibit B not be approved by the District Court.

32.     The Final Judgment shall dismiss, with prejudice, all claims against the Settling

Defendants and shall dismiss, without prejudice, all third-party claims asserted by Sidley.  All

pending motions filed by any Party shall be denied as moot.

**C.      Effective Date of Settlement, Waiver or Termination**

33.     The Effective Date of Settlement shall be the date when all the following shall

have occurred:

(a)     the District Court has entered the Preliminary Approval Order in the Action;

(b)     the District Court has entered an Order finally approving the Settlement as fair,

reasonable, and adequate ("the Final Approval Order");

(c)     the District Court has entered the Final Judgment in the form set forth in Exhibit

B to this Stipulation or in a mutually acceptable form should the proposed

judgment set forth in Exhibit B not be approved by the Court;

(d)     the Settlement Amount has been deposited into the Escrow Account; and

(e)     the appeals process for the Final Approval Order and Final Judgment is

exhausted.  The appeals process for the Final Approval Order and Final

Judgement will be deemed exhausted when the Final Approval Order and Final

Judgment has been entered on the docket in the Action, and any of the following

shall have occurred:  (1) the time to appeal the Final Approval Order and Final

PAGE 19 – STIPULATION AND AGREEMENT OF SETTLEMENT

Judgment has expired and no appeal has been timely filed; (2) if such an appeal has been filed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order and Final Judgment; or (c) an appeal from the Final Approval Order or Final Judgment has been filed and the District Court, following the resolution of all appellate proceedings, has entered a further order or orders approving the Settlement on the terms set forth in this Stipulation, and either no further appeal is taken from such order(s) or any such appeal results in a final affirmation of all such order(s).

34.    The Parties shall have the right to terminate the Settlement and the Stipulation by providing written notice of their election to do so to all other Parties to the Stipulation within thirty (30) calendar days of (i) the District Court's decision not to enter the Preliminary Approval Order; (ii) the District Court's refusal to approve this Stipulation in whole or in any material respect; (iii) the District Court's decision not to enter the Final Approval Order or the Final Judgment in whole or in any material respect; (iv) the date upon which the Final Approval Order or Final Judgment is modified or reversed in any material respect by the United States Court of Appeals or the United States Supreme Court; or (v) the failure of any or all of the events described in paragraph 33.

35.    The Parties acknowledge that Class Members have the right and ability to exclude themselves from the Class prior to the Settlement Hearing.  Class Counsel, in conjunction with the Claims Administrator, shall cause copies of requests for exclusion from the Class to be provided to the Settling Defendants' counsel as they are received.  No later than ten (10) calendar days after the final date for mailing requests for exclusion, Class Counsel shall provide

the Settling Defendants' counsel with a complete and final list of all known Class Members that have excluded themselves from the Settlement.

36.    Right to Withdraw Based on Opt-Outs

(a)    The Settling Defendants shall each have the option to withdraw from the Settlement in the event valid exclusions from the Class exceed a specified threshold, and Class Representatives shall have the option to terminate the Settlement if one or more Settling Defendants elects to withdraw from the Settlement. The specified threshold and the details of the Parties' respective options are contained in the Confidential Supplemental Agreement between the Parties, which shall not be filed with the District Court unless the District Court so orders, and which shall not be disclosed to Class Members other than the Class Representatives. The contents of the Confidential Supplemental Agreement may be disclosed to the District Court if so requested by the District Court or if a dispute arises among the Parties concerning the Confidential Supplemental Agreement's interpretation or application. The Parties will keep the terms of the Confidential Supplemental Agreement confidential, subject to any exceptions set out therein and unless compelled to disclose them by the District Court.

(b)    In the event valid exclusions from the Class exceed the specific threshold, not later than ten (10) business days after receipt of the complete and final list of all known Class Members that have excluded themselves from the Class, each Settling Defendant shall notify Class Counsel whether the Settling Defendant elects to withdraw from the Settlement ("**Defendants' Notice of Withdrawal**").

(c)    In the event one or more Defendants elect to withdraw from the Settlement ("**the Withdrawing Defendants**"), Defendants shall disclose to Lead Class Counsel the portion of the Settlement Amount that was apportioned by the Confidential Allocation Agreement to the Withdrawing Defendants.  Defendants will not be required to disclose the portion(s) of the Settlement Amount apportioned to Defendant(s) who do not choose to withdraw from the Settlement ("**the Remaining Defendants**").

(d)    After reviewing the dollar amounts apportioned to each of the Withdrawing Defendants, the Class Representatives shall have the unilateral right to terminate the Settlement with respect to all Settling Defendants by providing notice to each of the Settling Defendants within ten (10) business days after receipt of the Defendants' Notice of Withdrawal.  If the Class Representatives do not exercise their right to terminate the Settlement with respect to all Settling Defendants, the Remaining Defendants shall contribute to the Gross Settlement Fund only those amounts allocated to the Remaining Defendants in the Confidential Allocation Agreement.

(e)    In the event that fewer than all of the Settling Defendants withdraw from the Settlement Agreement, and the Class Representatives do not elect to terminate the Settlement Agreement, the Parties agree that the Settlement Agreement will not be terminated, but instead will be amended within fourteen (14) calendar days as provided herein.  In that circumstance, the Class Representatives and the Remaining Defendants shall proceed with the Settlement pursuant to an Amended Settlement Agreement that (1) eliminates the Withdrawing Defendants as parties

to the Settlement Agreement, (2) adjusts the Settlement Amount to reduce it by the amount apportioned to the Withdrawing Defendants, and (3) further amends the Settlement Agreement to remove from its terms any rights or obligations of the Withdrawing Defendants thereunder, including any releases or claims bars in favor of the Withdrawing Defendants or dismissal of claims against the Withdrawing Defendants, while (4) in all other material respects maintaining the provisions and the intent of the original Settlement Agreement as between the Class Representatives and the Remaining Defendants.

(f)      In such event, within five (5) calendar days after executing the Amended Settlement Agreement, the Class Representatives shall file an Amended Motion for Preliminary Approval with the District Court, along with appropriate amended supporting papers, such as an amended Notice to the Class.  Each Settling Defendant agrees that it will not object to the District Court's approval of any Amended Settlement Agreement that complies with the terms of this provision in the event that it withdraws from the Settlement Agreement.

37.      If the Effective Date does not occur, or if the Settlement is terminated or modified by the District Court in any material respect, or if the Settlement fails to become effective for any reason, then:

(a)      the Parties shall be deemed to have reverted to their respective status in the Action as of the date and time immediately prior to the execution of this Stipulation and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered; and

(b)     within ten (10) business days after the Settlement is terminated or modified in any

material respect or the Effective Date fails to occur, Lead Class Counsel shall

direct the Escrow Agent to return the Gross Settlement Fund (less only any notice

and administration costs actually incurred and paid or owing) to the Settling

Defendants, including all amounts received by Class Counsel in the form of the

Initial Attorneys' Fees Payment (as defined in Paragraph 40).

## VI.      ATTORNEYS' FEES AND EXPENSES

38.     Class Counsel, on behalf of all plaintiffs' counsel in the Action, will apply to the

District Court for an award from the Gross Settlement Fund of (i) attorneys' fees not to exceed

twenty-five percent (25.0%) of the Settlement Amount, plus any interest on such amount at the

same rate and for the same periods as earned by the Settlement Amount; and (ii) reimbursement

of out-of-pocket expenses incurred in prosecuting the Action, plus any interest on such amount at

the same rate and for the same periods as earned by the Settlement Amount ("Fee and Expense

Application").  All attorneys' fees and expenses shall be paid exclusively from the Gross

Settlement Fund.  The Settling Defendants shall take no position with respect to the Fee and

Expense Application, except that any attorneys' fees and expenses awarded by the District Court

shall be paid from the Gross Settlement Fund.

39.     The Fee and Expense Application shall be considered separately from the

Settlement and any decision by the District Court concerning attorneys' fees, allocation, or

expenses shall not affect the validity or finality of the Settlement.

40.     Within 30 days after the entry of the Final Approval Order and Final Judgment,

the Escrow Agent shall make a partial payment to Lead Class Counsel up to $10,000,000 of the

total amount of attorneys' fees awarded by the District Court to Class Counsel from the Gross

Settlement Fund (the "**Initial Attorneys' Fees Payment**"), notwithstanding the pendency of any

appeal.  In the event an appeal is taken from the Final Approval Order or Final Judgment, any

defendant ("**LOC Electing Defendant**") shall have the right to require a letter of credit from

Class Counsel issued by a national bank securing repayment of the LOC Electing Defendant's

proportionate contribution of the Initial Attorneys' Fees Payment.  Each LOC Electing

Defendant shall bear the costs associated with the letter of credit securing repayment of that LOC

Electing Defendant's proportionate contribution of the Initial Attorneys' Fees Payment.  Class

Counsel agrees to take all reasonable steps, furnish all reasonable cooperation and post all

necessary collateral to procure the letter of credit required by any LOC Electing Defendant.

43.     Class Counsel is obligated to return to the Gross Settlement Fund the Initial

Attorneys' Fees Payment (the "**Repayment Obligation**") within ten (10) business days of the

occurrence of any of the following events: (a) the Final Approval Order or Final Judgment is

reversed or rendered void as a result of any appeal; (b) the Settlement is terminated, voided, or

rescinded for any reason; (c) the attorneys' fee or expense award is reduced or reversed; (d) the

attorneys' fees or expense award does not become final; or (e) the Effective Date does not occur

for any reason.  By accepting any amount of the Initial Attorneys' Fees Payment, Class Counsel

submits to the jurisdiction of the United States District Court for the District of Oregon for the

enforcement of the Repayment Obligation, and the resolution of any disputes arising from or

related thereto.

42.     Any additional amounts of attorneys' fees and expenses awarded by the District

Court may be paid to Class Counsel from the Gross Settlement Fund at any time following the

Effective Date of the Settlement.

**VII.     WITHDRAWAL OF OBJECTIONS TO PENDING SETTLEMENTS**

43.     Upon entry of the Preliminary Approval Order, the Settling Defendants will

withdraw any objections to Class Representatives' prior settlements in the Action with

Defendants Tonkon Torp LLP and Integrity Bank & Trust.  The Settling Defendants' withdrawal of these objections shall be without prejudice to renew such objections in the event the Settlement is not finally approved.  For clarity, the Settling Defendants reserve the right to object to any settlement in any other action, including without limitation in *Albers v. Deloitte & Touche LLP, et al,* Case No. 3:16-cv-02239-AC (D. Or.).

