**Keith A. Ketterling,** OSB No. 913368
Email: kketterling@stollberne.com
**Timothy S. DeJong,** OSB No. 940662
Email: tdejong@stollberne.com
**Jennifer S. Wagner**, OSB No. 024470
Email: jwagner@stollberne.com
**Nadia H. Dahab,** OSB No. 125630
Email: ndahab@stollberne.com
**Lydia Anderson-Dana**, OSB No. 166167
Email: landersondana@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Steve W. Berman** (admitted *pro hac vice*)
Email: steve@hbsslaw.com
**Karl P. Barth** (admitted *pro hac vice*)
Email: karlb@hbsslaw.com
**Jeniphr Breckenridge** (admitted *pro hac vice*)
Email: jeniphr@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

**Attorneys For Plaintiffs**
[Additional Counsel of Record Listed on Signature Page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST; GREG and ANGELA JULIEN; JAMES and SUSAN MACDONALD, as Co-Trustees of the MACDONALD FAMILY TRUST; R.F. MACDONALD CO.; ANDREW NOWAK, for himself and as Trustee of the ANDREW NOWAK REVOCABLE LIVING TRUST U/A 2/20/2002; WILLIAM RAMSTEIN; and | Case No. 3:16-cv-00580-AC<br><br>**DECLARATION OF LARISSA GOTGUELF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF GLOBAL SETTLEMENT** |

GREG WARRICK, for himself and, with SUSAN WARRICK, as Co-Trustees of the WARRICK FAMILY TRUST, individually and on behalf of all others similarly situated,

      Plaintiffs,

  v.

DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; INTEGRITY BANK & TRUST; and DUFF & PHELPS, LLC,

      Defendants.

I, Larissa Gotguelf, declare under penalty of perjury that the following statements are true and correct.

1.    I am a Managing Director in the Corporate Finance/Restructuring practice at FTI Consulting, financial advisor to the Court-Appointed Receiver of Aequitas Management, LLC and various of its subsidiaries and affiliates ("Aequitas").  See *SEC v. Aequitas Management, LLC, et al.*, No. 3:16-cv-00438-JR (D. Or.).

2.    The Receiver was asked to provide an estimate, applying the definition of the "Class" as defined at page 4, including the exclusions specified in footnote 2, of Plaintiffs' Motion for Class Certification [ECF No. 522], of the range of total distributions to members of that Class from the Receivership Estate. The estimates provided below do not reflect potential exclusions specified in (d) and (e) of footnote 2 referenced above.

3.    The Receiver and his team estimate that the Class will receive approximately $64 to $77 million total distributions from the Receivership Estate.  This estimate assumes that between $100 and $120 million is available for distribution from the Receivership Estate to the

PAGE 1 -  **DECLARATION OF LARISSA GOTGUELF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF GLOBAL SETTLEMENT**

investors. We estimate that approximately 64% of the total distribution will be made to members of the Class.

4. The estimates contained herein are preliminary and subject to change, based upon the actual terms of the distribution plan ultimately approved by the Court and as a result of the claims process. The estimated distribution amount provided above is based on a calculation that consolidates investments across various legal entities for the purpose of calculating "rising-tide" distribution amounts at the investor grouping level. It also assumes that equity holders in entities such as Aequitas Capital Opportunities Fund, LP, Aequitas ETC Founders Fund, LLC, Aequitas WRFF I, LLC, Aequitas Hybrid Fund, LLC, and a few other entities retain their investment and "ride through" with no cash distributions presently envisioned to them. Additionally, in the event that the actual distribution plan ultimately approved by the Court takes into consideration any recoveries obtained by investors through their separate legal actions, it will likely affect the distribution of amounts from the Receivership Estate among the investors including the Class.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 28 day of June, 2019.

_____
Larissa Gotguelf

PAGE 2 -   **DECLARATION OF LARISSA GOTGUELF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF GLOBAL SETTLEMENT**