UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

LAWRENCE P. CIUFFITELLI, for himself
and as Trustee of CIUFFITELLI
REVOCABLE TRUST, *et al.*,

Plaintiffs,

v.

DELOITTE & TOUCHE LLP;
EISNERAMPER LLP; SIDLEY AUSTIN
LLP; TONKON TORP LLP; TD
AMERITRADE, INC.; INTEGRITY BANK
& TRUST; and DUFF & PHELPS, LLC,

Defendants.

Case No. 3:16-cv-00580-AC

**FINDINGS AND
RECOMMENDATION
PRELIMINARILY APPROVING
TONKON TORP LLP
SETTLEMENT AND PROVIDING
FOR NOTICE**

WHEREAS, a putative class action is pending before this Court entitled *Ciuffitelli, et al.*

*v. Deloitte & Touche LLP, et al.*, Civil Action No. 3:16-cv-00580-AC (the "Action");

WHEREAS, Plaintiffs Lawrence P. Ciuffitelli (on behalf of himself and as Trustee of the

Ciuffitelli Revocable Trust U/A 5/1/1996); Greg and Angela Julien (as Trustees of the Gregory

and Angela Julien Revocable Trust U/A 7/2/2012); R.F. MacDonald Co.; James and Susan

MacDonald (as co-Trustees of the MacDonald Family Trust U/A 12/05/2000); William

Ramstein; Greg Warrick (on behalf of himself and as co-Trustee of the Warrick Family Trust);

and Susan Warrick (as co-Trustee of the Warrick Family Trust) (collectively, the "Class

Representatives"), and Defendant Tonkon Torp LLP ("Tonkon") have entered into a Stipulation

and Agreement of Compromise, Settlement, and Release dated May 31, 2018 (the "Stipulation"),

and have also entered into two amendments thereto: (1) Amendment No. 1 to Stipulation and

Agreement of Compromise, Settlement, and Release dated August 21, 2018 ("Amendment No.

1"); and (2) Amendment No. 2 to Stipulation and Agreement of Compromise, Settlement, and Release dated October 18, 2018 ("Amendment No. 2");[1]

WHEREAS, Amendment No. 2 changed, replaced, superseded, and revoked Amendment No. 1 in its entirety and, therefore, Amendment No. 1 is null and void and no longer has any legal effect;

WHEREAS, the Stipulation and Amendment No. 2 (hereinafter collectively referenced as the "Stipulation"), set forth the terms and conditions for a settlement and dismissal of the Action against Tonkon (the "Settlement");

WHEREAS, the Class Representatives have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement (the "Motion"); and

WHEREAS the Court, having read and considered the Stipulation, submissions made relating to the Settlement, the Motion, the pleadings, and other papers on file in this action, and statements of counsel,

THE COURT HEREBY FINDS that the Motion should be GRANTED and that this Preliminary Approval Order should be entered. Capitalized terms and phrases used in this Preliminary Approval Order shall have the same meaning ascribed to them in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

**A.      Preliminary Approval of Settlement**

1.      The Court finds that:  a) the Stipulation resulted from non-collusive, good faith, arm's-length negotiations; and b) the Stipulation is sufficiently fair, reasonable, and adequate to

---

[1] Andrew Nowak (on behalf of himself and in his capacity as Trustee of the Andrew Nowak Revocable Living Trust U/A 2/20/2002) was originally also a proposed Class Representative. Mr. Nowak has since filed a motion requesting the dismissal without prejudice of his individual claims and indicated that he no longer wishes to serve as a Class Representative. *See* ECF No. 463.

the Class Members to warrant providing notice of the Settlement to the Class Members and holding a Settlement Hearing. Accordingly, the terms of the Settlement are hereby approved on a preliminary basis.

**B.** **Provisional Certification of the Settlement Class**

2.      The Court finds that, with respect to the proposed settlement Class (the "Class"): a) the Class is so numerous that joinder is impracticable; b) numerous common issues exist; c) the Class Representatives' claims are typical of the claims of the other Class Members; d) the Class Representatives and their counsel adequately represent the Class; e) common questions of fact and law predominate in this Action; and f) this class action is the superior method of adjudicating this dispute.

Accordingly, the Class is provisionally approved and defined as:

> All persons who purchased any Covered Aequitas Securities on or after June 9, 2010 and who had an account balance related to any Covered Aequitas Securities as of March 31, 2016.
>
> "Covered Aequitas Securities" means any security issued by the following entities: 1) Aequitas Commercial Finance, LLC ("ACF"); 2) Aequitas Income Opportunity Fund, LLC ("AIOF"); 3) Aequitas Income Opportunity Fund II, LLC ("AIOF-II"); 4) Aequitas Capital Opportunities Fund, LP ("ACOF"); 5) Aequitas Income Protection Fund, LLC ("AIPF"); 6) Aequitas Enhanced Income Fund, LLC ("AEIF"); 7) Aequitas ETC Founders Fund, LLC ("AETC"); and 8) MotoLease Financial, LLC ("AMLF").

