UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST, *et al.*, | Case No. 3:16-cv-00580-AC |
| Plaintiffs, | **[PROPOSED] LIMITED JUDGMENT OF DISMISSAL OF DEFENDANT TONKON TORP LLP** |
| v. | |
| DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; INTEGRITY BANK & TRUST, INC.; and DUFF & PHELPS, LLC | |
| Defendants. | |

## LIMITED JUDGMENT, INCLUDING PERMANENT INJUNCTIONS

This matter came for hearing on November 26, 2019, on the Motion of Plaintiffs

Lawrence P. Ciuffitelli (on behalf of himself and as Trustee of the Ciuffitelli Revocable Trust

U/A 5/1/1996); Greg and Angela Julien (as Trustees of the Gregory and Angela Julien Revocable

Trust U/A 7/2/2012); R.F. MacDonald Co.; James and Susan MacDonald (as co-Trustees of the

MacDonald Family Trust U/A 12/05/2000); William Ramstein; Greg Warrick (on behalf of

himself and as co-Trustee of the Warrick Family Trust); and Susan Warrick (as co-Trustee of the

Warrick Family Trust)  (collectively, the "Class Representatives") through their legal counsel,

and on behalf of the Ciuffitelli Settling Plaintiffs (as defined herein), to:

(1) determine whether the terms and conditions of the Stipulation and Agreement of Compromise, Settlement and Release, dated as of May 31, 2018 (the "Stipulation"), and amended by Amendment No. 3 thereto, dated as of August 1, 2019 ("Amendment No. 3") (the Stipulation and Amendment No. 3 together constituting the "Amended Stipulation") are fair, reasonable, adequate, and in the best interest of the Ciuffitelli Settling Plaintiffs for the settlement of all claims against Tonkon in the above-captioned action (the "Action") (such settlement and all documents related thereto, including, but not limited to, the Amended Stipulation and this Limited Judgment, are hereafter referred to as the "Settlement"), and should be approved; and to

(2) determine whether this limited judgment (the "Limited Judgment") should be entered pursuant to, and in accordance with, the Amended Stipulation.

Upon its entry, this Limited Judgment:

(a) dismisses all claims against Tonkon in this Action on the merits and with prejudice as against all the Ciuffitelli Settling Plaintiffs;

(b) releases the Released Claims (as defined herein);

(c) permanently enjoins the Ciuffitelli Settling Plaintiffs from prosecuting any Released Claims against the Tonkon Released Parties (as defined herein);

(d) permanently enjoins any and all of the Remaining Defendants (as defined herein) in this Action from prosecuting any Contribution Claims (as defined herein) against the Tonkon Released Parties, and vice versa;

(e) permanently enjoins Future Defendants (as defined herein) from prosecuting any Contribution Claims against the Tonkon Released Parties, and vice versa;

and (f) approves the Plan of Allocation.

It appearing that a notice of the final approval hearing (which took place on November 26, 2019) substantially in the form approved by the Court in the Court's Order of Preliminary Approval of Settlement ("Preliminary Approval Order") was mailed to all persons and entities

PAGE 2 – LIMITED JUDGMENT OF DISMISSAL OF
DEFENDANT TONKON TORP, LLP

reasonably identifiable who purchased Aequitas Securities that are the subject of the Action during the Class Period, except to those persons and entities excluded from the definition of the Class in paragraph 4 of Amendment No. 3 to the Stipulation; and

It further appearing that the Summary Notice of Pendency and Settlement of Class Action substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order; and

The Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises thereof and good cause appearing therefore,

**NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED** that:

1.  As used in this Limited Judgment, the following terms shall have the following meanings:

    a.  "Aequitas Securities" shall refer to any security issued or sold by any Receivership Entity.

    b.  "Ciuffitelli Settling Plaintiff(s)" refers to, individually and collectively, each and all of all persons or entities who are members of the Class (as defined herein) and who have not validly requested exclusion therefrom, and any of their successors, assigns, legal representatives, and heirs.  A definitive and binding list of persons who have validly requested exclusion from the Class, and hence who are not Ciuffitelli Settling Plaintiffs, is attached hereto as Exhibit 1.  For the avoidance of doubt, the Class Representatives are also Ciuffitelli Settling Plaintiffs.

    c.  "Class" shall have the meaning in paragraph 4 of Amendment No. 3 to the Stipulation.

    d.  "Contribution Claim(s)" shall mean any past, present, or future claim for contribution, whether asserted as a cross-claim, third-party claim, or stand-alone claim in a separate action, and shall include any claim for contribution claim arising under ORS 59.115(3), and/or any other past, present, or future claim seeking recovery,

