UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; INTEGRITY BANK & TRUST; and DUFF& PHELPS, LLC,<br><br>Defendants. | Case No. 3:16-cv-00580-AC<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER AS TO DEFENDANTS DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TD AMERITRADE, INC. AND DUFF & PHELPS, LLC** |

This matter came for hearing on November 26, 2019 (the "Settlement Hearing"), on the application of Plaintiffs Lawrence P. Ciuffitelli (on behalf of himself and as Trustee of the Ciuffitelli Revocable Trust U/A 5/1/1996); Greg and Angela Julien (as Trustees of the Gregory and Angela Julien Revocable Trust U/A 7/2/2012); R.F. MacDonald Co.; James and Susan MacDonald (as co-Trustees of the MacDonald Family Trust U/A 12/05/2000); William Ramstein; Greg Warrick (on behalf of himself and as co-Trustee of the Warrick Family Trust); and Susan Warrick (as co-Trustee of the Warrick Family Trust) (collectively, the "Class Representatives"), through their legal counsel, to: i) determine whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Stipulation") dated July 8, 2019, with Deloitte & Touche LLP; EisnerAmper LLP; Sidley Austin LLP; TD Ameritrade, Inc.; and Duff & Phelps, LLC (collectively the "Settling Defendants," and with the Class Representatives, collectively the "Settling Parties") are fair, reasonable, adequate and in the best interest of the Class Members for the settlement (the "Settlement") of all claims in the above-captioned Action

as between the Settling Parties, and should be approved; and ii) determine whether a limited judgment should be entered that (a) dismisses the claims in the Action against the Settling Defendants on the merits and with prejudice in favor of the Settling Defendants and as against all persons or entities who are members of the Class herein who have not properly and timely requested exclusion therefrom; b) grants releases of claims as provided in the Stipulation; and c) approves the Plan of Allocation.

It appearing that a notice of the Settlement Hearing substantially in the form approved by the Court in the Court's Order of Preliminary Approval of Settlement ("Preliminary Approval Order") was mailed to all members of the Class; and

It appearing that the Summary Notice of Pendency and Settlement of Class Action substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order; and

The Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

**NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED** that:

1. This Final Judgment and Order (the "Final Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Final Judgment and Order. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. The Court affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, the Class as defined therein.

4. The distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified with reasonable effort, and said notices fully satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.  A full and fair opportunity was accorded to all Class Members to be heard with respect to the Settlement.  Thus, it is hereby determined that all Class Members, other than those persons and entities listed in Exhibit 1 hereto, are bound by this Final Judgment and Order.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Class and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is procedurally fair in that it is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Class Representatives, Class Members and the Settling Defendants.  The Court also finds that the Settlement is substantively fair based upon: i) the complexity, expense and likely duration of the litigation; ii) the reaction of the Class to the settlement; iii) the stage of the proceedings and the amount of discovery completed; iv) the risks of establishing liability; v) the risks of establishing damages; vi) the risks of maintaining the class action through the trial; vii) the range of reasonableness of the settlement fund in light of the best possible recovery and all the attendant risks of litigation.  Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.

6. The Settling Parties are hereby directed to take all necessary and sufficient steps to complete the Settlement in accordance with the Stipulation.

7. Except as to the individual claims of those persons and entities who have validly and timely requested exclusion from the Class (identified in Exhibit 1 attached hereto), all claims in the Action against the Settling Defendants are hereby dismissed on the merits with prejudice as to the Class Representatives and the Class Members. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. Upon the Effective Date, and without any further action, each of the Releasing Class Members fully, finally, and forever releases, covenants not to sue, and discharges each of the Released Defendant Parties from any and all Released Claims held by, on behalf of, for the benefit of, or in the name of the Releasing Class Members and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties..

9. Upon the Effective Date, and without any further action, each Settling Defendant, on behalf of itself, and its heirs, executors, trustees, administrators, predecessors, successors, and assigns, for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, shall fully, finally, and forever release, covenant not to sue, and discharge any and all Released Claims against each and every one of the Releasing Class Members and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Releasing Class Members.

10. The parties released by paragraphs 8 and 9, above constitute the "Released Parties."

11. The fact and terms of the Stipulation, including Exhibits thereto, this Final Judgment and Order, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

    a. shall not constitute or be offered or received against the Released Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by any of the Plaintiff Released Parties, or the validity, or lack thereof, of any claim, or the deficiency of any defense that was or could have been asserted in the Action or in any litigation, in this or any other court, administrative agency, arbitration forum or other tribunal, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

    b. shall not constitute or be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against any of the Plaintiff Released Parties as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

    c. shall not constitute or be offered or received against the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided,

    however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

  d. shall not constitute or be construed against the Plaintiff Released Parties as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

  e. shall not constitute or be construed as or received in evidence as an admission, concession or presumption against the Plaintiff Released Parties that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

 12. The Released Parties may file the Stipulation and/or this Final Judgment and Order in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

 13. The finality of this Final Judgment and Order shall not be affected by rulings that the Court may make with respect to Class Counsel's application for an award of attorneys' fees and reimbursement of expenses.

 14. The Settling Defendants had no role in providing notice to the Class or responsibility for administering the Settlement; no role in or responsibility for reviewing or challenging the claims submitted; and no liability whatsoever to any person or entity including, but not limited to, Class Representatives, other Class Members, any other plaintiffs, any Class Member's counsel, or Class Counsel in connection with the administration of the Settlement.

Without limiting the foregoing, the Settling Defendants shall not be liable to any person with regard to any disclosure to or by the Claims Administrator of personal or potentially private account information, including without limitation the names, addresses, and account transaction data for individual Class Members, the accuracy of such information, or the identity of the Class Members.

15. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. The Court finds that the Plan of Allocation is rationally based on legitimate considerations and treats Class Members (including the Class Representatives) fairly and equally. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members and directs that Class Counsel and the Claims Administrator implement the Plan of Allocation.

18. All funds held in the Escrow Accounts shall be deemed and considered to be *in custodia legis* of the District Court, and shall remain subject to the exclusive jurisdiction of the District Court, until such time as such funds shall be distributed

19. The Court expressly determines that there is no just reason for delay in entering this Final Judgment and Order and directs the Clerk of the Court to enter this Final Judgment and Order pursuant to Fed. R. Civ. P. 54(b).

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is

returned to Defendants or any of them who paid such Settlement Amount on behalf of Defendants, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and (b) the fact of the Settlement shall not be admissible in any trial of the Action.

21. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) enforcing and administering this Final Judgment and Order, (e) enforcing and administering the Stipulation, including any releases and bar orders executed in connection therewith; (f) enforcing and administering the Repayment Obligation of Class Counsel, as specified in Paragraph 41 of the Stipulation; and (g) other matters related or ancillary to the foregoing.

**IT IS SO ORDERED.**

Dated: _____, 2019

_____
Honorable John V. Acosta
United States District Court Magistrate Judge