UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST; GREG and ANGELA JULIEN; JAMES and SUSAN MACDONALD, as Co-Trustees of the MACDONALD FAMILY TRUST, R.F. MACDONALD CO.; WILLIAM RAMSTEIN; GREG WARRICK, for himself and, with SUSAN WARRICK, as Co-Trustees of the WARRICK FAMILY TRUST, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; INTEGRITY BANK & TRUST; and DUFF& PHELPS, LLC,

Defendants.

Case No. 3:16-cv-00580-AC

**FINDINGS AND RECOMMENDATION FOR FINAL APPROVAL OF SETTLEMENT AND FOR ATTORNEYS FEES AND EXPENSES**

On July 15, 2019, the court previously entered Findings and Recommendations Preliminarily Approving three separate Class Action Settlements with Tonkon Torp LLP (Dkt. #579), Integrity Bank & Trust (Dkt. #580), and Deloitte & Touche LLP, EisnerAmper LLP, Sidley Austin LLP, TD Ameritrade, Inc., and Duff & Phelps, LLC. (Dkt. #581) and Providing for Notice for a Settlement Hearing on November 26, 2019. On August 7, 2019, Judge Marco A. Hernandez adopted those Findings and Recommendations. (Dkt. #585). As Provided in the Notice, the court conducted a Settlement Hearing on November 26, 2019 to resolve the following: (1) Plaintiffs'

Motion for Final Approval of Class Action Settlements (Dkt. #592); (2) Class Counsel's Motion for Award of Attorney Fees and Costs (Dkt. #596 as supplemented by Dkt. #610); (3) Motion for Joinder in Class Representatives' Request for Entry of a Limited Judgment of Dismissal of Tonkon Torp (Dkt. #595); and Motion for Joinder in Class Representatives' Request for Entry of a Limited Judgment of Dismissal of Integrity Bank & Trust (Dkt. #601). The court has reviewed and considered the records herein, including but not limited to the following:

a) Stipulation and Agreement of Settlement (Dkt. # 334-1) and three amendments thereto (Dkt. #'s 351-1; 389-1 and 590-1) (the "Tonkon Settlement");

b) Stipulation and Agreement of Compromise, Settlement, and Release (Integrity Settlement) (Dkt. # 538-1);

c) Stipulation and Agreement of Settlement (Global Settlement) (Dkt. # 574-1);

d) Order Preliminarily Approving Global Settlement and Providing for Notice (Dkt. # 586);

e) Order Preliminarily Approving Integrity Settlement and Providing Notice (Dkt. # 587);

f) Findings and Recommendation - Preliminary Approval of Partial [Tonkon] Class Settlement (Dkt. # 481);

g) Order Adopting Findings and Recommendations of Dkt. # 481 (Dkt. # 566);

h) Order Preliminarily Approving Tonkon Torp LLP Settlement and Providing Notice (Dkt. # 588);

i) Plaintiffs' Motion for Final Approval of Class Action Settlements (Dkt. # 592);

j) Class Counsel's Motion for Award of Attorney Fees and Costs (Dkt. # 596);

k) Declaration of Jordan Broker Regarding Notice Dissemination, Publication, and Requests for Exclusion Received (Dkt. # 593);

l) Declaration of Steve W. Berman in Support of Class Counsel's Motion for Attorneys' Fees and Plaintiffs' Motion for Final Approval of Settlement (Dkt. # 594);

m) Declaration of Keith A. Ketterling in Support of: 1) Class Counsel's Motion for Award of Attorney Fees and Costs; and 2) Plaintiffs' Motion for Final Approval of Class Action Settlements (Dkt. # 597);

n) Declaration of Robert S. Banks, Jr. in Support of Class Counsel's Motion for Award of Attorney Fees and Costs (Dkt. # 598);

o) Motion for Joinder in, and Memorandum in Support of, Class Representatives' Request for Entry of a Limited Judgment of Dismissal of Tonkon Torp (Dkt. # 595);

p) Motion for Joinder in, and Memorandum in Support of, the Class Representatives' Request for Entry of a Limited Judgment of Dismissal of Integrity Bank & Trust, Inc. (Dkt. # 601);

q) Objection (Dkt. # 605) and Withdrawal of Objection (Dkt. # 609) of L. Martin Brantley;

r) Objection (Dkt. # 606) and Withdrawal of Objection (Dkt. # 613, attachment 1, Ex. A) of McCormick;

s) Plaintiffs' Reply in Support of Motion for Approval of Class Action Settlements and Response to Objections (Dkt. # 612);

t) Reply in Support of Class Counsel's Motion for Award of Attorney Fees and Costs (Dkt. # 610);

u) Declaration of Jordan Broker in Support of Reply in Support of Class Counsel's Motion for Award of Attorney Fees and Costs (Dkt. # 611); and

v) Declaration of Steve W. Berman in Support of Plaintiffs' Reply in Support of Motion for Final Approval of Class Action Settlements and Response to Objections (Dkt. # 613).

