**Keith A. Ketterling**, OSB No. 913368
Email: kketterling@stollberne.com
**Timothy S. DeJong,** OSB No. 940662
Email: tdejong@stollberne.com
**Jennifer S. Wagner**, OSB No. 024470
Email: jwagner@stollberne.com
**Lydia Anderson-Dana**, OSB No. 166167
Email: landersondana@stollberne.com
STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Steve W. Berman** (*pro hac vice*)
Email: steve@hbsslaw.com
**Karl P. Barth** (*pro hac vice*)
Email: karlb@hbsslaw.com
**Dawn D. Cornelius** (*pro hac vice*)
Email: dawn@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*Attorneys For Plaintiffs*
[Additional Counsel of Record Listed on Signature Page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST; GREG and ANGELA JULIEN; JAMES and SUSAN MACDONALD, as Co-Trustees of the MACDONALD FAMILY TRUST; R.F. MACDONALD CO.; ANDREW NOWAK, for himself and as Trustee of the | Case No. 3:16-cv-00580-AC<br><br>**ORDER APPROVING UNOPPOSED MOTION FOR DISTRIBUTION OF NET SETTLEMENT FUNDS** |

ANDREW NOWAK REVOCABLE LIVING TRUST U/A 2/20/2002; WILLIAM RAMSTEIN; and GREG WARRICK, for himself and, with SUSAN WARRICK, as Co-Trustees of the WARRICK FAMILY TRUST, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; INTEGRITY BANK & TRUST; and DUFF & PHELPS, LLC,

Defendants.

AND NOW, upon consideration of Lead Counsel's Motion for Distribution of the Net Settlement Fund dated December 30, 2020, and supporting papers:

WHEREAS, on December 17, 2019, this Court entered a Final Order and Judgment Approving Settlement between Plaintiffs Lawrence P. Ciuffitelli (on behalf of himself and as Trustee of the Ciuffitelli Revocable Trust U/A 5/1/1996); Greg and Angela Julien (as Trustees of the Gregory and Angela Julien Revocable Trust U/A 7/2/2012); R.F. MacDonald Co.; James and Susan MacDonald (as co-Trustees of the MacDonald Family Trust U/A 12/05/2000); William Ramstein; Greg Warrick (on behalf of himself and as co-Trustee of the Warrick Family Trust); and Susan Warrick (as co-Trustee of the Warrick Family Trust) (collectively, the "Class Representatives"), individually and on behalf of the class of purchasers they represent; and defendants Deloitte & Touche LLP; EisnerAmper LLP; Sidley Austin LLP; TD Ameritrade, Inc.; and Duff & Phelps, LLC ("Defendants") [Dkt. # 621] ("Final Approval Order"), approving the terms of the Settlements and Plan of Allocation in this action;

WHEREAS, pursuant to the Court's Preliminary Approval Order appointing it as Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq") was required to supervise and administer the notice procedure as well as the processing of the distribution;

WHEREAS, class counsel has submitted the Declaration of Jordan Broker, Project Manager of Epiq, dated December 29, 2020 ("Broker Decl."), verifying the actions taken by Epiq to (i) identify all Class Member Accounts from the data provided by the Receiver; (ii) calculate the Net Loss of each Class Member Account pursuant to the Plan of Allocation; and (iii) divide each Class Member Account's Net Loss by the cumulative total Net Loss of all Class Member Accounts to yield each Class Member Account's *pro rata* percentage of the Net Settlement Fund;

WHEREAS, Epiq has unpaid and estimated fees and reimbursement of expenses for work in the administration of the settlement totaling $160,145.08; and

WHEREAS, as set forth in ¶12 of the Final Approval Order, the Court has retained jurisdiction over the action, the parties, and all class members.

NOW THEREFORE, IT IS HEREBY ORDERED as follows:

1. Payment in the amount of $160,145.08 to Epiq for fees and expenses associated with the administration of the settlement is hereby APPROVED. Epiq is further directed to pay any taxes or estimated taxes owed by the Net Settlement Fund prior to distribution to the Class.

2. The administrative determinations of Epiq concerning the eligibility of the Class Member Accounts submitted in this case as described in the Broker Declaration are hereby APPROVED. Epiq shall distribute to each Class Member Account listed in Exhibit B to the Broker Declaration, its *pro rata* percentage of the Net Settlement Fund, as computed and reported by Epiq.

3. The portion of the distribution for which ownership is contested pursuant to *Settlement Class' Motion for Determination of Appropriate Party to Receive a Pro-Rata Distribution from the Settlements* [Dkt. # 625] shall be calculated pursuant to its *pro rata* percentage of the Net Settlement Fund, as computed and reported by Epiq in Broker Decl., Exhibit B, but shall only be distributed following a ruling on the aforementioned motion by the Court.

4. No additional objections to the determinations of the eligibility of Class Member Accounts made by the Claims Administrator, beyond those previously received by Epiq by December 28, 2020 shall be allowed. Any further objections are finally and forever barred.

5. The Court directs that distribution checks to the eligible Class Member Accounts shall bear the notation "Non-Negotiable After 90 Days," and that no check shall be negotiated in the Net Settlement Fund more than 120 days after the date of the check.

6. Any balance remaining in the Net Settlement Fund after 120 days from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), and after Epiq has made reasonable and diligent efforts to have each eligible Class Member Account negotiate their checks, shall, if feasible, be reallocated among Class Member Accounts that deposited their checks in the initial distribution based on their *pro rata* share of the total Net Losses of all Class Member Accounts that deposited their checks in the initial distribution, after the payment of any costs or fees associated with such redistribution. Thereafter, any balance remaining in the Net Settlement Fund shall be donated to an appropriate non-profit charitable entity selected by Class Counsel.

7. Plaintiffs, Class Counsel, Epiq, and all persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the distribution in this action, or who are otherwise involved in the administration or taxation of the net settlement fund, are hereby released and discharged from any and all claims arising out of such involvement, and, pursuant to the release terms of the settlement, all class members, whether or not they are to receive payment from the net settlement fund, are hereby barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them by the settlement approved by the Court.

8. Class Counsel and Epiq are hereby authorized to discard (a) paper or hard copies of documents related to the administration of the Net Settlement Fund not less than one year after the distribution of the Net Settlement Fund to Class Member Accounts; and (b) electronic media

or data not less than three years after the distribution of the Net Settlement Fund to Class Member Accounts.

9. The Court retains jurisdiction over any further application or matter which may arise in connection with the administration of this settlement.

Dated: January 31, 2021

Marco Hernandez

The Honorable Marco A. Hernandez
United States District Judge
U.S. District Court for the District of Oregon