### VIII.    COOPERATION IN IMPLEMENTATION OF STIPULATION

44.    The Parties agree that implementation of this Stipulation will require the execution of additional, mutually-agreed upon documents, including documents that will need to be filed and/or entered in the Action.  Moreover, as reflected herein, the Stipulation itself contains contingencies, including court approvals, that must be met before any money is paid to the Class and before any releases become effective.  The Parties agree to work together and use reasonable efforts to attempt to execute the documents necessary to implement this Stipulation and satisfy the contingencies contained in this Stipulation within a reasonable time frame.

45.    Counsel for all Parties agree to recommend approval of the Stipulation by the District Court and to undertake their best efforts and cooperate fully with one another in seeking District Court approval of the Preliminary Approval Order, the Stipulation, and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the District Court of the Settlement and the entry of the Final Judgment.  All Parties agree to take all reasonable actions necessary to effectuate the performance of, and uphold the validity and enforceability of, this Stipulation.  Each of the Parties also agrees to cooperate in connection with any discovery and oppositions regarding said motions, with each Party bearing its own costs and attorneys' fees.

46.    If the Preliminary Approval Order is entered or recommended for entry by a magistrate judge without alteration of the Stipulation as submitted, all Parties will notify the

District Court within 24 hours of the magistrate judge's ruling or recommendation that they do not intend to assert any objections and that the Preliminary Approval Order may be entered without review by District Judge Marco A. Hernandez or any other judge appointed to the United States District Court for the District of Oregon pursuant to Article III of the United States Constitution. All Parties otherwise retain their rights to object.

47.     As stated above in Paragraph 43, there are two prior settlements in this Action with Defendants Tonkon Torp LLP ("Tonkon") and Integrity Bank & Trust ("Integrity").  The Parties agree to work cooperatively to the extent practical to allow a streamlined notice and approval process for each of the pending settlements in this Action; provided that a separate Final Approval Order and Final Judgment be entered with respect to each of the pending settlements.

48.     Each Party shall bear its own costs and attorneys' fees in connection with implementing this Stipulation, including in connection with obtaining the necessary court approvals.

49.     To the extent permitted by the District Court, Class Counsel agrees to take reasonable steps to prevent the Settling Defendants from having to incur incremental litigation expenses.

## IX.    MISCELLANEOUS PROVISIONS

50.     <u>Recitals</u>.  The recitals set forth above in Section I are incorporated herein by reference.

51.     <u>Headings</u>.  All headings in this Stipulation are included solely for convenient reference, are not intended to be full and accurate descriptions of the contents of this Stipulation, shall not be deemed part of this Stipulation, and shall not affect the meaning or interpretation of this Stipulation.

52.    <u>Public Statements</u>.  Neither Class Counsel nor the Class Representatives shall make any public statements regarding this settlement except as provided in this Paragraph. Class Counsel may issue a press release; provided that, prior to issuing the press release, Class Counsel shall give a copy of the press release to each Settling Defendant and provide each Settling Defendant at least twenty-four (24) hours to review such press release (the "**Review Period**").  The press release shall not be unnecessarily inflammatory or prejudicial to the Settling Defendants, or any one of them.  If none of the Settling Defendants provide Class Counsel with a written objection to the press release within the Review Period, then Class Counsel or the Class Representatives shall be permitted to publicize the press release.  In the event that one or more of the Settling Defendants provides Class Counsel with a written objection to the press release during the Review Period, the Parties shall immediately confer in an effort to resolve such objection.  If the Parties are unable to resolve such objection, then the Parties shall submit their dispute within twenty-four (24) hours after reaching impasse to Judge Daniel Weinstein (Ret.) for binding resolution.  In responding to any media inquiry, neither Class Counsel nor the Class Representatives shall make any statement inconsistent with the press release issued in compliance with this Paragraph.

53.    <u>Return or Destruction of Discovery Materials</u>.  After the Effective Date of the Settlement, each of Class Counsel and the Class Representatives shall either return or destroy all documents and discovery materials produced by any other party during the Action, except documents and discovery materials that have been attached to correspondence or filings with the District Court in this Action, or are reflected in deposition transcripts or exhibits to depositions.  Within thirty (30) days after the Effective Date of this Settlement, Class Counsel

and the Class Representatives shall provide to each other Party a written statement of compliance with this Paragraph.

54.     <u>Third-Party Beneficiaries</u>.  With the exception of any released persons or entities, this Stipulation shall not have any third-party beneficiaries.

55.     <u>Entire Agreement</u>. This Stipulation sets forth the full and complete agreement of the Class Representatives, the Class and the Settling Defendants respect to its subject matter, and there is no mistake of law or fact with respect to this Stipulation. This Stipulation supersedes and replaces any earlier representations, inducements, promises, settlements, compromises, agreements, or understandings, written or oral, between the Class Representatives, the Class and the Settling Defendants.

56.     <u>No Oral Modification</u>.  This Stipulation may not be amended, modified, or revoked except by means of a supplemental writing that is signed by the Party against whom the amendment, modification, or revocation is to be enforced.

57.     <u>No Waiver</u>.  Nothing in this Stipulation or in the negotiation or proceedings related hereto is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint-defense privilege, or work product immunity.  Any failure by any party to insist upon the strict performance by any other party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by such other party.  No waiver, express or implied, by any party of any breach or default in the performance by the other party of its obligations under this

Stipulation shall be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

58.    <u>Failure to Enforce.</u>  The failure, or partial failure, of the Parties to enforce at any time any provision of this Settlement Agreement shall not be construed to be a waiver of such provision, nor in any way affect the validity of this Settlement Agreement or any part thereof or the right of any Settling Defendant thereafter to enforce each and every provision.  Any waiver of any breach of this Settlement Agreement shall not be held to constitute a waiver of any other breach.

59.    <u>Binding on Successors.</u> This Stipulation is binding on the Parties and their respective successors and legal representatives, including executors, administrators, and heirs.

60.    <u>Defendants to Bear Own Fees and Costs</u>. The Settling Defendants shall bear their own costs for the negotiation of this Stipulation and the legal work required by this Stipulation.

61.    <u>Governing Law and Venue</u>. This Stipulation has been executed under and shall be construed in accordance with the laws of the State of Oregon and federal statutory and common law regarding class actions. If there is any litigation or other proceeding to enforce or interpret any provision of this Stipulation, jurisdiction and venue shall be exclusively in the United States District Court for the District of Oregon.

62.    <u>Construction</u>. The rule of construction that an agreement is to be construed against the drafting Party is not to be applied in interpreting this Stipulation. The Parties acknowledge that they have each read this Stipulation, that they understand its meaning and intent, and that this Stipulation has been executed voluntarily.

63.    <u>Integration.</u> This Stipulation and the agreements referenced in paragraphs 5 ("Confidential Allocation Agreement") and 36 (right to withdraw based on opt-outs) constitute the complete expression of the parties' agreement with regard to the Settlement. This Stipulation and these agreements supersede all prior agreements, promises, or negotiations among the Parties.

64.    <u>Counterparts</u>. This Stipulation may be executed in one or more counterparts, each of which is to be deemed an original. All counterparts may be consolidated into one agreement, binding on all the Parties.

64.    <u>Representation Regarding Authority to Execute Stipulation</u>. This Stipulation is being executed by counsel of record for the Parties in the Action, each of whom represents and warrants that he or she has the authority from his or her clients to enter into this Stipulation, which has full force and effect as a binding obligation of such clients.

**[[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]]**

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**

By: _____

Keith A. Ketterling
Timothy S. DeJong
Jennifer S. Wagner
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
kketterling@stollberne.com
tdejong@stollberne.com
jwagner@stollberne.com


      -   and  -


**HAGENS BERMAN SOBOL SHAPIRO LLP**


By: _____

Steve W. Berman
Karl P. Barth
~~1918 Eighth Avenue, Suite 3300~~ *1301 2ND ave, Suite 2000*
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
karlb@hbsslaw.com


Robert S. Banks, Jr.
**BANKS LAW OFFICE, PC**
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: (503) 222-7475
bob@bankslawoffice.com

***Proposed Settlement Class Counsel***

**Defendant EisnerAmper LLP:**


By: _Joanna Travalini_

Linda T. Coberly
Joanna Rubin Travalini
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
lcoberly@winston.com
jtravalini@winston.com


William P. Ferranti
**THE FERRANTI FIRM LLC**
1819 SW 5th Avenue, Suite 403
Portland, OR 97201
Telephone: (503) 877-9220
wpf@ferrantiappeals.com

*Attorneys for Defendant EisnerAmper LLP*

**Defendant Deloitte & Touche LLP:**

By: _____

Peter A. Wald
Gavin M. Masuda
Nicole C. Valco
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
peter.wald@lw.com
gavin.masuda@lw.com
nicole.valco@lw.com

Robert C. Weaver
Gary I. Grenley
Paul H. Trinchero
**GARVEY SCHUBERT BARER, P.C.**
121 SW Morrison Street, 11th Floor
Portland, OR 97204
Telephone: (503) 228-3939
rweaver@gsblaw.com
ggrenley@gsblaw.com
ptrinchero@gsblaw.com

*Attorneys for Defendant Deloitte & Touche LLP*

PAGE 34 – STIPULATION AND AGREEMENT OF SETTLEMENT

**Defendant Sidley Austin LLP:**


By: _____

Brad D. Brian
Bruce A. Abbott
Zachary M. Briers
Trevor N. Templeton
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
brad.brian@mto.com
bruce.abbott@mto.com
zachary.briers@mto.com
trevor.templeton@mto.com


David B. Markowitz
Jeffrey M. Edelson
**MARKOWITZ HERBOLD PC**
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204
Telephone: (503)295-3085
davidmarkowitz@markowitzderbold.com
jeffedelson@markowitzherbold.com

*Attorneys for Defendant Sidley Austin LLP*

**Defendant Duff & Phelps, LLC:**

By: _____

Stephen V. D'Amore
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-6468
sdamore@winston.com


William F. Gary
Sharon A. Rudnick
**HARRANG LONG GARY RUDNICK P.C.**
360 E. 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone: (541) 485-0220
william.f.gary@harrang.com
sharon.rudnick@harrang.com

*Attorneys for Defendant Duff & Phelps, LLC*

**Defendant TD Ameritrade, Inc.:**

By: _____

Bruce M. Bettigole
Nicholas T. Christakos
**EVERSHEDS SUTHERLAND (US) LLP**
700 Sixth Street NW, Suite 700
Washington, DC 20001-3980
Telephone: (202) 383-0100
brucebettigole@eversheds-sutherland.com
nicholaschristakos@eversheds-sutherland.com

Matthew J. Kalmanson
Lindsay Howk Duncan
**HART WAGNER, LLP**
1000 SW Broadway, Twentieth Floor
Portland, OR 97205
Telephone: (503) 222-4499
mjk@hartwagner.com
lhd@hartwagner.com