3.      The Class excludes: (a) Defendants; (b) the past and present officers and directors of the Aequitas-affiliated companies, including without limitation, Robert Jesenik, Brian Oliver, Craig Froude, Scott Gillis, Andrew MacRitchie, Olaf Janke, Brian Rice, William Ruh, Steve Hedberg, Brett Brown, Tom Goila, Patricia Brown, Bill Malloy, and Thomas Szabo, and their respective families and affiliates; (c) the past and present members of the Aequitas Advisory Board, including without limitation, William McCormick, L. Martin Brantley, Patrick Terrell, Edmund Jensen, Donna Miles, William Glasgow, Keith Barnes, Bob Zukis, and their respective

families and affiliates; (d) registered investment advisors and investment advisor representatives; (e) any investor who received finder's fees or other consideration from Aequitas in connection with referring investors to Aequitas; and (f) any of the Individual Plaintiffs in any of the Individual Actions.

4.      For the avoidance of doubt, Jeanette Lao, as trustee of the Jeanette Lao Rollover IRA, Claire Lin, as trustee of Claire Yan Lin Roth IRA, and Calmar Optcom, Inc. are members of the Class.

5.      The Court approves Lawrence P. Ciuffitelli, Greg Julien, Angela Julien, R.F. MacDonald Co., James MacDonald, Susan MacDonald, William Ramstein, Greg Warrick, and Susan Warrick as Class Representatives.

6.      This provisional settlement Class certification, and the ultimate certification of a settlement Class against Tonkon (if any), shall not have any bearing on, and shall not be admissible in connection with, future motions to certify a class or classes against the Non-Settling Defendants. The provisional settlement Class certification shall have no bearing on, and shall not be admissible in connection with the issue of whether any class should be certified in a non-settlement context.

**C.     Preliminary Approval of Plan of Allocation**

7.      The Court finds that the Plan of Allocation is rationally based on legitimate considerations and treats all Class Members (including the Class Representatives) fairly and equally.  Accordingly, the Plan of Allocation is hereby approved on a preliminary basis.

**D.     Approval of Claims Administrator**

8.      The Court appoints Epiq Class Action & Claim Solutions, Inc. ("Epiq") as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims, as described below.

9.      All reasonable expenses incurred in identifying and notifying Class Members, as well as in administering the Settlement, including payment of any taxes, shall be paid as set forth in the Stipulation.

**E.      Approval of Form and Manner of Class Notice**

10.      The Court finds that the proposed form and methods of notifying Class Members of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled thereto. Accordingly, the Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the summary notice (the "Summary Notice") attached to the Order Preliminarily Approving Global Settlement and Providing for Notice previously entered herein.

**F.      Date and Time of Settlement Hearing**

11.      The Settlement Hearing shall be held before the Honorable John V. Acosta on Tuesday November 26, 2019 at 9 a.m., at the Mark O. Hatfield Courthouse, United States District Court for the District of Oregon, 1000 SW Third Ave., Portland, OR 97204, to determine whether the proposed partial Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether a limited judgment should be entered herein; to determine whether the proposed Plan of Allocation should be finally approved; to determine the amount of fees and expenses that should be awarded to Class Counsel; and to rule upon such other matters as the Court may deem appropriate. The Court may adjourn or reschedule the Settlement Hearing without further notice to Class Members.

## G.     Administration of Notice

12.     The Court orders the Claims Administrator, under the supervision of Class Counsel, to administer the procedures to provide Notice to Class Members as follows:

(a)     Not later than twenty-eight (28) days after the date of this Order, the Claims Administrator shall establish a settlement website and post the basic documents related to the Settlement.

(b)     Not later than twenty-eight (28) days after the date of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice, substantially in the form annexed to the Order Preliminarily Approving Global Settlement and Providing for Notice, to be mailed by first-class mail to all potential Class Members who can be identified with reasonable effort;

(c)     Not later than thirty-five (35) days after the date of this Order, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed to the Order Preliminarily Approving Global Settlement and Providing for Notice, to be published in both THE WALL STREET JOURNAL and THE OREGONIAN, and shall cause the Summary Notice to be published for international distribution over a national newswire service; and

(d)     Not later than forty-two (42) days prior to the Settlement Hearing, Class Counsel shall cause to be filed with the Court proof, by affidavit or declaration, of the mailing and publishing required by ¶¶ 12(b) and (c), above.