K&L GATES LLP
ONE SW COLUMBIA ST.
SUITE 1900
PORTLAND, OR  97204
TELEPHONE: (503) 228-3200

reimbursement, or indemnity, in whole or in part (including, without limitation, equitable indemnity and implied indemnity), for any judgments, damages or other losses (including attorneys fees), suffered by the person asserting the claim (other than damages or losses due to the diminution in value of any Aequitas Securities purchased by the person asserting the claim); and, as to all of the foregoing, a claim arising from:

1)  any involvement whatsoever either by a Tonkon Released Party or by the person asserting the claim in the sale or solicitation of Aequitas Securities, or arising from the aid or participation by either a Tonkon Released Party or the person asserting the claim in the sale or solicitation of Aequitas Securities; or

2)  any involvement whatsoever by a Tonkon Released Party or by the person asserting the claim in the purchase, issuance, sale, or solicitation of the sale of any Aequitas Securities; or

3)  any legal services a Tonkon Released Party performed for any entity within the Receivership Entity;

provided further, however, that a Contribution Claim must arise from or be based on (i) a claim asserted by any Ciuffitelli Settling Plaintiff in this Action; or (ii) a claim asserted by any Ciuffitelli Settling Plaintiff against a Future Defendant.

As an example, if a Ciuffitelli Settling Plaintiff sued a Future Defendant, and that Future Defendant asserted, either in the same action or in a separate action, a claim for contribution against Tonkon under ORS 59.115(3), that claim by the Future Defendant against Tonkon would be a Contribution Claim, and the prosecution of such Contribution Claim would be enjoined by this Limited Judgment.

e. "Future Defendant" refers to any person sued by any Ciuffitelli Settling Plaintiff in any action other than this Action, and in any tribunal, in which the Ciuffitelli Settling Plaintiff asserts any claim arising under the Oregon Securities Laws, ORS Ch. 59,

K&L GATES LLP
ONE SW COLUMBIA ST.
SUITE 1900
PORTLAND, OR  97204
TELEPHONE: (503) 228-3200

including any subsections thereof; provided, however, that "Future Defendant" shall <u>not</u> include either the Receiver or the Receivership Entity (both as defined herein).

f.  "Receiver" shall refer to Ronald F. Greenspan, the Court-appointed receiver for the Receivership Entity pursuant to the Receivership Order.

g.  "Receivership Entity" is, individually and collectively, Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Management, Inc., Aequitas Investment Management, LLC, and each of their 43 subsidiaries and/or majority owned affiliates, as set forth on Exhibit A of the Receivership Order (as defined herein).  For the avoidance of doubt, "Receivership Entity" shall refer to all entities comprising the Receivership Entity, both individually and collectively.

h.  "Receivership Order" shall mean the Final Order Appointing Receiver in *SEC v. Aequitas Management, LLC*, *et al*, No. 3:16-cv-00438-JR (originally -PK) signed by Judge Papak on April 14, 2016, ECF No. 156.

i.  "Released Claims" shall mean:

1)  All claims which any Ciuffitelli Settling Plaintiff had or held in any capacity, currently has, or may in the future have, against the Tonkon Released Parties, and all claims which Tonkon had or held in any capacity, currently has, or may in the future have, against any Ciuffitelli Settling Plaintiff, regardless of whether such claims are direct or indirect, known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, now existing or hereafter arising, provided that any such claim:

a)  arises out of the conduct, transactions, or occurrences set forth or attempted to be set forth in the pleadings in this Action, including such claims that have been asserted or could have been asserted, as well as claims that might be able

PAGE 5 – LIMITED JUDGMENT OF DISMISSAL OF
DEFENDANT TONKON TORP, LLP

to be asserted in the future; or

    b) relates in any other way to the purchase, issuance, sale, or solicitation of the sale of any Aequitas Securities; or

    c) relates to or arises out of any legal services Tonkon performed for any entity within the Receivership Entity; and/or

2) Contribution Claims, whether now existing or hereafter arising, even if arising after the Effective Date of Settlement, and even if arising after the entry of all the limited judgments contemplated by either the Amended Stipulation or by any other settlement agreements pertaining to Aequitas Securities to which Tonkon is a party;

and

3) With respect to all of the foregoing claims, in i.-(1) and i.-(2), claims regardless of the form of relief sought, including, but not limited to, claims for damages, attorneys' fees, costs, interest, and any other sums of money whatsoever, restitution, accounting, and also for any other form of legal or equitable relief.

j. "Remaining Defendants" refers to, individually and collectively, Deloitte & Touche LLP, EisnerAmper LLP, Sidley Austin LLP, TD Ameritrade, Inc., Duff & Phelps, LLC, Integrity Trust Company, LLC, and Integrity Bank & Trust, Inc.

k. "Tonkon" means Tonkon Torp LLP, an Oregon Limited Liability Partnership.

l.  "Tonkon Released Parties" shall include Tonkon, all of its current attorneys (whether employees or partners); all attorneys who were either employed by, or partners in, Tonkon from January 1, 2006 to the present but who are no longer employed by Tonkon or partners in Tonkon; any of the foregoing attorneys who may have acted through professional corporations and those professional corporations; any contract attorneys who contracted with Tonkon during the period from January 1, 2006 to the present; all of Tonkon's employees; the agents or heirs of any of the foregoing

K&L GATES LLP
ONE SW COLUMBIA ST.
SUITE 1900
PORTLAND, OR  97204
TELEPHONE: (503) 228-3200

individuals; Tonkon's successors and assigns; and Tonkon's insurers.

m.   Any other capitalized terms not defined herein shall have the meanings assigned to them in the Amended Stipulation.