For the reasons stated on the record at the Settlement Hearing (Dkt. #618), and as stated in the parties' briefing, the court hereby enters the following Findings and Recommendation for Final Approval of Settlement and for Attorneys Fees and Expenses:

## I. FINDINGS

### ***Terms of the Settlements***

1. The "Settlements" are a total of $234,613,000 and consist of: a) a $12,913,000 settlement with Tonkon Torp LLP (the "Tonkon Settlement"); b) a $1,700,000 settlement with Integrity Bank & Trust (the "Integrity Settlement"); and c) a $220,000,000 settlement with Deloitte & Touche LLP; EisnerAmper LLP; Sidley Austin LLP; TD Ameritrade, Inc.; and Duff & Phelps, LLC (the "Global Settlement").

2. The "Covered Aequitas Securities" included in the Settlements are the securities issued by: 1) Aequitas Commercial Finance, LLC; 2) Aequitas Income Opportunity Fund, LLC; 3) Aequitas Income Opportunity Fund II, LLC; 4) Aequitas Capital Opportunities Fund, LP;

5) Aequitas Income Protection Fund, LLC; 6) Aequitas Enhanced Income Fund, LLC; 7) Aequitas ETC Founders Fund, LLC; and 8) MotoLease Financial, LLC.

3. The "Class" consists of all persons who purchased Covered Aequitas Securities on or after June 9, 2010, and who had an account balance related to any Covered Aequitas Securities as of March 31, 2016. The Class excludes: (a) Defendants; (b) the past and present officers and directors of the Aequitas affiliated companies, including without limitation Robert Jesenik, Brian Oliver, Craig Froude, Scott Gillis, Andrew MacRitchie, Olaf Janke, Brian Rice, William Ruh, Steve Hedberg, Brett Brown, Tom Goila, Patricia Brown, Bill Malloy, and Thomas Szabo, and their respective families and affiliates; (c) the past and present members of the Aequitas Advisory Board, including without limitation William McCormick, L. Martin Brantley, Patrick Terrell, Edmund Jensen, Donna Miles, William Glasgow, Keith Barnes, Bob Zukis, and their respective families and affiliates; (d) registered investment advisors and investment advisor representatives; (e) any investor who received finder's fees or other consideration from Aequitas in connection with referring investors to Aequitas; and (f) any persons ("Individual Plaintiffs") that have filed individual actions asserting similar claims against any of the Defendants in this action ("Individual Actions").

4. The "Class Representatives" in this Action on behalf of the Class are Lawrence P. Ciuffitelli, Greg Julien, Angela Julien, James MacDonald, Susan MacDonald, R.F. MacDonald Co., William Ramstein, Greg Warrick and Susan Warrick.

***<u>Notice to Class Members</u>***

5. The Notice requirements included in the Court's Orders preliminarily approving the Settlements have been fully satisfied.

6. The notice given to Class Members pursuant to the requirements of the Preliminary Approval Orders: i) constituted the best notice practicable under the circumstances; ii) constituted

notice that was reasonably calculated under the circumstances to apprise Class Members of the pendency of the Action, of their right to object or to exclude themselves from the Settlements, of their right to appear at the final approval hearing and of their right to seek relief; iii) constituted reasonable, due, adequate and sufficient notice to all persons entitled to receive notice; and iv) complied in all respects with the requirements of Fed. R. Civ. P. 23, due process and all other applicable law.

***Fairness, Reasonableness and Adequacy of the Settlements***

Under Rule 23(e), the court's primary role is to determine whether the Settlement is fundamentally fair, reasonable, and adequate. As Plaintiffs point out in their briefing, Rule 23 was amended and appears to govern those cases commenced after December 1, 2018, and as practicable, to all pending proceedings. The recent amendment leaves unclear which standard the court must apply to determine the appropriateness of the proposed settlement: the Rule 23(e) factors or the factors the Ninth Circuit has set out in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) (the Hanlon factors are: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement"). Because the two sets of factors are consistent with one another, the court analyzes the proposed settlement using both the Rule 23(e) requirements and the *Hanlon* factors.