*Attorneys for Defendant TD Ameritrade, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST, *et al.*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; INTEGRITY BANK & TRUST; and DUFF& PHELPS, LLC,<br><br>                    Defendants. | Case No. 3:16-cv-00580-AC<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING GLOBAL SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, a class action lawsuit is pending before this Court entitled *Ciuffitelli, et al. v. Deloitte & Touche LLP, et al.,* Civil Action No. 3:16-cv-00580-AC (the "Action");

WHEREAS, Plaintiffs Lawrence P. Ciuffitelli (on behalf of himself and as Trustee of the Ciuffitelli Revocable Trust U/A 5/1/1996); Greg and Angela Julien (as Trustees of the Gregory and Angela Julien Revocable Trust U/A 7/2/2012); R.F. MacDonald Co.; James and Susan MacDonald (as co-Trustees of the MacDonald Family Trust U/A 12/05/2000); William Ramstein; Greg Warrick (on behalf of himself and as co-Trustee of the Warrick Family Trust); and Susan Warrick (as co-Trustee of the Warrick Family Trust) (collectively, the "Class Representatives"), and Defendants Deloitte & Touche LLP; EisnerAmper LLP; Sidley Austin LLP; TD Ameritrade, Inc.; and Duff & Phelps, LLC (the "Settling Defendants") have entered into a Stipulation and Agreement of Settlement dated July 8, 2019 (the "Stipulation");

WHEREAS, the Stipulation sets forth the terms and conditions for a settlement and dismissal of the Action against the Settling Defendants (the "Settlement");

WHEREAS, the Class Representatives have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement (the "Motion"), and the Court having read and considered the Stipulation and submissions made relating to the Settlement; and

WHEREAS the Court, having read and considered the Settlement and its exhibits, the Motion, the pleadings and other papers on file in this action, and statements of counsel,

THE COURT HEREBY FINDS that the Motion should be GRANTED and that this Preliminary Approval Order should be entered.  Terms and phrases used in this Preliminary Approval Order shall have the same meaning ascribed to them in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

**A.    Preliminary Approval of Settlement**

1.    The Court finds that: a) the Class Representatives and the Settling Defendants have participated in a mediation conducted by Judge Daniel Weinstein (ret.) and Ambassador David Carden (ret.); b) the Stipulation resulted from non-collusive good faith, arm's length negotiations; and c) the Stipulation is sufficiently fair, reasonable and adequate to the Class Members to warrant providing notice of the Settlement to the Class Members and holding a Settlement Hearing.  Accordingly, the terms of the Settlement are hereby approved on a preliminary basis.

**B.    Provisional Certification of the Settlement Class**

2.    The Court finds that, with respect to the Settlement: a) the Class is so numerous that joinder is impracticable; b) numerous common issues exist; c) the Class Representative's claims are typical of the claims of the other Class Members; d) the Class Representatives and their counsel adequately represent the Class; e) common questions of fact and law predominate in this Action; and f) this class action is the superior method of adjudicating this dispute.

Accordingly, the Class is provisionally approved and defined as all persons who purchased Aequitas Securities on or after June 9, 2010 and had an account balance as of March 31, 2016 as further defined in this paragraph and in paragraph 3 (the "Class").  "Aequitas Securities" means securities issued by Aequitas Commercial Finance, LLC; Aequitas Income Opportunity Fund, LLC; Aequitas Income Opportunity Fund II, LLC; Aequitas Capital Opportunities Fund, LP; Aequitas Income Protection Fund, LLC; Aequitas Enhanced Income Fund, LLC; Aequitas ETC Founders Fund, LLC; and MotoLease Financial, LLC.  The findings in this paragraph shall have no effect on the Court's ruling on any motion to certify any class in this litigation for purposes other than the Settlement and no party may refer or cite to this Order as persuasive or binding authority with respect to any motion to certify such class.

3.      The Class does not include: (a) Defendants; (b) the past and present officers and directors of the Aequitas affiliated companies, including without limitation Robert Jesenik, Brian Oliver, Craig Froude, Scott Gillis, Andrew MacRitchie, Olaf Janke, Brian Rice, William Ruh, Steve Hedberg, Brett Brown, Tom Goila, Patricia Brown, Bill Malloy, and Thomas Szabo, and their respective families and affiliates; (c) the past and present members of the Aequitas Advisory Board, including without limitation William McCormick, L. Martin Brantley, Patrick Terrell, Edmund Jensen, Donna Miles, William Glasgow, Keith Barnes, Bob Zukis, and their respective families and affiliates; (d) registered investment advisors and investment advisor representatives; (e) any investor who received finder's fees or other consideration from Aequitas in connection with referring investors to Aequitas; and (f) any persons ("Individual Plaintiffs") that have filed individual actions asserting similar claims against any of the Defendants in this action ("Individual Actions").  The "**Individual Actions**" consist of the following cases:

- *Wurster et al. v. Deloitte & Touche  LLP*, Case No. 16CV25920, Multnomah County Circuit Court;

- *Pommier et al. v. Deloitte & Touche, LLP, et al.*, Case No. 16CV36439, Multnomah County Circuit Court;

- *Ramsdell et al. v. Deloitte & Touche, LLP, et al.,* Case No. 16CV40659, Multnomah County Circuit Court;

- *Albers et al. v. Deloitte & Touche, LLP, et al.*, Case No. 2:16CV02239 (USDC D. Or.);

- *Layton et al. v. Deloitte & Touche LLP et al.,* Case No. 16CV36439, Multnomah County Circuit Court;

- *Cavanagh et al. v. Deloitte & Touche LLP, et al.*, Case No. 18CV09052, Multnomah County Circuit Court; and

- *Royal Fund et al. v. Deloitte & Touche et al.*, Case No. 19CV22914, Multnomah County Circuit Court.

4.      The Court approves Lawrence P. Ciuffitelli, Greg Julien, Angela Julien, R.F. MacDonald Co., James MacDonald, Susan MacDonald, William Ramstein, Greg Warrick, and Susan Warrick as Class Representatives.

**C.      Preliminary Approval of Plan of Allocation**

5.      The Court finds that the Plan of Allocation is rationally based on legitimate considerations and treats all Class Members (including the Class Representatives) fairly and equally.  Accordingly, the Plan of Allocation is hereby approved on a preliminary basis.

**D.      Approval of Claims Administrator**

6.      The Court appoints Epiq Class Action & Claim Solutions ("Epiq") as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims, as described below.  The Receiver is authorized to provide to Epiq all contact and other information necessary for Epiq to provide notice to the Class.

7.      All reasonable expenses incurred in identifying and notifying Class Members, as well as in administering the Settlement, including payment of any taxes, shall be paid as set forth in the Stipulation.

**E.**     **Approval of Form and Manner of Class Notice**

8.     The Court finds that the forms of the notice and methods set forth herein of notifying Class Members of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.  Consequently, the form and methods proposed in the Motion for Preliminary Approval constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled thereto. Accordingly, the Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the Summary Notice ("Summary Notice"), annexed as Exhibits A-1 and A-2 to the Motion for Preliminary Approval.

**F.**     **Date and Time of Settlement Hearing**

9.     The Settlement Hearing shall be held before the Honorable _____ on _____, 2019, at ___.m., at the Mark O. Hatfield Courthouse, United States District Court for the District of Oregon, 1000 S.W. Third Ave., Portland, OR 97204, to determine: whether the proposed partial Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Final Order and Judgment ("Final Judgment") as provided in Exhibit B to the Motion for Preliminary Approval should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to Class Counsel; and to rule upon such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to Class Members.

**G.**     **Administration of Notice**

10.     The Court Orders the Claims Administrator, under the supervision of Class Counsel, to administer the procedures to provide Notice to Class Members as follows:

(a) Not later than twenty-eight (28) days after the date of this Order, the Claims Administrator shall establish a settlement website and post the basic documents related to the Settlement.

(b) Not later than twenty-eight (28) days after the date of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice, substantially in the forms annexed as Exhibit A-1 to the Motion for Preliminary Approval, to be mailed by first class mail to all potential Class Members who can be identified with reasonable effort;

(c) Not later than thirty-five (35) days after the date of this Order, the Claims Administrator shall cause the Summary Notice, substantially in the forms annexed as Exhibit A-2 to the Motion for Preliminary Approval, to be published in both THE WALL STREET JOURNAL and THE OREGONIAN, and shall cause the Summary Notice to be published for international distribution over a national newswire service; and

(d) Not later than forty-two (42) days prior to the Settlement Hearing, Class Counsel shall cause to be filed with the Court proof, by affidavit or declaration, of the mailing and publishing required by ¶¶ 10(b) and (c), above.

## H.  Motion for Final Approval of Settlement

11. The Class Representatives' motion for final approval of the Settlement, and all supporting briefing and exhibits in support of the Settlement, the Plan of Allocation, and Class Counsel's application for attorneys' fees and expenses shall be filed and served not later than forty-two (42) days prior to the Settlement Hearing. Any response papers shall be filed and served no later than twenty-eight (28) days prior to the Settlement Hearing.  Any reply papers shall be filed and served no later than fourteen (14) days prior to the Settlement Hearing.

**I.**    **Appearance of Class Members**

12.    Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court a notice of such appearance. Absent entry of an appearance by counsel, Class Members will be represented by Class Counsel.

**J.**    **Binding Effect of Settlement**

13.    All Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, unless such Persons request exclusion from the Class in a timely and proper manner.

**K.**    **Objections to Settlement**

14.    Any Class Member may appear and object that:  i) the proposed Settlement should not be approved as fair, reasonable and adequate; ii) the Plan of Allocation should not be approved; or iii) attorneys' fees and reimbursement of expenses should not be awarded to Class Counsel.  However, any such objection will be valid only if it is filed with the Clerk of the United States District Court for the District of Oregon at least twenty-eight (28) days prior to the Settlement Hearing, and copies of any such objections are provided to counsel identified in the Notice on or before such date.  Any Class Member who does not make an objection in this manner shall be deemed to have waived such objection and shall forever be foreclosed from making any such objection, unless otherwise ordered by the Court.

**L.**    **Exclusion from the Class**

15.    Any Person falling within the definition of the Class may, upon request, be excluded from the Class.  Any request for exclusion must be in the form of a written, signed statement (the "Request for Exclusion") and received by the Claims Administrator at the address designated in the Notice on or before twenty-eight (28) days prior to the Settlement Hearing (the

"Exclusion Deadline").  In order to be valid, each such Request for Exclusion must state:  (i) the name, address, and telephone number of the person seeking exclusion; and (ii) that the sender requests exclusion from the Class in *Ciuffitelli, et al. v. Deloitte & Touche LLP, et al.*, Civil Action No. 3:16-cv-00580-AC.  Requests for Exclusion may only be signed and submitted by the beneficial owner of the Aequitas Securities, or their authorized agent.