## H.     Motion for Final Approval of Settlement

13.     The Class Representatives' motion for final approval of the Settlement, and all supporting briefing and exhibits in support of the Settlement, the Plan of Allocation, and Class Counsel's application for attorneys' fees and expenses, shall be filed and served not later than forty-two (42) days prior to the Settlement Hearing.  Any response papers shall be filed and

served no later than twenty-eight (28) days prior to the Settlement Hearing. Any reply papers shall be filed and served no later than fourteen (14) days prior to the Settlement Hearing.

**I.     Appearance of Class Members**

14.     Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court a notice of such appearance. Absent entry of an appearance by counsel, Class Members will be represented by Class Counsel.

**J.     Binding Effect of Settlement**

15.     All Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, unless such persons request exclusion from the Class in a timely and proper manner.

**K.     Objections to Settlement**

16.     Any Class Member may appear and object that: i) the proposed Settlement should not be approved as fair, reasonable, and adequate; ii) the Plan of Allocation should not be approved; or iii) attorneys' fees and reimbursement of expenses should not be awarded to Class Counsel. However, any such objection will be valid only if it is filed with the Clerk of the United States District Court for the District of Oregon at least twenty-eight (28) days prior to the Settlement Hearing, and copies of any such objections are provided to counsel identified in the Notice on or before such date. Any Class Member who does not make an objection in this manner shall be deemed to have waived such objection and shall forever be foreclosed from making any such objection, unless otherwise ordered by the Court.

**L.     Exclusion from the Class**

17.     Any person falling within the definition of the Class may, upon request, be excluded from the Class. Any request for exclusion must be in the form of a written, signed statement (the "Request for Exclusion") and received by the Claims Administrator at the address

designated in the Notice on or before twenty-eight (28) days prior to the Settlement Hearing (the "Exclusion Deadline"). In order to be valid, each such Request for Exclusion must: state (i) the name, address, and telephone number of the person seeking exclusion; and (ii) that the sender requests exclusion from the Class in *Ciuffitelli, et al. v. Deloitte & Touche LLP, et al.*, Civil Action No. 3:16-cv-00580-AC. Requests for Exclusion may only be signed and submitted by the beneficial owner of the Covered Aequitas Securities, or their authorized agent.

18.     A Request for Exclusion shall not be valid or effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. The Claims Administrator shall provide all Requests for Exclusion (including untimely requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Class will not include any person who delivers a valid and timely Request for Exclusion.

19.     Any Class Member who submits a Request for Exclusion shall not be deemed to have submitted to the jurisdiction of any Court in the United States for any matter, on account of such submission.

20.     Any person who submits a Request for Exclusion may thereafter submit to the Claims Administrator a written revocation of that Request for Exclusion, provided that it is received no later than two business days before the Settlement Hearing, in which event that person will be included in the Class.

21.     All persons who submit a valid, timely, and unrevoked Request for Exclusion will be forever barred from receiving any payments pursuant to the Settlement.

22.     Except where a Class Member who submits a Request for Exclusion commences or otherwise prosecutes or pursues a Released Claim against a Released Party, all information submitted by a Class Member in a Request for Exclusion shall be treated as confidential

protected information and may not be disclosed by the Claims Administrator, its affiliates, or the Settling Parties to any third party absent a further order of this Court upon a showing of necessity, and any such information that is submitted to the Court shall be filed under seal.

**M.    Administration of Settlement Proceeds**

23.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

**N.    Tonkon's Lack of Admissions and Ability to Terminate the Settlement**

24.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Tonkon, or any of the Tonkon Released Parties, of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that the Class Representatives or any Class Members have suffered any damages, harm, or loss.  Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of any infirmity in any of the claims or facts alleged in this Action.

25.    Tonkon may elect to terminate the Settlement only as provided in the Stipulation. In such event, or in the event the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be rendered null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or

proceeding by any person against the Settling Parties or the Released Parties, and each shall be restored to his, her, or its respective litigation positions as they existed prior to the execution of the Stipulation.

**O.    Stay of Litigation**

26.    Pending final determination of whether the Settlement should be approved or further order of the Court, the Court hereby stays all litigation of claims and related discovery between the Class and Tonkon in the Action, except as provided in the Stipulation and as necessary to carry out the terms and conditions of the Stipulation.

**P.    The Court's Right to Consider Further Applications**

27.    The Court reserves the right to consider all further applications arising out of or connected with the Stipulation. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, without further notice to the Class, where to do so would not impair Class Members' rights in a manner inconsistent with Fed. R. Civ. P. 23 and due process of law.

*Scheduling Order*

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days. If no objections are filed, the Findings and Recommendation will go under advisement on that date.  If objections are filed, a response is due within fourteen (14) days.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated: ___5th___ of July, 2019.

_____
JOHN V. ACOSTA
United States Magistrate Judge

**PAGE  10 -  FINDINGS AND RECOMMENDATION PRELIMINARILY APPROVING
TONKON TORP LLP SETTLEMENT AND PROVIDING FOR NOTICE**