2.   This Court has jurisdiction to enter this Limited Judgment.  The Court has subject matter jurisdiction over this Action and personal jurisdiction over all parties to this Action, including over all of the Ciuffitelli Settling Plaintiffs.

3.   The distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all member of the Class who could be identified with reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

4.   A full and fair opportunity was accorded to all members of the Class to be heard with respect to the Settlement, including this Limited Judgment.  A full and fair opportunity was also accorded to the Remaining Defendants to be heard with respect to the Settlement, including this Limited Judgment.  It is therefore hereby adjudged that all Ciuffitelli Settling Plaintiffs, Tonkon, and all Remaining Defendants are bound by this Limited Judgment regardless of the ultimate disposition of personal jurisdiction of this Court over any Future Defendants.

5.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that said Settlement, including this Limited Judgment, is, in all respects, fair, reasonable and adequate to, and is in the best interests of the Class and each member of the Class. This Court further finds the Settlement, including this Limited Judgment, is procedurally fair in that it is the result of good faith, arm's-length negotiations among experienced counsel representing the interests of the Class Representatives, members of the Class, Tonkon, and the

Remaining Defendants.  The Court also finds that the Settlement, including the Amended Stipulation and the Limited Judgment, is substantively fair based upon: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel for all parties in this Action; and (7) the reaction of members of the Class to the proposed settlement.  Accordingly, the Settlement, including the Amended Stipulation and this Limited Judgment, is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.

6.  To the extent they have not already done so, Tonkon and the Ciuffitelli Settling Plaintiffs are hereby directed to perform the terms of the Amended Stipulation.  Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Amended Stipulation.

7.  All the claims against Tonkon in this Action are hereby dismissed on the merits and with prejudice as to the Ciuffitelli Settling Plaintiffs.

8.  Tonkon, the members of the Class, and the persons excluded from the Class by paragraph 4 in Amendment No. 3 are all to bear their own costs and attorneys fees, except as otherwise provided in the Amended Stipulation.

9.  Upon the Effective Date of the Settlement, i) each Ciuffitelli Settling Plaintiff releases and forever discharges the Tonkon Released Parties from any and all Released Claims; and ii) Tonkon releases and forever discharges each Ciuffitelli Settling Plaintiff from any and all Released Claims.

10.  The Ciuffitelli Settling Plaintiffs are permanently enjoined from prosecuting any of the Released Claims against any Tonkon Released Parties.

11.  The Remaining Defendants, and all officers, partners, agents, servants, employees, attorneys, successors, assigns, and insurers of any of the foregoing, and all in active concert with

any of the foregoing, are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any Contribution Claim against any of the Tonkon Released Parties. All Tonkon Released Parties, and all officers, partners, agents, servants, employees, attorneys, successors, assigns, and insurers of any of the Tonkon Released Parties, and all in active concert with any of the foregoing, are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any Contribution Claim against any of the Remaining Defendants, and all officers, partners, agents, servants, employees, attorneys, successors, assigns, and insurers of any of the foregoing.

12.   All Future Defendants, and all officers, partners, agents, servants, employees, attorneys, successors, assigns, and insurers of any Future Defendant, and all in active concert with any of the foregoing, are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any Contribution Claim against any Tonkon Released Party.  In the event any Ciuffitelli Settling Plaintiff obtains a judgment against any Future Defendant based on a claim which, if asserted against a Tonkon Released Party would be a Released Claim, that judgment shall be reduced by the gross dollar amount (i.e., before any deduction for attorneys fees) the Ciuffitelli Settling Plaintiff was awarded pursuant to the Amended Stipulation and Plan of Allocation.  All Tonkon Released Parties, and all officers, partners, agents, servants, employees, attorneys, successors, assigns, and insurers of any of the Tonkon Released Parties, and all in active concert with any of the foregoing, are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any Contribution Claim against any Future Defendants.