7. The Class Representatives and Class Counsel have adequately represented the Class in the litigation and pursuing the Settlements. Counsel achieved significant success in negotiating favorable Settlements for the Plaintiffs.

8. The Settlements are the result of good faith arm's-length negotiations and there is no evidence of fraud or collusion. The proposed Settlements were reached after hard-fought, very lengthy negotiations facilitated by highly experienced mediators. This weighs in favor of approving the Settlements.

9. The relief provided for the Class in the Settlements is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3). This factor encompasses some of the *Hanlon* factors, such as the risks and costs of continued litigation, as well as the effectiveness of the proposed method of distribution, the amount of the proposed attorney fee, and consideration of any additional agreements. All of these factors weigh in favor of finding the Settlements fair, reasonable, and adequate. Here, the distribution will be pro-rata based on Net Losses (as discussed below regarding the Plan of Allocation), the fees will be distributed contemporaneously with the Settlements, and the fees are known to the Class Members. The only other Agreement required to be disclosed is that which allowed Defendants to opt-out of the Settlements if a large number of class members sought exclusion or objected. Here, no objections from Class Members have been filed and no Class Members sought to be excluded. Thus, considering all of these factors, they weigh in favor of finding the Settlements fair, reasonable, and adequate.

10. The Settlements treat Class members equitably relative to each other.

11. Plaintiffs faced significant hurdles to establishing liability and obtaining certification of the Class in this Action. To establish secondary liability against the Defendants, Plaintiffs first would be required to prove the underlying violation of securities law by Aequitas

and one or more of its various affiliates. A guilty plea to felony securities fraud by one of the Aequitas leaders may have made easier Plaintiffs' task, but Defendants fought very hard at every step of the litigation and very likely would have continued their stout defense through every other stage of the case. The complexity of this case would have made Plaintiffs' task difficult because the misrepresentations would need to be established for each Covered Security, of which there are many. Plaintiffs' evidence generally was strong, but Defendants maintained a vigorous defense throughout the litigation and likely would have continued that effort into the trial phase of the case.

12. This Action is complex, would require a substantial amount of time and expense to bring to a verdict and there is a risk that the Action would not succeed. Plaintiffs filed their lawsuit on April 4, 2016, over three years ago. Since then, Plaintiffs filed their First Amended Complaint and Second Amended Complaint, the Defendants filed and the court decided thirteen motions to dismiss, the court resolved three discovery motions which encompassed dozens of document categories and multiple legal issues, and the court addressed two motions for reconsideration. Before the first of the several motions to approve settlement was filed in July 2018, the parties also had undertaken class certification discovery and had expected to brief and argue Plaintiffs' motion for final class certification. Assuming the court certified the class, the parties then faced merits discovery, a process which likely would have consumed an amount of time equal to that already spent litigating the case. Considering the likelihood that dispositive motions then would be filed by many of the parties, the time and expense to brief and argue those motions, and – assuming Plaintiffs' lawsuit survived those motions – the time and expense to prepare for trial and try the case, the cost and duration of further litigation promised to be much greater than that the parties already have incurred to date. This factor weighs heavily in favor of approval.

13. At every stage of the case, the Defendants vigorously defended the case. That effort portended an equally committed defense to any request for class certification as well as one or more attempts to decertify the class. Settling this case therefore removes any risk that the class could not be maintained and immunizes against any attack from the Defendants. On balance, this factor weighs in favor of approval.

14. Plaintiffs also faced additional risks that certain of the Defendants would be unable to pay any judgment that might ultimately be obtained.

15. The present value of the Settlements, as opposed to the possibility that a better result might be obtained at some future date and in light of the risks and expenses of continuing litigation, supports a finding that the Settlements are fair, reasonable and adequate.

16. "'[T]he critical component of any settlement is the amount of relief obtained by the class.'" *Lane*, 166 F. Supp. 3d 1180, 1189 (D. Or. 2016) (quoting *Bayat v. Bank of the West*, No. C–13–2376 EMC, 2015 WL 1744342, at *4 (N.D. Cal. Apr. 15, 2015)). The court must compare the amount offered to the amount that Plaintiffs might have recovered at trial if the jury found in their favor, and here the settlement amounts are substantial. The percentage of recovery compared to the total Net Losses of the Class Members is approximately 82.3% ($234 million in settlement v. $285 million Net Losses). There is the added possibility that the Receiver may recover additional sums from liquidating Aequitas assets, which, if realized, could result in almost an 84.9% percentage of loss recovery. Finally, as the court discussed in approving the Plaintiffs' settlement with Tonkon, many of the insurance policies implicated by Plaintiffs' allegations are "wasting policies" which would continue to diminish if the litigation proceeded. This factor weighs heavily in favor of finding the settlement amount fair, reasonable, and adequate.