16.    A Request for Exclusion shall not be valid or effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. The Claims Administrator shall provide all Requests for Exclusion and supporting documentation submitted therewith (including untimely requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Class will not include any Person who delivers a valid and timely Request for Exclusion.

17.    Any Class Member who submits a Request for Exclusion shall not be deemed to have submitted to the jurisdiction of any Court in the United States for any matter, on account of such submission; PROVIDED, however, that any Class Member who submits a Request for Exclusion shall be deemed to have consented to the Receiver sharing with Class Counsel and counsel of record for the Settling Defendants information regarding that Class Member's losses on Aequitas Securities for the purpose of determining whether the threshold discussed at paragraph 36 of the Stipulation has been met.

18.    Any Person that submits a Request for Exclusion may thereafter submit to the Claims Administrator a written revocation of that Request for Exclusion, provided that it is received no later than two business days before the Settlement Hearing, in which event that Person will be included in the Class.

19.     All Persons who submit a valid, timely and unrevoked Request for Exclusion will be forever barred from receiving any payments pursuant to the Settlement.

**M.    Administration of Settlement Proceeds**

20.     The Court appoints Huntington National Bank as the Escrow Agent to administer the Escrow Fund.

21.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

**N.    The Settling Defendants' Lack of Admissions and the Parties' Ability to Terminate the Settlement**

22.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall constitute or be construed as an admission or concession by the Settling Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that the Class Representatives or any Class Members have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall constitute or be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of any infirmity in any of the claims or facts alleged in this Action.

23.     The Parties may elect to terminate the Settlement only as provided in the Stipulation. In such event, or in the event the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then the Stipulation and

this Order (including any amendment(s) thereof, and except as expressly provided in the

Stipulation or by order of the Court) shall be rendered null and void, of no further force or effect,

and without prejudice to any Settling Party, and may not be introduced as evidence or used in

any action or proceeding by any Person against the Settling Parties or the Released Parties, and

each shall be restored to his, her or its respective litigation positions as they existed prior to the

execution of the Stipulation.

**O.      Stay of Litigation**

24.      Pending final determination of whether the Settlement should be approved or

further order of the Court, the Court hereby stays all litigation of claims and related discovery in

the Action between the Class on one hand and the Settling Defendants on the other, except as

provided in the Stipulation and as necessary to carry out the terms and conditions of the

Stipulation.  The Court's Right to Consider Further Applications

25.      The Court reserves the right to consider all further applications arising out of or

connected with the Stipulation. The Court may approve the Settlement, with such modifications

as may be agreed to by the Settling Parties, without further notice to the Class, where to do so

would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process

of law.


**IT IS SO ORDERED.**

Dated: _____, 2019


_____

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENTS OF CLASS ACTION

***IF YOU PURCHASED COVERED AEQUITAS SECURITIES ON OR AFTER JUNE 9, 2010, YOU MAY BE ENTITLED TO A PAYMENT FROM THE CLASS ACTION SETTLEMENTS.[1]***

**A federal court authorized this Notice.  This is not a solicitation from a lawyer.**

The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Action"); (ii) the proposed Settlements of the Action with the Defendants in the Action (the "Settlements," as defined below); and (iii) the hearing to be held by the Court to consider: (a) whether the Settlements should be approved; and (b) Class Counsel's application for attorneys' fees and expenses (the "Settlement Hearing").  This Notice describes important rights you may have and what steps you must take if you wish to be excluded from the Class (defined below).

The proposed Settlements have been reached with Defendants Deloitte & Touche LLP ("Deloitte"); EisnerAmper LLP ("EisnerAmper"); Sidley Austin LLP ("Sidley"); TD Ameritrade, Inc. ("Ameritrade"); Duff & Phelps, LLC ("Duff"); Tonkon Torp LLP ("Tonkon"); and Integrity Bank & Trust ("Integrity") (the "Defendants").  The Settlements resolve all claims in the Action.

**Terms of the Settlements:**  The Settlements provide for $234,613,000, collectively, in cash (the "Settlement Funds") paid pursuant to the terms of each settlement agreement.  Deloitte, EisnerAmper, Sidley, Ameritrade and Duff entered into a Stipulation and Agreement of Settlement, dated as of July 8, 2019 (the "Global Settlement"), that provides for $220,000,000 in cash (the "Global Settlement Fund").  Tonkon Torp entered into a Stipulation and Agreement of Compromise, Settlement and Release, dated May 31, 2018 (the "Tonkon Settlement"), that provides for $12,913,000 in cash (the "Tonkon Settlement Fund").  Integrity entered into a Stipulation and Agreement of Compromise, Settlement and Release, dated April 24, 2019 (the "Integrity Settlement"), that provides for $1,700,000 in cash (the "Integrity Settlement Fund").  The Global, Tonkon, and Integrity Settlements are collectively referenced herein as the "Settlements."  The proceeds from these Settlements will be distributed to Class Members on a proportionate basis calculated by determining each Class Member's Net Loss (defined below) as a percentage of all Class Member Net Losses.  See the answer to question 9 (page 7) for more information regarding the allocation of the proceeds from these Settlements.

**Eligible Securities, Class and Class Period:**  The eligible securities included in this Action (the "Covered Aequitas Securities") include all securities issued by: 1) Aequitas Commercial Finance, LLC ("ACF"); 2) Aequitas Income Opportunity Fund, LLC ("AIOF"); 3) Aequitas Income Opportunity Fund II, LLC ("AIOF-II"); 4) Aequitas Capital Opportunities Fund, LP ("ACOF"); 5) Aequitas Income Protection Fund, LLC ("AIPF"); 6) Aequitas Enhanced Income Fund, LLC ("AEIF"); 7) Aequitas ETC Founders Fund, LLC ("AETC"); and 8) MotoLease Financial, LLC ("AMLF").  The "Class" consists of all persons who purchased Covered Aequitas Securities on or after June 9, 2010 (the "Class Period") and who had an account balance related to any Covered Aequitas Securities as of March 31, 2016.  The Class excludes: (a) Defendants; (b) the past and present officers and directors of the Aequitas affiliated companies, including without limitation Robert Jesenik, Brian Oliver, Craig Froude, Scott Gillis, Andrew MacRitchie, Olaf Janke, Brian Rice, William Ruh, Steve Hedberg, Brett Brown, Tom Goila, Patricia Brown, Bill Malloy, and Thomas Szabo, and their respective families and affiliates; (c) the past and present members of the Aequitas Advisory Board, including without limitation William McCormick, L. Martin Brantley, Patrick Terrell, Edmund Jensen, Donna Miles, William Glasgow, Keith Barnes, Bob Zukis, and their respective families and affiliates; (d) registered investment advisors and investment

---

[1] This Notice incorporates by reference the definitions in the Stipulations of Settlement for each of the Settlements, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulations.  The three Stipulations can be obtained at www.AequitasSettlements.com.

advisor representatives; (e) any investor who received finder's fees or other consideration from Aequitas in connection with referring investors to Aequitas; and (f) plaintiffs in certain individual actions (which actions are detailed below).[2]

**Reasons for Settlements[3]:**  The Settlements provide a substantial recovery for the Class.  In addition to the total settlement amount of $234,613,000, the court-appointed Aequitas Receiver estimates that the Class will receive 64% of the Receiver's total distribution to Aequitas investors, or $64-77 million.  Combined, the total settlement amount and the total distribution from the Receiver exceed the total "out-of-pocket" losses of the Class (principal investments less payments of principal and interest), which are estimated to be $263.8 million.  The Settlements avoid the costs, delay and risks associated with continued litigation, including the danger of no recovery.  Continuing with the case could have resulted in loss at summary judgment or trial or on appeal. The parties vigorously disagree on both liability and the amount of money that could have been won if the Class Representatives prevailed at trial.  Defendants expressly deny all of the claims and allegations of wrongdoing or liability made against them arising out of any of the conduct alleged in the Action.  Defendants' asserted legal and factual defenses pose a significant risk to the ability of the Class Representatives to obtain a larger judgment at trial.  Furthermore, Tonkon Torp and Integrity have limited resources and their financial ability to pay a judgment is limited.  The insurance policies represent some Defendants' most substantial assets to pay a judgment and, in the absence of a settlement, the available insurance will be diminished or depleted entirely by attorney fees incurred to defend those Defendants through trial and appeal.  The Class Representatives and Class Counsel believe that this substantial benefit, payable upon final approval of the Settlements by the Court, is preferable to the risks of continued litigation and the possibility of a smaller recovery, or no recovery, years into the future after a trial and any appeals.

**Attorneys' Fees and Expenses:**  Court-appointed Class Counsel will ask the Court for attorneys' fees up to 25% of the Global Settlement Fund, up to 20% of the Tonkon Settlement Fund and up to 20% of the Integrity Settlement Fund, and reimbursement of litigation expenses to be paid from the Settlement Funds.  Class Counsel have not received any payment for their work investigating the facts, prosecuting this Action, and negotiating these Settlements on behalf of the Class Representatives and the Class.

**Deadlines:**

Request Exclusion: _____, 2019

File Objection: _____, 2019

**Court Hearing on Fairness of Settlements:** _____, 201_

---

[2] The Tonkon, Integrity and Global Settlements each detail the list of individual actions whose plaintiffs are excluded from the Class.  The Tonkon and Integrity Settlements exclude the plaintiffs in the following actions: *Wurster, et al. v. Deloitte & Touche  LLP, et al.*, Case No. 16CV25920, Multnomah County Circuit Court; *Pommier, et al. v. Deloitte & Touche, LLP, et al.*, Case No. 16CV36439, Multnomah County Circuit Court; *Ramsdell, et al. v. Deloitte & Touche, LLP, et al.*, Case No. 16CV40659, Multnomah County Circuit Court; *Albers, et al. v. Deloitte & Touche, LLP, et al.*, Case No. 2:16CV02239 (USDC D. Or.); *Layton, et al. v. Deloitte & Touche LLP, et al.*, Case No. 17CV42915, Multnomah County Circuit Court; and *Cavanagh, et al. v. Deloitte & Touche LLP, et al.*, Case No. 18CV09052, Multnomah County Circuit Court.  The Global Settlement excludes plaintiffs in the prior listed individual actions, and further excludes the plaintiffs in *Royal Fund LP, et al. v. Deloitte & Touche, et al.*, Case No. 19CV22914, Multnomah County Circuit Court ("*Royal Fund*").  Therefore, the *Royal Fund* plaintiffs are eligible to participate in the Tonkon and Integrity Settlements, but not the Global Settlement.  Further, notwithstanding the foregoing exclusions from the Tonkon Settlement, the following individuals are eligible to participate in the Tonkon Settlement (but remain excluded from the Integrity and Global Settlements):  Jeanette Lao, as trustee of the Jeanette Lao Rollover IRA, Claire Lin, as trustee of Claire Yan Lin Roth IRA, and Calmar Optcom, Inc.  Plaintiffs in *Royal Fund*, Jeanette Lao, as trustee of the Jeanette Lao Rollover IRA, Claire Lin, as trustee of Claire Yan Lin Roth IRA, and Calmar Optcom, Inc., are referenced collectively herein as the "Partially Covered Class Members."