13.   The Court finds that during the course of the Action, the parties to the Amended Stipulation and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

PAGE 9 – LIMITED JUDGMENT OF DISMISSAL OF
DEFENDANT TONKON TORP, LLP

14.  The fact and terms of the Amended Stipulation, this Limited Judgment, and all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or other document signed in connection with the Settlement:

a.      shall not be offered by anyone or received against the Tonkon Released Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission by any of the Tonkon Released Parties with respect to the truth of any fact alleged in the Action, or the validity, or lack thereof, of any claim, or the deficiency of any defense that was or could have been asserted in this Action, or in any litigation, in this or any other court, administrative agency, arbitration forum or other tribunal, or of any liability, negligence, fault or wrongdoing of any of the Tonkon Released Parties;

b.      shall not be offered by anyone or received against the Tonkon Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Tonkon Released Party, or against any of the members of the Class or Tonkon Released Parties as evidence of any infirmity in the claims or defenses that have been or could have been asserted in this Action;

c.      shall not be offered by anyone or received against the Tonkon Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Tonkon Released Parties in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement; provided, however, that the Tonkon Released Parties may refer to and rely on any part or aspect of the Settlement to effectuate the  protection from litigation and liability granted them under the Settlement, including this Limited Judgment;

d.      shall not be construed against the members of the Class as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

PAGE 10 – LIMITED JUDGMENT OF DISMISSAL OF
DEFENDANT TONKON TORP, LLP

e.      shall not be construed as or received in evidence as an admission, concession or presumption against any members of the Class that any of their claims are without merit or that damages recoverable under their operative complaint would not have exceeded the Settlement Amount.

15. The Tonkon Released Parties may file the Amended Stipulation and/or this Limited Judgment in any other action that may be brought against them in order to support a claim for contempt of court for violation of injunction and/or in order to support any defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. The finality of this Limited Judgment shall not be affected by rulings that the Court may make with respect to Class Counsel's application for an award of attorneys' fees and reimbursement of expenses.

17. No Tonkon Released Party had a role in providing notice to the Class or responsibility for administering the Settlement or a role in or responsibility for reviewing or challenging the claims submitted, and no Tonkon Released Party shall have no liability whatsoever in connection with the administration of the Settlement to any person or entity including, but not limited to, Class Representatives, other members of the Class, counsel for any member of the Class,  Class Counsel, any person excluded from the Class by paragraph 4 in Amendment No. 3, or counsel for any such excluded person.  Without limiting the foregoing, no Tonkon Released Party shall be liable to any person with regard to any disclosure to or by the Claims Administrator of personal or potentially private account information, including without limitation the names, addresses, and account transaction data for individual members of the Class, the accuracy of such information, or the identity of members of the Class.

18. The Court finds that the Plan of Allocation is rationally based on legitimate considerations and treats Ciuffitelli Settling Plaintiffs (including the Class Representatives) fairly

K&L GATES LLP
ONE SW COLUMBIA ST.
SUITE 1900
PORTLAND, OR  97204
TELEPHONE: (503) 228-3200

and equally.   The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Ciuffitelli Settling Plaintiffs and directs that Class Counsel and the Claims Administrator implement the Plan of Allocation.

19.  All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* of the District Court, and shall remain subject to the exclusive jurisdiction of the District Court, until such time as such funds shall be distributed.

20.  The Court expressly determines that there is no just reason for delay in entering this Limited Judgment and directs the Clerk of the Court to enter this Limited Judgment pursuant to FRCP 54(b).

21.  In the event that the Settlement does not become effective in accordance with the terms of the Amended Stipulation, or in the event that the Settlement Fund, or any portion thereof, is returned to Tonkon or to any of its insurers who paid such Settlement Amount on behalf of Tonkon, then this Limited Judgment shall be rendered null and void to the extent provided by and in accordance with the Amended Stipulation, and shall be vacated to the extent provided by the Amended Stipulation and, in such event: (a) all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Amended Stipulation; and (b) the fact of the Settlement shall not be admissible in any trial of the Action, or in any other proceeding, consistent with paragraph 14 herein.

22.  Without affecting the finality of this Limited Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the Settlement; (b)  the allowance, disallowance or adjustment of any Ciuffitelli Settling Plaintiff's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) enforcing and administering this Limited Judgment, including the injunctions contained herein; (e) enforcing and administering the Amended Stipulation, including any releases and bar orders executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

PAGE 12 – LIMITED JUDGMENT OF DISMISSAL OF
DEFENDANT TONKON TORP, LLP

**IT IS SO ORDERED.**

DATE:_____


_____
Honorable John V. Acosta
United States District Court Magistrate Judge

K&L GATES LLP
ONE SW COLUMBIA ST.
SUITE 1900
PORTLAND, OR  97204
TELEPHONE: (503) 228-3200

**PLACEHOLDER FOR EXHIBIT 1 TO LIMITED JUDGMENT:**

**Persons who have validly requested exclusion from the Class as defined in Amendment No. 3 to the Stipulation**

K&L GATES LLP
ONE SW COLUMBIA ST.
SUITE 1900
PORTLAND, OR  97204
TELEPHONE: (503) 228-3200