17. The Class Representatives and Class Counsel have engaged in significant discovery and thus have obtained sufficient information to make an informed decision regarding the Settlements. Although at a relatively early stage, this case has been litigated for over three years and Class Counsel had access to and reviewed more than three million documents. The Security Exchange Commission's separate lawsuit produced significant additional information relevant to the claims and defenses in this case. As a result, Class Counsel obtained a thorough understanding of the background of the factual and legal issues at issue in the case. This factor weighs in favor of approval.

18. The experience and views of Class Counsel support approval of the Settlements. Class Counsel consists of lawyers from several different firms, all of whom have considerable experience in securities class action litigation. Accordingly, the court can give great weight to counsel's recommendation to settle in lieu of pursuing further litigation. This factor weighs heavily in finding the settlement fair, reasonable, and adequate.

19. The reaction of Class members to the Settlements has been favorable. No members of the Class have objected to, or sought exclusion from the Settlements. Two non-Class members initially filed objections to their exclusion from the Settlements, but each objection was subsequently withdrawn. The absence of a significant number of class members seeking exclusion or objecting weighs in favor of finding the settlement fair, reasonable, and adequate.

20. The Settlements do not grant preferential treatment to the Class Representatives or other segments of the Class.

21. The Tonkon Settlement is contingent on the entry of a limited judgment of dismissal containing an injunction barring potential contribution claims and providing defendants whose potential contribution claims against Tonkon are barred with a *pro tanto* judgment reduction in

exchange for the bar of those potential contribution claims. The court finds this contingency satisfied based on the court's entry of the Tonkon Limited Judgment of Dismissal (in the form originally filed by Plaintiffs at Dkt. #592-1, and, in identical form, by Tonkon at Dkt. # 595-1) referenced in this paragraph for the reasons stated therein.

22. The Integrity Settlement is contingent on the entry of a limited judgment of dismissal containing an injunction barring potential contribution claims and providing defendants where potential contribution claims against Integrity are barred with a *pro tanto* judgment reduction in exchange for a bar of those potential contribution claims. The court finds this contingency satisfied based on the court's entry of the Integrity Limited Judgment of Dismissal (in the form originally filed by Plaintiffs at Dkt. #592-2 and in identical form, by Integrity at Dkt. 601, Ex. A) referenced in this paragraph for the reasons stated therein.

***<u>Certification of Settlement Class</u>***

23. The Class is so numerous that joinder is impracticable.

24. There are questions of law or fact common to the Class.

25. The Class Representative's claims are typical of the claims of the other Class Members.

26. The Class Representatives and their counsel adequately represent the Class.

27. The membership of the Class is ascertainable.

28. Common questions of fact and law predominate over individual issues in this Action.

29. A class action is the superior method of adjudicating this Action.

***<u>The Plan of Allocation</u>***

30. The Plan of Allocation has a reasonable and rational basis, and compensates Class members equitably based on the type and extent of their injuries.

***Attorneys' Fees, Expenses and Class Representative Incentive Awards***

31. A percentage method for determining an attorney fee award is appropriate in this Action.

32. Taking into account all of the circumstances, Class Counsel's request for attorneys' fees equal to 24.6% of the total recovery obtained in the Settlements is reasonable, and the requested fee of $57,922,600 is reasonable.

33. The time and labor expended by Class Counsel in this Action support a finding that the requested fee percentage is reasonable.

34. The novelty and difficulty of the issues in this Action and the skill required to address these issues also support a finding that the requested fee percentage is reasonable.

35. The recoveries obtained in the Settlements, in comparison to Class-wide losses, further supports the requested fee.

36. The experience, reputation and abilities of Class Counsel support the requested fee award. Both Lead Counsel firms have extensive experience and expertise in class action and securities litigation.

37. The contingent nature of Class Counsel's representation also supports the requested fee award. Class Counsel assumed the entire risk of their attorney time and advanced expenses during this Action.