[3] The estimates set forth herein are estimates only that are based on certain assumptions and are not guarantees.

**More Information:**

Claims Administrator:

Aequitas Settlements
c/o Epiq
P.O. Box 10450
Dublin, OH 43017-4050
(855) 474-3896
www.AequitasSettlements.com

Representatives of Class Counsel:

Steve W. Berman
Karl P. Barth
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292
AequitasSettlements@hbsslaw.com

Keith A. Ketterling
Timothy S. DeJong
Jennifer S. Wagner
Stoll Stoll Berne Lokting & Shlachter P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
(503) 227-1600
AequitasSettlements@stollberne.com

**Your legal rights are affected whether you act or do not act.  Read this Notice carefully.**

**DO NOT CALL THE COURT WITH QUESTIONS ABOUT THE SETTLEMENTS**

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE SETTLEMENTS | |
|---|---|
| **DO NOTHING** | If you agree to the Settlements and wish to participate in the distribution of the proceeds from these Settlements, you do not need to do anything. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to pursue your own lawsuit against Defendants or the released parties for the legal claims in this Action or any other released claims.[4] |
| **GO TO THE HEARING** | You may ask to speak in Court about the fairness of the Settlements, the request for attorneys' fees, charges, and expenses, or the Plan of Allocation. |

---

[4] As discussed in footnote 2, the Partially Covered Class Members are excluded from the Tonkon, Integrity and/or Global Settlement(s).  Notwithstanding anything else to the contrary herein, the Partially Covered Class Members (***and only the Partially Covered Class Members***) may participate in the settlement(s) in which they are eligible to participate without being bound by the releases in the settlement(s) from which they are excluded.  For clarity, plaintiffs in *Royal Fund* may participate in the Tonkon and Integrity Settlements, without being bound by the releases in the Global Settlement from which they are excluded.  Jeanette Lao, as trustee of the Jeanette Lao Rollover IRA, Claire Lin, as trustee of Claire Yan Lin Roth IRA, and Calmar Optcom, Inc. may participate in the Tonkon Settlement, without being bound by the releases in the Integrity and Global Settlements from which they are excluded.

| OBJECT | You may write to the Court if you do not like any aspect of the Settlements, the request for attorneys' fees, charges, and expenses, or the Plan of Allocation.  If you exclude yourself, you cannot also object to the Settlements. |
|---|---|

- These rights and options, *and the deadlines to exercise them,* are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlements.  Payments will be made if the Court approves the Settlements and after objections or appeals, if any, are resolved.  Please be patient.

## BASIC INFORMATION

### 1.  Why Did I Get This Notice Package?

This Notice is being sent to you pursuant to an order of the United States District Court for the District of Oregon (the "Court") because you may have purchased Covered Aequitas Securities on or after June 9, 2010, and suffered losses thereby.  The Court directed that you be sent this Notice because, as a potential member of the Class, you have a right to know about the proposed Settlements with the Defendants in this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlements.

The United States District Court for the District of Oregon is the Court in charge of the case, and the case is known as *Ciuffitelli, et al. v. Deloitte & Touche LLP, et al.*, No. 3:16-cv-00580-AC (the "Action").  The following plaintiffs brought this case on behalf of themselves and others similarly situated:  Lawrence P. Ciuffitelli (on behalf of himself and as Trustee of the Ciuffitelli Revocable Trust U/A 5/1/1996); Greg and Angela Julien (as Trustees of the Gregory and Angela Julien Revocable Trust U/A 7/2/2012); R.F. MacDonald Co.; James and Susan MacDonald (as co-Trustees of the MacDonald Family Trust U/A 12/05/2000); William Ramstein; Greg Warrick (on behalf of himself and as co-Trustee of the Warrick Family Trust); and Susan Warrick (as co-Trustee of the Warrick Family Trust) (collectively referred to as the "Class Representatives").  The Class Representatives and Defendants that have been sued have entered into proposed Settlements.  The Settlements are only effective if they are approved by the Court.

This package explains the lawsuit, the terms of the Settlements, your legal rights, what benefits are available, who is eligible for those benefits, and how to obtain them.  The purpose of this Notice is to inform you of this Action, that it is a proposed class action, how you might be affected, and how to exclude yourself from the Settlements if you wish to do so.  It is also being sent to you to inform potential members of the Class of a hearing to be held by the Court to consider the fairness and reasonableness of the Settlements and the Plan of Allocation and to consider Class Counsel's motion for attorneys' fees and for the reimbursement of litigation expenses (the Settlement Hearing).

The Settlement Hearing will be held before the _____ on _____, 201_, in Courtroom ____ of the United States District Court for the District of Oregon, Mark O. Hatfield U.S. Courthouse, 1000 SW Third Ave., Portland, OR 97204.  At the Settlement Hearing, the Court will determine:

    (i)        whether the Settlements are fair, reasonable, and adequate, and should be finally approved by the Court;

    (ii)      whether the judgments provided for under the Settlements should be entered, dismissing the claims against Defendants, and whether the releases set forth in the Settlements should be ordered;

(iii)    whether the Plan of Allocation is fair and reasonable, and should be approved by the Court; and

(iv)    whether Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses should be approved.

This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlements.  If the Court approves the Settlements, and after any objections or any appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlements allow.

## 2.    What Is This Lawsuit About, and What Has Happened in the Lawsuit So Far?

On April 4, 2016, the Class Representatives filed a proposed class action. The Class Representatives, on behalf of themselves and all other similarly situated investors, assert claims under the Oregon Securities Law based on their purchases of Covered Aequitas Securities. Aequitas Capital Management, LLC and related entities ("Aequitas"), prior to their failure in 2016, raised hundreds of millions of dollars from more than 1,500 investors by selling securities. The Class Representatives allege that the Covered Aequitas Securities were sold in violation of the Oregon Securities Law because Aequitas: 1) did not register the securities; and 2) sold the securities by means of untrue statements and omissions of material adverse facts regarding: a) undisclosed prior business failures; b) the use of investor funds and the inability to purchase receivables assets; c) undisclosed dependence on renewals of short-term notes; d) misleading asset valuations; and (e) various other misrepresentations. The lawsuit alleges that, as a result of these violations of the Oregon Securities Law, the Class Representatives and other investors lost hundreds of millions of dollars.  The lawsuit further alleges that the Defendants are jointly and severally liable for the violations of the Oregon Securities Law because they participated or materially aided in the allegedly illegal securities sales.  Defendants deny liability.

Deloitte and EisnerAmper are accounting firms that provided auditing services to certain Aequitas entities.  Tonkon and Sidley are law firms that provided legal services to certain Aequitas entities.  Integrity is a commercial bank that facilitated sales of more than $100 million of Aequitas securities and acted as custodian for those securities. Ameritrade acted as a custodian for Aequitas securities and recommended and referred investors to financial advisors participating in Ameritrade's "Advisor Direct" program, and investors purchased more than $100 million of Aequitas securities through those advisors.  Duff performed valuation services and prepared appraisal reports for Aequitas.  The Class Representatives allege that the Covered Aequitas Securities were sold with the participation and material aid of Defendants.

## 3.    Why Is This Action a Class Action?

In a class action, one or more people called class representatives (in this case the Class Representatives identified above) sue on behalf of people who have similar claims.   All of these people and/or entities together are called a "Class" or "Class Members."   One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 4.    Why Is There a Settlement?

The parties disagree about numerous issues in this Action, including: (1) whether the Covered Aequitas Securities were required to be registered; (2) whether the Covered Aequitas Securities were sold by means of false statements or omissions; (3) whether the Defendants can be held liable for the sale of the Covered Aequitas Securities; (4) whether the applicable statute of limitations bars the Class Representatives' claims; and (5) whether the Action can properly be maintained as a class action.

The Court did not decide in favor of the Class Representatives or Defendants.  Instead, the lawyers for all parties to the Action and Defendants' insurers, with the assistance of experienced mediators, have negotiated settlements that they

believe are in the best interests of their respective clients. The Settlements allow all parties to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permit Class Members to be compensated without further delay.

Had the case proceeded, the Class faced numerous difficult and complex legal and factual issues that presented significant risks to the case. Had Defendants prevailed on any one of these issues, the Class would have received nothing. Furthermore, some Defendants have limited ability to pay.

In light of the risks of continued litigation, the Class Representatives and Class Counsel believe that the Settlements are fair, adequate, and reasonable, and in the best interest of all Class Members. The Class Representatives and Class Counsel also believe that Settlements provide a substantial benefit, namely the payment of $234,613,000 before court-awarded attorney's fees and reimbursement of costs, as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial, and any appeals, possibly years in the future.

## WHO IS IN THE SETTLEMENTS

To see if you will get money from the Settlements, you first have to determine if you are a Class Member.

**5. How Do I Know if I Am Part of the Settlements?**

The Class includes all persons who purchased Covered Aequitas Securities on or after June 9, 2010 and had an account balance related to any Covered Aequitas Securities as of March 31, 2016.

You are a Class Member only if you purchased Covered Aequitas Securities on or after June 9, 2010 and had an account balance related to any Covered Aequitas Securities as of March 31, 2016.

**6. What Are the Exceptions to Being Included?**

You are not a Class Member if you submit a valid and timely request for exclusion from the Class or if you are (a) a defendant in this Action; (b) a past or present officer or director of an Aequitas-affiliated company; (c) a past or present member of the Aequitas Advisory Board; (d) a registered investment advisor or investment advisor representative; (e) an investor who received finder's fees or other consideration from Aequitas in connection with referring investors to Aequitas; or (f) a plaintiff in other litigation that has been filed against any of the Defendants in this Action (as further discussed in footnote 2).

**7. I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can call the Claims Administrator (Epiq Class Action & Claim Solutions or "Epiq") at 1-855-474-3896, or Class Counsel listed in the answer to Question 26 for more information.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

**8. What Do the Settlements Provide?**

Defendants have agreed to pay $234,613,000 in cash pursuant to the Settlements. These payments, less all Taxes, Tax Expenses, costs of administration of the Settlements, and attorneys' fees and litigation expenses awarded to Class Counsel shall constitute the "Net Settlement Fund" available for distribution to Class Members pursuant to the Plan of Allocation discussed below. The Net Settlement Fund is separate from, and in addition to, any distribution you may receive from the Aequitas Receiver.