38. Class Counsel advanced expenses of $208,884.66. These expenses were reasonable in the context of this Action. Class Counsel and the Claims Administrator will reasonably incur costs to further administer the Settlements.

39. The requested incentive awards of $10,000 to each of the eight individual Class Representatives (a total of $80,000) are appropriate. The Class Representatives assumed responsibilities on behalf of and for the benefit of the Class, and are entitled to an incentive award

for their services. The requested incentive awards are not disproportionately large and are not contingent upon the Class Representatives approving the Settlements and do not undermine the adequacy of the Class Representatives.

40. A lodestar "cross-check" also supports the reasonableness of the requested fee. The requested fee represents a multiplier of 3.75, which is consistent with multipliers awarded in similar litigation.

## II. RECOMMENDATION

1. Certification of the Class for settlement purposes is appropriate pursuant to Fed. R. Civ. P. 23 because the Class meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), as follows:

a) The Class meets the requirements of Fed. R. Civ. P. 23(a) because: a) the Class is so numerous that joinder is impracticable; b) there are numerous questions of law or fact common to the Class; c) the Class Representatives' claims are typical of those of other Class members; and d) the Class Representatives will fairly and adequately represent the interests of the Class; and

b) The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because: a) questions of law or fact common to Class members predominate over individual issues; and b) a class action is the superior method of adjudicating this Action.

2. The Settlements are fair, reasonable and adequate.

3. An attorney fee award of $57,922,600 from the common fund is reasonable.

4. Reimbursement of $208,884.66 in expenses from the common fund is reasonable.

5. Incentive awards out of the common fund of $10,000 for each of the eight individual Class Representatives is reasonable.

## III. CONCLUSIONS

Based on the foregoing, the court recommends the following:

1. The Class should be finally certified as a class action for purposes of these Settlements. The Class Representatives should be appointed as class representatives for the Class. Hagens Berman Sobol Shapiro LLP and Stoll Stoll Berne Lokting & Shlachter P.C. should be appointed as Lead Class Counsel and Banks Law Office, P.C. should be appointed as additional Class Counsel.

2. Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. #592) should be GRANTED.

3. The terms of the stipulated settlement agreements for each of: a) the Tonkon Settlement (Dkt. # 334-1 and Dkt. # 590-1); b) the Integrity Settlement (Dkt. # 538-1) and c) the Global Settlement (Dkt. # 574-1) should be incorporated into the final Order and should be APPROVED. Tonkon and Integrity's Motions for Joinder in Class Representatives' Request for Entry of a Limited Judgment of Dismissal (Dkts. #595 & #601) should be GRANTED.

4. The Court should approve the Plan of Allocation.

5. The Court should enter the final judgments as submitted to the Court and substantially as contemplated in each of the stipulations of settlement for each of: a) the Tonkon Settlement; b) the Integrity Settlement and c) the Global Settlement.

6. The parties to this proceeding, the parties to the Settlements and the Claims Administrator should perform their respective obligations under the Settlements and final Order.

7. Class Counsel's Motion for Award of Attorneys' Fees and Costs (Dkt. #596, *as supplemented by* Dkt. #610) should be GRANTED.

8. Class Counsel should awarded total attorneys' fees of $57,922,600 out of the common fund. The Claims Administrator should be ORDERED to pay the awarded attorneys' fees from the common fund as provided in the stipulations of settlement.

9. Class Counsel should be awarded costs of $208,884.66. The Claims Administrator should be ORDERED to pay the awarded costs to Class Counsel from the common fund as provided in the stipulations of settlement.

10. Each of the individual Class Representatives in this Action (Lawrence P. Ciuffitelli, Greg Julien, Angela Julien, James MacDonald, Susan MacDonald, William Ramstein, Greg Warrick and Susan Warrick) should be awarded an incentive award of $10,000 from the common fund (a total of $80,000) for their service in prosecuting this Action. The Claims Administrator should be ORDERED to pay these incentive awards to the Class Representatives from the common fund following the Effective Date of the Settlements.

11. The Court finds that during the course of this Action, all parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

12. The Court should reserve continuing and exclusive jurisdiction over the Settlements, including all future proceedings, if any, concerning the administration, consummation and enforcement of the settlement agreements.

////

////

////

////

////

////

### *Scheduling Order*

The Court will refer its Findings and Recommendation to U.S. District Judge Marco A. Hernandez. Objections, if any, are due within seven (7) days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within seven (7) days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 26th day of November, 2019.

JOHN V. ACOSTA
United States Magistrate Judge