**9.  How Will the Settlements Be Allocated (the "Plan of Allocation")?**

The Claims Administrator will issue a check to each Class Member based upon losses on Covered Aequitas Securities purchased during the Class Period. The Claims Administrator will determine the amount of each Class Member's loss based upon the amount of Covered Aequitas Securities purchased during the Class Period, minus any principal or interest payments received on those Covered Aequitas Securities. That amount will be the Class Member's "Net Loss." Based upon information available to the Claims Administrator from Aequitas records, you will receive notice of your Net Loss from the Claims Administrator. If you agree with that number, you need not take any further action to receive the payment. If you believe there was an error in calculating your Net Loss, then you may write to the Claims Administrator enclosing copies of documents showing the amount of your purchases of Covered Aequitas Securities during the Class Period, and, if applicable, the amount of each payment you received on those investments, and the Claims Administrator will review your submission and make any necessary adjustment.

The Claims Administrator will pay each Class Member on a proportional basis calculated by determining each Class Member's Net Loss as a percentage of all Class Member Net Losses.[5]

It is not possible to determine how much any individual Class Member may receive from the Net Settlement Fund at this time.  The calculation of a Net Loss is not intended to be an estimate of, nor does it indicate, the amount that a Class Member might have been able to recover after a trial.  Nor is the calculation of a Net Loss an estimate of the amount that will be paid to a Class Member from the Net Settlement Fund.  The Plan of Allocation provides a formula for proportionately allocating the Net Settlement Fund to Class Members.  That computation is only a method to weigh Class Members' claims against one another.   Each Class Member will receive a pro rata share of the Net Settlement Fund based on his, her, or its Net Loss.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Class Members.  No person shall have any claim against the Class Representatives, Class Counsel, Defendants, any claims administrator or other person designated by Class Counsel or Defendants and/or the other released parties and/or their counsel based on distributions made substantially in accordance with the Settlements, the Plan of Allocation, or further orders of the Court. The Plan of Allocation is separate from the Settlements and any decision by the Court regarding the Plan of Allocation will not affect the finality of approval of the Settlements.

**HOW YOU GET A PAYMENT**

**10.  How Will I Get a Payment?**

If the Court grants final approval of the Settlements, Class Members will receive a check in the mail from the Claims Administrator.

**11.  When Will I Get My Payment?**

The Court will hold the Settlement Hearing on _____ __, 201_, to decide whether to approve the Settlements.  If the Court approves the Settlements, there may be appeals.  It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps several years.  Please be patient.

---

[5] In the event that certain of the Partially Covered Class Members discussed in footnotes 2 and 4 do not opt out, the Claims Administrator will perform a separate allocation calculation for the Global, Tonkon and Integrity Settlements.  In that event, the Claims Administrator will calculate each eligible Class Member's Net Loss as a percentage of all eligible Class Member Net Losses separately for the Global, Tonkon and Integrity Settlements.  The Claims Administrator will then determine the proportional payment to which each eligible Class Member is entitled from the Global, Tonkon and/or Integrity Settlements, and will pay each Class Member the aggregate payment to which they are entitled.

**12. What Am I Giving Up to Get a Payment or Stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against any Defendant about the claims asserted in this Action or that could have been asserted in this Action.[6] It also means that all of the Court's orders will apply to you and legally bind you and you will release your released claims against the released parties as outlined below.

**a.  Terms of the Global Settlement Release**

The "Global Released Parties" include (1) Deloitte, EisnerAmper, Sidley, Ameritrade and Duff (the "Global Released Defendants"), (2) the Global Released Defendants' predecessors, successors, affiliates, Subsidiaries, divisions, assignors and assignees, (3) individuals and entities (such as officers, directors, and employees) associated with the foregoing as more fully detailed in the Global Settlement; and (4) each of the Global Released Defendants' insurers, reinsurers, excess insurers, underwriters and claims administrators.

The "Global Releasing Class Members" include (1) the Class Representatives, (2) all members of the Class, and (3) each of the foregoing's agents, representatives, attorneys, heirs, administrators, executors, assigns, predecessors and successors in interest, and any other person or entity claiming by, through, on behalf of, or for the benefit of any of them.

Upon the Effective Date of the Global Settlement, and without any further action, each of the Global Releasing Class Members releases each of the Global Released Parties from all known and unknown claims in any way relating to the Action, including without limitation all claims that are based upon, arise out of, or are related in any way to: (1) the conduct, transactions, or occurrences set forth in any pleading in the Action; (2) the Action; (3) the purchase, issuance, sale, or solicitation of the sale of any securities or financial instruments issued by any Aequitas Entity (as defined in the Global Settlement); (4) the Defendants' provision of any accounting, legal, or other services to any Aequitas Entity or to or for the benefit of any purchaser or holder of any securities or financial instruments issued by any Aequitas Entity; and (5) the conduct of the settlement negotiations and the negotiation of the Global Settlement (except for representations or obligations expressly included therein).

**b.  Terms of the Integrity Settlement Release**

The "Integrity Released Parties" include Integrity, its directors, officers, employees and shareholders, and Integrity's insurers.

Upon the Effective Date of the Integrity Settlement, and without any further action, the Class Representatives and each member of the Class releases the Integrity Released Parties, and Integrity releases the Class Representatives and each member of the Class, from:

a)  All claims which any member of the Class and the Integrity Released Parties had, has, or may in the future have against one another, regardless of whether any such claim is direct or indirect, known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, now existing or hereafter arising, provided that any such claim:

---

[6] As discussed in footnotes 2 and 4, the Partially Covered Class Members (and only the Partially Covered Class Members) may participate in the settlement(s) in which they are eligible to participate without being bound by the releases in the settlement(s) from which they are excluded.

    (i)      arises out of the conduct, transactions, or occurrences set forth or attempted to be set forth in the pleadings, including future pleadings, in the Action, including such claims that have been asserted or could have been asserted, as well as claims that might be able to be asserted in the future; or

    (ii)    relates in any other way to the purchase, issuance, sale, or solicitation of the sale of any Aequitas Securities (as defined in the Integrity Settlement).

b) Contribution Claims, whether now existing or hereafter arising, even if arising after the effective date of the Integrity Settlement, and even if arising after final court approval(s) thereof;

    and:

c) With respect to any claims under a) or b), any claim regardless of the form of relief sought, including, but not limited to, claims for damages, attorneys' fees, costs, interest, and any other sums of money whatsoever, restitution, accounting, and also for any other form of legal or equitable relief.

**c.** **Terms of the Tonkon Settlement Release**

The "Tonkon Released Parties" include Tonkon, all of its current attorneys (whether employees or partners); all attorneys who were either employed by, or partners in, Tonkon from January 1, 2006 to the present but who are no longer employed by Tonkon or partners in Tonkon; any of the foregoing attorneys who may have acted through professional corporations and those professional corporations; any contract attorneys who contracted with Tonkon during the period from January 1, 2006 to the present; all of Tonkon's employees; the agents or heirs of any of the foregoing individuals; Tonkon's successors and assigns; and Tonkon's insurers.

Upon the Effective Date of the Tonkon Settlement, and without any further action, the Class Representatives and each member of the Class releases the Tonkon Released Parties, and Tonkon releases the Class Representatives and each member of the Class, from:

a) All claims which any member of the Class and the Tonkon Released Parties had, has, or may in the future have against one another, regardless of whether any such claim is direct or indirect, known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, now existing or hereafter arising, provided that any such claim:

    (i)      arises out of the conduct, transactions, or occurrences set forth or attempted to be set forth in the pleadings, including future pleadings, in the Action, including such claims that have been asserted or could have been asserted, as well as claims that might be able to be asserted in the future; or

    (ii)    relates in any other way to the purchase, issuance, sale, or solicitation of the sale of any Aequitas Securities (as defined in the Tonkon Settlement); or

    (iii)   relates to or arises out of any legal services Tonkon performed for any entity within the Receivership Entity (as defined in the Tonkon Settlement);

b) Contribution Claims, whether now existing or hereafter arising, even if arising after the effective date of the Tonkon Settlement, and even if arising after final court approval(s) thereof;

    and:

c) With respect to any claims under a) or b), any claim regardless of the form of relief sought, including, but not limited to, claims for damages, attorneys' fees, costs, interest, and any other sums of money whatsoever, restitution, accounting, and also for any other form of legal or equitable relief.

## EXCLUDING YOURSELF FROM THE SETTLEMENTS

If you do not want a payment from the Settlements, but you want to keep any right you may have to sue or continue to sue Defendants and the released parties on your own for any released claims, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

**13. How Do I Get Out of the Class?**

To exclude yourself from the Class, you must send a letter by U.S. Mail stating that you want to be excluded from *Ciuffitelli, et al. v. Deloitte & Touche LLP, et al.*, No. 3:16-cv-00580-AC. You must include your name, address, and telephone number. You must sign and mail your exclusion request so that it is received no later than _____ __, 2019 to:

Aequitas Settlements
c/o Epiq
P.O. Box 10450
Dublin, OH 43017-4050
www.AequitasSettlements.com

You cannot exclude yourself on the phone or by e-mail. Your request must be in writing and signed by you. If you ask to be excluded, you are not eligible to get any Settlement payment, and you cannot object to the Settlements. By excluding yourself from the Class, you are also excluding yourself from any participation in the Action. You will not be legally bound by anything that happens in Action, and will not receive any benefit from the Action. Requests for exclusion may only be signed and submitted by the beneficial owner of the Covered Aequitas Securities, or their authorized agent.

**14. If I Do Not Exclude Myself, Can I Sue Defendants for the Same Claim Later?**

No. Unless you exclude yourself, you give up any right to sue Defendants and the released parties for the released claims.[7] If you have a pending lawsuit against Defendants or the released parties, speak to your lawyer in that case immediately. Remember, the exclusion deadline is _____ __, 2019.

**15. If I Exclude Myself, Can I Get Money from the Settlements?**

No. If you exclude yourself, you will not be entitled to any recovery under the Settlements described here. But, you may sue, continue to sue, or be part of a different lawsuit against Defendant or the released parties asserting a released claim.

## THE LAWYERS REPRESENTING YOU

**16. Do I Have a Lawyer in This Case?**

The Court appointed the law firms of Hagens Berman Sobol Shapiro LLP and Stoll Stoll Berne Lokting & Shlachter P.C. as Class Counsel to represent you and other Class Members. Attorney Robert S. Banks is working with Class Counsel to represent the Class. These lawyers will apply to the Court for payment from the Settlement Funds; you will not otherwise be charged for their work. If you want to be represented by your own lawyer, you may hire one at your own expense.

---

[7] As discussed in footnotes 2 and 4, the Partially Covered Class Members (and only the Partially Covered Class Members) may participate in the settlement(s) in which they are eligible to participate without being bound by the releases in the settlement(s) from which they are excluded.

**17. How Will the Lawyers Be Paid?**

At the Settlement Hearing, Class Counsel will request the Court to award attorneys' fees up to 25% of the Global Settlement Fund, up to 20% of the Tonkon Settlement Fund and up to 20% of the Integrity Settlement Fund and for reimbursement of charges and expenses that were incurred in connection with the Action. If approved, this compensation will be paid from the Settlement Funds. Class Members are not personally liable for any such fees or expenses. To date, Class Counsel have not received any payment for their services in conducting this Action on behalf of the Class Representatives and the Class, nor have counsel been paid for their charges or expenses. The fee requested will compensate Class Counsel for their work in achieving the Settlement Funds and will be within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than these amounts.

**18. Can I Make an Appearance in this Action?**

Yes. Any Class Member may make an appearance in this Action through their own counsel, at their own expense.

**OBJECTING TO THE SETTLEMENTS**

You can tell the Court that you do not agree with the Settlements, the Plan of Allocation, or Class Counsel's request for an award of attorneys' fees, charges, and expenses.

**19. How Do I Tell the Court that I Do Not Agree with the Settlements, the Plan of Allocation, or Class Counsel's Request for an Award of Attorneys' Fees and Expenses?**

If you are a Class Member (and have not excluded yourself from the Class), you can object to the Settlements, the Plan of Allocation, or Class Counsel's request for an award of attorneys' fees, charges, and expenses in representing the Class. Any objection must be in writing and must include all grounds for the objection. The Court will consider your views. To object, you must send a letter saying that you object to the Settlements in *Ciuffitelli, et al. v. Deloitte & Touche LLP, et al*., No. 3:16-cv-00580-AC; whether your objection(s) applies only to you, to a specific subset of the class, or to the entire class; and the reasons for your objection(s). Be sure to include your name, address, telephone number, and your signature. Any objection must be mailed or delivered such that it is received by each of the following no later than _____ __, 2019:

*Court*:

Clerk of the Court
UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
Mark O. Hatfield United States Courthouse
1000 SW Third Avenue
Portland, OR 97204

*Class Counsel*:

Steve W. Berman
Karl P. Barth
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101

Keith A. Ketterling
Timothy S. DeJong
Jennifer S. Wagner
Lydia Anderson-Dana
Stoll Stoll Berne Lokting & Shlachter P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204

**20. What Is the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the Settlements. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the Settlements no longer affect you.

<strong>THE COURT'S SETTLEMENT HEARING</strong>

The Court will hold a hearing to decide whether to approve the Settlements. You may attend and you may ask to speak, but you do not have to.

**21. When and Where Will the Court Decide Whether to Approve the Settlements?**

The Court will hold the Settlement Hearing at _____ p.m., on _____, 201_, in Courtroom _____ of the United States District Court for the District of Oregon, Mark O. Hatfield United States Courthouse, 1000 SW Third Ave., Portland, OR 97204. At this hearing, the Court will consider whether the Settlements are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. The Court will also consider whether to approve Class Counsel's request for an award of attorneys' fees, charges, and expenses, and the Plan of Allocation. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take. The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

**22. Do I Have to Come to the Hearing?**

No. Class Counsel will answer any questions that the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**23. May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter saying that it is your intention to appear in *Ciuffitelli, et al. v. Deloitte & Touche LLP, et al*., No. 3:16-cv-00580-AC. Be sure to include your name, address, telephone number, and signature. Your notice of intention to appear must be received no later than _____, 2019, by the Clerk of the Court and Class Counsel. You cannot speak at the hearing if you exclude yourself from the Class because the Settlements no longer affect you. You also cannot speak at the hearing if you have not provided written notice of your intention to speak at the Settlement Hearing, unless the Court orders otherwise.

<strong>IF YOU DO NOTHING</strong>

**24. What Happens If I Do Nothing at All?**

You do not have to do anything to participate in the Settlements. If the Court grants final approval of the Settlements, you will be bound by the Settlements (including the releases provided in the Settlements) and will receive a payment based on the Plan of Allocation discussed above.

<strong>GETTING MORE INFORMATION</strong>

**25. Are There More Details About the Settlements?**

This Notice summarizes the proposed Settlements, but does not contain all of the details included in the Settlements. You can get a copy of the Settlement Agreements at www.AequitasSettlements.com or by contacting the Claims Administrator or Class Counsel at the contact information provided below. You can also get a copy of the Settlement

Agreements from the Clerk's office at the United States District Court for the District of Oregon, 1000 SW Third Ave., Portland, OR 97204 during regular business hours.

**26. How Do I Get More Information?**

You can call the Claims Administrator toll-free at (855) 474-3896, or visit the Claims Administrator's website at www.AequitasSettlements.com.  You can also contact Class Counsel:

| | |
|---|---|
| Steve W. Berman | Timothy S. DeJong |
| Hagens Berman Sobol Shapiro LLP | Stoll Stoll Berne Lokting & Shlachter P.C. |
| 1301 Second Avenue, Suite 2000 | 209 SW Oak Street, Suite 500 |
| Seattle, WA 98101 (206) 623-7292 | Portland, OR 97204 (503) 227-1600 |
| AequitasSettlements@hbsslaw.com | AequitasSettlements@stollberne.com |

*DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

DATED:_____, 2019                    BY ORDER OF THE COURT
                                                        UNITED STATES DISTRICT COURT
                                                        DISTRICT OF OREGON

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENTS OF CLASS ACTION**

**IF YOU PURCHASED COVERED AEQUITAS SECURITIES, YOU MAY BE ENTITLED TO A PAYMENT FROM THE CLASS ACTION SETTLEMENTS.[1]**

Proposed settlements have been reached in a class action lawsuit alleging violations of the Oregon Securities Laws. The Court in charge of the case is the United States District Court for the District of Oregon, and the case is known as *Ciuffitelli, et al. v. Deloitte & Touche LLP, et al.*, Case No. 3:16-cv-00580-AC (the "Action").  The plaintiffs that sued and represent the Class in the Action (Lawrence P. Ciuffitelli (on behalf of himself and as Trustee of the Ciuffitelli Revocable Trust U/A 5/1/1996); Greg and Angela Julien (as Trustees of the Gregory and Angela Julien Revocable Trust U/A 7/2/2012); R.F. MacDonald Co.; James and Susan MacDonald (as co-Trustees of the MacDonald Family Trust U/A 12/05/2000); William Ramstein; Greg Warrick (on behalf of himself and as co-Trustee of the Warrick Family Trust); and Susan Warrick (as co-Trustee of the Warrick Family Trust)) (collectively, the "Class Representatives") and Defendants Deloitte & Touche LLP ("Deloitte"); EisnerAmper LLP ("EisnerAmper"); Sidley Austin LLP ("Sidley"); TD Ameritrade, Inc. ("Ameritrade"); Duff & Phelps, LLC ("Duff"); Tonkon Torp LLP ("Tonkon"); and Integrity Bank & Trust ("Integrity") (the "Defendants") have entered into three proposed settlements (the "Settlements"). The Defendants deny all of the allegations, and deny that they did anything wrong. The Court did not decide in favor of the Class Representatives or the Defendants.  Instead, the lawyers for the Class Representatives, and the Defendants and their insurers, with the assistance of experienced mediators, have negotiated Settlements that they believe are in the best interests of their respective clients.

**How Do I Know If I Am Part of the Settlements**? The Settlements include a "Class" of all persons who purchased any Covered Aequitas Securities on or after June 9, 2010 (the "Class Period") and who had an account balance related to any Covered Aequitas Securities as of March 31, 2016.

"Covered Aequitas Securities" means any security issued by the following entities: 1) Aequitas Commercial Finance, LLC ("ACF"); 2) Aequitas Income Opportunity Fund, LLC ("AIOF"); 3) Aequitas Income Opportunity Fund II, LLC ("AIOF-II"); 4) Aequitas Capital Opportunities Fund, LP ("ACOF"); 5) Aequitas Income Protection Fund, LLC ("AIPF"); 6) Aequitas Enhanced Income Fund, LLC ("AEIF"); 7) Aequitas ETC Founders Fund, LLC ("AETC"); and 8) MotoLease Financial, LLC ("AMLF").

The Class excludes: (a) Defendants; (b) the past and present officers and directors of the Aequitas-affiliated companies, including without limitation, Robert Jesenik, Brian Oliver, Craig Froude, Scott Gillis, Andrew MacRitchie, Olaf Janke, Brian Rice, William Ruh, Steve Hedberg, Brett Brown, Tom Goila, Patricia Brown, Bill Malloy, and Thomas Szabo, and their respective families and affiliates; (c) the past and present members of the Aequitas Advisory Board, including without limitation, William McCormick, L. Martin Brantley, Patrick Terrell, Edmund Jensen, Donna Miles, William Glasgow, Keith Barnes, Bob Zukis, and their respective families and affiliates; (d) registered investment advisors and investment advisor representatives; (e) any investor who received finder's fees or other consideration from Aequitas in connection with referring investors to Aequitas; and (f) plaintiffs in certain individual actions against the Defendants and related parties.  As detailed in the Settlements, certain parties who have filed individual

---

[1] This Summary Notice incorporates by reference the definitions in the Stipulations of Settlement for each of the Settlements, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulations.  The three Stipulations can be obtained at www.AequitasSettlements.com.

actions are included in some, but not all, of the Settlements (the "Partially Covered Class Members"). The Partially Covered Class Members have the opportunity to participate in any of the three Settlements from which they are not excluded.

**What Do the Settlements Provide**? The Settlements provide for $234,613,000 in cash to be paid pursuant to the Settlement agreements. A Class Member's recovery will be based upon the amount of Covered Aequitas Securities purchased during the Class Period, minus any dividends or interest received on those Covered Aequitas Securities. That amount will be the Class Member's "Net Loss." Class Members will receive payment from the Settlement proceeds on a proportional basis calculated by determining each person's Net Loss as a percentage of all eligible Class Member Net Losses.

**How Do I Get a Payment?** You do not have to do anything to participate in the Settlements. If the Court grants final approval of the Settlements and you do not exclude yourself, you will be bound by the Settlements (including the releases of all known and unknown claims provided in the Settlements) and will receive a payment according to the Plan of Allocation.

**What Are My Other Rights and Options?** Unless you exclude yourself, you will remain in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the issues that have been asserted in this Action or that could have been asserted in this Action. All of the Court's orders will apply to you and legally bind you and you will release the Defendants and related parties from the released claims, including any and all known and unknown claims and causes of action of every nature and description, whether arising under federal, state, statutory, regulatory, common, foreign, or other law, that arise in any way from or relate to the Action. If you do not want a payment from the Settlements, but you want to keep any right you may have to sue or continue to sue the Defendants and related parties on your own about the legal claims released by the Settlements, you must exclude yourself from the Class. The Partially Covered Class Members (*and only the Partially Covered Class Members*) may participate in the settlement(s) in which they are eligible to participate without being bound by the releases in the settlement(s) from which they are excluded. Exclusion requests must be received no later than _____ __, 201_. If you are a Class Member (and have not excluded yourself from the Class), you can object to the Settlements, the Plan of Allocation, or Class Counsel's request for an award of attorneys' fees, charges, and expenses in representing the Class. You may also ask the Court for permission to speak at the Settlement hearing. Objections and requests to appear and speak at the Settlement hearing must be received no later than _____ __, 201_. Specific information regarding these rights and options, and how to exercise them, are provided in the Notice and Settlement Agreements, all of which are available at www.AequitasSettlements.com. The Notice will be mailed to all known members of the Class.

**When and Where Will the Court Decide Whether to Approve the Settlements?** The Court will hold the Settlement hearing at XX:00 _.m., on _____ __, 201_, in Courtroom ___ of the United States District Court for the District of Oregon, 1000 SW Third Ave., Portland, OR 97204. At this hearing, the Court will consider whether the Settlements are fair, reasonable, and adequate. The Court will also consider whether to approve the Plan of Allocation and Class Counsel's request for an award of attorneys' fees in the amount of 20-25% of the settlement funds and reimbursement of litigation expenses (to be paid from the settlement funds).

**How Do I Get More Information?** You may visit the Claims Administrator's website at www.AequitasSettlements.com or call the Claims Administrator toll-free at (855) 474-3896. You can also

contact Class Counsel: Steve W. Berman, by mail at Hagens Berman Sobol Shapiro, LLP, 1301 Second Ave., Suite 2000, Seattle, WA 98101, by telephone at (206) 623-7292, or by email at AequitasSettlements@hbsslaw.com; or Timothy S. DeJong, by mail at Stoll Stoll Berne Lokting & Shlachter P.C., 209 SW Oak Street, Suite 500, Portland, Oregon 97204, by telephone at (503) 227-1600, or by email at AequitasSettlements@stollberne.com.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST, *et al.*,<br><br>              Plaintiffs,<br><br>     v.<br><br>DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; INTEGRITY BANK & TRUST; and DUFF& PHELPS, LLC,<br><br>              Defendants. | Case No. 3:16-cv-00580-AC<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER AS TO DEFENDANTS DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TD AMERITRADE, INC. AND DUFF & PHELPS, LLC** |

This matter came for hearing on _____ (the "Settlement Hearing"), on the application of Plaintiffs Lawrence P. Ciuffitelli (on behalf of himself and as Trustee of the Ciuffitelli Revocable Trust U/A 5/1/1996); Greg and Angela Julien (as Trustees of the Gregory and Angela Julien Revocable Trust U/A 7/2/2012); R.F. MacDonald Co.; James and Susan MacDonald (as co-Trustees of the MacDonald Family Trust U/A 12/05/2000); William Ramstein; Greg Warrick (on behalf of himself and as co-Trustee of the Warrick Family Trust); and Susan Warrick (as co-Trustee of the Warrick Family Trust) (collectively, the "Class Representatives"), through their legal counsel, to: i) determine whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Stipulation") dated July 8, 2019 with Deloitte & Touche LLP; EisnerAmper LLP; Sidley Austin LLP; TD Ameritrade, Inc.; and Duff & Phelps, LLC (collectively the "Settling Defendants," and with the Class Representatives, collectively the "Settling Parties") are fair, reasonable, adequate and in the best interest of the Class Members for the settlement (the "Settlement") of all claims in the above-captioned Action

as between the Settling Parties, and should be approved; and ii) determine whether a limited

judgment should be entered that (a) dismisses the claims in the Action against the Settling

Defendants on the merits and with prejudice in favor of the Settling Defendants and as against all

persons or entities who are members of the Class herein who have not properly and timely

requested exclusion therefrom; b) grants releases of claims as provided in the Stipulation; and c)

approves the Plan of Allocation.

It appearing that a notice of the Settlement Hearing substantially in the form approved by

the Court in the Court's Order of Preliminary Approval of Settlement ("Preliminary Approval

Order") was mailed to all members of the Class; and

It appearing that the Summary Notice of Pendency and Settlement of Class Action

substantially in the form approved by the Court in the Preliminary Approval Order was published

in accordance with the Preliminary Approval Order; and

The Court having considered all papers filed and proceedings held herein and otherwise

being fully informed in the premises and good cause appearing therefore,

**NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED** that:

1.      This Final Judgment and Order (the "Final Judgment") incorporates by reference

the definitions in the Stipulation, and all capitalized terms used herein have the same meanings

as set forth in the Stipulation.

2.      This Court has jurisdiction to enter this Final Judgment and Order.  The Court has

jurisdiction over the subject matter of the Action and over all parties to the Action, including all

Class Members.

3.      The Court affirms its determinations in the Preliminary Approval Order and

finally certifies, for purposes of the Settlement only, the Class as defined therein.

Exhibit A
Page 65 of 71

Exhibit B
Page 2 of 8

4.     The distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified with reasonable effort, and said notices fully satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.  A full and fair opportunity was accorded to all Class Members to be heard with respect to the Settlement.  Thus, it is hereby determined that all Class Members, other than those persons and entities listed in Exhibit 1 hereto, are bound by this Final Judgment and Order.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Class and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is procedurally fair in that it is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Class Representatives, Class Members and the Settling Defendants.  The Court also finds that the Settlement is substantively fair based upon: i) the complexity, expense and likely duration of the litigation; ii) the reaction of the Class to the settlement; iii) the stage of the proceedings and the amount of discovery completed; iv) the risks of establishing liability; v) the risks of establishing damages; vi) the risks of maintaining the class action through the trial; vii) the range of reasonableness of the settlement fund in light of the best possible recovery and all the attendant risks of litigation.  Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.

Exhibit A
Page 66 of 71

Exhibit B
Page 3 of 8

6.      The Settling Parties are hereby directed to take all necessary and sufficient steps to complete the Settlement in accordance with the Stipulation.

7.      Except as to the individual claims of those persons and entities who have validly and timely requested exclusion from the Class (identified in Exhibit 1 attached hereto), all claims in the Action against the Settling Defendants are hereby dismissed on the merits with prejudice as to the Class Representatives and the Class Members.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8.      Upon the Effective Date, and without any further action, each of the Releasing Class Members fully, finally, and forever releases, covenants not to sue, and discharges each of the Released Defendant Parties from any and all Released Claims held by, on behalf of, for the benefit of, or in the name of the Releasing Class Members and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties..

9.      Upon the Effective Date, and without any further action, each Settling Defendant, on behalf of itself, and its heirs, executors, trustees, administrators, predecessors, successors, and assigns, for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, shall fully, finally, and forever release, covenant not to sue, and discharge any and all Released Claims against each and every one of the Releasing Class Members and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Releasing Class Members.

10.      The parties released by paragraphs 8 and 9, above constitute the "Released Parties."

11.     The fact and terms of the Stipulation, including Exhibits thereto, this Final Judgment and Order, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

a.      shall not constitute or be offered or received against the Released Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by any of the Plaintiff Released Parties, or the validity, or lack thereof, of any claim, or the deficiency of any defense that was or could have been asserted in the Action or in any litigation, in this or any other court, administrative agency, arbitration forum or other tribunal, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

b.      shall not constitute or be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against any of the Plaintiff Released Parties as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

c.      shall not constitute or be offered or received against the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided,

however, that the Released Parties may refer to it to effectuate the liability

protection granted them hereunder;

d.      shall not constitute or be construed against the Plaintiff Released Parties as an

admission, concession or presumption that the consideration to be given

hereunder represents the amount which could be or would have been recovered

after trial; and

e.      shall not constitute or be construed as or received in evidence as an admission,

concession or presumption against the Plaintiff Released Parties that any of their

claims are without merit or that damages recoverable under the Complaint would

not have exceeded the Settlement Fund.

12.     The Released Parties may file the Stipulation and/or this Final Judgment and

Order in any other action that may be brought against them in order to support a defense or

counterclaim based on principles of res judicata, collateral estoppel, release, good faith

settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion

or similar defense or counterclaim.

13.     The finality of this Final Judgment and Order shall not be affected by rulings that

the Court may make with respect to Class Counsel's application for an award of attorneys' fees

and reimbursement of expenses.

14.     The Settling Defendants had no role in providing notice to the Class or

responsibility for administering the Settlement; no role in or responsibility for reviewing or

challenging the claims submitted; and no liability whatsoever to any person or entity including,

but not limited to, Class Representatives, other Class Members, any other plaintiffs, any Class

Member's counsel, or Class Counsel in connection with the administration of the Settlement.

Without limiting the foregoing, the Settling Defendants shall not be liable to any person with regard to any disclosure to or by the Claims Administrator of personal or potentially private account information, including without limitation the names, addresses, and account transaction data for individual Class Members, the accuracy of such information, or the identity of the Class Members.

15.    The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16.    Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.    The Court finds that the Plan of Allocation is rationally based on legitimate considerations and treats Class Members (including the Class Representatives) fairly and equally.   The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members and directs that Class Counsel and the Claims Administrator implement the Plan of Allocation.

18.    All funds held in the Escrow Accounts shall be deemed and considered to be *in custodia legis* of the District Court, and shall remain subject to the exclusive jurisdiction of the District Court, until such time as such funds shall be distributed

19.    The Court expressly determines that there is no just reason for delay in entering this Final Judgment and Order and directs the Clerk of the Court to enter this Final Judgment and Order pursuant to Fed. R. Civ. P. 54(b).

20.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is

Exhibit A
Page 70 of 71

Exhibit B
Page 7 of 8

returned to Defendants or any of them who paid such Settlement Amount on behalf of

Defendants, then this Final Judgment and Order shall be rendered null and void to the extent

provided by and in accordance with the Stipulation, and shall be vacated to the extent provided

by the Stipulation and, in such event: (a) all orders entered and releases delivered in connection

herewith shall be null and void to the extent provided by and in accordance with the Stipulation;

and (b) the fact of the Settlement shall not be admissible in any trial of the Action.

21.     Without affecting the finality of this Final Judgment and Order in any way, this

Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the

Settlement; (b) the allowance, disallowance or adjustment of any Class Member's claim on

equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the

Settlement Fund; (d) enforcing and administering this Final Judgment and Order, (e) enforcing

and administering the Stipulation, including any releases and bar orders executed in connection

therewith; (f) enforcing and administering the Repayment Obligation of Class Counsel, as

specified in Paragraph 41 of the Stipulation; and (g) other matters related or ancillary to the

foregoing.


**IT IS SO ORDERED.**

Dated:_____2019

_____

Exhibit A
Page 71 of 71

Exhibit B
Page 8 of 8